UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MINHYE PARK,

                Plaintiff,

    - against -

DAVID DENNIS KIM,

               Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2636 (PKC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice action against Defendant Dr. David Dennis Kim. Defendant has moved to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 37(b)(2)(A)(v) and 41(b) for failure to comply with court orders directing Plaintiff to respond to Defendant's discovery demands. Before the Court is the Report & Recommendation ("R&R") of the Honorable Lois Bloom, Magistrate Judge, recommending dismissal, and Plaintiff's objections to the R&R. For the reasons set forth below, Defendant's motion is granted in its entirety and this action is dismissed.

## BACKGROUND

### I.     Factual Background

    The Court assumes the parties' familiarity with this case and recites only the facts relevant to Defendant's motion to dismiss. Plaintiff, a resident of South Korea, sought obstetric and gynecological care from Defendant, Dr. Kim, at a medical facility in Queens, New York in November 2017. (Complaint ("Compl."), Dkt. 1, ¶¶ 5–6, 8, 12–14.) On November 22, 2017, Dr.

1

Kim confirmed that Plaintiff was five weeks pregnant.[1]  (*Id*. ¶¶ 14–15.)  Five days later, on November 27, 2017, Dr. Kim performed an abortion, a procedure that Plaintiff alleges "was not in accordance with accepted standards of good and accepted removal fetus surgery."  (*Id*. ¶ 16.)  On December 19, 2017, after returning to South Korea, Plaintiff visited a physician (hereinafter, the "South Korean physician"), who allegedly discovered that the abortion had been unsuccessful.  (*Id*. ¶ 18.)  According to Plaintiff, the South Korean physician told her that she was nine weeks pregnant with an unhealthy fetus which was likely to have birth defects.  (*Id*.)  On December 29, 2017, Plaintiff underwent a second abortion procedure which allegedly terminated her pregnancy.  (*Id*. ¶ 19.)  Plaintiff further alleges that the failed abortion resulted from Dr. Kim's negligence and deviation from accepted medical practices, and that Dr. Kim's actions injured Plaintiff, causing scarring and an extended recovery process.  (*Id*. ¶¶ 20, 22.)  Plaintiff also claims that she was "unable to work for several months" as a result of the incident.  (*Id*.)

## II.     Procedural History

Plaintiff filed her Complaint on June 13, 2020.  (Compl., Dkt. 1.)  After an initial conference, the Court ordered the parties to complete all discovery by June 15, 2021.  (12/22/2020 Docket Order.)  That deadline was later extended to September 30, 2021.  (06/02/2021 Docket Order.)  On July 29, 2021, Defendant moved to compel Plaintiff to produce documents and to respond to interrogatories.  (*See* Defendant's Motion to Compel ("Def. Mot. to Comp."), Dkt. 17.)  Defendant alleged that Plaintiff had failed to provide multiple items of discovery, including relevant medical records and documents supporting the claim for lost wages or other income, and had failed to complete interrogatories.  (*See generally* Def.'s Mot. to Comp., Dkt. 17.)  Judge

---

[1] The Complaint states in error that Dr. Kim confirmed Plaintiff's pregnancy on November 22, 2018.

2

Bloom granted Defendant's motion to compel at a telephone conference held on August 11, 2021, and warned Plaintiff's counsel that "your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." (*See* 08/11/2021 Docket Order; Aug. 11, 2021 Tr. at 17:23–18:1.) Plaintiff asked this Court to vacate that Order, but this Court affirmed Judge Bloom's well-reasoned decision. (08/27/2022 Docket Order.)

On September 9, 2021, Defendant requested a pre-motion conference on a proposed motion to dismiss due to Plaintiff's failure to comply with the Court's discovery order. (*See* Dkt. 23.) Plaintiff, however, appealed the discovery order to the Second Circuit, which dismissed the appeal. (Dkts. 28, 30.) After the appeal was dismissed, Judge Bloom considered Defendant's request for a pre-motion conference. Rather than grant the motion, however, Judge Bloom granted Plaintiff additional time to comply with the Court's August 11, 2021 discovery Order. (*See* 11/29/2021 Docket Order.) The written docket order warned that

> Plaintiff shall have one final opportunity to comply with the Court's discovery Order which was affirmed by Judge Chen. The parties shall complete all discovery by January 14, 2022. As set forth in the Court's Order, [P]laintiff shall produce: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. *See* [August 11, 2021 Docket Order]. Plaintiff shall also respond to [D]efendant's interrogatories and document demands. **This is a Court Order and [P]laintiff must comply.** This is [P]laintiff's last chance.

(*Id.*) Judge Bloom also set a briefing schedule for a motion to dismiss should Plaintiff "fail[] to comply with the Court's instant Order." (*Id.*)

On January 12, 2022, the parties jointly requested an extension of time to complete discovery, and Defendant requested an extension of his deadline to move to dismiss for failure to comply with discovery orders. (Dkt. 34.) Judge Bloom granted both. (01/13/2022 Docket Order.)

Defendant filed the present motion on March 4, 2022. (Dkt. 35.) Plaintiff filed an opposition on March 14, 2022. (Plaintiff's Memorandum of Law in Opposition to Defendant's

3

Motion to Dismiss ("Pl. Mem."), Dkt. 36.) Judge Bloom issued her R&R on April 25, 2022. (Dkt. 41.) Plaintiff filed objections on May 24, 2022. (Objection to the Report and Recommendation ("Pl. Obj.") Dkt. 42.) And Defendant filed a response on June 8, 2022. (Dkt. 43.)

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge gives a recommendation on a dispositive motion 'the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'" *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, ___ (2d Cir. 2022) (brackets omitted) (quoting Fed. R. Civ. P. 72(b)(3)). An objection is proper when it is filed within 14 days of service of the report and recommendation and is "specific." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)). "Merely referring the court to previously filed papers or arguments" is not a proper objection, but parties may revisit issues already argued when the objection is that the magistrate judge's "specific error was a fundamental one." *Id.* (alteration omitted) (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Portions of a report and recommendation that are not properly objected to may be adopted as long as the court is satisfied that there is not clear error on the face of the record. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018). Furthermore, "it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).

## DISCUSSION

The Court has reviewed all of Plaintiff's objections to Judge Bloom's thorough and well-reasoned R&R and finds them meritless. The vast majority of Plaintiff's objections raise issues, arguments, and alleged facts that are not relevant to Defendant's motion or Judge Bloom's R&R.

4

Those arguments in Plaintiff's objections that are not wholly irrelevant were either correctly addressed by Judge Bloom or are meritless. Given the lack of valid objections to the R&R, and the nature and duration of Plaintiff's noncompliance, dismissal is appropriate.

I. **Plaintiff's Objections**

    A. **Defendant's Alleged Outstanding Discovery**

In the procedural history section of Plaintiff's objections to Judge Bloom's R&R, Plaintiff complains that Defendant—not Plaintiff—has failed to comply with discovery obligations. (Pl. Obj., Dkt 42, at ECF 3.[2]) Because this complaint does not appear in the argument section of Plaintiff's objections, it is not clear whether this is an objection or just Plaintiff airing a grievance. Plaintiff raised this same complaint in her opposition to the present motion as an argument against dismissal, so she may have intended it to be an objection. (*See* Pl. Mem., Dkt. 36, at ECF 5–7.) Regardless, Defendant's alleged outstanding discovery is irrelevant to the present motion, which is focused on Plaintiff's noncompliance. *Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

Furthermore, Plaintiff had an opportunity to file a motion for sanctions against Defendant for allegedly failing to comply with discovery orders. (R&R, Dkt. 40, at 5 n.5.) Plaintiff, however, failed to file on time. (*Id.*) Accordingly, Judge Bloom issued an order stating that Plaintiff could not file the proposed motion. (*Id.*) Five days later, Plaintiff filed the motion anyway, but did not attach a memorandum of law in support of the motion, as required by Local Rule 7.1(a)(2), instead

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

5

attaching the same memorandum of law submitted in opposition to Defendant's motion to dismiss. (*Id.*) Magistrate Judge Bloom found that Defendant was prejudiced by the late submission, and thus recommended that the motion be denied or not be considered at all. (*Id.*) Plaintiff made no specific objection to this portion of the R&R, and the Court sees no clear error in this recommendation on the face of the record. Thus the Court adopts it, and denies the motion. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin*, 734 F. App'x at 758.

### B. Allegedly Erroneous or Omitted Factual Findings

Also as part of Plaintiff's procedural history section of her objections, Plaintiff complains that Judge Bloom's R&R contains erroneous facts and omits other relevant facts. (Pl. Obj., Dkt. 42, at ECF 3–4.) Again, it is not clear if this is an objection. Regardless, all of the arguments raised in this section of her objections are irrelevant or meritless.

Plaintiff's primary complaint concerning erroneous facts is that the R&R "states that Plaintiff confirmed the two prior abortions." (Pl. Obj., Dkt. 42, at ECF 4.) However, the R&R does not state that Plaintiff confirmed this, and notes that the question of how many prior abortions Plaintiff had was disputed by Plaintiff's counsel. (R&R, Dkt. 40, at 8 n.8.) Ironically, Plaintiff's lack of compliance with discovery, namely, her failure to provide Defendant with her medical records, has made it impossible to determine Plaintiff's history of abortions. (*Id.*) Regardless, the quantity of Plaintiff's previous abortions is irrelevant to the motion to dismiss, because it relates to a question of fact and not Plaintiff's failure to comply with discovery.

Plaintiff's other alleged erroneous or omitted fact findings are nonsensical. She claims that omitted facts include

> Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case

6

> intentionally; and False statements by Defendant's Counsel: [D]efendant's expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

(Pl. Obj., Dkt. 42, at ECF 3.)

As already discussed, Defendant's alleged failure to comply with discovery and the exact facts surrounding Plaintiff's previous abortions are irrelevant to this motion because they do not focus on Plaintiff's repeated failures to comply with discovery, nor do they focus on errors in reasoning made by Judge Bloom. Furthermore, there is nothing in the record to suggest that Defendant ever "agreed" that "Plaintiff has no need to hire an expert." The nonsensical language and lack of citations to the record makes the other claims within this statement impossible to address.

### C. Plaintiff's Compliance with Discovery Requests

Plaintiff argues that any sanction—let alone the harsh sanction of dismissal of this case—is inappropriate because she has actually complied with all of the Court's discovery orders. (Pl. Obj., Dkt. 42, at ECF 6–11.) Plaintiff made the same argument in her opposition to the motion before Judge Bloom. (Pl. Mem., Dkt. 36, at ECF 4–5.) Judge Bloom directly addressed Plaintiff's argument, noting that

> Plaintiff's opposition is further proof of her failure to comply. She states that production of a collateral source authorization, a deficient expert report and the denial of the existence of any lost earning records is sufficient. Plaintiff ignores the Court's discovery Orders, which required her to correct her interrogatory and document deficiencies cited by [D]efendant.

(R&R, Dkt. 40, at 14.) Judge Bloom is correct, and thus this objection is meritless. To the extent Plaintiff is raising new arguments about her compliance, those arguments could have been raised before Judge Bloom, and thus the Court will not consider them. *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351.

7

### D. Plaintiff's Claims

Plaintiff's next objection appears to be that the Court should not adopt Judge Bloom's R&R because Plaintiff has already proven all of her claims. (Pl. Obj., Dkt. 42, at ECF 11–13; *see also* Pl. Mem., Dkt. 36, at 7–9 (making a similar argument and providing supporting documents).) Again, it is not clear how this is an objection to Judge Bloom's R&R. This argument—and the pieces of the record cited therein—might have been an appropriate argument to oppose a motion for summary judgment, but it does not address Plaintiff's failure to comply with the Court's discovery orders, which prevented this case from reaching the summary judgment stage. Accordingly, this objection is irrelevant.

## II. The Remainder of Judge Bloom's R&R

The Court has addressed all of Plaintiff's remotely specific objections to Judge Bloom's R&R. The Court has also reviewed the rest of Judge Bloom's R&R for clear error on the face of the record, and finds none. Judge Bloom identified the proper legal standards, and properly applied them to the facts of this case. Specifically, this Court agrees that this action should be dismissed under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and that Defendant shall have 14 days from the date of this Order to submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

## CONCLUSION

For the reasons explained above, Magistrate Judge Bloom's April 25, 2022 Report and Recommendation is adopted in full; Plaintiff's motion for sanctions is denied; Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing

who should be responsible for the fee. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 24, 2022
      Brooklyn, New York

9