# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| MINHYE PARK,<br><br>Plaintiff,<br><br>v.<br><br>DAVID DENNES KIM,<br><br>Defendant. | Eastern District of New york | Hon. Pamela K. Chen |

| | | |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>August 25, 2022, | District Court Docket No.:<br>1:20-cv-02636-PKC-LB |
| | Date the Notice of Appeal was Filed:<br>September 18, 2022 | Is this a Cross Appeal?<br>☐ Yes  ☑ No |

| Attorney(s) for Appellant(s):<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:<br>Jae S. Lee | Address:<br>626 RXR Plaza<br>Uniondale, NY 11556 | Telephone No.:<br>(718) 461-8000 | Fax No.:<br>(866) 449-8003 | E-mail:<br>jae@lawjsl.com |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:<br>Heidell, Pittoni,<br>Murphy & Bach, LLP | Address:<br>99 Park Avenue<br>New York, NY 10016 | Telephone No.:<br>212.286.8585 | Fax No.:<br>212.490.8966 | E-mail:<br>agil@hpmb.com |

| Has Transcript Been Prepared?<br>N/A | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☑ Yes  ☐ No<br><br>If Yes, provide the following:<br>Case Name: Minhye Park v. David Dennis Kim<br><br>2d Cir. Docket No.: 21-2459     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

*ADDENDUM "B"*: **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party    ☑ Diversity<br>☐ Federal question (U.S. not a party)    ☐ Other (specify): ___ | ☑ Final Decision    ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Interlocutory Decision Appealable As of Right    ☐ Other (specify): ___ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION   (Check as many as apply)

### 1. Stage of Proceedings
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

### 2. Type of Judgment/Order Appealed
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [✓] Other (specify):

### 3. Relief
- [ ] Damages:
  - [ ] Sought: $
  - [ ] Granted: $
  - [ ] Denied: $
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT   (Check as many as apply)

### 1. Federal Statutes
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify):
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

### 2. Torts
- [ ] Admiralty/Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [✓] Other (Specify):

### 3. Contracts
- [ ] Admiralty/Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

### 4. Prisoner Petitions
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

### 5. Other
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify):
- [ ] Other (specify):

### 6. General
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

### 7. Will appeal raise constitutional issue(s)?
- [ ] Yes   [ ] No

Will appeal raise a matter of first impression?
- [ ] Yes   [ ] No

---

1. Is any matter relative to this appeal still pending below?  [ ] Yes, specify: _____   [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)  Arises from substantially the same case or controversy as this appeal?   [ ] Yes   [✓] No

   (B)  Involves an issue that is substantially similar or related to an issue in this appeal?   [ ] Yes   [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

| Name of Appellant: | Minhye Park |
|---|---|

| Date: 12/16/2022 | Signature of Counsel of Record: *jae lee* |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

**UNITED STATES COURT OF APPEAL FOR THE SECOND CIRCUIT**
**CIVIL-APPEAL PRE-ARGUMNENT STATEMENT ( FORM C)**

**ADDENDUM "A"**

**Description of the Nature of the Action**

Plaintiff visited Defendant for the first time on November 16, 2017, as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it was too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come back later. During her second visit on November 21,2017, Defendant confirmed that the plaintiff was indeed pregnant and performed a suction curettage on November 27,2017. At the time of the procedure, the defendant failed to examine the tissue obtained from the suction curettage to determine the volume of tissue removed or the presence of chorionic villi. Approximately one week after the suction curettage, a pathology report indicated that there was no evidence of chorionic villiorembryonic tissue in the sample. On December 13,2017, Defendant performed an ultrasound examination that revealed an eight-week viable intrauterine pregnancy. Defendant the Defendant admitted his failure to terminate plaintiff's pregnancy. On December 19,2017,two physicians in South Korea examined the plaintiff, via the use of ultrasound testing, and confirmed a viable intrauterine pregnancy. OnDecember27,2017, a repeat suction curettage was performed in South Korea.

*Discovery was completed*

Plaintiff served all authorizations for the two physicians in South Korea and National Health Insurance on November 19, 2020, and again on January 18, 2021, in a timely manner. Indeed, said authorizations were provided several other times. Plaintiff provided whatever plaintiff possessed relative to medical records to Defendant on time. Defendant's counsel admitted she was served all the authorizations in a timely manner, but she specifically wanted Plaintiff to serve medical records of the first abortion that occurred 10 years ago when Plaintiff was a teenager. At that time, her boy friend took her a clinic. Plaintiff does not remember the name of the clinic or the location. Also, Plaintiff did not have possession or custody of the records, nor could she access the records. On other hand, Defendant owed discovery responses to Plaintiff, including an Expert name and an Expert report.

*Loss of Wages*

Plaintiff testified she was not able to work after the two surgeries. Since Plaintiff did not have the prior year tax returns to estimate her loss of wages, Plaintiff requested to apply the minimum wage of a similarly situated worker as a substitute for her missing records.

*Sanctions against Defendant and his Counsels*

Plaintiff provided an expert report that stated that Defendant failed to adhere to the requisite standard of care, and further failed to provide the information contained in the pathology report to Plaintiff in a timely manner. The expert report included that statement that the history of prior abortion was not a risk factor related to the subsequent failed termination of pregnancy. Defendant's counsel failed to provide the Defendant's expert report and falsely reported that Plaintiff failed to provide her medical records. Furthermore, Defense

counsel failed to reveal that the Defendant's expert advised that the previous abortion was not a risk for failed termination of Plaintiff's pregnancy. Later, Defendant's other counsel responded that Defendant has never retained an expert and had no plan to hire an expert on this matter. The new attorney again filed a rootless discovery motion repeatedly alleging that Plaintiff failed to serve the authorizations noted above. The same authorizations were served to Defendants several occasions in a timely manner.

On August 11, 2021, Plaintiff served a notice of deposition of the Defendant scheduled for September 1, 2021, at 10: 00 A.M. as the Magistrate Judge allowed Plaintiff to schedule the deposition of the Defendant. Defendant's counsel refused to make the defendant available for deposition on September 1, 2021. Defendant stated that the DEFENDANT has the right to depose Plaintiff first. More importantly, Defendant's counsel untruthfully stated that Plaintiff came to New York only to obtain the abortion. Defendant's counsel insulted the Plaintiff by implying that Plaintiff had undergone two prior abortions despite offering no demonstrable evidence. Finally, the Defendant's counsel incorrectly asserts that Plaintiff signed the informed consent form. However, the alleged informed consent form was written in English only. There was no Korean interpreter available that day. Plaintiff is not able to communicate properly in English. Plaintiff confirmed the alleged signatures were not signed by Plaintiff. In fact, the consent forms the Defendant's counsel presented do not include any language specifying that Plaintiff consented to the risk that the Defendant may fail to carefully remove the fetus.

Moreover, As Plaintiff resides in S. Korea, due to the time difference of fourteen (14) hours between South Korea and New York, Plaintiff asked Defendant to adjust Plaintiff's deposition schedules to finish before 1AM S. Korea time. Defendant kept insisting Plaintiff's deposition should be held starting at 11:00 P.M ( S. Korea Time) to 6AM ( S. Korea Time) without offering Plaintiff's air tickets to depose her in New York. Nor did Defendant's counsel offer accommodation for the depositions. This was done for the purpose of harassing the Plaintiff. Plaintiff filed a motion for sanctions against Defendant and his counsel(s) based on these egregious actions.

### The District Court's Holding Below/The Result Below

The District Court (1) granted Defendant's motion to dismiss for failure to provide discovery responses; (2) warned Plaintiff about possible sanctions for failure to supply discovery responses; (3) denied Plaintiff's motion to compel Defendant's outstanding discovery responses; (4) dismissed Plaintiff's motion for sanctions against Defendant; (5) awarded attorney fees to the Defendant for the motion to dismiss ; and (6) denied Plaintiff's lost wages after the incident.

### Notice of Appeal & District Court Docket Sheet

Plaintiff provides a copy the Notice of Appeal and a current copy of the lower court docket sheet. Attached. A copy of all relevant opinion/orders forming the basis for this appeal. Attached.

**UNITED STATES COURT OF APPEAL FOR THE SECOND CIRCUIT**
**CIVIL-APPEAL PRE-ARGUMNENT STATEMENT ( FORM C)**

**ADDENDUM "B"**

**List of Proposed Issues and Applicable Standard of Review**

Issue one.        Whether the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks, failed to inform the plaintiff of the pathology report in a timely manner,  failed to examine the aspirated tissue prior to the plaintiff's departure from the facility,  failed to require informed consent, and  for **specifying that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus**?

Standard of Review: *Johnston v. St. Francis Medical Center, Inc.*, No. 3 5, 236-CA, Oct. 31, 2001

Issue two.        Whether the Defendant is required to disclose an Expert's name and said expert report?

Standard of Review: Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. Rule 26(a)(1),mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705

Issue three.        Whether the District Court's discovery rulings are clearly erroneous based on the standard that pretrial matters involving discovery generally are considered non-dispositive?

Standard of Review:  Pretrial matters involving discovery generally are considered non-dispositive. *See In re: Savitt/Adler Litig.*, 1997 U.S. Dist. LEXIS 9200, (N.D. N.Y. 1997), citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F. 2d 522, 525 (2nd Cir.) cert. denied, 498 U.S. 846 (1990).

Issue four.        Whether the District Court's discovery rulings are clearly erroneous when Plaintiff served all discovery responses ?

Standard of review:    A Magistrate judge's decision is clearly erroneous when, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Issue five. Whether Plaintiff is required to provide  medical records to Defendant, where she already provided authorization , but does not have custody of the insurance provider's records or reasonable access to the records?

Standard of review:        Rule 37 the Federal Rules of Civil Procedure.

Issue six. Whether  the District Court erroneously warned Plaintiff that The Judge may order sanctions against Plaintiff when Plaintiff complied with discovery order and when Defendant admitted Plaintiff served all discovery responses on time?

Standard of Review:      In order to get sanctions against a party, a court order is a prerequisite, "directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions." *Local 3621, EMS Officer's Union, DC 37, AFSCME AFL-CIO*, No. 18 Civ. 4476 (LJL) (SLC), 2021 WL 134566, at 3 (S.D.N.Y. Jan. 14, 2021).

Issue Seven. Whether the Injured Plaintiff 's loss of wage may be adjusted to a minimum wage rate when Plaintiff did not have a prior year tax return?

Standard of Review: The Magistrate Judge's decision is clearly erroneous as the court did not cite any legal authority which would give the reviewing court any basis to determine if the Magistrate's decision was legally correct. In *Thomas v. Biocine Scalvo*, S.P.A., 1997 U.S. Dist. LEXIS 7184 (N.D. N.Y. 1997)

Issue Eight. Whether the alleged informed consent form that was not in Korean, nor was there any Korean interpreter present, was not signed by Plaintiff, and did  not include any language specifying that Plaintiff consented to the risk that the Defendant may fail to carefully remove the fetus is a valid example of informed consent?

Issue Nine. Whether dismissing Plaintiff's motion for sanctions against Defendant and defendant's counsel without  citing any legal authority  and reasoning pursuant to Rule 37 was legally correct?

Standard of Review:   The  Judge's decision is clearly erroneous as the court did not cite any legal authority which would give the reviewing court any basis to determine if the Magistrate's decision was legally correct. In *Thomas v. Biocine Scalvo*, S.P.A., 1997 U.S. Dist. LEXIS 7184 (N.D. N.Y. 1997). The District Court, due to the lack of an explanation for the denial, remanded the matter back to the Magistrate Judge for "further explication of his grounds for denial of plaintiff's motion for reconsideration." *Biocine Scalvo* at 7, citing *Robinson v. United States Army*, 1996 WL 91904, at 2 (N.D. N.Y. 1996).

Issue Ten. Whether     Awarding attorney fees to Defendant for a motion to dismiss without citing any legal authority, reasoning,  and factual evidence is legally correct?

Standard of Review:   The  Judge's decision is clearly erroneous as the court did not cite any legal authority which would give the reviewing court any basis to determine if the Magistrate's decision was legally correct. In *Thomas v. Biocine Scalvo*, S.P.A., 1997 U.S. Dist.

LEXIS 7184 (N.D. N.Y. 1997). The District Court, due to the lack of an explanation for the denial, remanded the matter back to the Magistrate Judge for "further explication of his grounds for denial of plaintiff's motion for reconsideration." *Biocine Scalvo* at 7, citing *Robinson v. United States Army*, 1996 WL 91904, at 2 (N.D. N.Y. 1996).

APPEAL,ACO,MAGAPP

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:20-cv-02636-PKC-LB

Park v. Kim
Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Lois Bloom
Cause: 28:1332 Diversity-Medical Malpractice

Date Filed: 06/13/2020
Date Terminated: 08/25/2022
Jury Demand: Plaintiff
Nature of Suit: 362 Personal Inj. Med. Malpractice
Jurisdiction: Diversity

**Plaintiff**

**Minhye Park**      represented by **Jae Soog Lee**
Jsl Law Offices, P.C.
626 Rxr Plaza
Uniondale, NY 11358
718-461-8000
Fax: 866-449-8003
Email: jae@lawjsl.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**David Dennis Kim**      represented by **Alejandra R. Gil**
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
914-559-3100
Fax: 914-949-1160
Email: agil@hpmb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bianca Marie Van Deusen**
Heidell, Pittoni, Murphy & Bach
99 Park Avenue
7th Floor
New York, NY 10016
212-286-8585
Fax: 212-490-8966
Email: bvandeusen@hpmb.com
*ATTORNEY TO BE NOTICED*

**Hayley B Newman**
Heidell, Plttoni, Murphy & Bach, LLP
NY
99 Park Avenue
NEW YORK

8

New York, NY 10016
212-286-8585
Email: hnewman@hpmb.com
*ATTORNEY TO BE NOTICED*

**Olivia Darius**
Heidell Pittoni Murphy & Bach LLP
81 Main Street
White Plains, NY 10601
914-559-3100
Fax: 914-949-1160
Email: odarius@hpmb.com
*ATTORNEY TO BE NOTICED*

**Robert B. Gibson**
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
914-559-3100
Fax: 914-949-1160
Email: rgibson@hpmb.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2020 | 1 | COMPLAINT *MINHYE PARK* against DAVID DENNIS KIM filing fee $ 400, receipt number ANYEDC-12922956, filed by MINHYE PARK. (Lee, Jae Soog) (Entered: 06/13/2020) |
| 06/15/2020 | | Case Assigned to Judge Pamela K. Chen and Magistrate Judge Lois Bloom. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) (Entered: 06/15/2020) |
| 06/15/2020 | 2 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all parties wish to consent.** The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) (Entered: 06/15/2020) |
| 06/15/2020 | 3 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 06/15/2020) |
| 06/15/2020 | | NOTICE re 3 Quality Control Check - Attorney Case Opening : Due to the amount of errors made when filing this case, Plaintiff counsel is advised to refer to the Attorney Case Opening Video Tutorial/Manual before filing another case electronically. (Davis, Kimberly) (Entered: 06/15/2020) |
| 09/14/2020 | | ORDER: The 1 Complaint in this matter was filed on June 13, 2020. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant with the Summons |

Case 22-2057, Document 38, 12/16/2022, 3433029, Page10 of 28
Eastern District of New York - LIVE Database 1.6 (revision 1.6)

| | | |
|---|---|---|
| | | and a copy of the Complaint by September 11, 2020. Plaintiff shall file proof of service or a status report in this matter by September 28, 2020. Failure to do so may result in a dismissal of this case for failure to prosecute. Ordered by Judge Pamela K. Chen on 9/14/2020. (Li, Caroline) (Entered: 09/14/2020) |
| 09/15/2020 | | CORRECTED ORDER: The 1 Complaint in this matter was filed on June 13, 2020. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant with the Summons and a copy of the Complaint by September 11, 2020. Plaintiff shall file proof of service or a status report in this matter by September 28, 2020. Failure to do so may result in a dismissal of this case for failure to serve. Ordered by Judge Pamela K. Chen on 9/15/2020. (Li, Caroline) (Entered: 09/15/2020) |
| 09/28/2020 | 4 | First MOTION for Extension of Time to File *Proof of service* by Minhye Park. (Attachments: # 1 Affidavit, # 2 Proposed Summons) (Lee, Jae Soog) (Entered: 09/28/2020) |
| 09/29/2020 | | ORDER: Plaintiff reports that the Defendant was served with the Complaint, but not the Summons, in this action. Plaintiff requests to electronically file the Summons. This request is denied. Plaintiff shall serve the Summons **and** Complaint, in accordance with Federal Rule of Civil Procedure Rule 4 and file proof of service by October 28, 2020. If Plaintiff fails to file proof of service of the Summons and Complaint by October 28, 2020, I will recommend that this case should be dismissed under Federal Rule of Civil Procedure 4(m). Ordered by Magistrate Judge Lois Bloom on 9/29/2020. (Wilhelm, Samantha) (Entered: 09/29/2020) |
| 10/08/2020 | 5 | SUMMONS Returned Executed by Minhye Park. David Dennis Kim served on 10/1/2020, answer due 10/22/2020. (Lee, Jae Soog) (Entered: 10/08/2020) |
| 10/22/2020 | 6 | NOTICE of Appearance by Hayley B Newman on behalf of David Dennis Kim (aty to be noticed) (Newman, Hayley) (Entered: 10/22/2020) |
| 10/22/2020 | 7 | ANSWER to 1 Complaint by David Dennis Kim. (Newman, Hayley) (Entered: 10/22/2020) |
| 10/22/2020 | 8 | NOTICE of Appearance by Olivia Darius on behalf of David Dennis Kim (aty to be noticed) (Darius, Olivia) (Entered: 10/22/2020) |
| 10/23/2020 | 9 | ORDER: The Court shall hold the initial conference by telephone in plaintiff's medical malpractice case on November 12, 2020 at 2:00 p.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 2:00 p.m. on November 12, 2020. A planning conference pursuant to Rule 26(a) shall be held by November 5, 2020. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 10/23/2020. (Wilhelm, Samantha) (Entered: 10/23/2020) |
| 10/26/2020 | 10 | NOTICE of Appearance by Robert B. Gibson on behalf of David Dennis Kim (aty to be noticed) (Gibson, Robert) (Entered: 10/26/2020) |
| 11/11/2020 | 11 | REPORT of Rule 26(f) Planning Meeting (Newman, Hayley) (Entered: 11/11/2020) |
| 11/12/2020 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 11/12/2020 (AT&T Log #2:04-2:42.) (Rein, Gilbert) (Entered: 11/12/2020) |
| 11/12/2020 | | ORDER: The Court held the initial conference in plaintiff's medical malpractice case on November 12, 2020 and declined to set discovery deadlines. As discussed on the record, plaintiff shall provide signed medical record releases to defendant by November 20, 2020. |

| | | |
|---|---|---|
| | | Plaintiff shall reserve defendant with a proper summons and the complaint by December 11, 2020 and shall file proof of service on the docket by December 15, 2020. The parties shall meet and confer regarding a mutual protective order and discuss what fact discovery is needed. The parties are encouraged to discuss settlement. The Court shall hold a telephone conference on December 22, 2020 at 11:00 a.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 11:00 a.m on December 22, 2020. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom, on 11/12/2020. (Rein, Gilbert) *Modified.* (Entered: 11/12/2020) |
| 12/09/2020 | 12 | Summons Issued as to David Dennis Kim. (Brown, Marc) (Entered: 12/09/2020) |
| 12/15/2020 | 13 | SUMMONS Returned Executed by Minhye Park. David Dennis Kim served on 12/14/2020, answer due 1/4/2021. (Lee, Jae Soog) (Entered: 12/15/2020) |
| 12/22/2020 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 12/22/2020. (AT&T Log #11:00-11:30.) (Rein, Gilbert) (Entered: 12/22/2020) |
| 12/22/2020 | | ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on December 22, 2020 and set the following deadlines. Any request to join other parties or to amend the pleadings shall be filed by January 22, 2021. FED. R. CIV. P. 16 (b)(3)(A). The parties shall complete all discovery by June 15, 2021. Upon the completion of discovery, any party seeking to file a dispositive motion shall request a pre-motion conference by June 29, 2021 in accordance with Judge Chen's Individual Motion Practices and Rules. Ordered by Magistrate Judge Lois Bloom on 12/22/2020. (Rein, Gilbert) (Entered: 12/22/2020) |
| 06/01/2021 | 14 | MOTION for Extension of Time to Complete Discovery *Letter to Judge re: Extension of Time* by David Dennis Kim. (Newman, Hayley) (Entered: 06/01/2021) |
| 06/02/2021 | | ORDER: Defendant requests, with plaintiff's consent, an extension of time to complete discovery. ECF No. 14 . The request is granted. The parties shall complete all discovery by September 30, 2021. Upon the completion of discovery, any party seeking to file a dispositive motion shall request a pre-motion conference by October 15, 2021 in accordance with Judge Chen's Individual Motion Practices and Rules. Ordered by Magistrate Judge Lois Bloom on 6/2/2021. (Rein, Gilbert) (Entered: 06/02/2021) |
| 07/16/2021 | 15 | Letter MOTION for Discovery by David Dennis Kim. (Newman, Hayley) (Entered: 07/16/2021) |
| 07/22/2021 | | ORDER: Defendant requests permission to file a motion to compel discovery. ECF No. 15 . The request is granted. Defendant shall file his motion to compel by July 29, 2021 and plaintiff shall file her response by August 5, 2021. The Court shall hold a telephone conference on August 11, 2021 at 11:30 a.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 11:30 a.m. on August 11, 2021. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 7/22/2021. (Rein, Gilbert) (Entered: 07/22/2021) |
| 07/29/2021 | 16 | MOTION to Compel *for an order compelling the production of discovery, documents and answers to interrogatories.* by David Dennis Kim. (Newman, Hayley) (Entered: 07/29/2021) |

11

| 07/29/2021 | 17 | MOTION to Compel *for an order compelling the production of discovery, documents and answers to interrogatories.* by David Dennis Kim. (Attachments: # 1 Declaration Declaration in Support of Motion to Compel, # 2 Exhibit Exh A.-Summons and Complaint, # 3 Exhibit Exh B. -Defendants Answer, # 4 Exhibit Exh C.- Defendants First Set of Interrogatories and First Demand for the Production of Documents, # 5 Exhibit Exh D.- Plaintiffs Response to Defendants First Demand for Interrogatories and Rule 26 Disclosures, # 6 Exhibit Exh E. -Defendants Letter to Plaintiff date February 8, 2021, # 7 Exhibit Exh F. -Defendants Letters to Plaintiff dated March 9, 2021, # 8 Exhibit Exh G. -Defendants Letter to Plaintiff dated April 29, 2021, # 9 Exhibit Exh H. -Defendants Second Demand for Production of Documents, # 10 Exhibit Exh I. - Defendants Letter to Plaintiff dated June 21, 2021, # 11 Exhibit Exh J.-Plaintiffs medical records from her treatment with Dr. Kim, # 12 Exhibit Exh K. - Plaintiffs First Request for Admission, # 13 Exhibit Exh L.- Defendants Letter to Plaintiff dated March 9, 2021 concerning Plaintiffs First Request for Admissions, # 14 Exhibit Exh M.-Sharefile Receipt documenting that plaintiffs counsel was sent Dr. Kims chart on February 10, 2021, # 15 Rule 37 Certification, # 16 Memorandum in Support Memorandum of Law in support of Motion to Compel) (Newman, Hayley) (Entered: 07/29/2021) |
|---|---|---|
| 08/05/2021 | 18 | RESPONSE in Opposition re 16 MOTION to Compel *for an order compelling the production of discovery, documents and answers to interrogatories.* filed by Minhye Park. (Lee, Jae Soog) (Entered: 08/06/2021) |
| 08/09/2021 | 19 | MOTION for Hearing by Minhye Park. (Attachments: # 1 Exhibit A. D ltr to court,7.16,2021, # 2 Exhibit B. Def med records, p31, # 3 Exhibit C. med records of MIRAE, # 4 Exhibit D. med records of ROSEMOM, # 5 Exhibit E. Patient consent _ Korean & English _11.16, 2017, # 6 Exhibit F. invalid consent form_ 11.27, 2017, # 7 Exhibit G. P emails_ 7.5, 2021) (Lee, Jae Soog) (Entered: 08/09/2021) |
| 08/11/2021 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 8/11/2021. (AT&T Log #11:38-12:17.) (Rein, Gilbert) (Entered: 08/11/2021) |
| 08/11/2021 | | ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on August 11, 2021. Defendant's motion to compel, ECF Nos. 15 - 17 , is granted. By September 10, 2021, plaintiff shall provide: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. **This is a Court Order and plaintiff must comply.** Plaintiff is warned that if she fails to comply with the Court's Order to produce discovery, she may be subject to sanctions, which could include dismissal of this action.<br><br>The parties shall complete all discovery, including depositions, by September 30, 2021. Plaintiff shall make herself available for her deposition ahead of the September 30, 2021 deadline. Depositions should be conducted remotely.<br><br>Plaintiff's request for a settlement conference, ECF No. 19 , is denied without prejudice. Ordered by Magistrate Judge Lois Bloom on 8/11/2021. (Rein, Gilbert) (Entered: 08/11/2021) |
| 08/20/2021 | 20 | TRANSCRIPT of Proceedings held on August 11, 2021, before Judge Bloom. Court Transcriber: ARIA SERVICES, INC.. Email address: aria@leinen.net. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 9/10/2021. Redacted Transcript Deadline set for 9/20/2021. Release of Transcript Restriction set for 11/18/2021. (Rocco, Christine) (Entered: 08/20/2021) |

| 08/25/2021 | 21 | MOTION for Leave to Appeal in forma pauperis by Minhye Park. (Attachments: # 1 transcript, # 2 order, # 3 request, # 4 report, # 5 deposition, # 6 Def email) (Lee, Jae Soog) (Entered: 08/26/2021) |
| 08/27/2021 | | ORDER: The Court denies Plaintiff's 21 request to vacate Magistrate Judge Lois Bloom's discovery rulings, which based on the Court's review of the record, it finds are eminently reasonable, fair, and justified. Contrary to Plaintiff's contention, Judge Bloom thoroughly explained the reasons for her rulings during the August 11, 2021 conference, which were largely driven by *Plaintiff's* failure to produce relevant and material discovery, necessary for the logical, efficient, and fruitful progression of other discovery, such as depositions, and settlement discussions in this case. (*See* Transcript for August 11, 2021 Conference, Dkt. 21-1, at Tr. 3:24-18:1 (addressing the need for Plaintiff to produce the requested documents and explaining why it was premature to schedule a settlement conference); Tr. 17:7-12 (denying Plaintiff the opportunity to orally move to compel); Tr. 19:9-22:10 (addressing depositions).) If anything, Judge Bloom has tried to assist Plaintiff and her counsel in understanding what Plaintiff will need to prove her malpractice claim, such as expert medical testimony, and request for lost earnings, such as earnings records. (*Id.* at Tr. 10:11-13, 22:10-23:9.) Thus, Judge Bloom's discovery rulings were far from "clearly erroneous," and the Court will not disturb them. Ordered by Judge Pamela K. Chen on 8/27/2021. (Irving, Louisa) (Entered: 08/27/2021) |
| 09/13/2021 | 22 | RESPONSE to Discovery Request by Minhye Park. (Lee, Jae Soog) (Entered: 09/13/2021) |
| 09/16/2021 | 23 | Letter *requesting permission to file motion to dismiss* by David Dennis Kim (Newman, Hayley) (Entered: 09/16/2021) |
| 09/18/2021 | 24 | MOTION for Protective Order by Minhye Park. (Lee, Jae Soog) (Entered: 09/18/2021) |
| 09/20/2021 | | ORDER: Plaintiff requests a protective order addressing the time of her scheduled deposition. ECF No. 24 . Her request states that her deposition is scheduled for today, Monday, September 20, 2021, however, she filed her request on the evening of Saturday, September 18, 2021 when the Court was unavailable. Id.<br><br>The parties shall file a joint status letter by September 24, 2021 stating whether they proceeded with plaintiff's deposition. If the deposition did not proceed, the parties' letter shall state an agreed upon date and time for plaintiff's rescheduled deposition. Ordered by Magistrate Judge Lois Bloom on 9/20/2021. (Rein, Gilbert) (Entered: 09/20/2021) |
| 09/20/2021 | | ORDER: Defendant's 23 letter request is respectfully referred to the Honorable Lois Bloom, Magistrate Judge, for resolution. Ordered by Judge Pamela K. Chen on 9/20/2021. (Irving, Louisa) (Entered: 09/20/2021) |
| 09/22/2021 | 25 | MOTION for Sanctions by Minhye Park. (Lee, Jae Soog) (Entered: 09/22/2021) |
| 09/23/2021 | 26 | Letter by David Dennis Kim (Attachments: # 1 Exhibit A: Deposition Notice with Affidavit of Service, # 2 Exhibit B: Deposition Notice for March 2021, # 3 Exhibit C: Emails, # 4 Exhibit D: Joint Letter in Response to Court Orders, # 5 Exhibit E: Emails to Plaintiff Re Joint Letter Ordered by Court) (Newman, Hayley) (Entered: 09/23/2021) |
| 09/23/2021 | | ORDER: Plaintiff's 25 motion for sanctions is respectfully referred to the Honorable Lois Bloom, Magistrate Judge, for resolution. Ordered by Judge Pamela K. Chen on 9/23/2021. (Irving, Louisa) (Entered: 09/23/2021) |
| 09/24/2021 | 27 | RESPONSE to Motion re 24 MOTION for Protective Order filed by Minhye Park. (Lee, Jae Soog) (Entered: 09/25/2021) |
| 09/27/2021 | | ORDER: The Court shall hold a telephone conference on October 6, 2021 at 10:00 a.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use |

| | | the access code 4444221 promptly at 10:00 a.m. on October 6, 2021. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 9/27/2021. (Rein, Gilbert) (Entered: 09/27/2021) |
|---|---|---|
| 09/27/2021 | 28 | NOTICE OF APPEAL by Minhye Park. Appeal Record due by 9/27/2021. (Lee, Jae Soog) (Entered: 09/27/2021) |
| 09/28/2021 | | APPEAL FILING FEE DUE re 28 Notice of Appeal Payment in the amount of $505.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (Jones, Vasean) (Entered: 09/28/2021) |
| 09/28/2021 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 28 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Jones, Vasean) (Entered: 09/28/2021) |
| 10/06/2021 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 10/6/2021. (AT&T Log #10:02-10:13.) (Rein, Gilbert) (Entered: 10/06/2021) |
| 10/06/2021 | | ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on October 6, 2021. Discovery is stayed pending a decision on plaintiff's appeal of the Court's discovery order to the Court of Appeals. Ordered by Magistrate Judge Lois Bloom on 10/6/2021. (Rein, Gilbert) (Entered: 10/06/2021) |
| 11/19/2021 | 29 | NOTICE of Appearance by Bianca Marie Van Deusen on behalf of David Dennis Kim (aty to be noticed) (Van Deusen, Bianca) (Entered: 11/19/2021) |
| 11/24/2021 | 30 | MANDATE of USCA as to 28 Notice of Appeal filed by Minhye Park. IT IS HEREBY ORDERED that the appeal is dismissed effective October 29, 2021 unless by that date appellant either pays the fee in full, moves for in forma pauperis status in District Court or, if District Court has denied in forma pauperis status, moves in this Court for in forma pauperis status. If appellant has filed the motion in District Court and the motion is pending, appellant must so advise this Court in writing by the same date. Issued as Mandate: 11/24/2021. USCA# 21-2459. (Jones, Vasean) Modified on 12/13/2021 (Jones, Vasean). (Entered: 11/24/2021) |
| 11/29/2021 | | ORDER: The Court of Appeals has dismissed plaintiff's appeal of the Court's discovery Order. ECF No. 30 . The stay of discovery in this matter is lifted. Plaintiff shall have one final opportunity to comply with the Court's discovery Order which was affirmed by Judge Chen. The parties shall complete all discovery by January 14, 2022. As set forth in the Court's Order, plaintiff shall produce: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. See Electronic Order dated Aug. 11, 2021. Plaintiff shall also respond to defendant's interrogatories and document demands. **This is a Court Order and plaintiff must comply.** This is plaintiff's last chance. The parties shall still meet and confer regarding any discovery dispute that has not already been ruled upon prior to making an application to the Court. Local Civil Rule 37.3 Plaintiff's application for a protective Order, ECF No. 24 , is denied.

Defendant previously requested permission to file a motion to dismiss, ECF No. 23 , and plaintiff previously filed a motion for sanctions, ECF No. 25 . If plaintiff fails to comply with the Court's instant Order to produce the outstanding discovery by January 14, 2022, the parties shall brief their motions as follows: defendant shall file his motion to dismiss and his opposition to plaintiff's motion for sanctions by January 28, 2022; plaintiff shall |

file her opposition to defendant's motion to dismiss by February 18, 2022 as well as any reply regarding her motion for sanctions; defendant may file a reply regarding the motion to dismiss by February 25, 2022.

Any request to extend these deadlines must be made in writing on notice to the other side at least three days before the deadline. Ordered by Magistrate Judge Lois Bloom on 11/29/2021. (Rein, Gilbert) (Entered: 11/29/2021)

| 12/15/2021 | 31 | NOTICE to Take Deposition by David Dennis Kim. (Van Deusen, Bianca) (Entered: 12/15/2021) |
|---|---|---|
| 12/17/2021 | 32 | NOTICE of Appearance by Alejandra R. Gil on behalf of David Dennis Kim (aty to be noticed) (Gil, Alejandra) (Entered: 12/17/2021) |
| 12/20/2021 | 33 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Minhye Park (Lee, Jae Soog) (Entered: 12/20/2021) |
| 12/20/2021 | | ORDER: In summary fashion, Plaintiff appeals all of the rulings in Magistrate Judge Bloom's 11/29/2021 Docket Order. (Dkt. 8.) Magistrate Judge Bloom's docket order dealt with various non-dispositive issues, such as discovery disputes, an application for a protective order, and a briefing schedule for a motion to dismiss and a sanctions motion. (11/29/2021 Docket Order.) A district judge will modify or set aside a magistrate judge's determination on such non-dispositive, pre-trial matters only where the determination was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Pressley v. City of New York*, No. 11-CV-3234 (PKC) (RER), 2016 WL 1271480, at *1 (E.D.N.Y. Mar. 31, 2016). The court has reviewed all of the rulings contained in Magistrate Judge Bloom's 11/29/2021 Docket Order. None are clearly erroneous or contrary to law. Accordingly, Plaintiff's 33 appeal of Magistrate Judge Bloom's 11/29/2021 Docket Order is DENIED. All of the rulings in the 11/29/2021 order are affirmed, and all of the deadlines in that order remain operative. Ordered by Judge Pamela K. Chen on 12/20/2021. (Stephan, Keegan) (Entered: 12/20/2021) |
| 01/12/2022 | 34 | MOTION for Extension of Time to Complete Discovery *requesting additional time to complete fact discovery, including the deposition of our client, Dr. Kim.* by David Dennis Kim. (Gil, Alejandra) (Entered: 01/12/2022) |
| 01/13/2022 | | ORDER: Defendant, with plaintiff's consent, requests an extension of time to complete discovery. ECF No. 34 . The request is granted. The parties shall complete all discovery by January 28, 2022.

Defendant states that plaintiff has still failed to produce discovery in accordance with the Court's prior Order. Id. The Court previously set a motion schedule for defendant's motion to dismiss and plaintiff's motion for sanctions. If plaintiff fails to produce the outstanding discovery by January 28, 2022, the parties shall serve and brief their motions as follows: defendant shall serve his motion to dismiss and plaintiff shall serve her motion for sanctions by February 4, 2022; plaintiff shall serve her opposition to defendant's motion to dismiss and defendant shall serve his opposition to the motion for sanctions by February 25, 2022; the parties may serve a reply regarding their motions by March 4, 2022; The parties fully briefed motions shall be electronically filed on March 4, 2022.

No request to extend these deadlines will be considered unless it is made in writing on notice to the other side at least three days before the deadline. Plaintiff's previously filed motion for sanctions, ECF No. 25 , which was filed without being fully briefed, shall be marked as withdrawn without prejudice and refiled according to the schedule set forth above. Ordered by Magistrate Judge Lois Bloom on 1/13/2022. (Rein, Gilbert) (Entered: 01/13/2022) |

15

| 03/04/2022 | 35 | MEMORANDUM in Support *of Defendant's Motion to Dismiss/Compel* filed by All Defendants. (**Attachments:** # 1 Notice of Motion Notice of Motion Compel/Dismiss, # 2 Declaration Declaration in Support of Motion to Compel/Dismiss, # 3 Memorandum in Support Memorandum of Law in Support of Motion to Dismiss/Compel, # 4 Certificate of Service Rule 37- Certification) (Van Deusen, Bianca) (Entered: 03/04/2022) |
|---|---|---|
| 03/10/2022 | | ORDER: Defendant filed his motion to dismiss on March 4, 2022. ECF No. 35 . The fully briefed motion, including plaintiff's opposition, was due on that date. See Electronic Order dated Jan. 13, 2022. Although defendant's filing references plaintiff's opposition, the Court was not provided with a copy of plaintiff's papers. Plaintiff shall file her opposition to defendant's motion by March 14, 2022. |
| | | The Court notes that plaintiff's fully briefed motion for sanctions was also due on March 4, 2022; no such motion has been filed and no motion would be accepted at this time. See Electronic Order dated Jan. 13, 2022. Ordered by Magistrate Judge Lois Bloom on 3/10/2022. (Rein, Gilbert) (Entered: 03/10/2022) |
| 03/14/2022 | 36 | MEMORANDUM in Opposition filed by Minhye Park. (Lee, Jae Soog) (Entered: 03/15/2022) |
| 03/15/2022 | 37 | EXHIBIT *A-M* by Minhye Park. Related document: 36 Memorandum in Opposition filed by Minhye Park. (**Attachments:** # 1 Exhibit EXIBIHIT B, # 2 Exhibit EXIBIHIT D, # 3 Exhibit EXIBIHIT E, # 4 Exhibit EXIBIHIT G, # 5 Exhibit EXIBIHIT H, # 6 Exhibit EXIBIHIT I, # 7 Exhibit EXIBIHIT J, # 8 Exhibit EXIBIHIT K, # 9 Exhibit EXIBIHIT L, # 10 Exhibit EXIBIHIT L-1, # 11 Exhibit EXIBIHIT M) (Lee, Jae Soog) (Entered: 03/15/2022) |
| 03/15/2022 | 38 | **MOTION** for Sanctions by Minhye Park. (**Attachments:** # 1 Exhibit) (Lee, Jae Soog) (Entered: 03/15/2022) |
| 03/15/2022 | 39 | Letter MOTION to Dismiss *in further support of defendant's Motion to Dismiss* by David Dennis Kim. (**Attachments:** # 1 Exhibit Exh. A. - Plaintiffs Opposition Papers dated February 25, 2022, # 2 Exhibit Exh. B. -Plaintiffs Opposition Papers dated March 14, 2022) (Van Deusen, Bianca) (Entered: 03/15/2022) |
| 04/25/2022 | 40 | REPORT AND RECOMMENDATION: For the reasons stated in the attached Report, it is respectfully recommended under 28 U.S.C. § 636(b) that defendant's motion to dismiss this action under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) should be granted. Should this Report be adopted, defendant should be granted fourteen days to submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee. *Objections to R&R due by 5/9/2022* See Attached Report Ordered by Magistrate Judge Lois Bloom on 4/25/2022. (Rein, Gilbert) (Entered: 04/25/2022) |
| 05/09/2022 | 41 | Letter MOTION for Extension of Time to File Response/Reply by Minhye Park. (Lee, Jae Soog) (Entered: 05/09/2022) |
| 05/10/2022 | | ORDER: Plaintiff requests an extension of time to object to my April 25, 2022 Report and Recommendation. ECF No. 41. The request is granted. Plaintiff shall file her objection by May 23, 2022. Ordered by Magistrate Judge Lois Bloom on 5/10/2022. (Rein, Gilbert) (Entered: 05/10/2022) |
| 05/24/2022 | 42 | OBJECTION to 40 Report and Recommendations filed by Minhye Park. (**Attachments:** # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit) (Lee, Jae Soog) (Entered: 05/24/2022) |
| 05/24/2022 | | ORDER: On or before June 8, 2022, Defendant shall file a response to Plaintiff's 42 objections to Judge Bloom's 40 Report & Recommendation. Ordered by Judge Pamela K. |

| | | Chen on 5/24/2022. (Stephan, Keegan) (Entered: 05/24/2022) |
|---|---|---|
| 06/08/2022 | 43 | REPLY in Opposition re 42 Objection to Report and Recommendations *Response to plaintiffs Rule 72 objections* filed by David Dennis Kim. (Attachments: # 1 Exhibit Exhibit A - cover letter and affidavit of service) (Gil, Alejandra) (Entered: 06/08/2022) |
| 08/24/2022 | 44 | ORDER ADOPTING REPORT AND RECOMMENDATION: For the reasons explained in the attached Memorandum & Order, Magistrate Judge Bloom's 40 Report and Recommendation is adopted in full; Plaintiff's 38 motion for sanctions is denied; Defendant's 38 motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case. Ordered by Judge Pamela K. Chen on 8/24/2022. (Stephan, Keegan) (Entered: 08/24/2022) |
| 08/25/2022 | 45 | CLERK'S JUDGMENT dated 8/25/22 that Plaintiff's motion for sanctions is denied; that Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and that, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee. ( Ordered by Jalitza Poveda, Deputy Clerk on behalf of Brenna B. Mahoney, Clerk of Court on 8/25/2022 ) (Guzzi, Roseann) (Entered: 08/25/2022) |
| 09/07/2022 | 46 | MOTION for Attorney Fees *Memorandum of Law in Support of Application for Attorneys' Fees* by David Dennis Kim. (Attachments: # 1 Exhibit Exh A. - Invoices, # 2 Exhibit Exh B - Resumes) (Gil, Alejandra) (Entered: 09/07/2022) |
| 09/08/2022 | | ORDER REFERRING MOTION: The 46 motion for attorneys' fees is respectfully referred to the Honorable Lois Bloom, U.S.M.J. Ordered by Judge Pamela K. Chen on 9/8/2022. Motions referred to Lois Bloom. (Stephan, Keegan) (Entered: 09/08/2022) |
| 09/18/2022 | 47 | NOTICE OF APPEAL by Minhye Park. Filing fee $ 505, receipt number ANYEDC-15949615. Appeal Record due by 10/3/2022. (Lee, Jae Soog) (Entered: 09/18/2022) |
| 09/19/2022 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 47 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Jones, Vasean) (Entered: 09/19/2022) |
| 10/07/2022 | | ORDER: Plaintiff has filed a notice of appeal of the Court's Order dismissing the case and imposing sanctions. See ECF No. 47. In the interests of justice, the Court stays defendant's motion for attorney's fees and costs, ECF No. 46, pending resolution of plaintiff's appeal. Defendant shall file a letter regarding the status of the appeal by January 5, 2023 or sooner if the appeal is adjudicated. Ordered by Magistrate Judge Lois Bloom on 10/7/2022. (JK) (Entered: 10/07/2022) |

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MINHYE PARK,                                              Case No.1:20-cv-02636

                            Plaintiff,

    -against-

DAVID DENNIS KIM, M.D.,

                            Defendant.
------------------------------------------------------------------------X

## NOTICE OF APPEAL

    **NOTICE IS HEREBY GIVEN** that plaintiff MINHYE PARK, in the above named case,
hereby appeal to the United States Court of Appeals for the Second Circuit from an Order on
August 24, 2022 and Judgment entered in this action on August 25, 2022, for each and every
Order, including but not limited to, granting Defendant's motion to dismiss, denying Plaintiff's
motion for sanctions against Defendant and his counsel(s).

Dated: Uniondale, New York
September 18, 2022

JSLLAW OFFICE P.C.

                                            JAE S. LEE
                                            626 RXR PLAZA
                                            UNIONDALE, NY 11556
                                            (718) 461-8000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MINHYE PARK,

                    Plaintiff,

                            - against -

DAVID DENNIS KIM,

                    Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2636 (PKC)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice action against Defendant Dr. David Dennis Kim.  Defendant has moved to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 37(b)(2)(A)(v) and 41(b) for failure to comply with court orders directing Plaintiff to respond to Defendant's discovery demands.  Before the Court is the Report & Recommendation ("R&R") of the Honorable Lois Bloom, Magistrate Judge, recommending dismissal, and Plaintiff's objections to the R&R.  For the reasons set forth below, Defendant's motion is granted in its entirety and this action is dismissed.

## BACKGROUND

### I.    Factual Background

       The Court assumes the parties' familiarity with this case and recites only the facts relevant to Defendant's motion to dismiss.  Plaintiff, a resident of South Korea, sought obstetric and gynecological care from Defendant, Dr. Kim, at a medical facility in Queens, New York in November 2017.  (Complaint ("Compl."), Dkt. 1, ¶¶ 5–6, 8, 12–14.)  On November 22, 2017, Dr.

Kim confirmed that Plaintiff was five weeks pregnant.[1]  (*Id.* ¶¶ 14–15.)  Five days later, on November 27, 2017, Dr. Kim performed an abortion, a procedure that Plaintiff alleges "was not in accordance with accepted standards of good and accepted removal fetus surgery."  (*Id.* ¶ 16.)  On December 19, 2017, after returning to South Korea, Plaintiff visited a physician (hereinafter, the "South Korean physician"), who allegedly discovered that the abortion had been unsuccessful.  (*Id.* ¶ 18.)  According to Plaintiff, the South Korean physician told her that she was nine weeks pregnant with an unhealthy fetus which was likely to have birth defects.  (*Id.*)  On December 29, 2017, Plaintiff underwent a second abortion procedure which allegedly terminated her pregnancy. (*Id.* ¶ 19.)  Plaintiff further alleges that the failed abortion resulted from Dr. Kim's negligence and deviation from accepted medical practices, and that Dr. Kim's actions injured Plaintiff, causing scarring and an extended recovery process.  (*Id.* ¶¶ 20, 22.)  Plaintiff also claims that she was "unable to work for several months" as a result of the incident.  (*Id.*)

## II.   Procedural History

Plaintiff filed her Complaint on June 13, 2020.  (Compl., Dkt. 1.)  After an initial conference, the Court ordered the parties to complete all discovery by June 15, 2021.  (12/22/2020 Docket Order.)  That deadline was later extended to September 30, 2021.  (06/02/2021 Docket Order.)  On July 29, 2021, Defendant moved to compel Plaintiff to produce documents and to respond to interrogatories.  (*See* Defendant's Motion to Compel ("Def. Mot. to Comp."), Dkt. 17.) Defendant alleged that Plaintiff had failed to provide multiple items of discovery, including relevant medical records and documents supporting the claim for lost wages or other income, and had failed to complete interrogatories.  (*See generally* Def.'s Mot. to Comp., Dkt. 17.)  Judge

---

[1] The Complaint states in error that Dr. Kim confirmed Plaintiff's pregnancy on November 22, 2018.

2

Bloom granted Defendant's motion to compel at a telephone conference held on August 11, 2021, and warned Plaintiff's counsel that "your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." (*See* 08/11/2021 Docket Order; Aug. 11, 2021 Tr. at 17:23–18:1.) Plaintiff asked this Court to vacate that Order, but this Court affirmed Judge Bloom's well-reasoned decision. (08/27/2022 Docket Order.)

On September 9, 2021, Defendant requested a pre-motion conference on a proposed motion to dismiss due to Plaintiff's failure to comply with the Court's discovery order. (*See* Dkt. 23.) Plaintiff, however, appealed the discovery order to the Second Circuit, which dismissed the appeal. (Dkts. 28, 30.) After the appeal was dismissed, Judge Bloom considered Defendant's request for a pre-motion conference. Rather than grant the motion, however, Judge Bloom granted Plaintiff additional time to comply with the Court's August 11, 2021 discovery Order. (*See* 11/29/2021 Docket Order.) The written docket order warned that

> Plaintiff shall have one final opportunity to comply with the Court's discovery Order which was affirmed by Judge Chen. The parties shall complete all discovery by January 14, 2022. As set forth in the Court's Order, [P]laintiff shall produce: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. *See* [August 11, 2021 Docket Order]. Plaintiff shall also respond to [D]efendant's interrogatories and document demands. **This is a Court Order and [P]laintiff must comply.** This is [P]laintiff's last chance.

(*Id.*) Judge Bloom also set a briefing schedule for a motion to dismiss should Plaintiff "fail[] to comply with the Court's instant Order." (*Id.*)

On January 12, 2022, the parties jointly requested an extension of time to complete discovery, and Defendant requested an extension of his deadline to move to dismiss for failure to comply with discovery orders. (Dkt. 34.) Judge Bloom granted both. (01/13/2022 Docket Order.)

Defendant filed the present motion on March 4, 2022. (Dkt. 35.) Plaintiff filed an opposition on March 14, 2022. (Plaintiff's Memorandum of Law in Opposition to Defendant's

Motion to Dismiss ("Pl. Mem."), Dkt. 36.)  Judge Bloom issued her R&R on April 25, 2022.  (Dkt. 41.)  Plaintiff filed objections on May 24, 2022.  (Objection to the Report and Recommendation ("Pl. Obj.") Dkt. 42.)  And Defendant filed a response on June 8, 2022.  (Dkt. 43.)

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge gives a recommendation on a dispositive motion 'the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'"  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, ___ (2d Cir. 2022) (brackets omitted) (quoting Fed. R. Civ. P. 72(b)(3)).  An objection is proper when it is filed within 14 days of service of the report and recommendation and is "specific."  *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).  "Merely referring the court to previously filed papers or arguments" is not a proper objection, but parties may revisit issues already argued when the objection is that the magistrate judge's "specific error was a fundamental one."  *Id.* (alteration omitted) (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Portions of a report and recommendation that are not properly objected to may be adopted as long as the court is satisfied that there is not clear error on the face of the record.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).  Furthermore, "it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).

## DISCUSSION

The Court has reviewed all of Plaintiff's objections to Judge Bloom's thorough and well-reasoned R&R and finds them meritless.  The vast majority of Plaintiff's objections raise issues, arguments, and alleged facts that are not relevant to Defendant's motion or Judge Bloom's R&R.

4

Those arguments in Plaintiff's objections that are not wholly irrelevant were either correctly addressed by Judge Bloom or are meritless. Given the lack of valid objections to the R&R, and the nature and duration of Plaintiff's noncompliance, dismissal is appropriate.

## I.    Plaintiff's Objections

### A.    Defendant's Alleged Outstanding Discovery

In the procedural history section of Plaintiff's objections to Judge Bloom's R&R, Plaintiff complains that Defendant—not Plaintiff—has failed to comply with discovery obligations. (Pl. Obj., Dkt 42, at ECF 3.[2]) Because this complaint does not appear in the argument section of Plaintiff's objections, it is not clear whether this is an objection or just Plaintiff airing a grievance. Plaintiff raised this same complaint in her opposition to the present motion as an argument against dismissal, so she may have intended it to be an objection. (*See* Pl. Mem., Dkt. 36, at ECF 5–7.) Regardless, Defendant's alleged outstanding discovery is irrelevant to the present motion, which is focused on Plaintiff's noncompliance. *Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

Furthermore, Plaintiff had an opportunity to file a motion for sanctions against Defendant for allegedly failing to comply with discovery orders. (R&R, Dkt. 40, at 5 n.5.) Plaintiff, however, failed to file on time. (*Id.*) Accordingly, Judge Bloom issued an order stating that Plaintiff could not file the proposed motion. (*Id.*) Five days later, Plaintiff filed the motion anyway, but did not attach a memorandum of law in support of the motion, as required by Local Rule 7.1(a)(2), instead

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

5

attaching the same memorandum of law submitted in opposition to Defendant's motion to dismiss. (*Id.*)  Magistrate Judge Bloom found that Defendant was prejudiced by the late submission, and thus recommended that the motion be denied or not be considered at all.  (*Id.*)  Plaintiff made no specific objection to this portion of the R&R, and the Court sees no clear error in this recommendation on the face of the record.  Thus the Court adopts it, and denies the motion.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin*, 734 F. App'x at 758.

## B.    Allegedly Erroneous or Omitted Factual Findings

Also as part of Plaintiff's procedural history section of her objections, Plaintiff complains that Judge Bloom's R&R contains erroneous facts and omits other relevant facts.  (Pl. Obj., Dkt. 42, at ECF 3–4.)  Again, it is not clear if this is an objection.  Regardless, all of the arguments raised in this section of her objections are irrelevant or meritless.

Plaintiff's primary complaint concerning erroneous facts is that the R&R "states that Plaintiff confirmed the two prior abortions."  (Pl. Obj., Dkt. 42, at ECF 4.)  However, the R&R does not state that Plaintiff confirmed this, and notes that the question of how many prior abortions Plaintiff had was disputed by Plaintiff's counsel.  (R&R, Dkt. 40, at 8 n.8.)  Ironically, Plaintiff's lack of compliance with discovery, namely, her failure to provide Defendant with her medical records, has made it impossible to determine Plaintiff's history of abortions.  (*Id.*)  Regardless, the quantity of Plaintiff's previous abortions is irrelevant to the motion to dismiss, because it relates to a question of fact and not Plaintiff's failure to comply with discovery.

Plaintiff's other alleged erroneous or omitted fact findings are nonsensical.  She claims that omitted facts include

> Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case

6

intentionally; and False statements by Defendant's Counsel: [D]efendant's expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

(Pl. Obj., Dkt. 42, at ECF 3.)

As already discussed, Defendant's alleged failure to comply with discovery and the exact facts surrounding Plaintiff's previous abortions are irrelevant to this motion because they do not focus on Plaintiff's repeated failures to comply with discovery, nor do they focus on errors in reasoning made by Judge Bloom. Furthermore, there is nothing in the record to suggest that Defendant ever "agreed" that "Plaintiff has no need to hire an expert." The nonsensical language and lack of citations to the record makes the other claims within this statement impossible to address.

### C.    Plaintiff's Compliance with Discovery Requests

Plaintiff argues that any sanction—let alone the harsh sanction of dismissal of this case—is inappropriate because she has actually complied with all of the Court's discovery orders. (Pl. Obj., Dkt. 42, at ECF 6–11.) Plaintiff made the same argument in her opposition to the motion before Judge Bloom. (Pl. Mem., Dkt. 36, at ECF 4–5.) Judge Bloom directly addressed Plaintiff's argument, noting that

> Plaintiff's opposition is further proof of her failure to comply. She states that production of a collateral source authorization, a deficient expert report and the denial of the existence of any lost earning records is sufficient. Plaintiff ignores the Court's discovery Orders, which required her to correct her interrogatory and document deficiencies cited by [D]efendant.

(R&R, Dkt. 40, at 14.) Judge Bloom is correct, and thus this objection is meritless. To the extent Plaintiff is raising new arguments about her compliance, those arguments could have been raised before Judge Bloom, and thus the Court will not consider them. *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351.

7

### D.      Plaintiff's Claims

Plaintiff's next objection appears to be that the Court should not adopt Judge Bloom's R&R because Plaintiff has already proven all of her claims.  (Pl. Obj., Dkt. 42, at ECF 11–13; *see also* Pl. Mem., Dkt. 36, at 7–9 (making a similar argument and providing supporting documents).) Again, it is not clear how this is an objection to Judge Bloom's R&R.  This argument—and the pieces of the record cited therein—might have been an appropriate argument to oppose a motion for summary judgment, but it does not address Plaintiff's failure to comply with the Court's discovery orders, which prevented this case from reaching the summary judgment stage. Accordingly, this objection is irrelevant.

## II.      The Remainder of Judge Bloom's R&R

The Court has addressed all of Plaintiff's remotely specific objections to Judge Bloom's R&R.  The Court has also reviewed the rest of Judge Bloom's R&R for clear error on the face of the record, and finds none.  Judge Bloom identified the proper legal standards, and properly applied them to the facts of this case.  Specifically, this Court agrees that this action should be dismissed under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and that Defendant shall have 14 days from the date of this Order to submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

## CONCLUSION

For the reasons explained above, Magistrate Judge Bloom's April 25, 2022 Report and Recommendation is adopted in full; Plaintiff's motion for sanctions is denied; Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing

who should be responsible for the fee.  The Clerk of Court is respectfully directed to enter judgment

accordingly and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: August 24, 2022
       Brooklyn, New York

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MINHYE PARK,

                                             JUDGMENT
                Plaintiff,                      20-CV-2636 (PKC)

      v.

DAVID DENNIS KIM,

                Defendant.
------------------------------------------------------------------X
      A Memorandum and Order of the Honorable Pamela K. Chen, United States District

Judge, having been filed on August 24, 2022, adopting the Report and Recommendation of

Magistrate Judge Lois Bloom, dated April 25, 2022, denying Plaintiff's motion for sanctions;

granting Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure

37(b)(2)(A)(v) and 41(b); it is

      ORDERED and ADJUDGED that Plaintiff's motion for sanctions is denied; that

Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure

37(b)(2)(A)(v) and 41(b) is granted; and that, within 14 days of the date of this Memorandum &

Order, Defendant shall submit a reasonable fee application supported by contemporaneous

records as well as a brief addressing who should be responsible for the fee.

Dated: Brooklyn, New York                Brenna B. Mahoney
       August 25, 2022                 Clerk of Court

                                By:     */s/Jalitza Poveda*
                                      Deputy Clerk