# 22-2057

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

MINHYE PARK,

*Plaintiff-Appellant,*

—against—

DAVID DENNIS KIM,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**APPENDIX
VOLUME II OF II
(PAGE A-264 to A-351)**

ROBERT B. GIBSON DANIEL
S. RATNER ALEJANDRA R.
GIL HEIDELL, PITTONI,
MURPHY
    & BACH, LLP
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100

*Attorneys for Defendant-Appellee*

JAE S. LEE
JSL LAW OFFICES P.C.
163-10 Northern Boulevard, Suite 205
Flushing, New York 11358
(718) 641-8000

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

PAGE

Letter for Sanctions, dated March 15, 2022 ..................................................... A-264

Report and Recommendation,
    20 CV 2636 (PKC)(LB), dated April 25, 2022 ..................................... A-276

Objection to the Report and Recommendation, dated May 24, 2022 ............. A-298

Memorandum & Order Appealed from, dated August 24, 2022 .................... A-341

Judgement, dated August 25, 2022 ................................................................. A-350

Notice of Appeal, dated September 18, 2022 ................................................. A-351

**JSL Law Offices, P.C.**
626 RXR PLAZA, Uniondale, NY 1156
Tel:  (718) 461-8000
Fax: (866) 449-8003

_____

March 15, 2022

***VIA ECF***
Honorable Pamela Chen
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: 1:20-cv-02636 (Minhye Park v. David Kim, M.D.)

Dear Magistrate Judge Bloom:

As the Court is aware, this office represents the Plaintiff in the above action. This letter is respectfully submitted to request leave for the Plaintiff to move to compel discovery and/or renew her motion for sanctions against Defendant and his counsels, to strike pleadings , and to request that the Court hold a settlement conference in this matter.  Plaintiff is making this application because she has complied with discovery but has not received various materials from Defendant, as set forth below.  Plaintiff has previously requested a settlement conference; by Order dated August 11, 2021, the Court denied Plaintiff's request for a settlement conference without prejudice, pending Plaintiff's compliance with a discovery order issued on that date.

Plaintiff seeks to renew  sanctions against Defendant and his counsels filed on September 22, 2021.  Pursuant to  ***Fed***. ***R***. ***Civ***. ***P***. 12(f), Plaintiff seeks to strike the pleadings of the Motion to Dismiss for discovery non-compline. Plaintiff complied with the discovery Order, but the Defendant failed to comply with the Order dated January 13, 2022. Defendant's motion to dismiss is immaterial and must be stricken.   Also pursuant to Rule 37, this Court has an authority to impose sanctions against Defendant by striking pleadings.

Based on the foregoing, it is respectfully requested that the Court issue appropriate orders with regard to discovery.    In addition, it is respectfully requested that the Court schedule a settlement conference based on the fact that the parties have exchanged discovery.

We thank the Court for its courtesy and consideration herein and respectfully await the Court's rulings.

Respectfully submitted,

*/s/ Jae S. Lee*
Jae S. Lee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINHYE PARK,

                    Plaintiff,                Case No. 1:20-cv-02636

        -against-


DAVID DENNIS KIM, M.D.

                    Defendants
------------------------------------------------------------X

    **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS</u>**


Dated: Uniondale, New York
       March 14, 2022

                    **JSL LAW OFFICES, P.C.**
                    Jae S. Lee
                    626 RXR Plaza
                    Uniondale, NY 11556
                    Telephone: (718) 461-8000
                    Facsimile: (866) 449-8003
                    Email: jae@lawjsl.com


                    ***Attorneys for Plaintiff***

**PROCEDURAL HISTORY**

This matter alleges medical malpractice.  It is undisputed that  the Plaintiff was a patient of the Defendant, Dr. David Kim, and that the Plaintiff underwent an abortion procedure performed by the Defendant.  Plaintiff subsequently learned that the abortion procedure did not, in fact, terminate the pregnancy. As a result, Plaintiff was required to undergo a second procedure after she had traveled from the United States to Korea. Plaintiff alleges that as a direct and proximate result of the defendant's acts and/or omissions the Plaintiff suffered harm.. Plaintiff filed the instant action against Defendant on or about June 12, 2020, and discovery in this matter, including but not limited to an expert report produced by the  Plaintiff, clearly  set forth that Defendant violated the standards of care expected of him  in his profession. Defendant now seeks dismissal of this action for alleged discovery deficiencies of the Plaintiff. Plaintiff requests that the Court deny this motion for the herein stated reasons.

**LEGAL STANDARD**

### 1.  STRIKING PLEADINGS

Pursuant to *Fed*. *R*. *Civ*. *P*. 12(f), Plaintiff seeks to strike the pleadings of the Motion to Dismiss for discovery non-compline. Plaintiff complied with the discovery Order, but the Defendant failed to comply with the Order dated January 13, 2022. Defendant's motion to dismiss is immaterial and must be stricken.

### 2.  DISCOVERY VIOLATIONS ARE NON-DISPOSITIVE UNLESS IT DISPOSES OF A CLAIM

Alternatively, *Shanghai Weiyi* specifically states discovery violations are normally non-dispositive, unless said violations clearly dispose of a claim. *See Shanghai Weiyi Int'l Trade Co.*

*v. Focus 2000 Corp.,* 2017 U.S. Dist. LEXIS 102304, at *27. ("An order precluding the introduction of certain evidence or barring certain contentions "may also be properly characterized as non-dispositive . . . [a]s long as the order does not wholly dispose of a party's claim or defense."(citing *Seena Int'l Inc.,* 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, at *10).

Further discovery misconduct was non-dispositive. *See id* **\*28** (citing *Magee v. Paul Revere Life Ins,* 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (magistrate judge's order precluding expert witness testimony as a ***sanction*** for plaintiff's ***discovery*** misconduct was non-dispositive)

### 3. Fed. R. Civ. P. 37

The Second Circuit has stated that there are four factors that the court should consider in determining whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-complaining party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of …noncompliance." *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 ( 2d Cir. 2009) " These factors are not exclusive, and they need not each be resolved against the noncompliant party, for dismissal to be appropriate…: ultimately, the court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC,* No. 14-cv-3198, 2018 WL3104456, at * ( E.D.N.Y. June 18, 2018), and report and recommendation adopted, No.14-cv-319, 2018 WL 3094940 ( E.D.N.Y. June 22, 2018)

Applying the standards above, dismissal is inappropriate in the instant case for the reasons detailed below .

**ARGUMENT**

    A. <u>**DEFICIENTIES IN DEFENDANT'S DOCUMENT PRODUCTION , NOT IN PLAINTIFF'S**</u>

*PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ON JANUARY 13, 2022*

    Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022. Defendant's deposition was completed on January 25, 2022.    Plaintiff indeed complied with this Court's Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court's Minute Order dated August 11, 2021. **EXHIBIT A (Orders 1/13/2022 & 8/11/2021**

    The Court's Minute's Order dated January 13, 2022, required production of "records regarding [plaintiff's]  lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.") *Id*

    Plaintiff provided authorization for collateral source insurance records from 2020 to the present on August 24, 2021 and resent the same on January 28, 2022.  EXHIBIT B (HIPAA Authorization sent 8/12/2021), EXHIBIT C( email letter: 8/24/2021) & EXHIBIT D ( email letter:1/28/2022)

    Plaintiff provided her expert report on September 12, 2021, and resent the same on January 28, 2022, that included the name of the expert, the expert's specialties, and the expert's experience. EXHIBIT E (Expert Report) & EXHIBIT F (email letter to Def: 1/28/2022) The Defendant improperly tried to force Plaintiff to get the records of an abortion on Plaintiff in S. Korea 10 years ago for Defendant. Plaintiff has no custody of the medical records. Nor does the Plaintiff have reasonable access to the records. Plaintiff has already served the authorizations to Defendant and thus has fulfilled, fully, her obligations. As for the loss of earnings, on August 11,

2021, the Hon. Magistrate Judge Bloom ordered that the Plaintiff provide records regarding her lost earnings. Plaintiff worked 3-4 days a week prior to the incident occurred on November 27, 2017. EXHIBIT G (Plaintiff EBT Tran. P.15, lines 8-10)  Plaintiff was unable to work for two (2) years after the incident on November 27, 20177. *See* Exhibit G ( P.16, lines 2-3). Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker may be compensated as a minimum wage worker under the New York Worker's Compensation Act. EXHIBIT H (court conference transcript 8/11/2021, page 22, lines14-18.)  The Court's Minute's Order dated January 13, 2022, clearly stated the condition to file a motion to dismiss, "**If plaintiff fails to produce the outstanding discovery by January 28, 2022**". *See* Exhibit A As set forth above, Plaintiff complied with the court Order dated January 13, 2022, in a timely manner.  Plaintiff has not willfully failed to comply with the Order.

**DEFENDANT FAILED TO COMPLY WITH THE JANUARY 13, 2022, ORDER**

Defendant failed to comply with the Order dated January 13, 2022, which Ordered  " **The parties complete all discovery by January 28, 2022".** *See* Exhibit A Plaintiff served discovery demands to Defendant as follows: Plaintiff's first set of interrogatories is dated February 9, 2021, Plaintiff's Second  set of interrogatories is dated December 13, 2021,  and  Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022.

The missing items of discovery include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022, Response to Plaintiff's Second Set of Interrogatories. The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides the Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office).

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.  Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non-disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

- Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

As such, Defendant's motion to dismiss should be stricken and  denied in its entirety.

**B. THE COURT HAS NEVER DISPOSED OF A CLAIM OF THE PLAINTIFF, RATHER PLAINTIFF'S CLAIMS HAVE ALREADY BEEN ESTABLISHED**

*1. The claim that the Defendant's failure to terminate plaintiff's pregnancy was fully established  as follows:*

Plaintiff's first claim was Defendant's failure to properly terminate the plaintiff's pregnancy. Compl. ¶¶ 30-33. ECF No.1   On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating he found that Plaintiff  was recalled to

review the results of the termination of pregnancy on November 27, 2017.  Defendant  explained

to the Plaintiff that the pregnancy was still present. **EXHIBIT I** ( Defendant Dr. Kim's note,

page 31 ; Def EBT Trans. At 52, lines 2-11)

In addition to the evidence provided by the Defendant himself, there were two physicians

in South Korea who examined the Plaintiff, using among other things  ultrasound,  and etermined

that the damaged fetus was still alive in Plaintiff's womb. Contrary to the Defendant's argument

otherwise, Plaintiff has provided all medical records to Defendant. **EXHIBIT J (**MED

REC_ROSEMOM BOGY CLINIC); **EXHIBIT K** (MED REC_MIRAE Obstetrics and

gynecology_12.19.2017)

2. *The plaintiff's second cause of action was lack of informed consent.*

The export report revealed that Defendant deviated from the standard of care for his

profession and  that the defendant failed to inform the plaintiff of the differential risk of failed

suction curettage from 5 weeks to 7 weeks. If the Defendant had properly told the Plaintiff  of

the increased risk of failure, the Plaintiff would likely have deferred the procedure for 1-2 weeks.

*See* Exhibit E The  Defendant also failed to examine the aspirated tissue prior to the Plaintiff's

departure from the facility. Had the tissue  been examined,  the patient could have been offered a

repeat suction curettage at that time or additional testing to rule out any possibility of continued

pregnancy. *See* Exhibit E ; *see* also Exhibit G ( p.69, lines 19-22)

Regarding the alleged forged signature of the Plaintiff on the consent form, Plaintiff can't

speak English or understand spoken English.  *See* Exhibit G (p.11, lines 4-9)

On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter

of the Defendant's staff translated said sheet into Korean and explained every single word and

everything was written out in Korean. EXHIBIT L ( P signed consent form only in Korean &

English on 11/16/2016)  Defendant testified the alleged "consent form" was written in English only. EXHIBIT M ( Def EBT trans. p 33, lines 9-11. Plaintiff  testified she can't speak English or understand written English and  on November 27, 2017, no one spoke Korean at the surgical center and Plaintiff communicate with Defendant by hand gesture. *See* Exhibit G (p 7, lines 15-22 )   Plaintiff also testified under oath that she had not signed any papers on November 27, 2019.

Furthermore, assuming for the sake of argument the Plaintiff did sign the consent form written in a language she cannot read,  the consent form does not include any language indicating that the Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. No such risk was listed at all. The Defendant testified that he advised the Plaintiff that the risks of abortions were pain, bleeding, and infection. *See* Exhibit M (p. 18, lines 5-7   He did not ever state to the Plaintiff that there was any risk that he would fail to remove the fetus. *See* Exhibit G (p.43, lines 20-24)

 Therefore, there was no valid informed consent for possible failure to remove the fetus; nor could there ever be consent given to a non-explained risk. All other claims of Plaintiff have been clearly established.

Plaintiff's claims have been concretely established and none of the Plaintiff's claims have been disposed of at any point.  Therefore, Defendant's motion to dismiss based on the discovery non-compliance must be stricken and denied in its entirety.

## C.  NO SANCTIONS WERE IMPOSED ON PLAINTIFF

No sanctions were imposed on Plaintiff and rather  on September_22, 2021, Plaintiff filed a motion for sanctions against the Defendant and defendant's counsel(s) for their discovery

misconduct. Therefore, Defendant's motion to dismiss for discovery non-compliance must be stricken and denied in its entirety.

**CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court strike defendant's motion to dismiss for discovery non-compliance, deny it in its entirety, award attorney's fees and cost in favor of Plaintiff regarding Defendant's motion, impose sanctions on Defendant and his counsels, and issue appropriate orders with regard to discovery.

Dated: Uniondale, New York

March 14, 2022

_/s/ Jae S. Lee_____

Jae S. Lee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MINHYE PARK,

                     Plaintiff,                 **REPORT AND RECOMMENDATION**
                                             **20 CV 2636 (PKC)(LB)**

     -against-

DAVID DENNIS KIM, M.D.,

                     Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice

action against defendant Dr. David Dennis Kim. Compl. ¶¶ 1, 5, 27, ECF No. 1. Defendant now

moves to dismiss this action due to plaintiff's failure to comply with Court orders to respond to

defendant's discovery demands pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and

41(b). Def.'s Mot. to Dismiss, ECF No. 35. The Honorable Pamela K. Chen referred the motion

to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons

set forth below, it is respectfully recommended that defendant's motion should be granted and this

action should be dismissed.


                      **BACKGROUND**

      According to plaintiff's complaint, plaintiff Minhye Park, a resident of South Korea,

sought obstetric and gynecological care from defendant, Dr. David Kim, at a medical facility in

Queens, New York in November 2017. Compl. ¶¶ 5-6, 8, 12-14. On November 22, 2017, Dr.

Kim confirmed that plaintiff was five weeks pregnant.[1] Id. ¶¶ 14-15. Five days later, on

November 27, 2017, Dr. Kim performed an abortion, a procedure which plaintiff alleges "was

---

[1] The complaint states in error that Dr. Kim confirmed plaintiff's pregnancy on November 22, 2018.

not in accordance with accepted standards of good and accepted removal fetus [sic] surgery." <u>Id.</u> ¶ 16. On December 19, 2017, after traveling back to South Korea, plaintiff visited a physician and discovered that the abortion had been unsuccessful.[2] <u>Id.</u> ¶ 18. The South Korean physician told plaintiff that she was nine weeks pregnant, her fetus was unhealthy, and would have birth defects. <u>Id.</u> On December 29, 2017, plaintiff underwent a second abortion procedure which successfully terminated her pregnancy. <u>Id.</u> ¶ 19.

Plaintiff alleges that the failed abortion resulted from Dr. Kim's negligence and his deviation from accepted medical practices. <u>Id.</u> ¶ 20. Dr. Kim's actions allegedly injured plaintiff, causing scarring, an extended recovery process, and left plaintiff "unable to work for several months." <u>Id.</u> ¶ 22.

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 13, 2020. Compl. ECF No. 1. Defendant answered on October 22, 2020. Answer, ECF No. 7. The Court held the initial conference on November 12, 2020 and ordered plaintiff to produce releases for her medical records. <u>See</u> Electronic Order dated Nov. 12, 2020. The Court ordered the parties to complete all discovery by June 15, 2020 and later extended this deadline until September 30, 2021. <u>See</u> Electronic Orders dated Dec. 22, 2020, June 2, 2020.

On July 29, 2021, defendant moved to compel plaintiff to produce documents and to respond to interrogatories. ECF Nos. 16-17. Defendant alleged that plaintiff had failed to provide multiple items of discovery, including interrogatory responses, documents, medical records, and an expert report. Def.'s Mot. to Compel 11, ECF No. 17-16. Plaintiff's opposition to defendant's

---

[2] Defendant disputes this claim and maintains that he informed plaintiff that the procedure was unsuccessful and that another procedure was necessary. Gil Decl., Ex. R, ECF No. 35-2.

2

motion to compel stated that the motion should be denied because it sought "incredibly overbroad" information which plaintiff deemed "irrelevant." Pl.'s Oppo. to Mot. to Compel 1, ECF No. 18. The Court granted defendant's motion to compel at a telephone conference on August 11, 2021. See Electronic Order dated Aug. 11, 2021. Plaintiff was ordered at the conference to "turn over…any records that support [plaintiff's] claims for lost earnings, who [plaintiff's] expert is going to be and any expert report, and any collateral source [insurance] information going back to 2010. Aug. 11, 2021 Tr. 16:16-20. The Court specifically warned plaintiff's counsel, "that your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." Aug. 11, 2021 Tr. 17:23-18:1. At the end of the conference, the Court reiterated its ruling, stating "I am granting [defendant's] motion to compel, which will require [plaintiff] to turn over records and respond to their interrogatories by September 10th." Aug. 11, 2021 Tr. 24:23-25. Plaintiff sought to vacate these rulings, ECF No. 21, but that request was denied. See Electronic Order dated Aug. 27, 2021.

The parties' discovery disputes persisted. On September 16, 2021, defendant requested permission to file the instant motion to dismiss, stating that plaintiff had failed to comply with the Court's discovery order. Def.'s Sept. 16, 2021 Letter, ECF No. 23. The parties then disagreed further regarding the scheduling of plaintiff's deposition and plaintiff moved for sanctions. ECF Nos. 24-25. The Court scheduled a telephone conference to address the parties' outstanding discovery, see electronic order dated Sept. 27, 2021, but plaintiff appealed the Court's discovery orders to the Second Circuit prior to the conference, ECF No. 28. The Court stayed discovery pending a decision by the Court of Appeals. See Electronic Order dated Oct. 6, 2021. The Court of Appeals subsequently dismissed plaintiff's appeal and the Court lifted the stay of discovery. See Electronic Order dated Nov. 29, 2021.

Rather than considering defendant's request to file the instant motion to dismiss, the Court gave plaintiff additional time to comply with the Court's August 11, 2021 discovery Order. Id. The Court ordered the parties to complete all discovery by January 14, 2022. Id. Plaintiff was again ordered to produce "records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present." Id. The Order stated that "[p]laintiff shall also respond to defendant's interrogatories and document demands." Id. The Court explicitly warned plaintiff "[t]his is a Court Order and plaintiff must comply. This is plaintiff's last chance." Id. If plaintiff failed to comply with the Court's discovery Order, the Court set a briefing schedule for the instant motion to dismiss and plaintiff's motion for sanctions. Id. Plaintiff appealed these rulings "[i]n summary fashion," ECF No. 33, and the Order was again affirmed. See electronic order dated Dec. 20, 2021.

At the parties' request, the Court extended the time to complete all discovery until January 28, 2022 and ordered that defendant's fully briefed motion to dismiss be filed by March 4, 2022. Defendant filed his motion to dismiss on March 4, 2022, stating that plaintiff has still failed to comply with the Court's discovery Order. In support of his motion, defendant provides his counsel's declaration and various exhibits (Gil Decl., ECF No. 35-2); a Memorandum of Law (Def.'s Mem. of Law, ECF No. 35-3); and a Reply to plaintiff's opposition (Def.'s Reply, ECF No. 35). Plaintiff failed to timely file her opposition to defendant's motion and the Court ordered that any opposition be filed by March 14, 2022. See Electronic Order dated Mar. 10, 2022.

Plaintiff then filed her opposition and several exhibits.[3] Pl.'s Oppo.,[4] ECF Nos. 36-37. In a

subsequent letter, defendant states that the opposition papers filed on the docket on March 14,

2022 differ from the opposition papers plaintiff served on defendant.[5] ECF No. 39.

## DISCUSSION

### I. Sanctions and Dismissals Under Rules 37(b) and 41(b)

#### A. Rule 37(b)

Federal Rule of Civil Procedure 37(b)(2)(A) provides in pertinent part that "[i]f a

party…fails to obey an order to provide or permit discovery…the court…may issue further just

orders." In general, Rule 37 provides "broad power" to sanction "parties who engage in abusive

litigation practices." Mahon v. Texaco Inc., 122 Fed. Appx. 537, 538 (2d Cir. 2005) (summary

---

[3] Although plaintiff's opposition references exhibits A through M, the documents filed on ECF are both mislabeled and incomplete. For example, what the Court assumes to be Exhibit A (ECF No. 37) is unlabeled. Plaintiff's opposition implies that Exhibit H (ECF No. 37-5) is a transcript of a Court conference, Pl.'s Oppo. 5, but upon review, the exhibit contains medical records provided by defendant. Exhibits C and F are missing from plaintiff's submission.

[4] Plaintiff's opposition does not contain page numbers. For ease of reference, the Court refers to the ECF pagination.

[5] The Court scheduled plaintiff's motion for sanctions at the same time as defendant's motion to dismiss. See Electronic Order dated Nov. 29, 2021. The motions were due on the same date. Id. The Court's order stated that "any request to extend these deadlines must be made in writing to the other side at least three days before the deadline." Id. The Court subsequently extended the motion schedule when it granted the parties' request for an extension of time to complete discovery. See Electronic Order dated Jan. 13, 2022. Plaintiff failed to timely file her opposition to defendant's motion as well as her motion for sanctions. The Court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and considers plaintiff's opposition to the motion to dismiss in the interest of a complete record. See Goodine v. Suffolk County Water Auth., No. 14-CV-4514(JS)(ARL), 2014 WL 375049, at *1 n.4 (E.D.N.Y. Jan. 29, 2016) (first quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001); and then quoting Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., No. 10-CV-347(ENV)(RLM), 2013 WL 5725987, at *2 (E.D.N.Y. Oct. 21, 2013)). Plaintiff then filed her motion for sanctions on March 15, 2022 without previously serving it on defendant. ECF No. 38. However, prior to plaintiff's filing of her motion for sanctions the Court noted her failure to timely file the motion and stated that "no motion would be accepted at this time." See Electronic Order dated Mar. 10, 2022. Plaintiff provides no excuse, valid or otherwise, for her failure to comply with the Court's motion schedule. The Court finds defendant would be prejudiced by allowing plaintiff's untimely motion for sanctions. See Desir v. Austin, No. 13-CV-912(DLI)(VMS), 2015 WL 4546625, at *3 (E.D.N.Y. July 28, 2015) (refusing to grant an extension of time to file a motion for summary judgment because of the delay and increased costs). Further, plaintiff's purported motion for sanctions does not contain a memorandum of law as required by Local Civil Rule 7.1(a)(2). Instead, plaintiff provides an additional copy of her opposition to the instant motion to dismiss. For these reasons, I recommend that plaintiff's motion for sanctions should not be considered or in the alternative, should be denied.

order) (citing Friends of Animals, Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997)).

The Court may issue an order:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)  striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)  rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Dismissal of an action for failure to comply with the Court's orders

is the harshest of sanctions. See Heeneniya v. St. Joseph's Hosp. Health Ctr., 830 Fed. Appx.

354, 357 (2d. Cir. 2020) (summary order) (citing Baptiste v. Sommers, 768 F.3d 212, 217 (2d

Cir. 2014) (discussing dismissal under Rule 41(b)); Mahon, 122 Fed. Appx. at *538 (citing John

B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988))

(discussing dismissal under Rule 37). When considering whether dismissal is an appropriate

sanction under Rule 37(b), the Court must evaluate the following factors:

> (1) The willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of…noncompliance.

Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (alterations in original)

(quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). "[T]hese factors are

not exclusive, and they need not each be resolved against" the offending party for sanctions to be

warranted. S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)

(citing Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366

(2d Cir. 1991)). When selecting the "appropriate sanction" the district court may consider the full

case record. Id. (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Dismissal may ultimately serve dual purposes; to penalize those who violate the Court's orders and to deter others from engaging in such conduct. Agiwal, 555 F.3d at 303 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The complained of conduct may be attributed to a party, even when their counsel is truly the one to blame. Perez v. Siragusa, No. 05-CV-4873(CPS)(JMA), 2008 WL 2704402, at *4 (E.D.N.Y. July 3, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Int'l Union, No. 00-CV-3613, 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 24, 2004)).

**B**. **Rule 41(b)**

Federal Rule of Civil Procedure Rule 41(b) permits a defendant to move to dismiss an action when a "plaintiff fails to prosecute or to comply with…[the Federal Rules] or a court order." As with Rule 37, a dismissal under Rule 41(b) is a harsh sanction and the Court must evaluate several factors, including:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

See Zappin v. Doyle, 756 Fed. Appx. 110, 112 (2d Cir. 2019) (summary order) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). No single factor is dispositive and the determination rests on an action's individual and unique facts. Lewis, 564 F.3d at 576 (quoting United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

## II. Analysis

Context is important. Prior to considering the merits of defendant's application, the Court notes the sensitive nature of this case. Plaintiff alleges that defendant committed medical malpractice when he failed to successfully terminate plaintiff's pregnancy. Compl. ¶¶ 17-18. The Court has diversity jurisdiction of this matter. Plaintiff, a resident of South Korea,[6] claims that she only learned defendant's efforts were unsuccessful when on December 19, 2017 she "visited a doctor in South Korea who told her that she was nine weeks pregnant and that the fetus was not healthy and would be born with defects." Id. ¶ 18. Plaintiff further alleges that she "underwent surgery to remove the fetus from her womb in South Korea."[7] Id. ¶ 19.

Defendant has properly sought discovery regarding plaintiff's claims. According to defendant's records, plaintiff acknowledged having had several prior abortions during her initial consult with defendant.[8] Gil Decl., Exs. J, R. During the August 11, 2021 status conference, defendant's counsel explained why discovery regarding these prior procedures is relevant. Aug. 11, 2021 Tr. 6:13-19. In pertinent part, she explained: "[T]here's an informed consent issue, which

---

[6] The complaint states that "plaintiff…is at all times relevant hereto, resident of the [sic] South Korea." Compl. ¶ 5. In pertinent part, under 28 U.S.C. § 1332, diversity of citizenship exists "between citizens of a State and citizens or subjects of a foreign state…." 28 U.S.C. § 1332(a)(2). " '[C]itizenship is determined by…domicile,' and residence or place of employment alone are 'insufficient to establish domicile for jurisdictional purposes.'" Lue v. JPMorgan Chase & Co., No. 21-892, 2022 WL 1146219, at *1 (2d. Cir. Apr. 19, 2022) (summary order) (quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 53-54 (2d Cir. 2019)). The Court has an affirmative obligation to ensure that an action properly falls within its subject matter jurisdiction. See Landau v. Eisenberg, 922 F.3d 495, 497 (2d Cir. 2019) (quoting United States v. Bond, 762 F.2d 255, 263 (2d Cir. 2014)). In furtherance of this objective, the Court may look to materials outside of the pleadings. See Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (quoting APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)). Plaintiff provides her deposition transcript where she testifies that she is a citizen of South Korea and has never lived in the United States. Park Dep. Tr. 9:8-16, ECF 37-4. The Court is satisfied that diversity jurisdiction exists.

[7] Abortion was illegal in South Korea until January 1, 2021, some three years after the occurrence of the events in issue in this case. *South Korea: Abortion Decriminalized since January 1, 2021*, LIBR. OF CONGRESS (Mar. 18, 2021), https://www.loc.gov/item/global-legal-monitor/2021-03-18/south-korea-abortion-decriminalized-since-january-1-2021/ (last visited April 25, 2022). Prior to the decriminalization of abortion in South Korea, a woman who voluntarily underwent an abortion procedure could be imprisoned for up to a year or fined $1,770. Id.

[8] Plaintiff's counsel disputes that there were two prior abortions and stated at the August 11, 2021 conference that there was only one prior procedure. Aug. 11, 2021 Tr. 13:2-4. At the same status conference, plaintiff's counsel referred to defendant's request to obtain plaintiff's records as "a violation of plaintiff's privacy." Aug. 11, 2021 Tr. 13:4-5.

is why we wanted the collateral source records in part, because this patient had two prior abortions and her knowledge of the procedure before the abortion with Dr. Kim is obviously relevant to what she knew going into the procedure." Id. Defendant's counsel went on to explain that the types of abortions previously performed and records from those procedures were relevant to plaintiff's claims and would inform defendant's expert's analysis. Aug. 11, 2021 Tr. 6:20-23. The Court ruled in December 2020 that defendant was entitled to records regarding these prior procedures. Aug. 11, 2021 Tr. 7:24-8:6. However, plaintiff maintained that she did not recall the names of the providers or where and when she underwent these prior procedures. Aug. 11, 2021 Tr. 11:21-12:5. Therefore, defendant sought plaintiff's collateral source insurance records. Aug. 11, 2021 Tr. 11:21-12:5.

Despite having plaintiff's signed authorization, defendant was unable to obtain records regarding plaintiff's December 2017 abortion in South Korea. Def.'s Mem. of Law 9. Defendant notes the difficulty in obtaining plaintiff's records in South Korea, but also notes that plaintiff has not provided any assistance to procure these records. Def.'s Mem. of Law 1; Aug. 11, 2021 Tr. 4:9-21. At the August 2021 conference, defendant's counsel detailed the records that are outstanding, describing the missing records as follows:

> An operative report or a procedure report that describes the technique and what was done, whether it was a dilation and curettage, a dilation and evacuation, the steps to prepare the patient, what tools or instruments were used, the outcome of the procedure…I'm really looking for the equivalent of an operative report and any other medical records that were maintained at that time by the anesthesiologist.

Aug. 11, 2021 Tr. 9:6-16. Defendant's counsel acknowledged that she had received some medical records from plaintiff but they did not contain necessary information about the December 2017 abortion in Korea. Aug. 11, 2021 Tr. 9:25-10:4. Plaintiff only provided what defendant's counsel described as:

[A] one-page piece of paper in Korean….an unsigned document that says that [sic] name of the patient and that a dilation and curettage was performed. It's like a one-page sentence piece of paper that could have honestly been written by anyone. It's not an operative report, it's not a medical record.

Aug. 11, 2021 Tr. 10:6-13.

Nevertheless, defendant proceeded with discovery to the best of his ability. For example, despite the deficiencies in plaintiff's discovery responses and the disadvantage at which they placed defendant, defendant's counsel agreed to go forward with plaintiff's deposition in January 2022. Def.'s Mem. of Law 8. The Court also credits defendant's assertion that, despite plaintiff's claims to the contrary, he has complied with his own discovery obligations.[9] Id. at 7. The difficulties presented by plaintiff's records being located in South Korea, including the documented efforts defendant made to obtain her medical and insurance records, make it all the more crucial that plaintiff comply with her other discovery obligations. She has not done so. Defendant should not be forced to defend this medical malpractice case without access to plaintiff's medical records.

**A. Sanctions Under Rule 37(b)**

**1. Willfulness**

Failure to comply with the Court's orders is "willful 'when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control.'" Perez, 2008 WL 2704402, at *4 (quoting Burgie v. Euro Brokers, Inc., No. 05-CV-968(CPS)(KAM), 2006 WL 845400, at *12 (E.D.N.Y. Mar. 30,

---

[9] In opposition to defendant's instant motion, plaintiff claims that defendant has failed to comply with his discovery obligations and lists several items of discovery she claims have yet to be provided. ECF No. 36. Rather than raising this issue for the first time in her opposition to defendant's motion to dismiss, the proper course would have been to raise this in writing during the discovery period and if necessary, plaintiff should have moved to compel. See FED. R. CIV. P. 37(a)(1) (setting forth the procedure for a motion to compel discovery); see also Osrecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993(LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

2006)). Willfulness will be found when a party has notice of the Court's Order and the discovery

requested by an opponent but fails to comply. See Teller v. Helbrans, No. 19-CV-3172(SJB),

2019 WL 5842649, at *7 (E.D.N.Y. Nov. 7, 2019) (citing Coach Inc. v. O'Brien, No. 10-CV-

6071(JPO)(JLC), 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011)).

     In the instant matter, defendant alerted plaintiff to the deficiencies in her discovery

responses by letter dated February 8, 2021. See Newman Decl. dated July 29, 2021, Ex. E, ECF

No. 17-6. Those deficiencies included plaintiff's failure to provide documents and records as

well as incomplete interrogatory responses. Id. Defendant wrote to plaintiff's counsel regarding

his discovery requests at least three additional times, on March 9, 2021, April 29, 2021, and June

21, 2021. Id., Exs. F, G, I., ECF Nos. 17-7, 17-8, & 17-10. Ultimately, on July 29, 2021,

defendant moved to compel plaintiff to comply with his discovery requests. Def.'s Mot. to

Compel, ECF No. 17-16. As referenced above, defendant's motion stated that plaintiff had not

provided the following:

- Response to Defendant's First Demand for the Production of Documents;
- Supplemental Response to Defendant's First Set of Interrogatories as detailed in Defendant's good faith letters;
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed;
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint; and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by Rule 26(a)(1)(A)(iii).[10]

Def.'s Mot. to Compel 7. Rather than provide the outstanding discovery, plaintiff opposed the

motion to compel and stated that she had "served all necessary and material discovery responses

and production of documents relevant to this action…." Pl.'s Resp. to Mot. to Compel 1, ECF

---

[10] Defendant states that plaintiff has failed to produce these requested materials. *Compare* Def.'s Mot. to Compel 7, ECF No. 17-16 with Def.'s Mem. of Law 9, ECF No. 35-3.

No. 18. Plaintiff further stated that because she provided authorizations for her insurance records, they were "defendant's responsibility to obtain…." Id. Plaintiff insisted she had "supplied sufficient discovery." Id. at 1-2.

Plaintiff's counsel doubled down on her position at the August 11, 2021 Court conference, and when the Court inquired about progress producing discovery counsel stated "I don't believe we need to provide more." Aug. 11, 2021 Tr. 3:21-22. Defendant's counsel then explained the deficiencies in portions of plaintiff's production, specifically the need for medical records from physicians in South Korea. Aug. 11, 2021 Tr. 6:6-13, 10:3-12. Defendant's counsel also stated that defendant still required "clarification of the interrogatory responses" and discovery pertaining to plaintiff's claims of ongoing injuries and lost earnings. Aug. 11, 2021 Tr. 14:20-15:5.

The Court ultimately granted defendant's motion to compel stating, "[t]hey're saying that you did not adequately respond to the interrogatories or to the demand for production of documents….I'm granting defendant's motion to compel the discovery." Aug. 11, 2021 Tr. 15:11-17. The Court further stated, "[B]y September 10, 2021, plaintiff must produce the information that the Court has specified, anything to support her claim for lost earnings, anything regarding expert discovery, and her authorization regarding collateral source information" for insurers. Aug. 11, 2021 Tr. 17:17-23. Importantly, the Court warned plaintiff in no uncertain terms, stating: "And I am warning you that your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." Aug. 11, 2021 Tr. 17:23-18:1. Following the conference, this warning was reiterated in a written Order. See Electronic Order dated Aug. 11, 2021. Plaintiff appealed and the Order was affirmed. See Electronic Order dated Aug. 27, 2021.

Despite the Court's explanation of its Order and plaintiff's obligations on the record and in writing, plaintiff still failed to comply with her discovery obligations. Defendant sought permission to file the instant motion to dismiss. Def.'s Sept. 16, 2021 Letter, ECF No. 23. Defendant, in a letter to plaintiff's counsel, outlined plaintiff's failure to comply with her discovery obligations as well as the deficiencies in plaintiff's expert report. Gil Aff., Ex. O, ECF No. 35-2. As defendant's letter explains, plaintiff's expert report – provided after the Court's August 11, 2021 discovery order and after the Court imposed deadline – fails to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Id. Among other requirements, the Rule requires any expert report to contain: any exhibits used to summarize or support the expert's opinion; an expert's qualifications, including a list of all publications in the 10 previous years; a list of prior testimony in the previous four years; and a statement of the compensation to be paid. FED. R. CIV. P. 26(a)(2)(B). Plaintiff's report does not comply with the Rule.

Rather than permit defendant to file a motion to dismiss, plaintiff was granted "one final opportunity" to comply with the Court's discovery Order.[11] See Electronic Order dated Nov. 29, 2021. The Court again ordered plaintiff to provide "records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records…." Id. Plaintiff was further ordered to "respond to defendant's interrogatories and document demands." Id. The Court set a briefing schedule for the instant motion to dismiss in the event plaintiff failed to comply with the discovery Order.[12] Id.

Despite the Court's Orders, including giving plaintiff more time and the additional opportunity to comply, plaintiff has still failed to produce the outstanding discovery. Def.'s

---

[11] Discovery was stayed between October 6, 2021 and November 29, 2021 pending a decision on plaintiff's appeal of the Court's discovery order to the Court of Appeals. See Electronic Orders dated Oct. 6, 2021, Nov. 29, 2021.
[12] On January 13, 2022, the Court granted additional time to complete discovery and the briefing schedule for the motion to dismiss was adjusted accordingly. See Electronic Order dated Jan. 13, 2022.

Mem. of Law 35-3. Defendant's instant motion states that he still has not received the discovery that was the subject of his prior motion to compel. Id. Plaintiff's opposition is further proof of her failure to comply. She states that production of a collateral source authorization, a deficient expert report and the denial of the existence of any lost earning records is sufficient. Pl's Oppo. 4-5. Plaintiff ignores the Court's discovery Orders, which required her to correct her interrogatory and document deficiencies cited by defendant.

Given the record in this case, the Court finds that plaintiff's failure to abide by the Court's Orders is willful. The Court's Orders were clear, having been explained on the record and in writing on the docket. See Electronic Orders dated Aug. 11, 2021, Nov. 29, 2021. Plaintiff's willfulness is demonstrated by what can only be described as her practice of ignoring this Court's directives. See Rodriguez v. Oak Room, No. 12 Civ. 2921(PKC), 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (finding willfulness when counsel ignored "the express terms" of a discovery order). This is not a case where plaintiff failed to provide an isolated item of discovery, rather plaintiff has failed to provide required materials since the start of discovery. Plaintiff's failure to acknowledge her insufficient responses to defendant's interrogatories, her lack of response to defendant's documents demands, and her deficient expert report are further evidence of her willful disregard for the Court's Orders. See Samonte v. Wanat, No. 13-CV-226(MKB)(RLM), 2014 WL 1817605, at *7 (E.D.N.Y. May 6, 2014) (citing John B. Hull, Inc. 845 F.2d at 1176) (finding that a party's failure to respond to the Court's Order or an opponent's requests demonstrates willfulness). Her willful behavior weighs in favor of imposing the severe sanction of dismissal of this action.

**2. Efficacy of Lesser Sanctions**

As discussed above, when evaluating dismissal as a sanction for discovery violations, the Court must consider whether a lesser sanction will effectively curb the offending behavior. See Agiwal, 555 F.3d at 302. The fact that a party continues to disregard a Court Order after being warned that noncompliance may result in dismissal undermines the efficacy of lesser sanctions. See Tian v. Ollies 42nd LLC, No. 15-CV-5499(PKC), 2016 WL 6900684, at *3 (S.D.N.Y. Nov. 22, 2016) (finding that a party's failure to comply with an Order after being warned that such failure would result in dismissal demonstrated the insufficiency of lesser sanctions). This is particularly true when that party was given multiple opportunities to comply with the Court's Order but still fails to do so. Masi v. Steely, 242 F.R.D. 278, 286 (S.D.N.Y. 2007) (dismissing a case when plaintiff failed to comply with five separate orders).

Here, the Court finds that no lesser sanction would be effective. Plaintiff's intransigence is demonstrated by the record. In August 2021, after defendant filed a motion to compel, plaintiff's counsel insisted "I don't believe we need to provide more." Aug. 11, 2021 Tr. 3:21-22. The Court found otherwise. Aug. 11, 2021 Tr. 7:17-19 ("You have not given [defendant] the records that she did talk to the Court about back in December."). Despite claiming in August 2021 that no further discovery was necessary, after the expiration of the Court's deadline, plaintiff first turned over an expert report in September 2021. Gil Decl., Ex. O. Importantly, even after being warned multiple times that failing to comply with the Court's orders could result in dismissal, see electronic orders dated Aug. 11, 2021, Nov. 29, 2021, plaintiff failed to produce the discovery ordered.

The Court would be remiss were it not to observe that throughout this case, plaintiff's counsel's words and actions demonstrate that she has little interest in providing outstanding

discovery. For instance, in her two-page opposition to defendant's motion to compel, plaintiff

claimed that because she had provided authorizations to defendant for her insurance records, it

was now "defendant's responsibility to obtain the records." Pl.'s Oppo. to Mot. to Compel. 1.

Even after defendant's counsel explained the difficulties of trying to obtain plaintiff's insurance

and medical records from South Korea, plaintiff reiterated her argument that because

authorizations were provided "the defendant can get it." Aug. 11, 2021 Tr. 4:9-21, 13:23-14:1. In

this Circuit "if a party has access and the practical ability to possess documents not available to

the party seeking them, production may be required." Shcherbakovskiy v. Da Capo Al Fine, Ltd.,

490 F.3d 130, 138 (2d Cir. 2007) (citing In Re NASDAQ Market-Makers Antitrust Litig., 169

F.R.D. 493, 530 (S.D.N.Y. 1996)).

> The Second Circuit recognizes that Rule 37 sanctions serve three purposes:
>
> First, they ensure that a party will not benefit from its own failure to comply. Second,
> they are specific deterrents and seek to obtain compliance with the particular order
> issued. Third, they are intended to serve a general deterrent effect on the case at hand and
> on other litigation, provided that the party against whom they are imposed was in some
> sense at fault.

Roberts v. Bennaceur, 658 Fed. Appx. 611, 614 (2d Cir. 2016) (summary order) (quoting S. New

England Tel. Co., 624 F.3d at 149). The Court is not required to first impose lesser sanctions

prior to dismissing a case when the facts and circumstances of a matter support dismissal. S.

New England Tel. Co., 624 F.3d at 149 (citing John B. Hull, 845 F.2d at 1176-77)). Given the

record in this case, dismissal is appropriate.

**3. Period of Noncompliance**

The Court must also consider the period of noncompliance. Here, the Court granted

plaintiff's motion to compel and issued the discovery orders at issue on August 11, 2021 –

approximately seven months ago. See Electronic Order dated Aug. 11, 2021. Courts have found

shorter periods of noncompliance justify dismissal. See, e.g., Fitzgibbon v. Target Corp., No. 18-

CV-3268(ARR)(RER), 2019 WL 4395129, at *4 (E.D.N.Y. Aug. 21, 2019) (recommending

dismissal after a six month period of non-compliance) Report and Recommendation adopted by

2019 WL 4393957 (E.D.N.Y. Sept. 13, 2019); Peterson v. Apple Inc., No. 12 Civ.

6467(GBD)(GWG), 2013 WL 3467029, at *7 (S.D.N.Y. July 10, 2013) (recommending

dismissal after a five-month period of noncompliance) Report and Recommendation adopted by

2013 WL 3963456 (S.D.N.Y. Aug. 1, 2013; Martin v. City of New York, No. 09 Civ.

2280(PKC)(JLC), 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010) (dismissing a case after a

two-and-a-half month period of noncompliance). Plaintiff's continued noncompliance prejudices

defendant and has prolonged discovery; the discovery deadline has already been extended

multiple times and still plaintiff has failed to comply. See Fitzgibbon, 2019 WL 4395129, at *4.

This factor weighs in favor of dismissal.

**4. Prior Warning**

The Court's warning to plaintiff about the consequences of her noncompliance with this

Court's discovery Orders has been reiterated several times. First at the August 11, 2021

conference and in the written Order issued that same day. See Electronic Order dated Aug. 11,

2021. On November 29, 2021, the Court again ordered plaintiff to produce discovery and stated

"[p]laintiff shall have one final opportunity to comply with the Court's discovery Order." See

Electronic Order dated Nov. 29, 2021. Plaintiff was warned that this was her "last chance." Id.

The Court also scheduled the instant motion to dismiss which would be considered should

plaintiff fail to produce the outstanding discovery. Id. There could be no mistake that the Court's

warning was serious. These warnings are more than sufficient to justify dismissal under Rule

37(b). See LeChase Constr. Servs. LLC v. Escobar Constr., Inc., No. 21-CV-289, 2022 WL

17

363948, at *1 (2d. Cir. Feb. 8, 2022) (summary order) (citing <u>Guggenheim Cap., LLC v.</u> <u>Birnbaum</u>, 722 F.3d 444, 452-53 (2d Cir. 2013)) (affirming the entry of a default judgment as a Rule 37 sanction where warnings were issued in two text orders and plaintiff filed a motion for default judgment); <u>Manigaulte v. C.W. Post of Long Island. Univ.</u>, 533 Fed. Appx. 4, 6 (2d Cir. 2013) (summary order) (affirming dismissal where plaintiff had been warned twice of the consequences of noncompliance).

      Accordingly, I recommend that defendant's motion to dismiss plaintiff's complaint pursuant to Rule 37(b)(2)(A)(v) should be granted.

**B. Rule 41(b)**

      In the alternative, defendant moves to dismiss under Rule 41(b) which permits dismissal when a plaintiff fails to comply with Court orders.[13] As discussed above, several of the factors considered under Rule 37(b) are also relevant to the Court's analysis under Rule 41(b). <u>See</u> <u>Viruet v. City of New York</u>, No. 16-CV-8327(JGK)(KHP), 2020 WL 4458789, at *5 (S.D.N.Y. May 1, 2020) (quoting <u>Pena v. Chocolate</u>, No. 10 Civ. 4067(BSJ)(KNF), 2012 WL 3957474, at *3 (S.D.N.Y. Sept. 10, 2012)) (recognizing that applications under Rules 37(b) and 41(b) rely on the same analysis) <u>Report and Recommendation</u> <u>adopted by</u> 2020 WL 4431599 (S.D.N.Y. July 31, 2020); <u>see also</u> <u>Jin Fang Luo v. Panarium Kissena Inc.</u>, No. 15-CV-3462(WFK)(ST), 2019 WL 360099, at *4 (E.D.N.Y. Jan. 11, 2019) (quoting <u>Dungan v. Donahue</u>, No 12-CV-5139(ILG)(RLM), 2014 WL 2941240, at *6 (E.D.N.Y. June 30, 2014)) (recognizing the overlap in analysis between Rules 37(b) and 41(b) and finding no need to reiterate prior findings) <u>Report</u> <u>and Recommendation</u> <u>adopted by</u> 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019). These factors

---

[13] Defendant's motion preliminarily states that he seeks dismissal pursuant to Rules 37(b) and 41(b). Def.'s Mem. of Law 1. However, defendant's papers focus exclusively on dismissal under Rule 37(b) with no discussion of Rule 41(b). Nonetheless, the Court considers dismissal under Rule 41(b).

include: the duration of the plaintiff's failure to comply with the court order; whether plaintiff

was on notice that the failure to comply would result in dismissal; and whether the Court has

adequately considered a less drastic sanction. Having discussed these factors above, the Court

confines its analysis to the remaining Rule 41(b) factors: whether the defendant is likely to be

prejudiced by further delay in the proceedings and the balancing of the Court's interest in

managing its docket with the plaintiff's interest in receiving a fair chance to be heard.

**1. Prejudice to the Defendant**

When a plaintiff's actions unreasonably delay an action, the prejudice to defendant "may

be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (citation

omitted). The likelihood of prejudice to a defendant increases as the events giving rise to an

action recede further into the past. See Heeneniya, 830 Fed. Appx. at 358 (affirming dismissal

under Rule 41(b) where the events occurred five years before dismissal). In cases involving

insurance and medical records, the passage of time has special significance and may contribute

to the destruction of records and other important evidence. Wills v. Constant, No. 04-CV-

4454(ARR)(VVP), 2008 WL 314393, at *3 (E.D.N.Y. Feb. 4, 2008). Further, with each episode

of non-compliance, defendant is forced to incur additional legal expenses. See Coleman v.

Trader Joe's Corp., No. 10-CV-5404(SJF)(ETB), 2011 WL 6182323, at *4 (E.D.N.Y. Nov. 18,

2011) Report and Recommendation adopted by 2011 WL 6205490 (E.D.N.Y. Dec. 13, 2011).

Here, the Court finds that further delay in this action will prejudice defendant. This action

has been pending for approximately 21 months and defendant first sought the discovery at issue

over one year ago. Newman Aff., Ex. E, ECF No. 17-6. The events giving rise to this action –

defendant's alleged negligent medical treatment of plaintiff – occurred over four years ago, in

November 2017. Compl. ¶¶ 14-16. The Court credits defendant's claim that "the delay in failing

to produce records can result in permanent harm as the records pertaining to [plaintiff's] relevant prior or subsequent treatment may not be available anymore." Def.'s Mem. of Law 10. The Court also recognizes the expense plaintiff has caused defendant to incur by not complying with her discovery obligations. Accordingly, the Court finds that prejudice to defendant weighs in favor of dismissal.

**2. Balancing the Court's Interest in Managing the Docket with Plaintiff's Interest in Being Heard**

Although the Court affords heavy weight to plaintiff's interest in pursuing her claims, it is mindful that every litigant has an obligation to obey the Court's orders. See Watkins v Marchese, No. 13 Civ. 3267(GBD)(SN), 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015) (quoting George v. City of New York, No. 12 Civ. 6365(PKC)(JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013)). When a plaintiff fails to engage in Court ordered discovery, this failure undermines her interest in being heard. See Viruet, 2020 WL 4458789, at *7. When the Court devotes a considerable amount of time to managing a party's noncompliance and the party has been given multiple opportunities to comply, these circumstances militate against the party's interest in litigating her case. See Rosado v. Toulen, No. 18-CV-3697(MKB)(SJB), 2021 WL 2323212, at *4 (E.D.N.Y. Apr. 26, 2021) Report and Recommendation adopted by 2021 WL 2010238 (E.D.N.Y. May 20, 2021).

As detailed above, plaintiff has failed to comply with the Court's discovery orders and has obstinately refused to fulfill her discovery obligations. The Court extended the discovery deadline multiple times, see electronic orders dated June 2, 2021, Nov. 29, 2021, & Jan. 13, 2022, and yet plaintiff still refused to produce the ordered discovery, see Def.'s Mem. of Law 9. This is unacceptable. Plaintiff's interest in having her case proceed does not outweigh her obligation to obey the Court. This factor weighs in favor of dismissal.

### III. Attorney's Fees

Defendant requests an award of the attorney's fees and costs incurred in making the instant motion. Def.'s Mem. of Law 12. Under Rule 37(b)(2)(C), when a party violates a Court order to provide discovery, "the [C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." This payment of fees is mandatory. See Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 17 (E.D.N.Y. 2013) (citing John B. Hull, Inc., 845 F.2d at 1177).

Although defendant is entitled to recover reasonable attorney's fees, he must first submit contemporaneous records documenting the fees incurred. See Kizer v. Abercrombie & Fitch Co., No. 12-CV-5387(JS)(AKT), 2017 WL 9512408, at *2 (E.D.N.Y. July 24, 2017) (discussing the need to submit a fee application supported by records when fees are sought pursuant to Rule 37(b)(2)(C)) Report and Recommendation adopted by 2017 WL 3411952 (E.D.N.Y. Aug. 9, 2017). I therefore recommend that, should this Report be adopted, defendant should be granted fourteen days to file a reasonable fee application supported by contemporaneous records. I also recommend that defendant brief whether the attorney's fees should be awarded against plaintiff, plaintiff's counsel, or both.

### CONCLUSION

For the reasons stated herein, it is respectfully recommended that defendant's motion to dismiss this action under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) should be granted. Should this Report be adopted, defendant should be granted fourteen days to submit a

reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: April 25, 2022
          Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MINHYE PARK,                                          Case No. 1:20-cv-02636

                                   Plaintiff,

           -against-

DAVID DENNIS KIM, M.D.,

                                   Defendant.
------------------------------------------------------------------X

## OBJECTION TO THE REPORT AND RECOMMENDATION

### PRIMARY STATEMENT

Plaintiff MINHYE PARK, in the above named case, hereby objects to Hon. Magistrate Bloom's Report and Recommend (" R&R") entered in this action on April 25, 2022, granting Defendant's Motion to dismiss the action for noncompliance discovery Order(s). Plaintiff submitted the opposition that the motion should be denied for the reasons as set forth below.

### PROCUDERAL HISTORY

In the interest of avoiding voluminous filings, Plaintiff will focuses on the delayed discovery issues and depositions.

**Delayed Depositions:**

In order to comply with the Court Order dated August 11, 2021, Plaintiff was ready and willing to produce her for testimony on September 20, 2021. However, in response to Defendant counsel, Ms. Newman's objection, Plaintiff's deposition did not go forward. Defense counsel insisted the time of the Plaintiff's deposition take place during Defendant's working hours, 9am

to 5pm, NEW YORK TIME, which was 11pm to 7am, KOREA TIME. Plaintiff tried to adjust the time until midnight KOREA TIME but Defendant kept rejecting said adjustments. . EXHIBIT A

Plaintiff filed a motion for protective Order to resolve the time difference issue on September 18, 2021. EXHIBIT B

However, the court did not resolve the time issue. Finally, Defendant's Counsel, Ms. Gil, agreed to adjust the time of the deposition and successfully completed the deposition of Plaintiff on January 5 & January 6, 2022.  The deposition of Plaintiff was delayed for 4 months and it not due to Plaintiff's fault or unwillingness to produce the witness.

Upon completion of Plaintiff's deposition, plaintiff attempted on various occasions to conduct defendant deposition.  Plaintiff served numerous Notice of Depositions, on September 30, 2021 and January 7, 2022. Finally, the deposition of Defendant was completed on January 26, 2022. EXHIBIT C

The court Ordered on January 13, 2022, due to Defendant' counsel's illness, discovery completion time extended to January 28, 2022. Unexpectedly, the motion to extend time for discovery, defendant added Plaintiff's outstanding discovery responses untruthfully and didn't mentioned Defendant's outstanding discovery responses. It was Defendant's tactic to mislead the court.

**Outstanding discovery responses of Defendant:**

Plaintiff served Good Faith Letters for discovery to defendant on  December 14, 2021, December 20, 2021, and February 2, 2022.   EXHIBIT D Defendant served deficient responses

to Plaintiff's  First request for production, 1st set & 2nd set of interrogatories on Jan 25, 2022. Plaintiff notified defendant's counsel by letter of the discovery deficiencies on January 28, 2022, along with Plaintiff's supplement responses to Defendants demands. EXBIHIT E

Defendant allegedly responded to Plaintiff's discovery demands to produce documents and expert report on February 25, 2022, however, the email was blank or unable to open. EXHIBIT F  Plaintiff requested Defendant to resend it but no to avail since Defendant failed to resend it or even respond to the request.

As shown, on March 14, 2022, Defendant failed to respond to Plaintiff's discovery demands for  over 6 months. EXHIBIT G  Plaintiff filed motion for sanctions against Defendant and his counsel on September 22, 2021 and March 15, 202. EXHBIT H

**Erroneous or omitted Facts Findings**

R&R states that Plaintiff confirmed the two prior abortions. However, nowhere on the records states such a fact.  On the other hand, Plaintiff repeatedly stated that Plaintiff's has only one prior abortion which occurred approximately ten (10) years ago.  Further, Plaintiff's expert opined that the prior abortion is not relevant to act in this claim where the Defendant failed to perform the abortion. Omitted Facts Statements including but not limited to: Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling  as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case intentionally; and False statements by Defendant's Counsel: defendant's expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

However, Defendant has never served the expert's report although Plaintiff demanded the expert's report numerous occasions; Omitted Plaintiff's motion to compel and Plaintiff's discovery responses and demands; Omitted Plaintiff's claim for lack of consent; Omitted Plaintiff's request a settlement conference; Irrelevant Unilateral Arguments by the Defendant that Abortion was illegal in Korea until 2021. It's not an issue in this action and Defendant caused to remove the left of the fetus.

## THE LAW

Determining dismissal of the action must review whole records in the case, " AS ARE JUST". Rule 37(b) provides that a court may impose santions "as are just" on a party for disobedience of a discovery order. *Fed.R.Civ.P*. 37(b)(2). "sanctions must be weighed in light of the full record in the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

It is well settled the following five factors should be considered to determine whether a district court properly excised its discretion to impose discovery sanction for dismissal(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 32 (2021)

However, "[t]he sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the [sanctioned party]." *Id*. ( quoting) *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986) ; A district court abuses its discretion in issuing harsh sanctions where lesser efficacious alternatives are available See *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 33 (2021).  Also *See Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2007) **(**"a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ; Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ... which are in the *possession, custody or control* of the party upon whom the request is served ...." (emphasis added))

Court found that trial court abused its discretion when the party's noncompliance is due to factors beyond the party's control imposing sanctions for dismissal. *Burgie v. Euro Brokers, Inc.,* Not Reported in F.Supp.2d (2006) **(**"…whether plaintiff's non-compliance was willful, or the reasons for plaintiff's non-compliance, non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control.") ( citing *Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402-403 (S.D.N.Y.1996), *aff'd* 111 F.3d 2 (2d Cir.1997)

Dismissal under Rule 41(b) for failure to comply with a court order is governed by five factors:[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair

chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. *Scott v. City of New York*, 591 F.Supp.2d 554, 564 (2008**).**

## **ARGUMENTS**

### **THERE IS AN ABSENSE OF WILLFUL DISREGARD OR BAD FAITH BECASUSE THE PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON AUGUST 11, 2021 & JANUARY 13, 2022.**

Plaintiff Complied with the Orders[1].  Plaintiff had No Willfulness or No Bad Faith. The Court's Minute's Order dated January 13, 2022 includes ""records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.") *Id*

---

[1] **Order 8.11, 2021**

ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on August 11, 2021. Defendant's motion to compel, ECF Nos. [15]-[17], is granted. By September 10, 2021, plaintiff shall provide: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. This is a Court Order and plaintiff must comply. Plaintiff is warned that if she fails to comply with the Court's Order to produce discovery, she may be subject to sanctions, which could include dismissal of this action.
The parties shall complete all discovery, including depositions, by September 30, 2021. Plaintiff shall make herself available for her deposition ahead of the September 30, 2021 deadline. Depositions should be conducted remotely.

1/13/2022 Order:

ORDER: Defendant, with plaintiff's consent, requests an extension of time to complete discovery. ECF No. [34]. The request is granted. The parties shall complete all discovery by January 28, 2022.
Defendant states that plaintiff has still failed to produce discovery in accordance with the Court's prior Order. Id. The Court previously set a motion schedule for defendant's motion to dismiss and plaintiff's motion for sanctions. If plaintiff fails to produce the outstanding discovery by January 28, 2022, the parties shall serve and brief their motions as follows: defendant shall serve his motion to dismiss and plaintiff shall serve her motion for sanctions by February 4, 2022; plaintiff shall serve her opposition to defendant's motion to dismiss and defendant shall serve his opposition to the motion for sanctions by February 25, 2022; the parties may serve a reply regarding their motions by March 4, 2022; The parties fully briefed motions shall be electronically filed on March 4, 2022. No request to extend these deadlines will be considered unless it is made in writing on notice to the other side at least three days before the deadline. Plaintiff's previously filed motion for sanctions, ECF No. [25], which was filed without being fully briefed, shall be marked as withdrawn without prejudice and refiled according to the schedule set forth above. Ordered by Magistrate Judge Lois Bloom on 1/13/2022. (Rein, Gilbert)

**A-304**

### *Authorizations for Collateral Source Insurance Records*

Plaintiff provided authorization for collateral source insurance records from 2020 through the present on August 24, 2021 and it was sent again on January 28, 2022.

### *Expert Report*

Plaintiff provided her expert report on September 12, 2021 and resent it on January 28, 2022 that included the name of the expert, specialties and experiences.

### *Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022*.

Defendant's deposition was completed on January 25, 2022.   Plaintiff indeed complied with this Court's Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court's Minute Order dated August 11, 2021.

### *Plaintiff's Loss of Earning*

As for the loss of earnings, On August 11, 2021, the Hon. Magistrate Judge ordered that the Plaintiff shall provide records regarding her lost earnings. This was done without providing any legal authority. Plaintiff has no records of wages for the prior year. Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker should be compensated as a minimum wage worker under the New York Worker's Compensation Act, and such was cited regarding No Fault Insurance companies. Transcript page 22, lines14-18.

### *Plaintiff does not have custody of the insurance provider's records or reasonable access to the records.*

The only reason the defendant filed a motion to compel was that the Defendant

faced a delay in getting necessary records from South Korea, and so the Defendant tried to force Plaintiff to get the records for defendant. Plaintiff has already served the authorizations to Defendant.  Plaintiff is not obliged to provide documents where Plaintiff has no custody of the medical records or reasonable access to the records.    Rule 34 of the Federal Rules of Civil Procedure requires a party to produce documents and other tangible objects that are within the party's "possession, custody or control." See *Coventry Capital US LLC v. EEA Life Settlements, Inc.,* 329 F.R.D. 508, 515 (2019).  A document or tangible object is within a party's control if the party has the practical ability to obtain the document or object. *In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007); *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2007) **(**"a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ;  Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ... which are in the *possession, custody or control* of the party upon whom the request is served ...." (Emphasis added))

The R&R states that court reiterated its ruling, stating " I am granting { defendant's} motion to compel, which will require [ plaintiff] to turn over records and respond to their interrogatories by September 10th." R&R, page 3, at lines 9-12. The Order did not include above, nor did the above include notice or warning. The Orders did not include in particular surgical record or insurance record either, but authorizations.

 Thus, the sanction for dismissal should not be imposed for the additional oral order above. Also, as the term of "records" is vague or broad, it should not be included the sanctionable order.  If it assumes to turn over medical records, Plaintiff has already provided any and all medical records that she possesses.

With respect to the "respond to interrogatories", Plaintiff already served the responses to the interrogatories.  Rather, during the conference on August 11, 2021 and March 14, 2022, Plaintiff requested to compel defendant's outstanding discovery responses, including admissions, interrogatories, expert report.  Defendant failed to comply with the Order dated January 13, 2022, which was " **The parties shall complete all discovery by January 28, 2022"** Plaintiff served discovery demands to defendant as follows: Plaintiff sent good faith letter for  demand for production of documents and things dated on December 13, 2021, Plaintiff's first set of interrogatories dated on February 9, 2021,  Plaintiff's Second  set of interrogatories dated on December 13, 2021,   Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022.

The missing items of discovery, include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p.

Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c.

Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022 Response to Plaintiff's Second Set of Interrogatories.

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides this Plaintiff's pursuant to demand nos. 9h and 9i.

Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office);

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.

Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702, 703, or 705*. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. However, a stipulation or a specific date set by the court can (and often does) change this deadline in specific cases.

Surprisingly enough, on August 11, 2021, the Hon. Magistrate Judge ordered that the PLAINTIFF ONLY must disclose her experts and their expert reports. No such Order was issued against the Defendant.  Further, the Hon. Magistrate Judge denied the plaintiff's motion to compel defendant's outstanding discovery responses without providing any legal reason or legal authority. This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No, absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

Furthermore, Defendant has delayed the action by inhuman treatments on Plaintiff who forced to depose during overnight. Plaintiff put efforts to resolve the deposition time of Plaintiff

but Defendant maliciously refused and insisted the deposition overnight on Plaintiff in Korean time but Defendant during day time in New York time.

Also, Plaintiff requested the Court to involved in the time adjustment but the court didn't resolve the issue.  Right before the plaintiff's deposition deadline, Defendant's new Counsel, Ms. Gil, agreed to adjust the time to depose Plaintiff

**Plaintiff has already established the claims.**

The court must review the whole records in the case to impose sanctions for dismissal.

Plaintiff's all claims have been proved and the trial court should consider on the merits not the formality.

**Failure to terminate Plaintiff's Pregnancy**

On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating that Plaintiff was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant explained to the Plaintiff that the pregnancy was still present. (Defendant Dr. Kim's note, page 31)

In addition, the two physicians in South Korea examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff's womb. Plaintiff provided all medical records to Defendant. **EXHIBIT I (**MED REC_ROSEMOM BOGY CLINIC); (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

Plaintiff's expert report revealed that Defendant deviated from the standard of care: the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If she had been aware of the increased risk of failure, she would likely have deferred the procedure for 1-2 weeks; the Defendant failed to examine the aspirated tissue prior to the Plaintiff's departure from the facility. If the tissue had been examined, the patient could have been offered as repeat suction curettage at that time or additional testing to rule out

persistent pregnancy.; the defendant failed to inform the plaintiff of the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage.   The history of prior abortion was not a risk for failed termination of pregnancy.

**Lack of informed consent:**

Defendant failed to inform the plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment. As proven expert's report, the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage.

Plaintiff can't speak English or understand spoken English.   On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staff translated said sheet into Korean and explained every single word and everything was written out in Korean.  **( P signed consent form only in Korean & English on 11/16/2016)**

Defendant's counsel misleads this court that Plaintiff signed consent form and that Plaintiff took the risk after surgery. The alleged consent form was written in English only. And, in fact, the consent form does not include any language indicating that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. Plaintiff denied the allegation that her signatures were on consent forms dated November 27, 2017 and Plaintiff testified that the signatures, handwritten dates are not hers but someone else's. **( invalid/ forged consent form in Eng )**

On November 27, 2017, she met Defendant at the Queens Surgical Center. There was no Korean interpreter and Defendant can't speak Korean. Defendant gestured for the Plaintiff to

follow Defendant into a room and Defendant preformed the surgery directly.  Plaintiff did not

sign any papers on November 27, 2017. **( EBT transcript of P)**

Plaintiff must point out that Defendant's counsel Ms. Heyleyman untruthfully stated that

Plaintiff came to New York only to obtain the abortion at issue. Plaintiff was travelling in the

United State before she saw the Defendant.   Plaintiff visited Defendant for the first time on

November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told

Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff

to come later. During her second visit, Defendant confirmed that the plaintiff was indeed

pregnant and performed the surgery on November 27, 2017. The Defendant's counsel falsely

alleged the above only to insult or harass the Plaintiff.

As stated PROCEDURAL HISTORY above, Plaintiff complied with the Order as much

as her ability while Defendant intentionally was delaying his discovery responses and the

depositors, Defendant was not suffered prejudice for the delay, but Plaintiff suffered prejudice

due to defendant's delays.

**<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff complied with the Court Orders and there is an absence

of willful disregard, bad faith, and intentional delays for non-compliance   but Defendant

committed misconducts willfully in bad faith to delay this action, and it is respectfully requested

that  R & R should be denied in its entirety.

Dated : Uniondale, New York

  May 23, 2022

        Respectfully submitted,

         /s/ *Jae S. Lee*
         Jae S. Lee
        Attorney for Plaintiff

5/23/22, 9:43 AM Case 1:20-cv-02636-PKC-LB Document 42-1 Filed 05/24/22 JSL Law Offices P.C. Mail - PARK, MINYE V. DAVID DENNIS KIM, M.D. Page 52 of 90 PageID #: 840



**JAE LEE <jae@lawjsl.com>**

## PARK, MINYE V. DAVID DENNIS KIM, M.D.

**Newman, Hayley B.** <hnewman@hpmb.com>        Fri, Sep 17, 2021 at 2:58 PM
To: JAE LEE <jae@lawjsl.com>, Celine Frank <celine.frank@lexitaslegal.com>
Cc: "McDermott, Linda" <lmcdermott@hpmb.com>, NY Tri-State Video Conference <nyvideoconference@lexitaslegal.com>

Ms. Lee,

We have to conduct the deposition during the Court's business hours in the event that we have an issue that requires a phone call to chambers. The hours you suggest do not align with the Court's hours. She chose to file a lawsuit in the United States and your client was directed by the Court to make herself available for the deposition. I can agree to start at 9:30 a.m., if the reporter and interpreter are available, and we are entitled to take her deposition for 7 hours under the federal rules, as you are well aware.

Thank you,

Hayley Newman

Partner

Heidell, Pittoni, Murphy & Bach

99 Park Avenue

New York, NY 10016

Tel: (212) 286 - 8585

Fax: (212) 490 - 8966

www.hpmb.com



---

**From:** JAE LEE <jae@lawjsl.com>
**Sent:** Friday, September 17, 2021 2:47 PM
**To:** Celine Frank <celine.frank@lexitaslegal.com>

**Cc:** Newman, Hayley B. <hnewman@hpmb.com>; McDermott, Linda <lmcdermott@hpmb.com>; NY Tri-State Video Conference <nyvideoconference@lexitaslegal.com>
**Subject:** Re: PARK, MINYE V. DAVID DENNIS KIM, M.D.

**CAUTION:** This email originated from outside the HPMB network. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

**HPM&B has converted to a paperless office environment. We request that no paper mail, including correspondence, legal documents, transcripts, or discovery materials, be sent to our offices in hard copy form except by prior agreement or unless required by law. All mail should be sent to us in digital format only, using the general email addresses listed below. Your mail be will be sorted and routed internally by our virtual mailrooms. Mail addressed to our New York office should be sent to NY@hpmb.com. Mail addressed to our White Plains office should be sent to WP@hpmb.com. Mail addressed to Garden City office should be emailed to LI@hpmb.com. Mail addressed to our Bridgeport office should be emailed to CT@hpmb.com.**

**We understand that certain items cannot be transmitted digitally. If you have a question or concern, kindly direct your inquiry to any of the above email addresses or by contacting the attorney or legal assistant handling your matter. You may also email Calendar@hpmb.com for general assistance.**

NOTE: This e-mail message (including attachments) is subject to attorney-client privilege and may contain confidential information intended only for the person(s) to whom this email message is addressed. This message may also contain Protected Health Information covered under HIPAA Rules and HITECH Standards. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Our telephone number is 212-286-8585. Thank you.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINHYE PARK,

                             Plaintiff,              Case No. 1:20-cv-02636

                 -against-


DAVID DENNIS KIM, M.D.
                             Defendants
------------------------------------------------------------X

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now comes the Plaintiff MINHYE PARK, by and through his attorneys of record herein and files this Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and would show unto the Court the following:


1.      This lawsuit has not been set for trial yet.  The Defendant has scheduled the deposition of the Plaintiff for September 20, 2021, at 10:00AM.  Rule 30(b)(1) requires that a deposition notice identify the time and place of the deposition. In a remote deposition, **this location is deemed to be the "place where the deponent answers the questions" under Rule 30(b)(4).**


2.      The Plaintiff requests the Court enter a protective order that the deposition of Plaintiff not be taken on September 20, 2021, as scheduled. The reason for the Motion for Protective Order is that the Plaintiff is a resident of South Korea and is ready to attend the deposition on September 20, 2021.

However, due to the time difference of thirteen (13) hours between South Korea and New York, Plaintiff suggested, on September 17, 202, to the Defendant that the Defendant change the starting time to 08:00 AM, New York Time (21:00 PM South Korea Time). Plaintiff also requested that the deposition be finished at midnight South Korean Time. Alternatively, the Plaintiff suggested starting at 20:00 PM New York Time (09:00 AM South Korea Time) if Defendant wants to continue seven (7) hours a day. Defendant, however, insists that the deposition continue for seven (7) hours a day in New York Time and repeatedly rejected all Plaintiff's proposals for a reasonable time for the deposition. The insistence of the Defendant to depose as scheduled is only designed to harass Plaintiff physically and psychologically. This is shown by the fact the Defendant is insisting that the Plaintiff attend the deposition OVERNIGHT in South Korea. This is absurd.

Only two days remain before the scheduled date of Plaintiff's deposition, and yet the parties have not agreed to the starting time for the deposition.

3.      The Defendant should not be allowed to treat Plaintiff inhumanely and tortuously by performing an overnight deposition of Plaintiff. Defendant would suffer no prejudice by a simple, short delay of the Plaintiff's deposition. Therefore, the Plaintiff requests the Court enter a protective order that the deposition of Plaintiff not be taken until such time as the Defendant and Plaintiff have adequately and fairly set up the deposition time that is appropriate to all parties.

4.      Additionally, Plaintiff seeks sanctions against Defendant and his counsel, Ms. Newman, pursuant to Rule 11 and attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3), Fed. R. Civ. P. Rule 54(d), and 28 U.S.C. § 1927 because Defendants filed this motion without any basis

in fact or in law.  Ms. Newman filed above in bad faith and for the purpose of harassing Plaintiff.

Defendant has defamed and humiliated the Plaintiff by sending a false letter to the court that

stated that Plaintiff came to New York to obtain an abortion.  *See* Defendant's letter filed on July

17, 2021.  Plaintiff was travelling in the United State before she saw the Defendant.   Plaintiff

visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she

was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was

pregnant or not, and asked Plaintiff to come later. During her second visit on November 21,

2017, Defendant confirmed that the plaintiff was indeed pregnant. It's impossible for Plaintiff to

discover her pregnancy before Plaintiff came to New York. Ms. Newman also untruthfully stated

in her motion to compel, " Prior to treatment at issue, Plaintiff underwent two abortions in South

Korea." *See* Def motion filed on July 29, 2021, doc #17-16, page 165, para 3.   Obviously

defendant's counsel's above statements are false and sanctions against  Ms. Newman's repeated

bad faiths are warranted.

    **WHEREFORE**, Plaintiff, MINHYE PARK, moves the Court for a Protective Order that

prevents the deposition of Plaintiff from being taken until such time as the Plaintiff and the

Defendant can mutually agree to a reasonable time for said deposition.


Dated: Uniondale, New York
    September 18, 2021


                Respectfully submitted,


                */s/ Jae s. Lee*
                Jae S. Lee, Esq
                JSL LAW OFFICES, P.C.
                *Attorneys for Plaintiff*
                626 RXR PLAZA
                UNIONDALE, NY 11556
                (718) 461-8000

CERTIFICATE OF SERVICE

I, Jae S. Lee, do hereby certify that I have this day caused to be sent by Email and via United States mail, first class postage prepaid, a true and correct copy of the above and foregoing pleading to the following counsel for Defendant:

 Heidell, Pittoni, Murphy & Bach, LLP
Attorneys for Defendant
99 Park Avenue 7th Fl
New York, New York 10016
212-286-8585
hnewman@hpmb.com

_____*/s/ Jae s. Lee*_____
Jae S. Lee

ATTORNEY FOR PLAINTIFF

THIS, the 18th day of  September  2021.

A-318



JAE LEE <jae@lawjsl.com>

---

## Park EBTS for Jan 5th & 6th

2 messages

---

**McDermott, Linda** <lmcdermott@hpmb.com>                                    Tue, Jan 4, 2022 at 11:43 AM
To: "jae@lawjsl.com" <jae@lawjsl.com>
Cc: "Gil, Alejandra R." <agil@hpmb.com>

Good morning Ms. Lee

I an reconfirming deposition of Plaintiff for Jan 5th & 6th @ 7:00 am. I have ordered Diamond / Veritext reporters . The both links went out yesterday. I wanted to make sure you have them

Thank you,

Linda

## *Linda McDermott*

Calendar Department Supervisor

Heidell, Pittoni, Murphy & Bach, LLP

99 Park Avenue

New York, NY 10016

Tel: (212) 471-4649

Fax: (212) 490 – 8966

Email : lmcdermott@hpmb.com

www.hpmb.com



---

**HPM&B has converted to a paperless office environment. We request that no paper mail, including correspondence, legal documents, transcripts, or discovery materials, be sent to our offices in hard copy form except by prior agreement or unless required by law. All mail should be sent to us in digital format only, using the general email addresses listed below. Your mail be will be sorted and routed internally by our virtual mailrooms. Mail addressed to our New York office should be sent to NY@hpmb.com. Mail addressed to our White Plains office should be sent to WP@hpmb.com. Mail addressed to Garden City office should be emailed to LI@hpmb.com. Mail addressed to our Bridgeport office should be emailed to CT@hpmb.com.**

5/23/22, 8:43 AM Case 1:20-cv-02636-PKC-LB Document 42-3, Filed 05/24/23 for Page 2 of 4 PageID #: 848

**We understand that certain items cannot be transmitted digitally. If you have a question or concern, kindly direct your inquiry to any of the above email addresses or by contacting the attorney or legal assistant handling your matter. You may also email Calendar@hpmb.com for general assistance.**

NOTE: This e-mail message (including attachments) is subject to attorney-client privilege and may contain confidential information intended only for the person(s) to whom this email message is addressed. This message may also contain Protected Health Information covered under HIPAA Rules and HITECH Standards. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Our telephone number is 212-286-8585. Thank you.

McDermott, Linda <lmcdermott@hpmb.com>                                      Wed, Jan 5, 2022 at 2:09 PM
To: "jae@lawjsl.com" <jae@lawjsl.com>, "Gil, Alejandra R." <agil@hpmb.com>

Here is the link for  1-6-22 @ 8:00 am

*Linda McDermott*

Calendar Department Supervisor

Heidell, Pittoni, Murphy & Bach, LLP

99 Park Avenue

New York, NY 10016

Tel:  (212) 471-4649

Fax: (212) 490 – 8966

Email : lmcdermott@hpmb.com

www.hpmb.com



[Quoted text hidden]
[Quoted text hidden]

---------- Forwarded message ----------
From: "calendar-ny@veritext.com" <calendar-ny@veritext.com>
To: "McDermott, Linda" <lmcdermott@hpmb.com>
Cc:
Bcc:
Date: Wed, 5 Jan 2022 19:01:53 +0000
Subject: Your Remote Proceeding Starts Soon | Park, Minhye v. Kim, David Dennis MD | 1/6/2022 | 5015997 | Minhye
Park

https://mail.google.com/mail/u/2/?ik=0463f80919&view=pt&search=all&permthid=thread-f%3A1721043122149026744&simpl=msg-f%3A17210431221…   2/4

**CAUTION:** This email originated from outside the HPMB network. Do not click links or open attachments unless you recognize the sender and know the content is safe.



**Your assignment #5015997 is confirmed to take place via Veritext Virtual.**

## PROCEEDING DETAILS:

• **CASE:** Park, Minhye v. Kim, David Dennis MD

• **WITNESS:** Minhye Park

• **DATE & TIME:** Thursday, Jan 6 2022 8:00AM (Eastern Time (US & Canada))

• **ASSIGNMENT #:** 5015997

## MEETING LINK:
**Please forward the following meeting link to all participants that do not already have access to this session.** If you have already provided Veritext with the name and email addresses of other participants, they will receive this link directly in a separate email from Veritext.

**https://proceedings.veritext.com/?token=8add9fda17338981ff6f7342d7d1bcd6**

**Participating via Meeting ID/Password, Video Teleconference or Conference Call:**

If you would like to participate via Meeting ID/Password, Video Teleconference or Conference call, click the link above within an hour of the scheduled start time, identify yourself, and click **Show My Meeting ID/Password and Additional Session Details**. Sharing the meeting link with non-parties or unaffiliated individuals could affect the security of the session.

## TECHNICAL SUPPORT:

- **FOR TECHNICAL SUPPORT BEFORE OR DURING THE PROCEEDING:**

  855-440-4861  |  remote@veritext.com

- **FOR QUESTIONS REGARDING YOUR UPCOMING VERITEXT VIRTUAL SESSION:**

  800-727-6396  |  calendar-ny@veritext.com

- **TEST THE EQUIPMENT:**

We strongly encourage participants to test the actual equipment and Internet connection
that they will be using in advance of the remote proceeding. The self test takes
approximately 3 minutes to complete.

**TEST THE SYSTEM**

Thank you for choosing Veritext for your upcoming proceeding.

## HAVE YOU ORDERED REALTIME?

If you ordered Remote Realtime, you will receive a separate email with instructions on how
to connect to Remote Realtime. Please contact your local Veritext office for additional
instructions.

Thank you for choosing Veritext for your upcoming proceeding.

Version 1 | 4/27/21

View as webpage

---

📄 **Your Remote Proceeding Starts Soon | Park, Minhye v. Kim, David Dennis MD | 1/6/2022 | 5015997 | Minhye Park.eml**
101K

 Gmail

**Jae S. Lee <jslee.esq@gmail.com>**

---

## Park v. Kim
4 messages

---

**Jae S. Lee** <jslee.esq@gmail.com>                                    Tue, Dec 14, 2021 at 2:32 AM
To: hnewman@hpmb.com

--

Jae Lee, Esq.
**JSL Law Offices, P.C.**
16807 Northern Blvd
Flushing, NY 11358
Tel: (718) 461-8000
Fax: (866)-449-8003

*Confidentiality Note: This e-mail and any attachments transmitted with it are intended solely for the use of the addressee and may contain information that is privileged and confidential. If you are not the intended recipient, please notify the sender by return e-mail, and delete or destroy this e-mail and any attachments. Any unauthorized disclosure, use, distribution, or reproduction of this e-mail or any attachments is prohibited and may be unlawful.*

---

**4 attachments**

 **3rd_ Notice of deposition on Def_ 1.7,2022.pdf**
99K

**P demand & inspection.pdf**
245K

 **P First set of interrogatories (Park).pdf**
153K

 **P second set of interrogatories.pdf**
240K

---

**Jae S. Lee** <jslee.esq@gmail.com>                                    Mon, Dec 20, 2021 at 4:36 PM
To: bvandeusen@hpmb.com

[Quoted text hidden]

---

**4 attachments**

 **3rd_ Notice of deposition on Def_ 1.7,2022.pdf**
99K

**P demand & inspection.pdf**
245K

 **P First set of interrogatories (Park).pdf**
153K

**P second set of interrogatories.pdf**
240K

---

**Jae S. Lee** <jslee.esq@gmail.com>                                    Tue, Jan 25, 2022 at 12:37 PM

To: jae@lawjsl.com

[Quoted text hidden]

**4 attachments**

 **3rd_Notice of deposition on Def_ 1.7,2022.pdf**
99K

**P demand & inspection.pdf**
245K

**P First set of interrogatories (Park).pdf**
153K

**P second set of interrogatories.pdf**
240K

**Jae S. Lee** <jslee.esq@gmail.com>                                      Fri, Feb 25, 2022 at 4:10 AM
To: FANIA JEAN <jae@lawjsl.com>

---------- Forwarded message ---------
From: **Jae S. Lee** <jslee.esq@gmail.com>
Date: **Tue, Dec 14, 2021, 2:32 AM**
Subject: Park v. Kim
To: <hnewman@hpmb.com>

[Quoted text hidden]

**4 attachments**

**3rd_Notice of deposition on Def_ 1.7,2022.pdf**
99K

**P demand & inspection.pdf**
245K

**P First set of interrogatories (Park).pdf**
153K

**P second set of interrogatories.pdf**
240K





Gmail HPMB.COM

Compose

Mail

- **Inbox** 1,411
- Starred
- Snoozed
- Sent
- **Drafts** 33
- agent@lawjsl.com
- hr@lawjsl.com
- keetick@lawjsl.com
- mustafa@lawjsl.com
- office@lawjsl.com
- suzzane@lawjsl.com

Chat

Spaces

Meet

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| **MINHYE PARK** | **12/15/1988** | |
| Patient Address: **11 Changwon-daero 397beon-gil, Uichang-gu, Hill State Artium City Apt 104-1605, Changwon-si, gyeongsangnam** | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
**NATIONAL HEALTH INSURANCE, Mandaegongwon-gil, 14-6 KR, Gangwon-do, Wonju-si, South Korea**

8. Name and address of person(s) or category of person to whom this information will be sent:
**Heidill, Pittoni, Murphy & Bach, LLP, 99 Park Avenue, New York, NY10016**

9(a). Specific information to be released:
☑ Medical Record from (insert date) **01/01/2010** to (insert date) **PRESENT**
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other: ______

Include: (*Indicate by Initialing*)
______ **Alcohol/Drug Treatment**
______ **Mental Health Information**
______ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here ______ (Initials) I authorize ______ (Name of individual health care provider) to discuss my health information with my attorney, or a governmental agency, listed here:
______
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: | 11. Date or event on which this authorization will expire: |
|---|---|
| ☐ At request of individual<br>☐ Other: **LITIGATION** | **AT THE CONCLUSION OF LITIGATION** |
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

박민혜 Date: 8 / 21 / 2021
Signature of patient or representative authorized by law

* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

(TV CLUB-AGEN) 전자 항공권 발행 확인서
E-Ticket Passenger Itinerary & Receipt

승객 정보 (Passenger Information)
• 승객 성명 (Passenger Name) : PARK/MINHYE MS

JAE LEE <jae@lawjsl.com>

---

## Minhye Park; Index No.: 1:20-cv-02636; Our File No.: 778-1018
2 messages

---

**Kulka, Rosa** <rkulka@hpmb.com>                                    Wed, Feb 2, 2022 at 11:42 AM
To: "jae@lawjsl.com" <jae@lawjsl.com>
Cc: "Gil, Alejandra R." <agil@hpmb.com>, "Van Deusen, Bianca M." <bvandeusen@hpmb.com>


Dear Counselor:


On behalf of Bianca Van Deusen, please see the attached Response and Expert Report with respect to the above matter.


Thank you.


| Citrix Attachments | Expires March 4, 2022 |
|---|---|
| HPMB_NY1-#2518036-v1-PARK_-_Respons...ter.PDF | 690.1 KB |
| HPMB_NY1-#2518893-v1-Park_-_Expert_Report.PDF | 38.7 MB |
| Download Attachments | |

Rosa Kulka uses Citrix Files to share documents securely.

---

**HPM&B has converted to a paperless office environment. We request that no paper mail, including correspondence, legal documents, transcripts, or discovery materials, be sent to our offices in hard copy form except by prior agreement or unless required by law. All mail should be sent to us in digital format only, using the general email addresses listed below. Your mail will be sorted and routed internally by our virtual mailrooms. Mail addressed to our New York office should be sent to NY@hpmb.com. Mail addressed to our White Plains office should be sent to WP@hpmb.com. Mail addressed to Garden City office should be emailed to LI@hpmb.com. Mail addressed to our Bridgeport office should be emailed to CT@hpmb.com.**

**We understand that certain items cannot be transmitted digitally. If you have a question or concern, kindly direct your inquiry to any of the above email addresses or by contacting the attorney or legal assistant handling your matter. You may also email Calendar@hpmb.com for general assistance.**

---

NOTE: This e-mail message (including attachments) is subject to attorney-client privilege and may contain confidential information intended only for the person(s) to whom this email message is addressed. This message may also contain Protected Health Information covered under HIPAA Rules and HITECH Standards. If you have received this e-mail

message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy. Our telephone number is 212-286-8585. Thank you.

---

 **Attachments.html**
5K

---

**JAE LEE** <jae@lawjsl.com>          Fri, Feb 25, 2022 at 3:28 AM
To: "Kulka, Rosa" <rkulka@hpmb.com>
Cc: "Gil, Alejandra R." <agil@hpmb.com>, "Van Deusen, Bianca M." <bvandeusen@hpmb.com>

Again, you failed to serve discovery responses on time as well as the attempted attachments are blank or unable to download. No instruction was provided to open, either. We consider you failed to respond to Plaintiff's discovery demands.

[Quoted text hidden]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MINHYE PARK,

                              Plaintiff,                    Case No. 1:20-cv-02636

          -against-


DAVID DENNIS KIM, M.D.
                         Defendants
-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO DISMISS</u>**


Dated: Uniondale, New York
          March 14, 2022

                              **JSL LAW OFFICES, P.C.**
                              Jae S. Lee
                              626 RXR Plaza
                              Uniondale, NY 11556
                              Telephone: (718) 461-8000
                              Facsimile: (866) 449-8003
                              Email: jae@lawjsl.com


                              ***Attorneys for Plaintiff***

**PROCEDURAL HISTORY**

This matter alleges medical malpractice. It is undisputed that the Plaintiff was a patient of the Defendant, Dr. David Kim, and that the Plaintiff underwent an abortion procedure performed by the Defendant. Plaintiff subsequently learned that the abortion procedure did not, in fact, terminate the pregnancy. As a result, Plaintiff was required to undergo a second procedure after she had traveled from the United States to Korea. Plaintiff alleges that as a direct and proximate result of the defendant's acts and/or omissions the Plaintiff suffered harm.. Plaintiff filed the instant action against Defendant on or about June 12, 2020, and discovery in this matter, including but not limited to an expert report produced by the Plaintiff, clearly set forth that Defendant violated the standards of care expected of him in his profession. Defendant now seeks dismissal of this action for alleged discovery deficiencies of the Plaintiff. Plaintiff requests that the Court deny this motion for the herein stated reasons.

**LEGAL STANDARD**

**1. STRIKING PLEADINGS**

Pursuant to *Fed*. *R*. *Civ*. *P*. 12(f), Plaintiff seeks to strike the pleadings of the Motion to Dismiss for discovery non-compline. Plaintiff complied with the discovery Order, but the Defendant failed to comply with the Order dated January 13, 2022. Defendant's motion to dismiss is immaterial and must be stricken.

**2. DISCOVERY VIOLATIONS ARE NON-DISPOSITIVE UNLESS IT DISPOSES OF A CLAIM**

Alternatively, *Shanghai Weiyi* specifically states discovery violations are normally non-dispositive, unless said violations clearly dispose of a claim. *See Shanghai Weiyi Int'l Trade Co.*

*v. Focus 2000 Corp.,* 2017 U.S. Dist. LEXIS 102304, at \*27. ("An order precluding the introduction of certain evidence or barring certain contentions "may also be properly characterized as non-dispositive . . . [a]s long as the order does not wholly dispose of a party's claim or defense."(citing *Seena Int'l Inc.,* 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, at \*10).

Further discovery misconduct was non-dispositive. *See id* **\*28** (citing *Magee v. Paul Revere Life Ins,* 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (magistrate judge's order precluding expert witness testimony as a ***sanction*** for plaintiff's ***discovery*** misconduct was non-dispositive)

### 3. Fed. R. Civ. P. 37

The Second Circuit has stated that there are four factors that the court should consider in determining whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-complaining party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of …noncompliance." *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 ( 2d Cir. 2009) " These factors are not exclusive, and they need not each be resolved against the noncompliant party, for dismissal to be appropriate…: ultimately, the court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC,* No. 14-cv-3198, 2018 WL3104456, at \* ( E.D.N.Y. June 18, 2018), and report and recommendation adopted, No.14-cv-319, 2018 WL 3094940 ( E.D.N.Y. June 22, 2018)

Applying the standards above, dismissal is inappropriate in the instant case for the reasons detailed below .

## ARGUMENT

### A. <u>DEFICIENTIES IN DEFENDANT'S DOCUMENT PRODUCTION , NOT IN PLAINTIFF'S</u>

*PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ON JANUARY 13, 2022*

Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022. Defendant's deposition was completed on January 25, 2022.  Plaintiff indeed complied with this Court's Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court's Minute Order dated August 11, 2021. **EXHIBIT A (Orders 1/13/2022 & 8/11/2021**

The Court's Minute's Order dated January 13, 2022, required production of "records regarding [plaintiff's]  lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.") *Id*

Plaintiff provided authorization for collateral source insurance records from 2020 to the present on August 24, 2021 and resent the same on January 28, 2022.  EXHIBIT B (HIPAA Authorization sent 8/12/2021), EXHIBIT C( email letter: 8/24/2021) & EXHIBIT D ( email letter:1/28/2022)

Plaintiff provided her expert report on September 12, 2021, and resent the same on January 28, 2022, that included the name of the expert, the expert's specialties, and the expert's experience. EXHIBIT E (Expert Report) & EXHIBIT F (email letter to Def: 1/28/2022) The Defendant improperly tried to force Plaintiff to get the records of an abortion on Plaintiff in S. Korea 10 years ago for Defendant. Plaintiff has no custody of the medical records. Nor does the Plaintiff have reasonable access to the records. Plaintiff has already served the authorizations to Defendant and thus has fulfilled, fully, her obligations. As for the loss of earnings, on August 11,

2021, the Hon. Magistrate Judge Bloom ordered that the Plaintiff provide records regarding her lost earnings. Plaintiff worked 3-4 days a week prior to the incident occurred on November 27, 2017. EXHIBIT G (Plaintiff EBT Tran. P.15, lines 8-10) Plaintiff was unable to work for two (2) years after the incident on November 27, 20177. *See* Exhibit G ( P.16, lines 2-3). Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker may be compensated as a minimum wage worker under the New York Worker's Compensation Act. EXHIBIT H (court conference transcript 8/11/2021, page 22, lines14-18.) The Court's Minute's Order dated January 13, 2022, clearly stated the condition to file a motion to dismiss, "**If plaintiff fails to produce the outstanding discovery by January 28, 2022**". *See* Exhibit A As set forth above, Plaintiff complied with the court Order dated January 13, 2022, in a timely manner. Plaintiff has not willfully failed to comply with the Order.

**DEFENDANT FAILED TO COMPLY WITH THE JANUARY 13, 2022, ORDER**

Defendant failed to comply with the Order dated January 13, 2022, which Ordered " **The parties complete all discovery by January 28, 2022".** *See* Exhibit A Plaintiff served discovery demands to Defendant as follows: Plaintiff's first set of interrogatories is dated February 9, 2021, Plaintiff's Second set of interrogatories is dated December 13, 2021, and Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022.

The missing items of discovery include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022, Response to Plaintiff's Second Set of Interrogatories. The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides the Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc*., 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office).

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w. Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non-disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

- Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

As such, Defendant's motion to dismiss should be stricken and denied in its entirety.

**B. THE COURT HAS NEVER DISPOSED OF A CLAIM OF THE PLAINTIFF, RATHER PLAINTIFF'S CLAIMS HAVE ALREADY BEEN ESTABLISHED**

***1. The claim that the Defendant's failure to terminate plaintiff's pregnancy was fully established as follows:***

Plaintiff's first claim was Defendant's failure to properly terminate the plaintiff's pregnancy. Compl. ¶¶ 30-33. ECF No.1 On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating he found that Plaintiff was recalled to

review the results of the termination of pregnancy on November 27, 2017. Defendant explained to the Plaintiff that the pregnancy was still present. **EXHIBIT I** ( Defendant Dr. Kim's note, page 31 ; Def EBT Trans. At 52, lines 2-11)

In addition to the evidence provided by the Defendant himself, there were two physicians in South Korea who examined the Plaintiff, using among other things ultrasound, and etermined that the damaged fetus was still alive in Plaintiff's womb. Contrary to the Defendant's argument otherwise, Plaintiff has provided all medical records to Defendant. **EXHIBIT J (**MED REC_ROSEMOM BOGY CLINIC); **EXHIBIT K** (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

2. ***The plaintiff's second cause of action was lack of informed consent.***

The export report revealed that Defendant deviated from the standard of care for his profession and that the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If the Defendant had properly told the Plaintiff of the increased risk of failure, the Plaintiff would likely have deferred the procedure for 1-2 weeks. *See* Exhibit E The Defendant also failed to examine the aspirated tissue prior to the Plaintiff's departure from the facility. Had the tissue been examined, the patient could have been offered a repeat suction curettage at that time or additional testing to rule out any possibility of continued pregnancy. *See* Exhibit E ; *see* also Exhibit G ( p.69, lines 19-22)

Regarding the alleged forged signature of the Plaintiff on the consent form, Plaintiff can't speak English or understand spoken English. *See* Exhibit G (p.11, lines 4-9)

On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staff translated said sheet into Korean and explained every single word and everything was written out in Korean. EXHIBIT L ( P signed consent form only in Korean &

English on 11/16/2016)  Defendant testified the alleged "consent form" was written in English only. EXHIBIT M ( Def EBT trans. p 33, lines 9-11. Plaintiff  testified she can't speak English or understand written English and  on November 27, 2017, no one spoke Korean at the surgical center and Plaintiff communicate with Defendant by hand gesture. *See* Exhibit G (p 7, lines 15-22 )   Plaintiff also testified under oath that she had not signed any papers on November 27, 2019.

Furthermore, assuming for the sake of argument the Plaintiff did sign the consent form written in a language she cannot read,  the consent form does not include any language indicating that the Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. No such risk was listed at all. The Defendant testified that he advised the Plaintiff that the risks of abortions were pain, bleeding, and infection. *See* Exhibit M (p. 18, lines 5-7   He did not ever state to the Plaintiff that there was any risk that he would fail to remove the fetus. *See* Exhibit G (p.43, lines 20-24)

 Therefore, there was no valid informed consent for possible failure to remove the fetus; nor could there ever be consent given to a non-explained risk. All other claims of Plaintiff have been clearly established.

Plaintiff's claims have been concretely established and none of the Plaintiff's claims have been disposed of at any point.  Therefore, Defendant's motion to dismiss based on the discovery non-compliance must be stricken and denied in its entirety.


### C.  NO SANCTIONS WERE IMPOSED ON PLAINTIFF

No sanctions were imposed on Plaintiff and rather  on September_22, 2021, Plaintiff filed a motion for sanctions against the Defendant and defendant's counsel(s) for their discovery

misconduct. Therefore, Defendant's motion to dismiss for discovery non-compliance must be stricken and denied in its entirety.

**CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court strike defendant's motion to dismiss for discovery non-compliance, deny it in its entirety, award attorney's fees and cost in favor of Plaintiff regarding Defendant's motion, impose sanctions on Defendant and his counsels, and issue appropriate orders with regard to discovery.

Dated: Uniondale, New York

March 14, 2022

_/s/ Jae S. Lee_____

Jae S. Lee

# JSL Law Offices, P.C.

626 RXR PLAZA, Uniondale, NY 1156
Tel:  (718) 461-8000
Fax: (866) 449-8003

_____

September 22, 2021

<u>**VIA ECF**</u>
Honorable Pamela Chen
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**Re: 1:20-cv-02636 (Minhye Park v. David Kim, M.D.)**</u>

Dear Judge Chen:

Our office represents Plaintiff MINHYE PARK in the above- referenced action for medical malpractice.  Pursuant to Rule 11, Rule 11(b) of Federal Rules of Civil Procedure, Plaintiff seeks sanctions against Defendant and his counsels and attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3), Fed. R. Civ. P. Rule 54(d), and 28 U.S.C. § 1927 because Defendant filed a pleading, written motion or other papers to the court without any basis in fact or in law. It was filed in bad faith and for the purpose of harassing Plaintiff.

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b); *see*

also *Mahoney v. Yamaha Motor Corp. U.S.A*., 290 F.R.D 363, 368 (E.D.N.Y 2013); 15 U.S.C § 1692k (a) (3), Fed. R. Civ. P. Rule 54(d); and 28 U.S.C. § 1927

Defendant's counsel **Ms. Newman** untruthfully stated that Plaintiff came to New York only to obtain the abortion. *See* Defendant's letter dated July 17, 2021. In early November 2017, Plaintiff was travelling in the United State before she saw the Defendant. Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit on November 21, 2017, Defendant confirmed that the plaintiff was indeed pregnant. It's impossible for Plaintiff to discover her pregnancy in South Korea before Plaintiff came to New York. **Ms. Newman** filed the false letter for the purpose of insulting and harassing Plaintiff.

**Ms. Newman** also untruthfully stated in her motion to compel, "Prior to treatment at issue, Plaintiff underwent two abortions in South Korea." *See* Def motion filed on July 29, 2021, doc #17-16, page 165, para 3. Plaintiff explained numerous occasions about the alleged two (2) prior abortions of Plaintiff is incorrect and even a prior abortion is not relevant to Defendant's failure to terminate Plaintiff's pregnancy. *See* Expert's report from Dr. Garofalo, filed 9/13/2021. Obviously defendant's above statements are false and in bad faith.

Rule 30(b) (1) requires that a deposition notice identify the time and place of the deposition. In a remote deposition, **this location is deemed to be the "place where the deponent answers the questions" under Rule 30(b) (4).** The Defendant should not be allowed **to treat Plaintiff inhumanely and tortuously by performing an overnight deposition of Plaintiff.** On September 18, 2021, as Plaintiff filed a protective order, due to the time difference of thirteen (13) hours between South Korea and New York, Plaintiff suggested to the Defendant that Plaintiff should be ready, willing and able to attend her deposition on September 20, 2021 **between 09:00AM and MIDNIGHT in South Korea Time.** Accordingly, Plaintiff proposed the Defendant change the starting time to 08:00 AM, New York Time

(21:00 PM South Korea Time) and the deposition be finished at midnight South Korean Time. Alternatively, the Plaintiff suggested starting at 20:00 PM New York Time (09:00 AM South Korea Time) if Defendant wants to continue seven (7) hours a day.  Defendant, however, insists that the deposition continue for seven (7) hours a day during the court hours in New York Time and repeatedly rejected all Plaintiff's proposals for a reasonable time for the deposition.  The insistence of the Defendant to depose as scheduled overnight is only designed to harass Plaintiff physically and psychologically. This is shown by the fact the Defendant is insisting that the Plaintiff attend the **deposition OVERNIGHT from 22:00 PM to 5:00 AM in South Korea.**  Plaintiff is a victim of Defendant's malpractice, not a criminal. Ms. Newman's conduct is unreasonable and absurd.

Furthermore, on August 11, 2021, Honorable Magistrate Judge answered to Plaintiff's question if defendant could be deposed first. *See* transcript of 8/11/2021, at 21, 6-10 ("MS. LEE: …. Can we depose the defendant first? THE COURT: There is no firstness in federal court.")  Plaintiff served a notice of deposition of Defendant on the 1st day of September 2021 at 10:00AM EST and will continue consistent with Rule 30 (d) until it is completed. Defendant rejected it only because Plaintiff must be deposed first.

For the foregoing reasons, sanctions against Defendant and his counsel for the repeated bad faiths for the purpose of harassing Plaintiff are warranted and Plaintiff requests this Court to order Defendants to pay attorney's fees incurred in the matters. *See*, *e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, (1980); *Hall v. Cole*, 412 U.S. 1, 5 (1973).

Respectfully submitted,

*/s/ Jae S. Lee*
Jae S. Lee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MINHYE PARK,

                Plaintiff,

           - against -

DAVID DENNIS KIM,

               Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2636 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice action against Defendant Dr. David Dennis Kim.  Defendant has moved to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 37(b)(2)(A)(v) and 41(b) for failure to comply with court orders directing Plaintiff to respond to Defendant's discovery demands.  Before the Court is the Report & Recommendation ("R&R") of the Honorable Lois Bloom, Magistrate Judge, recommending dismissal, and Plaintiff's objections to the R&R.  For the reasons set forth below, Defendant's motion is granted in its entirety and this action is dismissed.

## BACKGROUND

### I.    Factual Background

      The Court assumes the parties' familiarity with this case and recites only the facts relevant to Defendant's motion to dismiss.  Plaintiff, a resident of South Korea, sought obstetric and gynecological care from Defendant, Dr. Kim, at a medical facility in Queens, New York in November 2017.  (Complaint ("Compl."), Dkt. 1, ¶¶ 5–6, 8, 12–14.)  On November 22, 2017, Dr.

1

Kim confirmed that Plaintiff was five weeks pregnant.[1]  (*Id.* ¶¶ 14–15.)  Five days later, on

November 27, 2017, Dr. Kim performed an abortion, a procedure that Plaintiff alleges "was not in

accordance with accepted standards of good and accepted removal fetus surgery."  (*Id.* ¶ 16.)  On

December 19, 2017, after returning to South Korea, Plaintiff visited a physician (hereinafter, the

"South Korean physician"), who allegedly discovered that the abortion had been unsuccessful.  (*Id.*

¶ 18.)  According to Plaintiff, the South Korean physician told her that she was nine weeks

pregnant with an unhealthy fetus which was likely to have birth defects.  (*Id.*)  On December 29,

2017, Plaintiff underwent a second abortion procedure which allegedly terminated her pregnancy.

(*Id.* ¶ 19.)  Plaintiff further alleges that the failed abortion resulted from Dr. Kim's negligence and

deviation from accepted medical practices, and that Dr. Kim's actions injured Plaintiff, causing

scarring and an extended recovery process.  (*Id.* ¶¶ 20, 22.)  Plaintiff also claims that she was

"unable to work for several months" as a result of the incident.  (*Id.*)

## II.   Procedural History

Plaintiff filed her Complaint on June 13, 2020.  (Compl., Dkt. 1.)  After an initial

conference, the Court ordered the parties to complete all discovery by June 15, 2021.  (12/22/2020

Docket Order.)  That deadline was later extended to September 30, 2021.  (06/02/2021 Docket

Order.)  On July 29, 2021, Defendant moved to compel Plaintiff to produce documents and to

respond to interrogatories.  (*See* Defendant's Motion to Compel ("Def. Mot. to Comp."), Dkt. 17.)

Defendant alleged that Plaintiff had failed to provide multiple items of discovery, including

relevant medical records and documents supporting the claim for lost wages or other income, and

had failed to complete interrogatories.  (*See generally* Def.'s Mot. to Comp., Dkt. 17.)  Judge

---

[1] The Complaint states in error that Dr. Kim confirmed Plaintiff's pregnancy on November
22, 2018.

Bloom granted Defendant's motion to compel at a telephone conference held on August 11, 2021, and warned Plaintiff's counsel that "your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." (*See* 08/11/2021 Docket Order; Aug. 11, 2021 Tr. at 17:23–18:1.) Plaintiff asked this Court to vacate that Order, but this Court affirmed Judge Bloom's well-reasoned decision. (08/27/2022 Docket Order.)

On September 9, 2021, Defendant requested a pre-motion conference on a proposed motion to dismiss due to Plaintiff's failure to comply with the Court's discovery order. (*See* Dkt. 23.) Plaintiff, however, appealed the discovery order to the Second Circuit, which dismissed the appeal. (Dkts. 28, 30.) After the appeal was dismissed, Judge Bloom considered Defendant's request for a pre-motion conference. Rather than grant the motion, however, Judge Bloom granted Plaintiff additional time to comply with the Court's August 11, 2021 discovery Order. (*See* 11/29/2021 Docket Order.) The written docket order warned that

> Plaintiff shall have one final opportunity to comply with the Court's discovery Order which was affirmed by Judge Chen. The parties shall complete all discovery by January 14, 2022. As set forth in the Court's Order, [P]laintiff shall produce: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. *See* [August 11, 2021 Docket Order]. Plaintiff shall also respond to [D]efendant's interrogatories and document demands. **This is a Court Order and [P]laintiff must comply.** This is [P]laintiff's last chance.

(*Id.*) Judge Bloom also set a briefing schedule for a motion to dismiss should Plaintiff "fail[] to comply with the Court's instant Order." (*Id.*)

On January 12, 2022, the parties jointly requested an extension of time to complete discovery, and Defendant requested an extension of his deadline to move to dismiss for failure to comply with discovery orders. (Dkt. 34.) Judge Bloom granted both. (01/13/2022 Docket Order.)

Defendant filed the present motion on March 4, 2022. (Dkt. 35.) Plaintiff filed an opposition on March 14, 2022. (Plaintiff's Memorandum of Law in Opposition to Defendant's

Motion to Dismiss ("Pl. Mem."), Dkt. 36.)  Judge Bloom issued her R&R on April 25, 2022.  (Dkt. 41.)  Plaintiff filed objections on May 24, 2022.  (Objection to the Report and Recommendation ("Pl. Obj.") Dkt. 42.)  And Defendant filed a response on June 8, 2022.  (Dkt. 43.)

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge gives a recommendation on a dispositive motion 'the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'"  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, ___ (2d Cir. 2022) (brackets omitted) (quoting Fed. R. Civ. P. 72(b)(3)).  An objection is proper when it is filed within 14 days of service of the report and recommendation and is "specific."  *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).  "Merely referring the court to previously filed papers or arguments" is not a proper objection, but parties may revisit issues already argued when the objection is that the magistrate judge's "specific error was a fundamental one."  *Id.* (alteration omitted) (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Portions of a report and recommendation that are not properly objected to may be adopted as long as the court is satisfied that there is not clear error on the face of the record.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).  Furthermore, "it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *New York City Dist. Council of Carpenters v. Allied Design & Constr.*, *LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).

## DISCUSSION

The Court has reviewed all of Plaintiff's objections to Judge Bloom's thorough and well-reasoned R&R and finds them meritless.  The vast majority of Plaintiff's objections raise issues, arguments, and alleged facts that are not relevant to Defendant's motion or Judge Bloom's R&R.

4

Those arguments in Plaintiff's objections that are not wholly irrelevant were either correctly addressed by Judge Bloom or are meritless. Given the lack of valid objections to the R&R, and the nature and duration of Plaintiff's noncompliance, dismissal is appropriate.

## I. Plaintiff's Objections

### A. Defendant's Alleged Outstanding Discovery

In the procedural history section of Plaintiff's objections to Judge Bloom's R&R, Plaintiff complains that Defendant—not Plaintiff—has failed to comply with discovery obligations. (Pl. Obj., Dkt 42, at ECF 3.[2]) Because this complaint does not appear in the argument section of Plaintiff's objections, it is not clear whether this is an objection or just Plaintiff airing a grievance. Plaintiff raised this same complaint in her opposition to the present motion as an argument against dismissal, so she may have intended it to be an objection. (*See* Pl. Mem., Dkt. 36, at ECF 5–7.) Regardless, Defendant's alleged outstanding discovery is irrelevant to the present motion, which is focused on Plaintiff's noncompliance. *Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

Furthermore, Plaintiff had an opportunity to file a motion for sanctions against Defendant for allegedly failing to comply with discovery orders. (R&R, Dkt. 40, at 5 n.5.) Plaintiff, however, failed to file on time. (*Id.*) Accordingly, Judge Bloom issued an order stating that Plaintiff could not file the proposed motion. (*Id.*) Five days later, Plaintiff filed the motion anyway, but did not attach a memorandum of law in support of the motion, as required by Local Rule 7.1(a)(2), instead

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

5

attaching the same memorandum of law submitted in opposition to Defendant's motion to dismiss. (*Id.*)  Magistrate Judge Bloom found that Defendant was prejudiced by the late submission, and thus recommended that the motion be denied or not be considered at all.  (*Id.*)  Plaintiff made no specific objection to this portion of the R&R, and the Court sees no clear error in this recommendation on the face of the record.  Thus the Court adopts it, and denies the motion.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin*, 734 F. App'x at 758.

**B.      Allegedly Erroneous or Omitted Factual Findings**

Also as part of Plaintiff's procedural history section of her objections, Plaintiff complains that Judge Bloom's R&R contains erroneous facts and omits other relevant facts.  (Pl. Obj., Dkt. 42, at ECF 3–4.)  Again, it is not clear if this is an objection.  Regardless, all of the arguments raised in this section of her objections are irrelevant or meritless.

Plaintiff's primary complaint concerning erroneous facts is that the R&R "states that Plaintiff confirmed the two prior abortions."  (Pl. Obj., Dkt. 42, at ECF 4.)  However, the R&R does not state that Plaintiff confirmed this, and notes that the question of how many prior abortions Plaintiff had was disputed by Plaintiff's counsel.  (R&R, Dkt. 40, at 8 n.8.)  Ironically, Plaintiff's lack of compliance with discovery, namely, her failure to provide Defendant with her medical records, has made it impossible to determine Plaintiff's history of abortions.  (*Id.*)  Regardless, the quantity of Plaintiff's previous abortions is irrelevant to the motion to dismiss, because it relates to a question of fact and not Plaintiff's failure to comply with discovery.

Plaintiff's other alleged erroneous or omitted fact findings are nonsensical.  She claims that omitted facts include

> Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case

intentionally; and False statements by Defendant's Counsel: [D]efendant's expert
recommended the failure of abortion was related to the prior abortion that occurred
over 10 years ago.

(Pl. Obj., Dkt. 42, at ECF 3.)

As already discussed, Defendant's alleged failure to comply with discovery and the exact

facts surrounding Plaintiff's previous abortions are irrelevant to this motion because they do not

focus on Plaintiff's repeated failures to comply with discovery, nor do they focus on errors in

reasoning made by Judge Bloom.  Furthermore, there is nothing in the record to suggest that

Defendant ever "agreed" that "Plaintiff has no need to hire an expert."  The nonsensical language

and lack of citations to the record makes the other claims within this statement impossible to

address.

> **C.     Plaintiff's Compliance with Discovery Requests**

Plaintiff argues that any sanction—let alone the harsh sanction of dismissal of this case—

is inappropriate because she has actually complied with all of the Court's discovery orders.  (Pl.

Obj., Dkt. 42, at ECF 6–11.)  Plaintiff made the same argument in her opposition to the motion

before Judge Bloom.  (Pl. Mem., Dkt. 36, at ECF 4–5.)  Judge Bloom directly addressed Plaintiff's

argument, noting that

Plaintiff's opposition is further proof of her failure to comply.  She states that
production of a collateral source authorization, a deficient expert report and the
denial of the existence of any lost earning records is sufficient.  Plaintiff ignores
the Court's discovery Orders, which required her to correct her interrogatory and
document deficiencies cited by [D]efendant.

(R&R, Dkt. 40, at 14.)  Judge Bloom is correct, and thus this objection is meritless.  To the extent

Plaintiff is raising new arguments about her compliance, those arguments could have been raised

before Judge Bloom, and thus the Court will not consider them.  *New York City Dist. Council of*

*Carpenters*, 335 F. Supp. 3d at 351.

7

**D.     Plaintiff's Claims**

Plaintiff's next objection appears to be that the Court should not adopt Judge Bloom's R&R because Plaintiff has already proven all of her claims.  (Pl. Obj., Dkt. 42, at ECF 11–13; *see also* Pl. Mem., Dkt. 36, at 7–9 (making a similar argument and providing supporting documents).) Again, it is not clear how this is an objection to Judge Bloom's R&R.  This argument—and the pieces of the record cited therein—might have been an appropriate argument to oppose a motion for summary judgment, but it does not address Plaintiff's failure to comply with the Court's discovery orders, which prevented this case from reaching the summary judgment stage. Accordingly, this objection is irrelevant.

**II.     The Remainder of Judge Bloom's R&R**

The Court has addressed all of Plaintiff's remotely specific objections to Judge Bloom's R&R.  The Court has also reviewed the rest of Judge Bloom's R&R for clear error on the face of the record, and finds none.  Judge Bloom identified the proper legal standards, and properly applied them to the facts of this case.  Specifically, this Court agrees that this action should be dismissed under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and that Defendant shall have 14 days from the date of this Order to submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

**CONCLUSION**

For the reasons explained above, Magistrate Judge Bloom's April 25, 2022 Report and Recommendation is adopted in full; Plaintiff's motion for sanctions is denied; Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing

who should be responsible for the fee.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 24, 2022
       Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MINHYE PARK,
                                                                        JUDGMENT
                              Plaintiff,                                20-CV-2636 (PKC)

             v.

DAVID DENNIS KIM,

                              Defendant.
---------------------------------------------------------------X

A Memorandum and Order of the Honorable Pamela K. Chen, United States District

Judge, having been filed on August 24, 2022, adopting the Report and Recommendation of

Magistrate Judge Lois Bloom, dated April 25, 2022, denying Plaintiff's motion for sanctions;

granting Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure

37(b)(2)(A)(v) and 41(b); it is

             ORDERED and ADJUDGED that Plaintiff's motion for sanctions is denied; that

Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure

37(b)(2)(A)(v) and 41(b) is granted; and that, within 14 days of the date of this Memorandum &

Order, Defendant shall submit a reasonable fee application supported by contemporaneous

records as well as a brief addressing who should be responsible for the fee.

 Dated: Brooklyn, New York                              Brenna B. Mahoney
             August 25, 2022                            Clerk of Court


                                          By:    /s/Jalitza Poveda
                                                 Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                               Case No.1:20-cv-02636

                                    Plaintiff,

          -against-


DAVID DENNIS KIM, M.D.,

                                    Defendant.
-------------------------------------------------------------------X

## NOTICE OF APPEAL


    **NOTICE IS HEREBY GIVEN** that plaintiff MINHYE PARK, in the above named case, hereby appeal to the United States Court of Appeals for the Second Circuit from an Order on August 24, 2022 and Judgment entered in this action on August 25, 2022, for each and every Order, including but not limited to, granting Defendant's motion to dismiss, denying Plaintiff's motion for sanctions against Defendant and his counsel(s).

Dated: Uniondale, New York
September 18, 2022


JSLLAW OFFICE P.C.



_____
    JAE S. LEE
    626 RXR PLAZA
    UNIONDALE, NY 11556
    (718) 461-8000