# 22-2057

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

MINHYE PARK,

*Plaintiff-Appellant,*

—against—

DAVID DENNIS KIM,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX FOR PLAINTIFF-APPELLANT

JAE S. LEE
JSL LAW OFFICES P.C.
626 RXR PLAZA
Uniondale, New York 11556
(718) 461-8000

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

PAGE

Table of Authorities ............................................................................... ii

Statement of Jurisdiction................................................................................1

Statement of the Issues Presented ...............................................................1

Statement of the Case ..................................................................................2

Statement of the Case the Rulings Appealed From .....................................3

  A. Magistrate Judge's Report and Recommendation ................................3

  B. The District Court Order ....................................................................5

Summary of the Argument.............................................................................6

  I. Standard of Review ...............................................................................7

  II. Plaintiff Complied with All Discovery Orders ...................................7

    A. authorizations for collateral source insurance records from 2010 through the present ...........................................................................................8

    B. the names of her experts and their expert reports ....................................8

    C. records regarding [plaintiff's] lost earnings.............................................8

    D. The Court Order.......................................................................................9

Conclusions .....................................................................................................10

i

## TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Shcherbakovskiy v. Da Capo Al Fine*, Ltd., 490 F.3d 130, 138 (2007). . . . . . . . . . 7

*Kiobel v. Millsong*, 2006 WL 2850252, at \*\*11–12, 2006 U.S. Dist. LEXIS 71421, at \*34.)).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .…... . . . . . . 7

**Rules and Statutes:**

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

New York Workers Compensation Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Federal Rules of Civil Procedure 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 7

**STATEMENT OF JURISDICTION**

This court had subject matter jurisdiction over the case because all parties were diverse pursuant to 28 U.S.C. §1332 in that all parties are diverse. Plaintiff appeals the district court's Order granting Defendant's motion to dismiss and awarding attorney fees in favor of Defendant. As the district court entered a final judgment that disposed of all claims against Defendant, this appellate court has jurisdiction pursuant 28 U.S.C. § 1291. [A-11]

Plaintiff timely filed its notice of appeal on September 18, 2022. [A-351]

**STATEMENT OF THE ISSUES PRESENTED**

1.  **Did the** district court err in granting Defendant's motion to dismiss and awarding attorney fees in favor of the Defendant, given that Plaintiff complied with all discovery, while Defendant failed to provide his discovery responses?

2.  Did the condition to file a motion to dismiss exist when Defendant failed to comply with the Order dated January 13, 2022, where defendant has never provided Plaintiff's demands for the expert report, responses to interrogatories and admissions, as the order stated, "The parties complete all discovery by January 28, 2022"?

1

3.  Can the minimum wage be applied under New York

Workers Compensation Act, where Plaintiff didn't have tax returns of the

prior year from her injuries or unable to provide record of employment?

4.  Did the district court erroneously adopt the magistrate judge's

Report and Recommendation, where the fact findings were misstated, and

abused its discretion for dispositive and denial of Plaintiff's motions with no

legal authorities and reasoning?

## STATEMENT OF THE CASE

Plaintiff filed the instant action against Defendant on or about June 12,

2020, for medical malpractice. [A-11] It is undisputed that the Plaintiff was a

patient of the Defendant and underwent an abortion procedure performed by

the Defendant.  However, Plaintiff subsequently discovered that procedure did

not, in fact, terminate the pregnancy and had to undergo a second procedure

in South Korea. [A-38]

An expert report produced by the Plaintiff, clearly demonstrated that

Defendant violated the expected standards of care in his profession. [A-91-

94] Additionally, Defendant himself admitted his failure to practice the

standards of care in his doctor's note and during his deposition. [A-273]

Plaintiff complied with all necessary discovery orders, [A-303-310] but defendant failed to serve his expert report and other outstanding responses, including interrogatories and admission. [A-331-334]

## THE RULINGS APPEALED FROM

### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge issued his Report and Recommendation ("R&R") on April 25, 2022, granting Defendant's Motion to dismiss the action for noncompliance discovery Order(s). [A-276-297] The Magistrate Judge granted defendant's motion to compel, and ordered to turn over any records that support her claims for lost earnings, her expert identity and report, and any collateral source of insurance information going back to 2010. [A-65] The Court specifically warned plaintiff's counsel, "that your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply," during a telephone conference on August 11, 2021. [A-278]

During the conference, the Magistrate Judge asked Plaintiff to prove that the doctor failed to remove the fetus as expected." [A-69]. Plaintiff had already proven this based on the Defendant's medical records, which clearly noted on December 13, 2017, that the fetus was still alive, as well as the medical records of the two physicians in South Korea. [A-242,273,308,335]

Defendant's counsel Newman confirmed that all medical records were received. [A-73, 74]

 Furthermore, Plaintiff's expert indicated that Defendant failed to practice the standard of care. [A-91-94]    R&R, however, failed to include Plaintiff's objections to the motion to dismiss and the R&R as follows:

1.  Plaintiff complied with discovery orders by serving all authorizations, Plaintiff's expert report, responses to interrogatories and admissions with all evidence, and informed the Count of the Plaintiff's compliance on August 11, 2021, May 24, 2022 and March 14, 2022. [ A- 264, 269, 298] Defendant's counsel Newman confirmed that she received all authorization

2.  Plaintiff  raised an issue of the Defendant's failure to comply with discovery by requesting an oral motion to compel the Defendant's outstanding discovery, including expert report, interrogatories and admissions. However, the Magistrate Judge denied it during the discovery  conference on August 11, 2022, which should have ordered the Defendant to comply. [ A-73-74]  The discovery dispute was that Defendant demanded Plaintiff to provide "medical records" of Plaintiff's  whole life, which was  overbroad and Plaintiff was not obliged to provide information hat was not in her custody or control. The Magistrate Judge ordered the Plaintiff to provide authorization for the

4

collateral source from 2010 to the present, and Defendant admitted that Plaintiff provided all authorizations . [A-77-78]

3.  Defendant caused a delayed deposition for 4 months because Defendant's counsel insisted on conducting a deposition of Plaintiff overnight in Korea Time. [A-96] However, Defendant's counsel changed and the Plaintiff's deposition time was adjusted and completed all depositions of the parties. It's not Plaintiff's willful delay but Defendant's.

4.  The Magistrate Judge advised that the minimum wage under the New York Worker's Compensation Law should not be applied for the Plaintiff's lost earrings, where injured Plaintiff wasn't able to provide tax returns or employment record of the prior year. [A-270, 304]

The Magistrate Judge's R&R granting the Defendant's motion to dismiss was in error since the Judge did not consider the fact that the Plaintiff had complied with all discovery orders and, in fact, Defendant had not complied with the discovery orders.

### B.  The District Court Order

It appears that the District court made several errors in its Order entered on August 24, 2022. [A- 341] specifically, it appears that the District Court misstated the facts regarding Plaintiff's objections to Defendants' compliance with discovery obligations, and wrongly stated that

Plaintiff had not raised arguments about Defendant 's non-compliance

before Judge Bloom.  A-341,343, 345]. Additionally, it seems that the

district court made errors in its characterization of Plaintiff's compliance

with discovery orders and Defendant's outstanding discovery responses in

the objection to R&R on May 24, 2022, [A-298] opposition to motion to

dismiss dated March 14, 2022, p.4 Argument A, [A-269] and a phone

conference on August 11, 2022. [A- 277-278] ( RR objection p.2-3), Aug.11,

2022 Tr. 3:9-11, 6:19-24, 10:14-17, 13:23-25.

Further, the District Court made a general statement about the Plaintiff's

repeated failures to comply, without specific instances or dates of such

failures. This statement may be considered groundless if it cannot supported

by evidence or if it is not based on specific instances of noncompliance. [A-

346]

The District Court may have made unfounded statement about that

Defendant ever "agreed" that "Plaintiff has no need to hire an expert." *Id*

However, according to the Joint discovery Plan #6 under Rule 26 on

November 11, 2020, the Plaintiff stated that she may not need to hire an expert

because the Defendant's negligence was obvious. [A-20]

For the fore goings, the District Court dismissed Plaintiff's complaint based

on no factual bases and must be reversed and remanded .

6

## SUMMARY OF THE ARGUMENT

Based on the evidence presented in Plaintiff's objection to the R&R, Plaintiff did raise the issue of Defendant's failure to comply with discovery orders and provided evidence to support this claim. The District Court misstatement of the facts and failure to consider this evidence resulted in a dismissal of Plaintiff's complaint without proper factual basis. Therefore, it is argued that the District Court's decision should be reversed and remanded for proper consideration of the evidence.

## ARGUMENTS

## I.   STANDARD OF REVIEW

The court should not impose the sanction of dismissal under Rule 37 unless the failure to comply with a pretrial production order is due to " willfulness, bad faith, or any fault" of the sanctioned party. *Shcherbakovskiy v. Da Capo Al Fine*, Ltd., 490 F.3d 130, 138 (2007). Pretrial matters involving discovery are generally considered non-dispositive. *Kiobel v. Millsong*, 2006 WL 2850252, at **11–12, 2006 U.S. Dist. LEXIS 71421, at *34.) As discussed previously, Plaintiff had not violated any discovery order , and there was no willful, bad faith, or fault on Plaintiff's part.

In contrast, the Defendant was deficient in providing the requested

documents. This behavior indicates a lack of compliance on the part of the Defendant and his disregard for the discovery process. Furthermore, the Magistrate Judge's warning to dismiss the case seems to be an abuse of discretion. The plaintiff had complied with the discovery order, and there were no other justifiable reasons to dismiss the case.

## II.    PLAINTIFF COMPLIED WITH ALL DISCOVERY ORDERS

Plaintiff complied with the specific discovery order as follows:

A. **"authorizations for collateral source insurance records from 2010 through the present"**:    On August 24, 2021, Plaintiff provided authorization for collateral source insurance records from 2020 to the present and resent the same on January 28, 2022. This can be confirmed by referring to the opposition to motion to dismiss EXHIBIT B (HIPAA Authorization sent 8/12/2021), EXHIBIT C (email letter: 8/24/2021) & EXHIBIT D (email letter:1/28/2022). [A- 68, 77-78, 347]

B. **"the names of her experts and their expert reports"** Plaintiff provided her expert report on September 12, 2021, and resent the same on January 28, 2022, which included the name of the expert, the expert's specialties, and the expert's experience. This can be confirmed by referring to

the opposition to motion to dismiss EXHIBIT E (Expert Report) & EXHIBIT F (email letter to Def: 1/28/2022). [A-91-96]

C. **"records regarding plaintiff's lost earnings"** As for the loss

of earnings, Plaintiff testified that she worked 3-4 days a week prior to the incident occurred on November 27, 2017. [A- 107] EXHIBIT G (P. EBT Tr. P.15, lines 8-10) Plaintiff was unable to work for two (2) years after the incident on November 27, 2017. *See* Exhibit G (P.16, lines 2-3).

In a letter motion dated August 10, 2021, Plaintiff stated that, under Section 14 of the New York Workers' compensation Law, when an injured worker does not have wage records for the prior year, they may be compensated as a minimum wage worker. EXHIBIT H (court conference transcript 8/11/2021, page 22, lines14-18.) *Matter of Bourguignon v. Coordinated Behavioral Health Servs., Inc.*, 114 A.D.3d 947 (3d Dep't 2014) Thus, Plaintiff's lost earnings should be calculated at a rate of minimum wage under the New York Workers Compensation law.

D. The Court Order dated January 13, 2022, required the

completion of all discovery by January 28, 2022, as a condition to file a motion to dismiss. Plaintiff had previously served two sets of interrogatories, dated February 9, 2021, and December 13, 2021, respectfully. Plaintiff also

addressed defendant's discovery deficiencies in a good faith letter to Defendant on January 28, 2022. [1]

Based on the facts presented, Plaintiff has fulfilled her obligation and complied with the court Order dated August 11, 2021 and January 13, 2022. Despite the defendant's failure to comply with the court's Order, the plaintiff has met her obligations and complied with the discovery orders. Plaintiff filed motion for sanctions against Defendant and his counsel dated on September 22, 2021 and March 15, 2022. Court denied Plaintiff's both motions for sanctions denied without legal authorities and reasoning, which the district

---

[1] The missing items of discovery from defendant include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)
- Information on other malpractice claims besides the Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office).
- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.
- Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

court clearly abused its discretion where the sanctions were warranted under

Rule 11.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the

Order entered on August 24, 2022 should be revered, vacated and remanded.

Dated: Uniondale, New York
March 6, 2023

Respectfully submitted,

JSL LAW OFFICES, P.C.
By: ___*/s/ Jae S. Lee*___
Jse S. Lee
*Attorneys for Plaintiff*
626 RXR Plaza
Uniondale, New York 11556
Tel: 718-461-8000
Fax: 866-449-8003

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 2,268 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dates: Uniondale, New York
        March 6, 2023

Respectfully submitted,

JSL LAW OFFICES, P.C.
By:_____ */s/ Jae S. Lee*_____
         Jae S. Lee

# **SPECIAL APPENDIX**

# TABLE OF CONTENTS

PAGE

Objection to the Report and Recommendation, dated May 24, 2022……..…..SPA-1

Memorandum Order, dated August 24, 2022 .................................................SPA-14

Judgment, dated August 25, 2022 .................................................................SPA-23

# SPA -1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MINHYE PARK,                                                            Case No. 1:20-cv-02636

                                    Plaintiff,

            -against-


DAVID DENNIS KIM, M.D.,

                                    Defendant.
------------------------------------------------------------------X


## **OBJECTION TO THE REPORT AND RECOMMENDATION**


### **PRIMARY STATEMENT**

Plaintiff MINHYE PARK, in the above named case, hereby objects to Hon. Magistrate

Bloom"s Report and Recommend (" R&R") entered in this action on April 25, 2022, granting

Defendant"s Motion to dismiss the action for noncompliance discovery Order(s). Plaintiff

submitted the opposition that the motion should be denied for the reasons as set forth below.


### **PROCUDERAL HISTORY**

In the interest of avoiding voluminous filings, Plaintiff will focuses on the delayed

discovery issues and depositions.


**Delayed Depositions:**

In order to comply with the Court Order dated August 11, 2021, Plaintiff was ready and

willing to produce her for testimony on September 20, 2021. However, in response to Defendant

counsel, Ms. Newman"s objection, Plaintiff"s deposition did not go forward. Defense counsel

insisted the time of the Plaintiff"s deposition take place during Defendant"s working hours, 9am

**SPA -2**

to 5pm, NEW YORK TIME, which was 11pm to 7am, KOREA TIME. Plaintiff tried to adjust the time until midnight KOREA TIME but Defendant kept rejecting said adjustments. . EXHIBIT A

Plaintiff filed a motion for protective Order to resolve the time difference issue on September 18, 2021. EXHIBIT B

However, the court did not resolve the time issue. Finally, Defendant"s Counsel, Ms. Gil, agreed to adjust the time of the deposition and successfully completed the deposition of Plaintiff on January 5 & January 6, 2022. The deposition of Plaintiff was delayed for 4 months and it not due to Plaintiff"s fault or unwillingness to produce the witness.

Upon completion of Plaintiff"s deposition, plaintiff attempted on various occasions to conduct defendant deposition. Plaintiff served numerous Notice of Depositions, on September 30, 2021 and January 7, 2022. Finally, the deposition of Defendant was completed on January 26, 2022. EXHIBIT C

The court Ordered on January 13, 2022, due to Defendant" counsel"s illness, discovery completion time extended to January 28, 2022. Unexpectedly, the motion to extend time for discovery, defendant added Plaintiff"s outstanding discovery responses untruthfully and didn"t mentioned Defendant"s outstanding discovery responses. It was Defendant"s tactic to mislead the court.

**Outstanding discovery responses of Defendant:**

Plaintiff served Good Faith Letters for discovery to defendant on December 14, 2021, December 20, 2021, and February 2, 2022. EXHIBIT D Defendant served deficient responses

to Plaintiff''s  First request for production, 1st set & 2nd set of interrogatories on Jan 25, 2022. Plaintiff notified defendant''s counsel by letter of the discovery deficiencies on January 28, 2022, along with Plaintiff''s supplement responses to Defendants demands. EXBIHIT E

Defendant allegedly responded to Plaintiff''s discovery demands to produce documents and expert report on February 25, 2022, however, the email was blank or unable to open. EXHIBIT F  Plaintiff requested Defendant to resend it but no to avail since Defendant failed to resend it or even respond to the request.

As shown, on March 14, 2022, Defendant failed to respond to Plaintiff''s discovery demands for  over 6 months. EXHIBIT G  Plaintiff filed motion for sanctions against Defendant and his counsel on September 22, 2021 and March 15, 202. EXHBIT H

**Erroneous or omitted Facts Findings**

R&R states that Plaintiff confirmed the two prior abortions. However, nowhere on the records states such a fact.  On the other hand, Plaintiff repeatedly stated that Plaintiff''s has only one prior abortion which occurred approximately ten (10) years ago.  Further, Plaintiff''s expert opined that the prior abortion is not relevant to act in this claim where the Defendant failed to perform the abortion. Omitted Facts Statements including but not limited to: Defendant''s failure to respond to Plaintiff''s discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling  as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff''s pregnancy; EBT time for Plaintiff in bad faith and to delay the case intentionally; and False statements by Defendant''s Counsel: defendant''s expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

**SPA -4**

However, Defendant has never served the expert''s report although Plaintiff demanded the expert''s report numerous occasions; Omitted Plaintiff''s motion to compel and Plaintiff''s discovery responses and demands; Omitted Plaintiff''s claim for lack of consent; Omitted Plaintiff''s request a settlement conference; Irrelevant Unilateral Arguments by the Defendant that Abortion was illegal in Korea until 2021. It''s not an issue in this action and Defendant caused to remove the left of the fetus.

## THE LAW

Determining dismissal of the action must review whole records in the case, " AS ARE JUST". Rule 37(b) provides that a court may impose santions "as are just" on a party for disobedience of a discovery order. *Fed.R.Civ.P*. 37(b)(2). "sanctions must be weighed in light of the full record in the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

It is well settled the following five factors should be considered to determine whether a district court properly excised its discretion to impose discovery sanction for dismissal(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 32 (2021)

However, "[t]he sanction of dismissal should not be imposed under Rule 37 unless the
failure to comply with a pretrial production order is due to „willfulness, bad faith, or any fault‟ of
the [sanctioned party]." *Id.* ( quoting) *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.
1986) ; A district court abuses its discretion in issuing harsh sanctions where lesser efficacious
alternatives are available See *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 33 (2021). Also *See
Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2007) **("**a party is not obliged to
produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ;
Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ...
which are in the *possession, custody or control* of the party upon whom the request is served ...."
(emphasis added))

Court found that trial court abused its discretion when the party‟s noncompliance is due to
factors beyond the party‟s control imposing sanctions for dismissal. *Burgie v. Euro Brokers, Inc.,*
Not Reported in F.Supp.2d (2006) **("**…whether plaintiff‟s non-compliance was willful, or the
reasons for plaintiff‟s non-compliance, non-compliance may be deemed willful "when the
court‟s orders have been clear, when the party has understood them and when the party‟s
noncompliance is not due to factors beyond the party‟s control.") ( citing *Baba v. Japan Travel
Bureau Int'l, Inc.,* 165 F.R.D. 398, 402-403 (S.D.N.Y.1996), *aff'd* 111 F.3d 2 (2d Cir.1997)

Dismissal under Rule 41(b) for failure to comply with a court order is governed by five
factors:[1] the duration of the plaintiff‟s failures, [2] whether plaintiff had received notice that
further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by
further delay, [4] whether the district judge has taken care to strike the balance between
alleviating court calendar congestion and protecting a party‟s right to due process and a fair

# SPA -6

chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. *Scott v. City of New York*, 591 F.Supp.2d 554, 564 (2008**).**

## ARGUMENTS

### THERE IS AN ABSENSE OF WILLFUL DISREGARD OR BAD FAITH BECASUSE THE PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON AUGUST 11, 2021 & JANUARY 13, 2022.

Plaintiff Complied with the Orders[1]. Plaintiff had No Willfulness or No Bad Faith. The Court″s Minute″s Order dated January 13, 2022 includes ""″records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.″) *Id*

---

[1] **Order 8.11, 2021**

ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on August 11, 2021. Defendant's motion to compel, ECF Nos. [15]-[17], is granted. By September 10, 2021, plaintiff shall provide: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. This is a Court Order and plaintiff must comply. Plaintiff is warned that if she fails to comply with the Court's Order to produce discovery, she may be subject to sanctions, which could include dismissal of this action.
The parties shall complete all discovery, including depositions, by September 30, 2021. Plaintiff shall make herself available for her deposition ahead of the September 30, 2021 deadline. Depositions should be conducted remotely.

1/13/2022 Order:

ORDER: Defendant, with plaintiff's consent, requests an extension of time to complete discovery. ECF No. [34]. The request is granted. The parties shall complete all discovery by January 28, 2022.
Defendant states that plaintiff has still failed to produce discovery in accordance with the Court's prior Order. Id. The Court previously set a motion schedule for defendant's motion to dismiss and plaintiff's motion for sanctions. If plaintiff fails to produce the outstanding discovery by January 28, 2022, the parties shall serve and brief their motions as follows: defendant shall serve his motion to dismiss and plaintiff shall serve her motion for sanctions by February 4, 2022; plaintiff shall serve her opposition to defendant's motion to dismiss and defendant shall serve his opposition to the motion for sanctions by February 25, 2022; the parties may serve a reply regarding their motions by March 4, 2022; The parties fully briefed motions shall be electronically filed on March 4, 2022. No request to extend these deadlines will be considered unless it is made in writing on notice to the other side at least three days before the deadline. Plaintiff's previously filed motion for sanctions, ECF No. [25], which was filed without being fully briefed, shall be marked as withdrawn without prejudice and refiled according to the schedule set forth above. Ordered by Magistrate Judge Lois Bloom on 1/13/2022. (Rein, Gilbert)

*__Authorizations for Collateral Source Insurance Records__*

Plaintiff provided authorization for collateral source insurance records from 2020 through the present on August 24, 2021 and it was sent again on January 28, 2022.

*__Expert Report__*

Plaintiff provided her expert report on September 12, 2021 and resent it on January 28, 2022 that included the name of the expert, specialties and experiences.

*__Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022__*.

Defendant"s deposition was completed on January 25, 2022. Plaintiff indeed complied with this Court"s Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court"s Minute Order dated August 11, 2021.

*__Plaintiff's Loss of Earning__*

As for the loss of earnings, On August 11, 2021, the Hon. Magistrate Judge ordered that the Plaintiff shall provide records regarding her lost earnings. This was done without providing any legal authority. Plaintiff has no records of wages for the prior year. Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker should be compensated as a minimum wage worker under the New York Worker"s Compensation Act, and such was cited regarding No Fault Insurance companies. Transcript page 22, lines14-18.

*__Plaintiff does not have custody of the insurance provider's records or reasonable access to the records.__*

The only reason the defendant filed a motion to compel was that the Defendant

# SPA -8

faced a delay in getting necessary records from South Korea, and so the Defendant tried to force Plaintiff to get the records for defendant. Plaintiff has already served the authorizations to Defendant. Plaintiff is not obliged to provide documents where Plaintiff has no custody of the medical records or reasonable access to the records. Rule 34 of the Federal Rules of Civil Procedure requires a party to produce documents and other tangible objects that are within the party"s "possession, custody or control." See *Coventry Capital US LLC v. EEA Life Settlements, Inc.,* 329 F.R.D. 508, 515 (2019). A document or tangible object is within a party"s control if the party has the practical ability to obtain the document or object. *In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007); *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2007) **(**"a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ; Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ... which are in the *possession, custody or control* of the party upon whom the request is served ...." (Emphasis added))

The R&R states that court reiterated its ruling, stating " I am granting { defendant"s} motion to compel, which will require [ plaintiff] to turn over records and respond to their interrogatories by September 10th." R&R, page 3, at lines 9-12. The Order did not include above, nor did the above include notice or warning. The Orders did not include in particular surgical record or insurance record either, but authorizations.

 Thus, the sanction for dismissal should not be imposed for the additional oral order above. Also, as the term of "records" is vague or broad, it should not be included the sanctionable order. If it assumes to turn over medical records, Plaintiff has already provided any and all medical records that she possesses.

With respect to the "respond to interrogatories", Plaintiff already served the responses to the interrogatories.  Rather, during the conference on August 11, 2021 and March 14, 2022, Plaintiff requested to compel defendant"s outstanding discovery responses, including admissions, interrogatories, expert report.  Defendant failed to comply with the Order dated January 13, 2022, which was " **The parties shall complete all discovery by January 28, 2022"** Plaintiff served discovery demands to defendant as follows: Plaintiff sent good faith letter for  demand for production of documents and things dated on December 13, 2021, Plaintiff"s first set of interrogatories dated on February 9, 2021,  Plaintiff"s Second  set of interrogatories dated on December 13, 2021,   Defendant"s discovery deficiencies were addressed in a good faith letter to Defendant"s counsel dated January 28, 2022.

The missing items of discovery, include the following:


- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff"s demand nos. 1, 9j, 9k, and 9p.

Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff"s claims or Defendant"s defenses pursuant to demand no. 9c.

Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant"s January 25, 2022 Response to Plaintiff"s Second Set of Interrogatories.

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

# SPA -10

- Information on other malpractice claims besides this Plaintiff"s pursuant to demand nos. 9h and 9i.

Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information.  See, e.g., *Ferdman v. CBS Interactive Inc*. , 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office);

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim"s privileges were revoked, pursuant to demand 9w.

Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702, 703, or 705*. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. However, a stipulation or a specific date set by the court can (and often does) change this deadline in specific cases.

Surprisingly enough, on August 11, 2021, the Hon. Magistrate Judge ordered that the PLAINTIFF ONLY must disclose her experts and their expert reports. No such Order was issued against the Defendant.   Further, the Hon. Magistrate Judge denied the plaintiff"s motion to compel defendant"s outstanding discovery responses without providing any legal reason or legal authority. This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No, absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

Furthermore, Defendant has delayed the action by inhuman treatments on Plaintiff who forced to depose during overnight. Plaintiff put efforts to resolve the deposition time of Plaintiff

but Defendant maliciously refused and insisted the deposition overnight on Plaintiff in Korean time but Defendant during day time in New York time.

Also, Plaintiff requested the Court to involved in the time adjustment but the court didn"t resolve the issue. Right before the plaintiff"s deposition deadline, Defendant"s new Counsel, Ms. Gil, agreed to adjust the time to depose Plaintiff

**Plaintiff has already established the claims.**

The court must review the whole records in the case to impose sanctions for dismissal.

Plaintiff"s all claims have been proved and the trial court should consider on the merits not the formality.

**Failure to terminate Plaintiff"s Pregnancy**

On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff"s pregnancy by stating that Plaintiff was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant explained to the Plaintiff that the pregnancy was still present. (Defendant Dr. Kim"s note, page 31)

In addition, the two physicians in South Korea examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff"s womb. Plaintiff provided all medical records to Defendant. **EXHIBIT I (**MED REC_ROSEMOM BOGY CLINIC); (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

Plaintiff"s expert report revealed that Defendant deviated from the standard of care: the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If she had been aware of the increased risk of failure, she would likely have deferred the procedure for 1-2 weeks; the Defendant failed to examine the aspirated tissue prior to the Plaintiff"s departure from the facility. If the tissue had been examined, the patient could have been offered as repeat suction curettage at that time or additional testing to rule out

persistent pregnancy.; the defendant failed to inform the plaintiff of the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage. The history of prior abortion was not a risk for failed termination of pregnancy.

**Lack of informed consent:**

Defendant failed to inform the plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment. As proven expert″s report, the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage.

Plaintiff can″t speak English or understand spoken English. On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant″s staff translated said sheet into Korean and explained every single word and everything was written out in Korean. **( P signed consent form only in Korean & English on 11/16/2016)**

Defendant″s counsel misleads this court that Plaintiff signed consent form and that Plaintiff took the risk after surgery. The alleged consent form was written in English only. And, in fact, the consent form does not include any language indicating that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. Plaintiff denied the allegation that her signatures were on consent forms dated November 27, 2017 and Plaintiff testified that the signatures, handwritten dates are not hers but someone else″s. **( invalid/ forged consent form in Eng )**

On November 27, 2017, she met Defendant at the Queens Surgical Center. There was no Korean interpreter and Defendant can″t speak Korean. Defendant gestured for the Plaintiff to

# SPA -13

follow Defendant into a room and Defendant preformed the surgery directly. Plaintiff did not sign any papers on November 27, 2017. **( EBT transcript of P)**

Plaintiff must point out that Defendant"s counsel Ms. Heyleyman untruthfully stated that Plaintiff came to New York only to obtain the abortion at issue. Plaintiff was travelling in the United State before she saw the Defendant. Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it"s too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit, Defendant confirmed that the plaintiff was indeed pregnant and performed the surgery on November 27, 2017. The Defendant"s counsel falsely alleged the above only to insult or harass the Plaintiff.

As stated PROCEDURAL HISTORY above, Plaintiff complied with the Order as much as her ability while Defendant intentionally was delaying his discovery responses and the depositors, Defendant was not suffered prejudice for the delay, but Plaintiff suffered prejudice due to defendant"s delays.

## **CONCLUSION**

Based on the foregoing, Plaintiff complied with the Court Orders and there is an absence of willful disregard, bad faith, and intentional delays for non-compliance but Defendant committed misconducts willfully in bad faith to delay this action, and it is respectfully requested that R & R should be denied in its entirety.

# SPA -14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MINHYE PARK,

                    Plaintiff,

                                                    **MEMORANDUM & ORDER**
          - against -                                 20-CV-2636 (PKC)

DAVID DENNIS KIM,

                    Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice action against Defendant Dr. David Dennis Kim. Defendant has moved to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rules") 37(b)(2)(A)(v) and 41(b) for failure to comply with court orders directing Plaintiff to respond to Defendant's discovery demands. Before the Court is the Report & Recommendation ("R&R") of the Honorable Lois Bloom, Magistrate Judge, recommending dismissal, and Plaintiff's objections to the R&R. For the reasons set forth below, Defendant's motion is granted in its entirety and this action is dismissed.

## BACKGROUND

### I.    Factual Background

      The Court assumes the parties' familiarity with this case and recites only the facts relevant to Defendant's motion to dismiss. Plaintiff, a resident of South Korea, sought obstetric and gynecological care from Defendant, Dr. Kim, at a medical facility in Queens, New York in November 2017. (Complaint ("Compl."), Dkt. 1, ¶¶ 5–6, 8, 12–14.) On November 22, 2017, Dr.

# SPA -15

Kim confirmed that Plaintiff was five weeks pregnant.[1]  (*Id.* ¶¶ 14–15.)  Five days later, on November 27, 2017, Dr. Kim performed an abortion, a procedure that Plaintiff alleges "was not in accordance with accepted standards of good and accepted removal fetus surgery."  (*Id.* ¶ 16.)  On December 19, 2017, after returning to South Korea, Plaintiff visited a physician (hereinafter, the "South Korean physician"), who allegedly discovered that the abortion had been unsuccessful.  (*Id.* ¶ 18.)  According to Plaintiff, the South Korean physician told her that she was nine weeks pregnant with an unhealthy fetus which was likely to have birth defects.  (*Id.*)  On December 29, 2017, Plaintiff underwent a second abortion procedure which allegedly terminated her pregnancy.  (*Id.* ¶ 19.)  Plaintiff further alleges that the failed abortion resulted from Dr. Kim's negligence and deviation from accepted medical practices, and that Dr. Kim's actions injured Plaintiff, causing scarring and an extended recovery process.  (*Id.* ¶¶ 20, 22.)  Plaintiff also claims that she was "unable to work for several months" as a result of the incident.  (*Id.*)

## II.  Procedural History

Plaintiff filed her Complaint on June 13, 2020.  (Compl., Dkt. 1.)  After an initial conference, the Court ordered the parties to complete all discovery by June 15, 2021.  (12/22/2020 Docket Order.)  That deadline was later extended to September 30, 2021.  (06/02/2021 Docket Order.)  On July 29, 2021, Defendant moved to compel Plaintiff to produce documents and to respond to interrogatories.  (*See* Defendant's Motion to Compel ("Def. Mot. to Comp."), Dkt. 17.)  Defendant alleged that Plaintiff had failed to provide multiple items of discovery, including relevant medical records and documents supporting the claim for lost wages or other income, and had failed to complete interrogatories.  (*See generally* Def.'s Mot. to Comp., Dkt. 17.)  Judge

---

[1] The Complaint states in error that Dr. Kim confirmed Plaintiff's pregnancy on November 22, 2018.

Bloom granted Defendant's motion to compel at a telephone conference held on August 11, 2021, and warned Plaintiff's counsel that "your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." (*See* 08/11/2021 Docket Order; Aug. 11, 2021 Tr. at 17:23–18:1.)  Plaintiff asked this Court to vacate that Order, but this Court affirmed Judge Bloom's well-reasoned decision.  (08/27/2022 Docket Order.)

On September 9, 2021, Defendant requested a pre-motion conference on a proposed motion to dismiss due to Plaintiff's failure to comply with the Court's discovery order.  (*See* Dkt. 23.)  Plaintiff, however, appealed the discovery order to the Second Circuit, which dismissed the appeal.  (Dkts. 28, 30.)  After the appeal was dismissed, Judge Bloom considered Defendant's request for a pre-motion conference.  Rather than grant the motion, however, Judge Bloom granted Plaintiff additional time to comply with the Court's August 11, 2021 discovery Order.  (*See* 11/29/2021 Docket Order.)  The written docket order warned that

> Plaintiff shall have one final opportunity to comply with the Court's discovery Order which was affirmed by Judge Chen.  The parties shall complete all discovery by January 14, 2022.  As set forth in the Court's Order, [P]laintiff shall produce: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.  *See* [August 11, 2021 Docket Order].  Plaintiff shall also respond to [D]efendant's interrogatories and document demands. **This is a Court Order and [P]laintiff must comply.**  This is [P]laintiff's last chance.

(*Id.*)  Judge Bloom also set a briefing schedule for a motion to dismiss should Plaintiff "fail[] to comply with the Court's instant Order."  (*Id.*)

On January 12, 2022, the parties jointly requested an extension of time to complete discovery, and Defendant requested an extension of his deadline to move to dismiss for failure to comply with discovery orders. (Dkt. 34.)  Judge Bloom granted both.  (01/13/2022 Docket Order.)

Defendant filed the present motion on March 4, 2022.  (Dkt. 35.)  Plaintiff filed an opposition on March 14, 2022.  (Plaintiff's Memorandum of Law in Opposition to Defendant's

# SPA-17

Motion to Dismiss ("Pl. Mem."), Dkt. 36.)  Judge Bloom issued her R&R on April 25, 2022.  (Dkt. 41.)  Plaintiff filed objections on May 24, 2022.  (Objection to the Report and Recommendation ("Pl. Obj.") Dkt. 42.)  And Defendant filed a response on June 8, 2022.  (Dkt. 43.)

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge gives a recommendation on a dispositive motion 'the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'"  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, ___ (2d Cir. 2022) (brackets omitted) (quoting Fed. R. Civ. P. 72(b)(3)).  An objection is proper when it is filed within 14 days of service of the report and recommendation and is "specific."  *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).  "Merely referring the court to previously filed papers or arguments" is not a proper objection, but parties may revisit issues already argued when the objection is that the magistrate judge's "specific error was a fundamental one."  *Id.* (alteration omitted) (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Portions of a report and recommendation that are not properly objected to may be adopted as long as the court is satisfied that there is not clear error on the face of the record.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).  Furthermore, "it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *New York City Dist. Council of Carpenters v. Allied Design & Constr.*, *LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).

## DISCUSSION

The Court has reviewed all of Plaintiff's objections to Judge Bloom's thorough and well-reasoned R&R and finds them meritless.  The vast majority of Plaintiff's objections raise issues, arguments, and alleged facts that are not relevant to Defendant's motion or Judge Bloom's R&R.

Those arguments in Plaintiff's objections that are not wholly irrelevant were either correctly addressed by Judge Bloom or are meritless.  Given the lack of valid objections to the R&R, and the nature and duration of Plaintiff's noncompliance, dismissal is appropriate.

## I.     Plaintiff's Objections

### A.     Defendant's Alleged Outstanding Discovery

In the procedural history section of Plaintiff's objections to Judge Bloom's R&R, Plaintiff complains that Defendant—not Plaintiff—has failed to comply with discovery obligations.  (Pl. Obj., Dkt 42, at ECF 3.[2])  Because this complaint does not appear in the argument section of Plaintiff's objections, it is not clear whether this is an objection or just Plaintiff airing a grievance. Plaintiff raised this same complaint in her opposition to the present motion as an argument against dismissal, so she may have intended it to be an objection.  (*See* Pl. Mem., Dkt. 36, at ECF 5–7.) Regardless, Defendant's alleged outstanding discovery is irrelevant to the present motion, which is focused on Plaintiff's noncompliance.  *Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

Furthermore, Plaintiff had an opportunity to file a motion for sanctions against Defendant for allegedly failing to comply with discovery orders.  (R&R, Dkt. 40, at 5 n.5.)  Plaintiff, however, failed to file on time.  (*Id.*)  Accordingly, Judge Bloom issued an order stating that Plaintiff could not file the proposed motion.  (*Id.*)  Five days later, Plaintiff filed the motion anyway, but did not attach a memorandum of law in support of the motion, as required by Local Rule 7.1(a)(2), instead

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

attaching the same memorandum of law submitted in opposition to Defendant's motion to dismiss. (*Id.*)  Magistrate Judge Bloom found that Defendant was prejudiced by the late submission, and thus recommended that the motion be denied or not be considered at all.  (*Id.*)  Plaintiff made no specific objection to this portion of the R&R, and the Court sees no clear error in this recommendation on the face of the record.  Thus the Court adopts it, and denies the motion.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin*, 734 F. App'x at 758.

### B.    Allegedly Erroneous or Omitted Factual Findings

Also as part of Plaintiff's procedural history section of her objections, Plaintiff complains that Judge Bloom's R&R contains erroneous facts and omits other relevant facts.  (Pl. Obj., Dkt. 42, at ECF 3–4.)  Again, it is not clear if this is an objection.  Regardless, all of the arguments raised in this section of her objections are irrelevant or meritless.

Plaintiff's primary complaint concerning erroneous facts is that the R&R "states that Plaintiff confirmed the two prior abortions."  (Pl. Obj., Dkt. 42, at ECF 4.)  However, the R&R does not state that Plaintiff confirmed this, and notes that the question of how many prior abortions Plaintiff had was disputed by Plaintiff's counsel.  (R&R, Dkt. 40, at 8 n.8.)  Ironically, Plaintiff's lack of compliance with discovery, namely, her failure to provide Defendant with her medical records, has made it impossible to determine Plaintiff's history of abortions.  (*Id.*)  Regardless, the quantity of Plaintiff's previous abortions is irrelevant to the motion to dismiss, because it relates to a question of fact and not Plaintiff's failure to comply with discovery.

Plaintiff's other alleged erroneous or omitted fact findings are nonsensical.  She claims that omitted facts include

> Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case

intentionally; and False statements by Defendant's Counsel: [D]efendant's expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

(Pl. Obj., Dkt. 42, at ECF 3.)

As already discussed, Defendant's alleged failure to comply with discovery and the exact facts surrounding Plaintiff's previous abortions are irrelevant to this motion because they do not focus on Plaintiff's repeated failures to comply with discovery, nor do they focus on errors in reasoning made by Judge Bloom. Furthermore, there is nothing in the record to suggest that Defendant ever "agreed" that "Plaintiff has no need to hire an expert." The nonsensical language and lack of citations to the record makes the other claims within this statement impossible to address.

### C. Plaintiff's Compliance with Discovery Requests

Plaintiff argues that any sanction—let alone the harsh sanction of dismissal of this case—is inappropriate because she has actually complied with all of the Court's discovery orders. (Pl. Obj., Dkt. 42, at ECF 6–11.) Plaintiff made the same argument in her opposition to the motion before Judge Bloom. (Pl. Mem., Dkt. 36, at ECF 4–5.) Judge Bloom directly addressed Plaintiff's argument, noting that

> Plaintiff's opposition is further proof of her failure to comply. She states that production of a collateral source authorization, a deficient expert report and the denial of the existence of any lost earning records is sufficient. Plaintiff ignores the Court's discovery Orders, which required her to correct her interrogatory and document deficiencies cited by [D]efendant.

(R&R, Dkt. 40, at 14.) Judge Bloom is correct, and thus this objection is meritless. To the extent Plaintiff is raising new arguments about her compliance, those arguments could have been raised before Judge Bloom, and thus the Court will not consider them. *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 351.

### D.  Plaintiff's Claims

Plaintiff's next objection appears to be that the Court should not adopt Judge Bloom's R&R because Plaintiff has already proven all of her claims.  (Pl. Obj., Dkt. 42, at ECF 11–13; *see also* Pl. Mem., Dkt. 36, at 7–9 (making a similar argument and providing supporting documents).)  Again, it is not clear how this is an objection to Judge Bloom's R&R.  This argument—and the pieces of the record cited therein—might have been an appropriate argument to oppose a motion for summary judgment, but it does not address Plaintiff's failure to comply with the Court's discovery orders, which prevented this case from reaching the summary judgment stage.  Accordingly, this objection is irrelevant.

## II.  The Remainder of Judge Bloom's R&R

The Court has addressed all of Plaintiff's remotely specific objections to Judge Bloom's R&R.  The Court has also reviewed the rest of Judge Bloom's R&R for clear error on the face of the record, and finds none.  Judge Bloom identified the proper legal standards, and properly applied them to the facts of this case.  Specifically, this Court agrees that this action should be dismissed under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), and that Defendant shall have 14 days from the date of this Order to submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

### CONCLUSION

For the reasons explained above, Magistrate Judge Bloom's April 25, 2022 Report and Recommendation is adopted in full; Plaintiff's motion for sanctions is denied; Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing

**SPA -22**

who should be responsible for the fee.  The Clerk of Court is respectfully directed to enter judgment

accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 24, 2022
        Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MINHYE PARK,

                                                               JUDGMENT

                Plaintiff,                         20-CV-2636 (PKC)

      v.

DAVID DENNIS KIM,

                Defendant.
-------------------------------------------------------------------X

    A Memorandum and Order of the Honorable Pamela K. Chen, United States District Judge, having been filed on August 24, 2022, adopting the Report and Recommendation of Magistrate Judge Lois Bloom, dated April 25, 2022, denying Plaintiff's motion for sanctions; granting Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b); it is

    ORDERED and ADJUDGED that Plaintiff's motion for sanctions is denied; that Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) is granted; and that, within 14 days of the date of this Memorandum & Order, Defendant shall submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

Dated: Brooklyn, New York                       Brenna B. Mahoney
       August 25, 2022                  Clerk of Court

                                       By:    */s/Jalitza Poveda*
                                           Deputy Clerk