Kim counseled Ms. Park about the risks of thromboembolic events at this appointment because she was taking birth control pills and smoking cigarettes while pregnant.

Based upon my review of the documents in this case, I am aware of the allegations in this case. Ms. Park alleges that Dr. Km negligently performed the abortion on November 27, 2017 and she claims that she was not timely informed of the retained products of conception by Dr. Kim and that she was unaware that her pregnancy continued until she was seen by two physicians in South Korea. She claims she underwent a repeat dilation and curettage in South Korea, although there is no operative report or medical record that this procedure was performed.

## IV.    Expert Opinion

I reviewed all the materials listed in the section above. It is my opinion that Dr. Kim met the standard of care in providing medical treatment to Ms. Park between November 16, 2017 and December 13, 2017. Dr. Kim met the standard of care in performing Plaintiff's surgical abortion and obtaining informed consent for this procedure. As explained in further detail below, it is my opinion that Dr. Kim timely informed Plaintiff that she suffered a known complication of early term abortions and he met the standard of care in counseling her on treatment options, including a repeat dilation and curettage.

Dr. Park's performance of a dilation and curettage with suction on November 27, 2017 was in accordance with good and accepted surgical practice for performing early term abortions. It is within the standard of care to perform surgical abortions at 5-weeks' gestation when the patient indicates she wants to terminate the pregnancy at this stage. A surgical abortion is the only treatment option for a patient who declines to undergo an abortion by medication.

Dr. Kim's operative report demonstrates that he used classic surgical technique to perform Plaintiff's dilation and curettage with suction, consistent with the standard of care. He used classic technique to dilate the cervix and Dr. Kim performed curettage until a gritty texture was appreciated. This "gritty texture" is an indication of successful and complete removal of the products of conception. In accordance with the standard of care, after curettage was complete, suction was performed as an additional measure to remove any remaining products of conception. The surgical technique by Dr. Kim was completely in accordance with the standard of care for early term first trimester surgical abortions.

It is standard of care to send the removed products of conception to a pathologist for analysis, as Dr. Kim did in this case. During surgery, the uterine contents are suctioned directly into a catheter that is connected to a vacuum. The products of conception are deposited by the catheter into a sealed and sterile vial as part of the standard operative procedure. Analysis of the tissue by the pathologist is the most accurate way to confirm that all products of conception were removed from the uterus. This analysis also allows for the diagnosis of other conditions that are potentially dangerous to the patient, such as a molar pregnancy. Virtually all physicians who perform abortions in modern medical centers today send the products of conception for pathologic analysis. This practice is standard of care.

I disagree with Plaintiff's expert's opinion that Dr. Kim was required to perform flotation of the tissue with backlighting on November 27, 2017. Flotation of tissue with backlighting is both an imprecise and antiquated method. This method consists of floating the removed contents

2461704.1

in saline and then viewing these against a light to determine if it appears that the tissue removed contains chorionic villi. This technique is most often performed today as an academic exercise of instruction to medical residents and medical students. Alternatively, it is performed when the abortion provider does not have access to a pathologic examination of the products of conception, as is the case in areas of the world where pathologists and medical resources are limited. Flotation may be performed in the operating room if an ectopic pregnancy is suspected. However, none of these situations existed in this case. Dr. Kim was not performing Plaintiff's abortion as a teaching exercise to medical residents. He confirmed via ultrasound that Plaintiff had an intra-uterine pregnancy before performing the abortion and Dr. Kim had the ability to send the uterine tissue to a pathologist for pathologic evaluation and inspection.

Dr. Kim's practice to send the products of conception to a pathologist for gross and technical examination is the preferred and undoubtedly most common method for confirming complete evacuation of retained products of conception. A pathologist has the requisite training, experience and tools to evaluate the products of conception at a gross and microscopic level and to confirm whether this contains all of the embryonic or fetal products. Additionally, with pathologic evaluation of the tissue Dr. Kim was able to make sure Plaintiff did not have a molar pregnancy, a possibly life-threatening condition, or any other embryonic abnormalities that would have required further workup. If Dr. Kim had performed tissue flotation with backlighting as suggested by Plaintiff's expert, the products of conception would have been contaminated and a pathologic examination could not have been performed.

The National Abortion Federation is not an authoritative body recognized by Board certified obstetricians and gynecologists. Moreover, the National Abortion Federation guidelines cited by Plaintiff's expert are those in effect in 2015, two years earlier than the treatment at issue. These are not authoritative texts and do not dictate the standard of care for performing early term abortions.

In addition to using good and accepted surgical technique, it is my opinion that Dr. Kim comported with the standard of care by obtaining a post-procedure ultrasound of Plaintiff's uterus on November 27, 2017. The ultrasound photograph in the record did not reveal retained products of conception on that date. It was clinically reassuring.

Incomplete removal of products of conception during an early term abortion is a known and accepted risk of the procedure. This may occur absent any medical malpractice or negligence by the provider, as in this case. As indicated by Plaintiff's own expert report, the risk of retention of products of conception is well-recognized. The rate of failure is published and well-known because even in the absence of good surgical technique, there is an unavoidable risk of failure. Plaintiff experienced a known risk of the surgery and this occurred absent any medical malpractice or wrongdoing on the part of Dr. Kim. In my opinion, this was medically unavoidable and not proximately caused by negligence by Dr. Kim.

It is clear from my review of the records that Plaintiff was appropriately counseled about this risk and that her informed consent was properly obtained by Dr. Kim before the surgery. In fact, at both office visits before Plaintiff decided to undergo a surgical abortion, Dr. Kim met the standard of care in describing the potential risks and benefits of both medical and surgical abortions. The risk of retained products of conception was appropriately disclosed, based upon

2461704.1

the contemporaneous documentation in the medical records. Plaintiff also signed an informed consent form prior to undergoing the procedure.

Plaintiff was timely advised about the results of the abortion by Dr. Kim. In fact, Dr. Kim was able to diagnose retained products of conception in a timely manner because he relied upon a pathologic evaluation. Within less than a week from the date of the procedure, on December 3, 2017, Dr. Kim was notified by the pathologist that it was likely Plaintiff had retained products of conception because the chorionic villi was not observed in the specimen. According to his medical records, Dr. Kim discussed this result with the Plaintiff the next time she was in his office, on December 13, 2017. This was in accordance with the standard of care because due to the nature of the conversation, and the fact that Ms. Park required an interpreter, it was appropriate for Dr. Kim to wait until she was in the office to discuss the results of the pathology with the assistance of an interpreter.

When Plaintiff finally returned to Dr. Kim's office ten days later, the medical records clearly demonstrate that he explained to Plaintiff that the pregnancy had not been completely terminated. In accordance with the standard of care, he performed an ultrasound in the office and determined Plaintiff was 8 weeks pregnant at that time. It was in accordance with the standard of care for Dr. Kim to offer Plaintiff the option to undergo a medical abortion or repeat dilation and curettage with suction at this visit. The medical record indicates Plaintiff made an informed choice to delay further treatment and to continue the pregnancy until her return to South Korea.

For the reasons stated above, it is my opinion within a reasonable degree of medical certainty that Dr. Kim comported with the standard of care in providing gynecologic treatment to Ms. Park.

**V.     Qualifications and Expert Rate**

I am a Board-certified Ob/Gyn and fellow of the American College of Obstetrics and Gynecology. A copy of my current CV including my education and experience are enclosed as Exhibit A. I am being compensated for my time at a rate of $400/hour for record review.

Respectfully Submitted,

Karen Dius-Martin, M.D., FACOG

**[SA-66]**

---

**Kulka, Rosa**

---

| | |
|---|---|
| **From:** | Kulka, Rosa |
| **Sent:** | Wednesday, February 2, 2022 11:42 AM |
| **To:** | 'jae@lawjsl.com' |
| **Cc:** | Gil, Alejandra R.; Van Deusen, Bianca M. |
| **Subject:** | Minhye Park; Index No.:  1:20-cv-02636; Our File No.: 778-1018 |
| **Attachments:** | Attachments.html |

Dear Counselor:

On behalf of Bianca Van Deusen, please see the attached Response and Expert Report with respect to the above matter.

Thank you.

---

**Citrix Attachments**                                    Expires March 4, 2022

    HPMB_NY1-#2518036-v1-PARK_-_Respons...ter.PDF        690.1 KB

    HPMB_NY1-#2518893-v1-Park_-_Expert_Report.PDF        38.7 MB

    **Download Attachments**

Rosa Kulka uses Citrix Files to share documents securely.

---

1

**[SA-67]**

**Kulka, Rosa**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | 'jae@lawjsl.com' |
| **Sent:** | Wednesday, February 2, 2022 11:42 AM |
| **Subject:** | Relayed: Minhye Park; Index No.:  1:20-cv-02636; Our File No.: 778-1018 |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

'jae@lawjsl.com' (jae@lawjsl.com)

Subject: Minhye Park; Index No.: 1:20-cv-02636; Our File No.: 778-1018

1

**[SA-68]**

**Velazquez, Bernice**

| | |
|---|---|
| **From:** | Velazquez, Bernice |
| **Sent:** | Friday, February 4, 2022 2:27 PM |
| **To:** | 'jae@lawjsl.com' |
| **Cc:** | Gil, Alejandra R. |
| **Subject:** | Minhye Park v. David Dennis Kim, M.D.; Our File No.: 778-1018; Motion to Dismiss |
| **Attachments:** | Park- Notice of Motion.pdf; Park- Declaration in Support of Motion to Dismiss.pdf; Park- Memo of Law for Motion to Dismiss.pdf; Park - Rule 37 Certification.pdf; Park - Exhibit N -Plaintiff's Expert Report.PDF; PARK -Exhibit O - Defendant's Letter to Plaintiff dated September 17, 2021.PDF; PARK - Exhibit P - Defendant's Responses to Plaintiff's Interrogatories and Demand for Production of Documents.PDF; Park- Exhibit Q - Plaintiff's Letter to Defendant dated January 28, 2022, regarding deficiencies.pdf; PARK - Exhibit R - Defendant's Letter to Plaintiff dated February 1, 2022, responding to deficiency letter and Defendant's Expert Report.PDF |

On behalf of attorney, Alejandra R. Gil, Esq., attached please find the attached as it pertains to the above-referenced matter:

1. Notice of Motion;
2. Declaration in Support of Motion to Dismiss (with Exhibits: N, O, P, Q, and R);
3. Memo of Law for Motion to Dismiss; and
4. Rule 37 Certification.

Thank you.


Bernice Velazquez
Legal Secretary
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
Tel: (914) 559 - 3100
Fax: (914) 949 - 1160
www.hpmb.com



**[SA-69]**

**Attachment 3 to Memorandum of Law -**
**Supporting Memorandum of Law [SA-69 - SA-84]**

Case 1:20-cv-02636-PKC-LB   Document 35-3   Filed 03/04/22   Page 1 of 16 PageID #: 466

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,

                              Plaintiff,                    Index No.:  1:20-cv-02636

        -against-

DAVID DENNIS KIM, M.D.,

                              Defendant.
--------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DAVID DENNIS KIM, M.D.'s**
**MOTION TO COMPEL**

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
81 Main Street
White Plains, New York 10601
T:  (914) 559-3100
F:  (914) 949-1160
agil@hpmb.com

On the Memorandum:
**Alejandra R. Gil, Esq.**

**Attorneys for Defendant David Dennis Kim, M.D.**

**[SA-70]**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**FACTUAL AND PROCEDURAL BACKGROUND** ............................................................ 3

**ARGUMENT** ......................................................................................................................... 9

**CONCLUSION** ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009)................................................. 11

*Balk v. New York Inst. Of Tech.,* 974 F. Supp. 2d 147 (E.D.N.Y. 2013)....................................... 9

*Buckingham v. Lewis Gen. Tires, Inc.*, 809 Fed. Appx. 34, 2020 U.S. App. LEXIS 14315 (2d Cir. 2020)................................................................................................................................. 11

*Carr v. State Farm Mut. Auto. Ins.*, 2015 U.S. Dist. LEXIS 163444 (N.D. Tex. Dec. 7, 2015).. 10

*Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir 1991) ...................................... 10

*Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 U.S. Dist. LEXIS 62904 (S.D.N.Y 2015).......... 12

*Fox v. Cheminova,* 2006 U.S. Dist. LEXIS 11463 (E.D.N.Y. March 1, 2006) ........................... 10

*Griggs v. Weiner*, 2015 U.S. Dist. LEXIS 145030 (E.D.N.Y 2015) ........................................... 10

*Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124 (2d Cir. 2020) ............................................................................................................. 10

*Kelly v. Times/Review Newspapers Corp.*, 2016 U.S. Dist. LEXIS 65579 (E.D.N.Y 2016) ....... 10

*Luo v. Panarium Kissena Inc.*, 2019 U.S. Dist. LEXIS 107925 (E.D.N.Y. 2019)...................... 12

*Luo v. Panarium Kissena Inc.*, 2019 U.S. Dist. LEXIS 14187 (E.D.N.Y. 2019)........................ 12

*Teller v. Helbrans*, 2019 U.S. Dist. LEXIS 194025 (E.D.N.Y. 2019) ........................................ 11

**Rules**

Fed. R. Civ. P. 37(b)(2)(A)(v) .................................................................................................. 10

**[SA-72]**

## PRELIMINARY STATEMENT

Defendant David Dennis Kim, M.D., respectfully submits this memorandum of law in support of his motion pursuant to Rule 37(b)(2)(A)(v) and Rule 41(b) of the Federal Rules of Civil Procedure for an Order dismissing plaintiff's action for failure to comply with court orders to produce discovery.

This is a medical malpractice action in which Plaintiff claims that Dr. Kim negligently performed an abortion in November of 2017. Exh. A at ¶¶ 1, 16. Plaintiff further alleges that the procedure was performed without her informed consent and alleges that after the procedure, she suffered physical injuries, emotional distress, and was unable to work. Id. at ¶ 30-33. This motion to dismiss is necessary because Plaintiff has failed to produce basic document discovery or, complete interrogatory responses relevant to the claims made in this case, despite court orders compelling such production.

Plaintiff is a resident of South Korea. Id. at ¶ 5. As such, all of her relevant prior and subsequent treatment records are located in South Korea. Prior to the treatment at issue, Plaintiff underwent two abortions in South Korea.[1] Our firm has been unable to obtain these relevant prior records because Plaintiff failed to produce medical authorizations for these records and, failed to produce actual copies of the records, too.

Plaintiff's counsel has suggested that these records cannot be obtained because her client does not recall the names of the providers who performed these services. Plaintiff provided Defendant with an authorization for the collateral source records, but the South-Korean based insurer has ignored and refused to respond to our firm's request for records for several months. Defendant then served a demand for a copy of Plaintiff's collateral source records because the

---

[1] Although plaintiff testified that she only had one prior abortion, her medical records indicate that she had two.

insurance records could reveal the identities of the providers who performed her prior abortions, as well as the identities of other relevant treating physicians who may have information pertinent to Plaintiff's gynecologic history and the injuries alleged in this case.  Instead of furnishing the records, Plaintiff objected to the production of a copy of the collateral source records as irrelevant. Plaintiff then provided an authorization, but it was defective.  When we followed up with plaintiff, she stated that "Plaintiff is not working for defendant."  Upon information and belief, Plaintiff has not made any good faith effort to obtain either her prior abortion records or insurance records.

In addition to the issues above, with respect to document discovery, Plaintiff refused to provide records supporting her claims for lost earnings, complete medical records regarding all injuries alleged in the Complaint, and refuses to provide proper responses to some of the interrogatories served.  Plaintiff produced photographs and then failed to respond to Defendant's demand for information regarding these photographs, such as the dates each photo was taken and its metadata.

In addition to the above, Plaintiff has produced incomplete expert discovery, despite the fact that this action involves allegations of medical malpractice.  We wrote to plaintiff outlining the deficiencies in her expert disclosure, but to date, she has not remedied these deficiencies.

On July 29, 2021, defendant moved to compel the outstanding discovery.  By order dated August 11, 2021, the motion was granted.  Despite this court order, plaintiff failed to fully respond to Defendant's demands.  On September 16, 2021, Defendant filed a letter requesting leave to file a motion to dismiss based on plaintiff's failure to provide outstanding discovery.  By order dated November 29, 2021, plaintiff was directed to comply with defendant's discovery demands by January 14, 2022.  In a subsequent order dated January 13, 2022, the deadline for

discovery was extended to January 28, 2022 and a briefing schedule was issued for a motion to dismiss in the event that plaintiff failed to comply with prior court orders.  To date, several items of discovery remain outstanding.

Defendant has exhausted good faith efforts to resolve these issues with Plaintiff's counsel.  This motion to dismiss is necessary because Plaintiff failed to provide basic discovery, as required by Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, and in violation of several court orders, and has failed to articulate any good faith objections warranting her refusal to provide necessary discovery that is essential to Dr. Kim's defense.  Plaintiff's actions are hindering discovery in this case and are prejudicial to the defense.  Defendant respectfully requests that the Court issue an order dismissing, with prejudice, plaintiff's complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was visiting the United States from South Korea, sought treatment from Dr. Kim for abortion services. Exh. A at ¶ 1.  More specifically, at 5-weeks of pregnancy, she consulted with him twice before deciding to undergo a surgical abortion on November 27, 2017. Id. at ¶¶ 1, 14.  The abortion was performed at a nonparty medical facility located in Queens, New York.  Plaintiff had one post-procedure appointment with Dr. Kim and thereafter, upon information and belief, Plaintiff returned to South Korea. Id. at ¶¶ 1, 18.  She then instituted this action on June 13, 2020. See Case 1:20-cv-02636-PKC-LB, ECF No. 1, Filed 06/13/2020.

In the Complaint, Plaintiff claims that Dr. Kim was negligent in performing the abortion, because he failed to completely remove all products of conception. Exh. A at ¶¶ 16-20. She further alleges that Dr. Kim failed to inform her that the abortion was unsuccessful, despite clear and contemporaneous documentation by Dr. Kim to the contrary. See Exh. A at ¶ 18 and Exh. J at 30-32.  Plaintiff is seeking damages for loss of earnings, past and future pain and

suffering, and the need to undergo a second procedure to remove the retained products of conception. <u>See</u> Exh. <u>A</u>.

Dr. Kim Answered the Complaint on October 22, 2020. <u>See</u> Exh. <u>B</u>.  An Initial Scheduling Conference was held in this case on November 12, 2020. See Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 11/12/2020.  However, due to Plaintiff's failure to follow prior Court orders regarding service of the Summons and Complaint, the Court declined to set complete discovery deadlines at that time, and Plaintiff's counsel was instructed to re-serve the Defendant. <u>Id.</u>  At the next conference on December 22, 2020, all discovery was ordered to be complete by June 15, 2021. Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 12/22/2020.

On November 19, 2020, Defendant's First Set of Interrogatories and First Demand for Production of Documents were served on Plaintiff. <u>See</u> Exhibit <u>C</u>.  Plaintiff did not serve a response to Defendant's First Set of Interrogatories or her Initial Rule 26 Disclosures until January 18, 2021. <u>See</u> Exhibit <u>D</u>.  The Rule 26 Disclosures and response to Dr. Kim's Interrogatories were deficient.  To date, Plaintiff has not provided any response to Defendant's First Demand for Production of Documents.

On February 8, 2021, our firm sent a detailed letter to Plaintiff's counsel identifying the deficient responses. <u>See</u> Exhibit <u>E</u>.  Specifically, some of Plaintiff's interrogatory responses were wholly non-responsive to the numbered interrogatory or failed to provide complete information.  For example, when asked to identify witnesses to the events described in the Complaint, Plaintiff responded that her "family members" were witnesses but then failed to provide any identifying information regarding these family members, such as their names or addresses. <u>See</u> Exhibit <u>D</u>.

**[SA-76]**

Additionally, Plaintiff disclosed four photos to our firm via email. However, she failed to provide any metadata for the photos or even a description of when each photo was taken, where each photo was taken, and what each photo purported to show. This information was specifically demanded in Defendant's Interrogatory #13 and requested again in the letter dated February 8, 2021.

Over the ensuing months, our office made additional good faith demands for the outstanding discovery. Plaintiff's counsel was served with another letter requesting responses to outstanding discovery on March 9, 2021. See Exhibit F. However, no response was received. Defendant served another letter on Plaintiff's counsel requesting the outstanding discovery on April 29, 2021. See Exhibit G. Again, Plaintiff did not respond. Defendant served a Second Demand for Production of Documents on May 24, 2021. See Exhibit H. No response was received.

Despite our diligent efforts, our office was unable to obtain all necessary discovery by June 15, 2021. The parties jointly requested an extension of time to complete fact discovery at that time, upon the information and belief that Plaintiff's counsel would continue to cooperate with discovery in good faith and required more time to produce all the discovery owed to Defendant. See Case 1:20-cv-02636-PKC-LB, ECF No. 14, Filed 06/01/2021. On June 2, 2021, Magistrate Judge Lois Bloom extended the time to complete discovery to September 30, 2021. See Case 1:20-cv-02636-PKC-LB, Order on Motion for Extension of Time to Complete Discovery, Filed 06/02/2021.

Our firm called Plaintiff's counsel five times in June 2021 to discuss the extensive discovery Plaintiff still owed. Plaintiff's counsel did not return our calls but, on occasion, sent email responses without any further discovery attached. Another good faith letter was sent on June 21, 2021. See Exhibit I. Finally, our office was able to arrange a telephone call with Plaintiff's

counsel on July 7, 2021.  During the phone conference, Ms. Lee stated that Plaintiff satisfied her discovery obligations and that she would not produce any additional documents or supplemental responses to Defendant's demands and interrogatories.

During this call, Plaintiff's counsel suggested that Defendant Dr. Kim owed discovery to her firm in the form of a response to a document titled "Plaintiff's First Request for Admission."  This document was served on February 9, 2021.  See Exhibit K.  On March 9, 2021, our office advised Plaintiff's counsel by letter that the document could not be responded to in its current form because the document was confusingly drafted and unclear as to what it sought.  See Exhibit L.  The document was titled "Plaintiff's First Request for Admission," but the document instructions actually demanded production of discovery, "produce within twenty days as follows…" See Exhibit K.  This instruction was then immediately followed by the title "Interrogatories."  Our office did not receive a response to the March 9th letter, and Plaintiff did not serve any supplemental discovery demands.  Many of the items of discovery described in the demand are identical to a prior demand served by Plaintiff earlier in this action and responded to by Defendant.  When plaintiff's counsel raised this issue for a second time, our office responded again by email dated June 21, 2021, and advised Plaintiff that the document could not be responded to in its current form due to the noted issues in our letter dated March 9, 2021.

Plaintiff's counsel stated that she had not been provided a copy of Dr. Kim's medical chart or the Queens Surgical Care Center Records.  However, Plaintiff's counsel was previously provided a copy of Dr. Kim's records on February 10, 2021.[2] See Exhibit J and M. Notably, our office has no control over Queens Surgical Center, which is not a party to this case and a wholly separate entity from Dr. Kim.  Notwithstanding, we provided a courtesy copy of the

---

The receipt of the medical records by plaintiff's counsel from Dr. Kim was delayed by her failure to provide a duly executed HIPAA authorization permitting the release of Ms. Park's records to her attorney.

record we obtained from this nonparty entity to Plaintiff's counsel.  Based on the foregoing, defendant Dr. Kim does not owe any discovery in this case.

In May of 2021, Defendant supplemented his Initial Rule 26 Disclosures to include expert witness disclosure.  Plaintiff has still not provided any supplemental response to her Initial Rule 26 Disclosures, which were deficient due to her failure to include any computation of damages as required by section (a)(1)(A)(iii) of Rule 26 of the Federal Rules of Civil Procedure and she has not provided any expert witness information, either.

On July 29, 2021, defendant moved to compel the outstanding discovery outlined above.  Case 1:20-cv-02636-PKC-LB, Motion to Compel, PACER Docs. 16-17.  By order dated August 11, 2021, the motion was granted and plaintiff was ordered to provide discovery by September 10, 2021.  Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 8/11/2022.

On September 14, 2021, plaintiff served an expert disclosure for Dr. John M. Garofalo.  See Exh. N.  The report did not comply with the requirements of Rule 26(a)(2)(B).  Therefore, on September 17, 2021, we wrote to plaintiff and requested supplementation of the report.  We also reminded plaintiff's counsel that several items of discovery that she was ordered to produce remained outstanding.  See Exh. O.  Despite this Court's August 11, 2021 order, plaintiff failed to fully respond to Defendant's demands.

On September 16, 2021, Defendant filed a letter requesting leave to file a motion to dismiss based on plaintiff's failure to provide outstanding discovery.  Case 1:20-cv-02636-PKC-LB, PACER Doc. 15.  On September 18, 2021, plaintiff moved for a protective order, Case 1:20-cv-02636-PKC-LB, PACER Doc. 24, and on September 22, 2021, she moved for sanctions.  Case 1:20-cv-02636-PKC-LB, PACER Doc. 25.  On September 27, 2021, this Court scheduled a

telephone conference to be held on October 6, 2021.  On September 28, 2021, plaintiff filed a Notice of Appeal, which stayed discovery.  Case 1:20-cv-02636-PKC-LB, PACER Doc. 28.

On November 24, 2021, by Mandate of the United States Court of Appeals, plaintiff's appeal was dismissed effective October 29, 2021.  Case 1:20-cv-02636-PKC-LB, PACER Doc. 30.  By order dated November 29, 2021, the stay was lifted and plaintiff was directed to comply with defendant's discovery demands by January 14, 2022.  Magistrate Judge Lois Bloom specifically stated that this was plaintiff's "last chance" to comply with the prior Orders to produce discovery.  Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 11/29/2021.  In a subsequent order dated January 13, 2022, the deadline for discovery was extended to January 28, 2022, and a briefing schedule was issued for a motion to dismiss in the event that plaintiff failed to comply with prior court orders.  Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 1/13/2022.

Plaintiff's deposition was completed over two sessions on January 5th and 6th of 2022, and Dr. Kim's deposition was completed on January 28, 2022.  Defense counsel agreed to proceed with plaintiff's deposition despite the fact that discovery still remained outstanding.  Defense counsel reserved their right to a further deposition of plaintiff upon receipt of complete discovery demands.

On January 25th, Defendant served responses to plaintiff's 1st Request for Production and 1st and 2nd Sets of Interrogatories.  See Exh. P.  On January 28th, Plaintiff served a letter of deficiencies and provided the same previously disclosed expert report, without correcting the deficiencies, a copy of an airline ticket for travel on November 14th, and an authorization for National Health Insurance.  See Exh. Q.  Significantly, the authorization for National Health Insurance appears to be identical to the one that was previously provided and could not be

processed by Defendant.  On February 1, 2022, Defendant responded to Plaintiff's deficiency letter and provided an expert disclosure.  See Exh. R.

To date, the following discovery is owed by Plaintiff:

> Response to Defendant's First Demand for the Production of Documents; (Exhibit C).
> Supplemental Response to Defendant's First Set of Interrogatories (Exhibit C), as detailed in Defendant's good faith letters (Exhibit E);
> Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records) (Exhibit H);
> Response to demand for metadata and other information regarding the photographs Plaintiff disclosed (Exhibit C and E);
> Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint (Exhibit C); and
> Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by 26(a)(1)(A)(iii) (Exhibit D).

## ARGUMENT

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Relevance under Rule 26 has been broadly construed. Balk v. New York Inst. Of Tech., 974 F. Supp. 2d 147, 154 (E.D.N.Y. 2013). It encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Id.

All of Dr. Kim's discovery requests relate to the allegations and injuries contained within Plaintiff's Complaint.  This information is clearly relevant and necessary to Defendant's

defense to Plaintiff's claims. See <u>Kelly v. Times/Review Newspapers Corp.,</u> 2016 U.S. Dist. LEXIS 65579, *3 (E.D.N.Y 2016) (noting that disclosure of medical records is warranted where plaintiff has put his medical condition at issue); <u>Griggs v. Weiner,</u> 2015 U.S. Dist. LEXIS 145030, *7 (E.D.N.Y 2015) (holding that medical record disclosure is appropriate in cases where the plaintiff has put her medical condition at issue); <u>Fox v. Cheminova,</u> 2006 U.S. Dist. LEXIS 11463, at *25-26 (E.D.N.Y. March 1, 2006) (granting defendants' motion to compel discovery responses concerning damages because such discovery was relevant to their defense); <u>see</u> <u>also</u> <u>Carr v. State Farm Mut. Auto. Ins.,</u> 2015 U.S. Dist. LEXIS 163444, at *26 (N.D. Tex. Dec. 7, 2015). Plaintiff's failure to provide this information is prejudicial to Dr. Kim and completely inhibits his ability to properly prepare a defense. Moreover, the delay in failing to produce records can result in permanent harm as the records pertaining to her relevant prior or subsequent treatment may not be available anymore. Of note, the treatment at issue occurred four years ago and but for the tolling in place due to the Covid-19 pandemic, Plaintiff's lawsuit would not have been timely. By waiting to file a lawsuit and then delaying production of discovery, Plaintiff is prejudicing the Defendant from being able to obtain all the necessary records to examine Plaintiff's allegations and cross-examine her as to the claims made in this case.

When a party fails to comply with a discovery demand, Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure permits the Court to order sanctions for a party's failure to comply with discovery orders. See <u>Daval Steel Products v. M/V Fakredine,</u> 951 F.2d 1357, 1363 (2d Cir 1991). Permissible sanctions for failure to abide by court orders or permit discovery include the award of attorney's fees and dismissal of the action with prejudice. See Fed. R. Civ. P. 37(b)(2)(A)(v); <u>Heendeniya v. St. Joseph's Hosp. Health Ctr.,</u> 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124, 2020 WL 5988525 (2d Cir. 2020); <u>Buckingham v. Lewis Gen. Tires, Inc.,</u> 809 Fed.

Appx. 34, 2020 U.S. App. LEXIS 14315, 2020 WL 2146966 (2d Cir. 2020); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009); Teller v. Helbrans, 2019 U.S. Dist. LEXIS 194025, 2019 WL 5842649 (E.D.N.Y. 2019).

When considering whether dismissal is warranted, the court should consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F.3d at 302.

In the instant matter, willfulness can be gleaned from plaintiff's repeated failure to comply with this Court's orders, and her failure to respond to defendant's good faith efforts to obtain the outstanding discovery. Furthermore, the procedural posture of this case, specifically plaintiff's appeal of this Court's order to compel and her motion for sanctions based on defendant's prior motion to dismiss, are further proof of her willfulness and the futility of a lesser sanction. Also, plaintiff has been noncompliant for over a year, since the outset of the litigation, and has given no reasonable excuse for her failure to comply with discovery orders and demands. Finally, plaintiff cannot in good faith claim that she is not on notice of the possibility of dismissal. This is defendant's third motion to this Court addressing plaintiff's willful failure to comply with her discovery obligations, and this Court cautioned her, without any ambiguity, that she faced dismissal of her complaint if she did not provide discovery. See Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 11/29/2021.

In compliance with Rule 37(a), Defendant has made numerous good faith attempts, as delineated above and in the attached Rule 37 Certification, to obtain the requested and outstanding discovery. Plaintiff has nonetheless refused to provide the outstanding discovery and

has not offered any reason justifying her failure, and now refusal, to do so.  In failing to provide the outstanding discovery, Plaintiff has also failed to abide by this Court's numerous discovery orders.  As such, Defendant respectfully requests that plaintiff's complaint be dismissed in its entirety, with prejudice.

Defendant also respectfully requests that he be awarded attorney's fees and costs for making this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure.  See Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 14187, *18 (E.D.N.Y. 2019) (recommending that the action be dismissed with prejudice where plaintiffs were non-responsive, failed to provide discovery, and otherwise failed to abide by court orders), adopted by Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 107925, *2, (E.D.N.Y. 2019); Farmer v. Hyde Your Eyes Optical, Inc., 2015 U.S. Dist. LEXIS 62904, *29 (S.D.N.Y 2015) (assessing monetary sanctions against plaintiff where he refused to provide discovery and comply with court orders, including the production of medical records and releases).

## **CONCLUSION**

For the reasons outlined above, Defendant respectfully requests that the Court grant his Motion to Dismiss based on plaintiff's willful refusal to comply with discovery demands and Court Orders.  Lastly, reasonable attorney's fees and costs associated with making this Motion are requested as Defendant attempted in good-faith to resolve these issues prior to making the motion.

Dated: White Plains, New York
      February 4, 2022

Alejandra R. Gil  (AG 7582)

**[SA-84]**

**Velazquez, Bernice**

| | |
|---|---|
| **From:** | Velazquez, Bernice |
| **Sent:** | Friday, February 4, 2022 2:27 PM |
| **To:** | 'jae@lawjsl.com' |
| **Cc:** | Gil, Alejandra R. |
| **Subject:** | Minhye Park v. David Dennis Kim, M.D.; Our File No.:  778-1018; Motion to Dismiss |
| **Attachments:** | Park- Notice of Motion.pdf; Park- Declaration in Support of Motion to Dismiss.pdf; Park- Memo of Law for Motion to Dismiss.pdf; Park- Rule 37 Certification.pdf; Park - Exhibit N -Plaintiff's Expert Report.PDF; PARK -Exhibit O - Defendant's Letter to Plaintiff dated September 17, 2021.PDF; PARK - Exhibit P - Defendant's Responses to Plaintiff's Interrogatories and Demand for Production of Documents.PDF; Park- Exhibit Q - Plaintiff's Letter to Defendant dated January 28, 2022, regarding deficiencies.pdf; PARK - Exhibit R - Defendant's Letter to Plaintiff dated February 1, 2022, responding to deficiency letter and Defendant's Expert Report.PDF |

On behalf of attorney, Alejandra R. Gil, Esq., attached please find the attached as it pertains to the above-referenced matter:

1. **Notice of Motion;**
2. **Declaration in Support of Motion to Dismiss (with Exhibits:  N, O, P, Q, and R);**
3. **Memo of Law for Motion to Dismiss; and**
4. **Rule 37 Certification.**

Thank you.

Bernice Velazquez
Legal Secretary
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
Tel:  (914) 559 - 3100
Fax: (914) 949 - 1160
www.hpmb.com



**[SA-85]**

## Attachment 4 to Memorandum of Law -
## Certificate of Service [SA-85 - SA-88]

Case 1:20-cv-02636-PKC-LB    Document 35-4    Filed 03/04/22    Page 1 of 2 PageID #: 482

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MINHYE PARK,

                                     Plaintiff,

      -against-

DAVID DENNIS KIM, M.D.,

                                     Defendant.

------------------------------------------------------------------X

Index No.:  1:20-cv-02636

### RULE 37 CERTIFICATION

        I hereby certify our firm has attempted to obtain the outstanding discovery that is the subject of this motion by way of our correspondence dated January 12, 2022, in which we requested an extension of time to complete discovery and noted that plaintiff had still not complied with the Defendant's demands addressed in our September 16, 2021 letter motion.  On January 28, 2022, plaintiff provided three items of discovery, two of which had already been provided.  In correspondence dated February 1, 2022, we again reminded plaintiff that discovery remained outstanding.  To date, plaintiff has not provided any additional discovery.

        Permission to make this motion was granted by this Court by Order dated January 13, 2022.  Defendant's motion to compel discovery is necessary and has been made in good faith.

        Respectfully Submitted,

        Alejandra R. Gil (AG 7582)

**[SA-86]**

---

**Velazquez, Bernice**

---

| | |
|---|---|
| **From:** | Velazquez, Bernice |
| **Sent:** | Friday, February 4, 2022 2:27 PM |
| **To:** | 'jae@lawjsl.com' |
| **Cc:** | Gil, Alejandra R. |
| **Subject:** | Minhye Park v. David Dennis Kim, M.D.; Our File No.: 778-1018; Motion to Dismiss |
| **Attachments:** | Park- Notice of Motion.pdf; Park- Declaration in Support of Motion to Dismiss.pdf; Park- Memo of Law for Motion to Dismiss.pdf; Park - Rule 37 Certification.pdf; Park - Exhibit N -Plaintiff's Expert Report.PDF; PARK -Exhibit O - Defendant's Letter to Plaintiff dated September 17, 2021.PDF; PARK - Exhibit P - Defendant's Responses to Plaintiff's Interrogatories and Demand for Production of Documents.PDF; Park- Exhibit Q - Plaintiff's Letter to Defendant dated January 28, 2022, regarding deficiencies.pdf; PARK - Exhibit R - Defendant's Letter to Plaintiff dated February 1, 2022, responding to deficiency letter and Defendant's Expert Report.PDF |

On behalf of attorney, Alejandra R. Gil, Esq., attached please find the attached as it pertains to the above-referenced matter:

1. **Notice of Motion;**
2. **Declaration in Support of Motion to Dismiss (with Exhibits: N, O, P, Q, and R);**
3. **Memo of Law for Motion to Dismiss; and**
4. **Rule 37 Certification.**

Thank you.


Bernice Velazquez
Legal Secretary
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
Tel: (914) 559 - 3100
Fax: (914) 949 - 1160
www.hpmb.com



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MINHYE PARK,

                               Plaintiff,

            -against-

DAVID DENNIS KIM, M.D.,

                               Defendant.

----------------------------------------------------------------------X

Index No.:  1:20-cv-02636

### NOTICE OF MOTION TO COMPEL

**PLEASE TAKE NOTICE** that upon the accompanying declaration of Hayley Newman, Esq.,

the exhibits attached hereto, and the accompanying Declaration, Rule 37  Certification and Memorandum

of Law in Support of Defendant's Motion to Compel, dated July 29, 2021, Defendant, David Dennis Kim,

M.D., will move on August 11, 2021 for an Order pursuant to Rule 37(a) of the Federal Rules of Civil

Procedure granting Defendant's motion for an order compelling the production of discovery, documents

and answers to interrogatories.

        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's July 22, 2021 Order,

Plaintiff's oppositions papers shall be served on or before August 5, 2021.

Dated:  New York, New York
          July 29, 2021

                                      Respectfully submitted,

                                        HEIDELL, PITTONI, MURPHY    BACH, LLP

                                By: _____
                                       Hayley Newman  (HN 5509)
                                       99 Park Avenue
                                       New York, New York 10016
                                       Tel:  (212) 286-8585
                                       Fax:  (212) 490-8966
                                       hnewman@hpmb.com

                                       Attorneys for Defendant
                                       DAVID DENNIS KIM, M.D.

2 3  5 .1

**VIA ECF**

TO: Jae Lee, Esq.
JSL LAW OFFICES, P.C.
Attorneys for Plaintiff
626 RXR Plaza
Uniondale, New York 11556

2 3   5 .1

**[SA-89]**

## Exhibit A to Newman Declaration -
## Summons and Complaint [SA-89 - SA-97]

JS 44 (Rev. 02/19)

### CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MINHYE PARK

**DEFENDANTS**

DAVID DENNIS KIM, MD

**(b)** County of Residence of First Listed Plaintiff    S.KOREA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

JSL LAW OFFICES, P.C.
626 RXR PLAZA, UNIONDALE, NY11556, (718) 463-8000

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☒ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Defendant failed to remove the fetus from plaintiff.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
150.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 1:20-cv-02636-PKC-LB   Document 17-2   Filed 07/29/21   Page 3 of 10 PageID #: 49

Case 1:20-cv-02636-PKC-LB   Document 1   Filed 06/18/20   Page 2 of 9 PageID #: 2

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☑

I, JSL LAW OFFICES, P.C. _____, counsel for _____ PLAINTIFF _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐      monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐      the complaint seeks injunctive relief,

☐      the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case; (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☑ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: .

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes    ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes        ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain      ☑ No

I certify the accuracy of all information provided above.

Signature: _____

**[SA-91]**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MINHYE PARK,                                                 Civil Docket No.

                                        Plaintiff,           **COMPLAINT**

        -against-

DAVID DENNIS KIM, M.D.,

                                        Defendant.
-----------------------------------------------------------------------X

Plaintiff, by their attorneys, JSL LAW OFFICES, P.C., as and for their Complaint,

respectfully allege, upon information and belief as follows:

## I. PRELIMINARY STATEMENT

1.   On November 22, 2017, the plaintiff was lawfully on the defendant premises and the

defendant DAVID DENNIS KIM undertook to examine and diagnose, and confirmed that plaintiff

was five weeks pregnant. On November 27, 2017, the defendant undertook plaintiff's surgery to

remove the fetus. On December 19, 2017, plaintiff discovered that the defendant failed to remove

fetus on November 27, 2017 when plaintiff visited a doctor in South Korea who told her that she

was nine weeks pregnant and that the fetus was not healthy and would be born with defects. On

December 29, 2017, the plaintiff underwent surgery to remove the fetus from her womb in South

Korea.

## II. JURISDICTION

2.   This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in

that such jurisdiction is founded upon the diversity of citizenship between the parties to this action

and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five

thousand ($75,000) Dollars and 28 U.S.C. §§ 1331, 1334, and 1367. Plaintiffs' action for declaratory, injunctive, and /or monetary relief is authorized by 28 U.S.C. §§ 1343(a)(VI), 2201 & 2202 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) as a substantial part of the events or omissions giving rise to the claim occurred in Queens County.

## IV. JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

5. Plaintiff MINHYE PARK is at all times relevant hereto, resident of the South Korea.

6. Defendant DAVID DENNIS KIM had its principal place of business in Flushing, NY, County of Queens.

## VI. GENERAL ALLEGATIONS

7. That at all times herein mentioned, defendant DAVID DENNIS KIM, MD was a physician duly licensed to practice medicine in the State of New York.

8. That at all times herein mentioned, defendant DAVID DENNIS KIM represented

himself to be a specialist in the field of Anesthesiology  and Obstetrics  & Gynecology and

represented that he possessed the required and necessary knowledge, education, qualifications,

skills, learning, training and experience to qualify as a specialist in the field.

9.   That at all times herein mentioned, defendant DAVID DENNIS KIM was providing

medical services at 143-16 Sanford Avenue, Flushing, NY 11355.

10.   That at all times herein mentioned, defendant DAVID DENNIS KIM owned, was

one of the owners, a lessee,  or a lessor of the premises located at 143-16 Sanford Avenue,

Flushing, NY 11355.

11.   That at all times hereinafter mentioned, defendant DAVID KIM, M.D managed,

maintained and controlled  a facility, located at 143-16 Sanford Avenue, Flushing, NY 11355.

12.   That all times hereinafter mentioned, plaintiff, MINHYE PARK, sought care and/or

treatment from the defendant, their agents, servants, partners and/or employees, at the aforesaid

facility.

13.   That at all times hereinafter mentioned, the defendants, their agents, servants,

partners and/or employees, undertook and agreed to render treatment and procedure to the plaintiff.

14.   That at all times herein mentioned, defendant DAVID DENNIS KIM had

physicians, nurses and personnel to provide medical care and attention to Plaintiff. That on or

about November 16, 2017, November 17, 2017, November 22, 2017 and November 27, 2017, the

plaintiff was lawfully on the defendant premises and came under the care and treatments of the

defendant DAVID DENNIS KIM.

15.   That the defendant DAVID DENNIS KIM undertook to examine and diagnose, and

confirmed that  plaintiff was five weeks pregnant on November 22, 2018.

16.   That the defendant DAVID DENNIS KIM undertook a surgery to remove the fetus

on November 27, 2017, attention and treatment rendered to the Plaintiff was not in accordance

with accepted standards of good and accepted removal fetus surgery and was negligent and careless

under the circumstances.

17.  That the treatment and procedures rendered by the defendant  were negligent in

failing to timely and properly perform all necessary and proper diagnose, treat and surgical care,

and in failing immediately admit his patient after the surgery the plaintiff was in severe pain as a

result of the surgery.

18.  That on or about **December 19, 2017, Plaintiff first time discovered that**

**defendant failed to terminate the fetus** when Plaintiff visited a doctor in South Korea who told

her that she was nine weeks pregnant and that the fetus was not healthy and would be born with

defects. Plaintiff visited another doctor to get a second opinion and that doctor confirmed what the

previous doctor in South Korea had diagnosed.

19.  That on or about December 29, 2017, the plaintiff finally underwent surgery to

remove the fetus from her womb in South Korea.

20.  The defendants, their agents, servants, partners and/or employees, were negligent

and careless in the services rendered for and on behalf of the plaintiff, MINHYE PARK, in

negligently and carelessly failing and neglecting to use reasonable care in the services rendered

for and on behalf of the plaintiff, MINHYE PARK, in negligently and carelessly failing and

neglecting to heed plaintiff, MINHYE PARK's condition, in negligently and carelessly departing

from accepted practices and services rendered, in failing to successfully operate and/or properly

operate the fetal surgery.

21.  As a result of the foregoing acts, omissions and/or departures from good and

acceptable practice on the part of the defendants, their respective agents, servants, partners and/or employees, the plaintiff, MINHYE PARK, was injured.

22.   That by reason of the foregoing, Plaintiff had additional scars and costs due to the need to repeat the procedure, needed to start her recovery process again and was unable to work for several months. Plaintiff had also suffered and continued physical pain and severe emotional distress, anxiety , fear, required medical care and upset at the failure of the first surgery, and will suffer permanent effects as a result of the Defendant's negligence herein.

23.   That this case falls within one of the exceptions enumerated by CPLR 1602.

24.   That as a result of the foregoing, Plaintiff was caused in a sum in excess of the jurisdictional limitations of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

25.   Plaintiff repeat and reallege each and every allegation contained in paragraphs numbered "1" through "24" of the Complaint as if fully set forth at length herein.

26.   That on November 27, 2017, the plaintiff was lawfully on the defendant's premises.

27.   Defendant, DAVID KIM, M.D. agreed to render professional services to remove the fetus and  failed to proceed the fetal surgery. Due to defendant's negligence and a general duty of care to defendant's patient, MINHYE PARK, this resulted in a botched fetal surgery and the fetus was not successfully removed from the plaintiff's womb.

28.   By reason of the foregoing, the plaintiff was caused to suffer pain, discomfort, disability, and mental and emotional shock and was damaged thereby.

29.   Due to defendant's negligence, plaintiff MINHYE PARK is entitled to compensatory damages in a sum which exceeds the jurisdictional limit of this Court.

Case 22-2057, Document 123-2, 05/05/2023, 3510907, Page34 of 55

**[SA-96]**

Case 1:20-cv-02636-PKC-LB  Document 17-2  Filed 07/29/21  Page 9 of 10 PageID #: 55
Case 1:20-cv-02636-PKC-LB  Document 1  Filed 06/13/20  Page 8 of 9 PageID #: 8

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

30.     Plaintiff repeat and reallege each and every allegation contained in paragraphs numbered "1" through "29" of the Complaint as if fully set forth at length herein.

31.     That Defendant , his agents, servants and/or employees failed to obtain an informed consent in that he failed to provide the plaintiff any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment.

32.     Had informed consent been given, Plaintiff as a reasonably prudent person would not have consented.

33.     That as a result of the foregoing, Plaintiff was caused to sustain damages in a sum in excess of the jurisdictional limitation of this Court.


**WHEREFORE**, Plaintiff demands judgment against defendant on the First Cause of Action and on the Second Cause of Action in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), together with the costs and disbursements of this action, with interest from the date of the verdict to be rendered herein.

Dated: Uniondale, NY
         June 12, 2020

                            JSL LAW OFFICE P.C.


                            _____
                                   JAE S. LEE
                                626 RXR PLAZA
                                UNIONDALE, NY 11556

To:
DAVID DENNIS KIM, M.D.
148-16 Sanford Ave
Flushing, New York 11355

**Exhibit B to Newman Declaration -
Answer [SA-98 - SA-104]**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                                        Index No.: 1:20-cv-02636

                              Plaintiff,                           **ANSWER**

            -against-
                                                                   **TRIAL BY JURY**
DAVID DENNIS KIM, M.D.,                                             **DEMANDED**

                              Defendant.
-------------------------------------------------------------------X

Defendant DAVID DENNIS KIM, M.D., by his attorneys, HEIDELL, PITTONI,

MURPHY & BACH, LLP, upon information and belief, answers the Complaint herein as

follows:

### AS AND TO "PRELIMINARY STATEMENT"

FIRST:  Denies knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "1" except admits that at

times not specifically referenced in the Complaint, Defendant provided treatment to Plaintiff in

accordance with the standard of care and otherwise begs leave to refer all questions of law to the

court and all questions of fact to the trier thereof.

### AS AND TO "JURISDICTION"

SECOND:  Denies knowledge or information sufficient to form a belief as to the

allegations contained in the paragraphs of the complaint designated "2" and "3" and otherwise

begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO "VENUE"

THIRD:  Denies knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "4" and otherwise begs leave

to refer all questions of law to the court and all questions of fact to the trier thereof.

2297064.1

### AS AND TO "JURY DEMAND"

FOURTH:  There are two paragraphs numbered "5" in the Complaint but in response to Plaintiff's first paragraph "5," the Answering Defendant respectfully demands trial by jury on any issue triable of right by a jury pursuant to Fed. R. Civ. P. 38(b).

### AS AND TO "THE PARTIES"

FIFTH:  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint in response to Plaintiff's second paragraph"5" and paragraph"6" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO "GENERAL ALLEGATIONS"

SIXTH:  Denies the allegations contained in the paragraphs of the complaint designated "7," "8," "9," "10," and "11", except admits that at certain times not specifically set forth in the Complaint, the Answering Defendant was and is a Board certified physician duly licensed to practice medicine in the State of New York whose office is located at 143-16 Sanford Avenue, Flushing, NY 11355 and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

SEVENTH:  Denies the allegations contained in the paragraphs of the complaint designated "12," "13," "14," and "15" except admits that at certain times not specifically set forth in the Complaint, the Answering Defendant rendered certain professional services to and for the Plaintiff in accordance with accepted standards of care and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

EIGHTH:  Denies the allegations contained in the paragraphs of the complaint designated "16," "17," and "18".

2297064.1

NINTH:  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "19" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

TENTH:  Denies the allegations contained in the paragraphs of the complaint designated "20," "21," and "22."

ELEVENTH:  The allegations in paragraphs "23" and "24" contain legal conclusions to which no answer is required and the defendant otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE FIRST CAUSE OF ACTION

TWELFTH:  Answering the paragraph of the complaint designated "25," the Answering Defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "24" with the same force and effect as if herein set forth at length.

THIRTEENTH:  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "26" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

FOURTEENTH:  Denies the allegations contained in the paragraphs of the complaint designated "27," "28," and "29".

### AS AND TO THE SECOND CAUSE OF ACTION

FIFTEENTH:  Answering the paragraph of the complaint designated "30," the Answering Defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "29" with the same force and effect as if herein set forth at length.

2297064.1

SIXTEENTH:  Denies the allegations contained in the paragraphs of the complaint designated "31," "32," and "33".

### FOR A FIRST DEFENSE

SEVENTEENTH:  The court does not have jurisdiction over the defendant because defendant was not properly served with a copy of the summons and complaint due to insufficient process.

### FOR A SECOND DEFENSE

EIGHTEENTH:  The court does not have jurisdiction over the defendant because defendant was not properly served with a copy of the summons and complaint due to insufficient service of process.

### FOR A THIRD DEFENSE

NINETEENTH:  That this action was not commenced against defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

### FOR A FOURTH DEFENSE

TWENTIETH:  That the equitable share of liability, if any, of defendant DAVID DENNIS KIM, M.D. shall be determined pursuant to the provisions of Article 16 of the CPLR.

### FOR A FIFTH DEFENSE

TWENTY-FIRST:  That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

### FOR A SIXTH DEFENSE

TWENTY-SECOND:  That this defendant reserves the right to amend his answers and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

2297064.1

### FOR A SEVENTH DEFENSE

TWENTY-THIRD:  Plaintiff has failed to mitigate her alleged damages claimed herein.

### FOR A EIGHTH DEFENSE

TWENTY-FOURTH:  This action is barred or defendant is entitled to a set-off against any award herein as plaintiffs have previously recovered sums for all or part of the damages claimed herein.

### FOR A NINTH DEFENSE

TWENTY-FIFTH:  The amount of alleged damages claimed by plaintiff should be reduced pursuant to CPLR §4545 to the extent of any collateral source benefits, remuneration or compensation received.

### FOR A TENTH DEFENSE

TWENTY-SIXTH:  That as to the cause of action in the Complaint alleging lack of informed consent, Defendant pleads the defenses in New York State Public Health Law § 2805-d.

### FOR AN ELEVENTH DEFENSE

TWENTY-SEVENTH:  That the Complaint was served in contravention of CPLR § 3012-a and is therefore a nullity.

### FOR A TWELFTH DEFENSE

TWENTY-EIGHTH:  That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and without any negligence on the part of defendant.  Damages, if any, are to be diminished proportionally to the culpable conduct of the plaintiff.

2297064.1

### FOR A THIRTEENTH DEFENSE

TWENTY-NINTH:  That the Answering Defendant denies any and all allegations

of plaintiff's complaint not specifically admitted herein.

WHEREFORE, defendant DAVID DENNIS KIM, M.D. demands judgment

dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:  White Plains, New York
October 22, 2020

Yours, etc.,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:

HAYLEY B. NEWMAN
Attorneys for Defendant
DAVID DENNIS KIM, M.D.
99 Park Avenue, 7th Floor
New York, New York 10016
Tel.: (212) 286-8585
Fax: (212) 490-8966
Email: hnewman@hpmb.com

BY ECF

TO:    Jae Lee, Esq.
JSL LAW OFFICES, P.C.
Attorneys for Plaintiff
626 RXR Plaza
Uniondale, NY 11556
jae@lawjsl.com

2297064.1

**Answers to Complaints**
 1:20-cv-02636-PKC-LB Park v. Kim

 **ACO**

### U.S. District Court

### Eastern District of New York

#### Notice of Electronic Filing

The following transaction was entered by Newman, Hayley on 10/22/2020 at 8:57 AM EDT and filed on 10/22/2020

| | |
|---|---|
| **Case Name:** | Park v. Kim |
| **Case Number:** | 1:20-cv-02636-PKC-LB |
| **Filer:** | David Dennis Kim |
| **Document Number:** 7 | |

**Docket Text:**
**ANSWER to [1] Complaint by David Dennis Kim. (Newman, Hayley)**

#### 1:20-cv-02636-PKC-LB Notice has been electronically mailed to:

Hayley B Newman    hnewman@hpmb.com

Jae Soog Lee    jae@lawjsl.com

#### 1:20-cv-02636-PKC-LB Notice will not be electronically mailed to:

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=10/22/2020] [FileNumber=15285575-0
] [828ff6e7f110e370bbd0851ddb993f774ff74ee72256d9d7b3a32ce6ab1e99bea9f8
50e0f9e8a15255354cd999cd786c4830b7c8a0277534aff49c3b3b5b2e654]]

**Exhibit C to Newman Declaration -**
**Defendant First Set of Interrogatories and Demands [SA-105 - SA-118]**

Case 1:20-cv-02636-PKC-LB   Document 17-4   Filed 07/29/21   Page 2 of 15 PageID #: 66

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MINHYE PARK,                                    Index No.: 1:20-cv-02636

                        Plaintiff,              **DEFENDANT'S**
                                                **FIRST DEMAND**
        -against-                               **FOR PRODUCTION**
                                                **OF DOCUMENTS**
DAVID DENNIS KIM, M.D.,

                        Defendant.
-------------------------------------------------------------X

        PLEASE TAKE NOTICE that, pursuant to Rules 26, 33, and 34 of the Federal Rules of

Civil Procedure, defendant DAVID DENNIS KIM, M.D. hereby demands that Plaintiff,

MINHYE PARK, answers fully, in writing and under oath, Defendant's First Set of

Interrogatories. Answers to these Interrogatories shall be provided within thirty (30) days of

service via email to hnewman@hpmb.com and rgibson@hpmb.com and via mail to HEIDELL,

PITTONI, MURPHY & BACH, LLP, 81 Main Street, White Plains, New York 10601.

### REQUESTS FOR PRODUCTION

        1.      Produce any and all documents in Plaintiff's possession pertaining to Plaintiff's

Responses to Defendant's First set of Interrogatories.

        2.      Produce copies of all medical records in Plaintiff's possession concerning the

allegations and injuries in the Complaint, but not limited to, treatment records; gynecologic

records, abortion records, primary care providers or mental health professionals; insurance claim

forms, reports and records; invoices for treatment, whether paid or unpaid; canceled checks

relating to any such treatment or therapy; hospital records; records from health care

facilities/offices; records form surgical clinics/facilities; records from imaging centers; records

from urgent care centers; records from therapy centers and therapists.

2312243.1

3.     Produce copies of all correspondence regarding the claims made in this case that were exchanged by Plaintiff on her behalf to claims personnel or to Defendant Dr. Kim or his office staff exchanged prior to defense counsel's filing of a Notice of Appearance.

4.     Produce copies of any and all documentation that supports a claim of past/future medical expenses, past/future out-of-pocket expenses, or other damages claimed by Plaintiffs.

5.     Correspondence sent by Plaintiffs to Defendants, or anyone else, related to any and all claims in this litigation.

6.     Written or electronic statements made by Plaintiff, Defendants, or any individual(s) identified in connection with the claims and/or issues pertaining to this litigation.

7.     Any video recordings or audiotapes taken or created by Plaintiff of Defendant Dr. Kim or his office staff.

8.     Any diaries, journals, memoranda, notes, appointment books maintained by Plaintiff regarding the allegations or injuries in the Complaint.

9.     Copies of all social media posts by Plaintiff pertaining to allegations or alleged injuries in the Complaint.

10.    All documents that show the identity of any witness to, or any person with knowledge of, facts confirming any of the allegations in the Complaint.

11.    Produce each and every document, electronic recording, or other tangible item, however described, which in any way reflects, underlies or relates to the facts and allegations asserted by Plaintiffs in this action, and which have not previously been identified in response to these requests.

12.    A curriculum vitae setting forth the qualifications of any experts Plaintiff expects to call at the time of trial.

2312243.1

13.   All documents provided by Plaintiff to any expert whom Plaintiffs intend to call as a witness(es) at trial and all documents concerning any facts or opinions about which each such expert(s) is expected to testify.

14.   Copies of any and all written material or other documentation Plaintiff's expert(s) will rely upon in forming his or her opinion.

15.   Any and all documentation indicating whether any part of the cost of medical care or other economic loss sought to be received herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security, Workers' Compensation, Medicaid, public assistance, or employee benefit programs, including the full name and address of each organization, agency, or program providing such replacement or indemnification together with an itemized statement of the amount in which each such claimed item of economic loss was replaced or indemnified by each such organization or program.

16.   All documents supporting the claim for lost wages or other income, including, but not limited to, employment agreements, bank or investment account statements, tax documents (e.g., W-2 forms, 1099 forms) and any other document reflecting income earned or received by Plaintiff from November 2014 through the present.  If Plaintiff is not asserting any claim for lost wages or other income, indicate same and no documentary evidence will be sought.

17.   Produce all documents from any text messaging and/or instant messaging service upon which you received or transmitted any information concerning the claims at issue in this litigation and/or this litigation itself.

18.   Produce all subpoenas served on any person/entity concerning this litigation and all documents received in response to any subpoena.

2312243.1

PLEASE TAKE FURTHER NOTICE, that all documents are to be produced in

English and if the originals exist in Korean, a transcription of those documents along with copies

of the original are to be produced.

Dated: New York, New York
        November 19, 2020

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:_____

HAYLEY B. NEWMAN (HN 5509)
Attorneys for Defendant
DAVID DENNIS KIM, M.D.
99 Park Avenue, 7ᵗʰ Floor
New York, New York 10016
Tel.: (212) 286-8585
Fax: (212) 490-8966
*hnewman@hpmb.com*

TO:   **VIA EMAIL** - *jae@lawjsl.com* **AND REGULAR MAIL**
      Jae Lee, Esq.
      JSL LAW OFFICES, P.C.
      Attorneys for Plaintiff
      626 RXR Plaza
      Uniondale, NY 11556

2312243.1

Index No.:   1:20-cv-02636

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MINHYE PARK,

           Plaintiff,

    -against-

DAVID DENNIS KIM, M.D.,

           Defendant.

---

### DEFENDANT'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS

---

## HEIDELL, PITTONI, MURPHY & BACH, LLP
Attorneys for Defendant
99 Park Avenue
New York, NY  10016
T:  (212) 286-8585
F:  (212) 490-8966

---

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* _____         Signature: _____
                       Attorney(s) for _____

---

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**     *that the within is a (certified) true copy of a* _____ *entered*
                      *in the office of the clerk of the within named Court on* _____ *, 20___.*

☐ **NOTICE OF SETTLEMENT**    *that an Order of which the within is a true copy will be presented for settlement to the*
                      *Hon.* _____ *one of the judges of the within named Court,*
                      *at* _____ *on ,* _____ *, 20___, at*
                      _____ *a.m./p.m.*

Dated:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                            Index No.: 1:20-cv-02636

                              Plaintiff,               **DEFENDANT'S FIRST SET
                                                       OF INTERROGATORIES**

       -against-

DAVID DENNIS KIM, M.D.,

                              Defendant.
-------------------------------------------------------------------X

        **PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33, and 34 of the Federal

Rules of Civil Procedure, defendant DAVID DENNIS KIM, M.D. hereby demands that Plaintiff,

MINHYE PARK, answers fully, in writing and under oath, Defendant's First Set of

Interrogatories. Answers to these Interrogatories shall be provided within thirty (30) days of

service via email to hnewman@hpmb.com and rgibson@hpmb.com and via mail to HEIDELL,

PITTONI, MURPHY & BACH, LLP, 81 Main Street, White Plains, New York 10601.

## DEFINITIONS

        1.    All definitions and rules of construction set forth in Federal Rules of Civil

Procedure and the Local Rules of Civil Procedure for the Southern and Eastern Districts of New

York shall apply to all requests for documentation herein.

        2.    As used herein, the term "document" in addition to the definitions

provided in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of this Court's Local

Rules of Civil Procedure, which are expressly incorporated herein, includes tape, video, or sound

recordings of any type.

        3.    As used herein, the term "plaintiff" refers to MINHYE PARK.

2310224.1

4.      As used herein, the term "defendant" refers to DAVID DENNIS KIM,

M.D.

5.      As used herein, "Complaint" refers to the Complaint in this action filed by

plaintiff.

## INSTRUCTIONS

A.      Plaintiff is required to obtain and furnish all information available to

Defendant.

B.      If an Interrogatory is objected to upon the assertion of privilege or other

protection, identify the privilege or other grounds for withholding the information and state the

factual basis for the claim in detail sufficient enough so as to permit an adjudication of the

validity of the claim.

C.      Respond to each part of the Interrogatory separately.  If part of an

Interrogatory is objected to, that part not objected to will be answered.

D.      In accordance with Rule 26(e) of the Federal Rules of Civil Procedure,

Interrogatories are continuing in nature and require Plaintiff to file supplemental answers if

Plaintiff obtains any further or different information after Plaintiff's initial answers or responses.

This includes up to and through the time of trial.

E.      If any document requested to be identified or described is no longer within

Plaintiff's possession, custody or control, state whether it is (a) missing or lost; (b) destroyed and

the date of destruction; (c) transferred to others and if so, to whom; or, (d) or indicate if

otherwise disposed and explain why and how.  For each instance, explain the circumstances

surrounding such disposition and describe in detail the type of document, the date created, the

author, the contents if known and persons to whom the document was distributed.

2310224.1

## INTERROGATORIES

1.    State the following information pertaining to Plaintiff:

        a.    Full name and any other names(s) by which she has been known;

        b.    Date of birth;

        c.    Residence/home address in November 2017 and in June 2020;

        d.    All countries in which Plaintiff holds citizenship as of June 2020;

        d.    Social Security Number (if known, please indicate).

        e.    Index number and venue for all other litigations to which she has been a party.

2.    Identify all the specific acts and allegations in the Complaint which Plaintiff alleges this Defendant performed or failed to perform which constitute the alleged malpractice. If it will be claimed that the Defendant was negligent due to an omission or failures to act, describe with particularity all of the actions Plaintiff claims this Defendant should have performed.  If it is claimed that this Defendant departed from the standard of care, describe each standard of care that Plaintiff claims was not comported with and describe the actions/omissions allegedly performed by Defendant.

3.    With respect to the Informed Consent claim, identify all risks, benefits and alternatives Plaintiff claims should have been conveyed to her and those that were conveyed by the Defendant regarding the claim in the Complaint for lack of informed consent.

4.    If Plaintiffs claim that Defendants alleged liability is premised upon any statute, regulation, or rule of law, set forth all such statutes or rules of law and the application to this matter.

5.    Identify all witnesses whom Plaintiff will call at trial.

2310224.1

6.     Identify any person who witnessed, was present at, or has knowledge or information concerning the treatment Plaintiff received from Defendant and a general statement of his/her knowledge of the subject matter of this litigation.  This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc. Provide the person's address (or last known address) and a general statement of his/her knowledge relevant to the subject matter of this litigation.  If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

7.     Identify all persons with whom Plaintiff communicated with on the dates upon which she treated with Defendant on November 16, 2017, November 21, 2017, November 27, 2017, and December 13, 2017.  Provide the person's name, address, and describe the sum and substance of the communication.

8.     Identify any person who witnessed, was present at, or has knowledge or information concerning Plaintiff's presentation to Queens Surgical Care Center located in Flushing, New York on November 27, 2017.  This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc.  Provide the person's address (or last known address) and a general statement of his/her knowledge relevant to the subject matter of this litigation.  If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

9.     Identify any person who witnessed, was present at or has knowledge or information concerning Plaintiff's abortion treatment in South Korea.  This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc. Provide the person's address (or last known address) and a general statement of his/her

knowledge relevant to the subject matter of this litigation. If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

10.     If you have identified witnesses to Responses #4, #5 through #9 identify the method of communication, indicating whether it was by telephone, in-person, video remote, text message, Skype, What's App, short hand, or other means, and provide the date of the communication, the names and addresses of the persons present or party to each communication, and the name and address of all persons who had custody of any tangible records of any communications herein referred to, and provide a description of such record.

11.     Identify all communications in Plaintiff's possession regarding the allegations in the Complaint and any and all persons with whom Plaintiff has communicated, whether orally or in writing, with the exception of her counsel. This request includes but is not limited to any expert or physician with whom plaintiff discussed the allegations and damages described in the Complaint.

12.     Identify the existence, custodian, location, and general description of any and all documents, including medical records, that were referred to, examined, or relied on by Plaintiff in preparing the Complaint.

13.     Describe and identify any and all documents, recordings, electronic communication and photographs in Plaintiff's possession relating to the allegations in the Complaint.

14.     Identify all medical conditions, physical and emotional injuries, or aggravations of prior conditions which are claimed to have been sustained by Plaintiff due to the actions and/or inactions of the Defendant.

2310224.1

15.     Identify and provide the name and address of every health care provider and health care entity with whom Plaintiff has treated for the injuries alleged in this case.

16.     Identify and provide the name and address of every gynecologist or medical provider with whom Plaintiff has treated from 2012 up until the present.

17.     Identify and provide the date, location and address of each and every abortion undergone by the Plaintiff.  State the name and address of each physician who Plaintiff treated with for such procedures.

18.     Identify all collateral source providers, medical insurance providers, disability insurance, social security, worker's compensation, or employee benefit programs which Plaintiff possessed from 2012 to present.  For each collateral source provider identify the limits of coverage available to the Plaintiff.  If Plaintiff is in possession of documents responsive to this interrogatory, please provide copies of all documents pertaining to this request.

19.     Identify and provide both the name and address of any and all of Plaintiff's employers in 2017 and 2018 and for any other time periods for which lost earnings will be claimed.  Provide Plaintiff's job title, responsibilities, salary, and hours worked per week for each identified instance of employment.  If Plaintiff is in possession of documents responsive to this interrogatory, please provide copies of all documents, including pay stubs or tax records, pertaining to this request.

20.     Identify any and all expenses incurred by Plaintiff as a result of the incident at issue, including for any abortions and any other expenditures for medical, psychiatric, or psychological treatment, attorneys' fees, and any other item of damages Plaintiff claims in this action.  If Plaintiff is in the possession of documents responsive to this interrogatory, including

2310224.1

receipts or other forms of proof of payment, please provide copies of all documents pertaining to this request.

21.    Provide a computation of all damages alleged in the Complaint. State whether Plaintiffs are claiming special damages and, if so, state separately the total amount claimed by Plaintiffs as special damages for each of the following:

        a.    Past and Future medical expenses;

        b.    Past and Future lost earnings;

        c.    Past and Future pain and suffering;

        d.    Past out-of-pocket expenses; and

        e.    Other damages.

**PLEASE TAKE NOTICE** that, the foregoing demands are ongoing and continuing, and any failure to comply fully and completely with these demands in a timely fashion throughout the duration of this litigation, or as responsive information becomes known or available to Plaintiffs, will be deemed the basis for a motion to preclude Plaintiffs from producing evidence at trial and in support of Plaintiffs' claims herein.

Dated: New York, New York
      November 19, 2020

                Respectfully submitted,

                HEIDELL, PITTONI, MURPHY & BACH, LLP

                By:

                    HAYLEY B. NEWMAN (HN 5509)
                    Attorneys for Defendant
                    DAVID DENNIS KIM, M.D.
                    99 Park Avenue, 7th Floor
                    New York, New York 10016
                    Tel.: (212) 286-8585
                    Fax: (212) 490-8966
                    *hnewman@hpmb.com*

2310224.1

TO:   VIA EMAIL  - *jae@lawjsl.com* AND REGULAR MAIL
      Jae Lee, Esq.
      JSL LAW OFFICES, P.C.
      Attorneys for Plaintiff
      626 RXR Plaza
      Uniondale, NY 11556

2310224.1