Index No.:   1:20-cv-02636

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MINHYE PARK,

           Plaintiff,

     -against-

DAVID DENNIS KIM, M.D.,

           Defendant.

---

## DEFENDANT'S FIRST SET OF INTERROGATORIES

---

### HEIDELL, PITTONI, MURPHY & BACH, LLP
Attorneys for Defendant
99 Park Avenue
New York, NY  10016
T:  (212) 286-8585
F:  (212) 490-8966

---

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* _____      Signature: _____
                      Attorney(s) for _____

---

**PLEASE TAKE NOTICE**

☐   **NOTICE OF ENTRY**      *that the within is a (certified) true copy of a* _____ *entered*
*in the office of the clerk of the within named Court on* _____ *, 20___.*

☐   **NOTICE OF SETTLEMENT**      *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.* _____ *one of the judges of the within named Court,*
*at* _____ *on ,* _____ *, 20___, at*
_____ *a.m./p.m.*

Dated:

[SA-119]

**Exhibit D to Newman Declaration -**
**Plaintiff Response to Demands [SA-119 - SA-126]**

Case 1:20-cv-02636-PKC-LB   Document 17-5   Filed 07/29/21   Page 2 of 9 PageID #: 81

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MINHYE PARK,

                       Plaintiff,

          -against-

DAVID DENNIS KIM, M.D.

                    Defendants
-------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Case No. 1:20-cv-02636

Plaintiff, MINHYE PARK, by his attorneys, JSL LAW OFFICE, P.C., as and for his Response to Defendant  DAVID DENNIS KIM, M.D.'s, First Set of Interrogatories dated November 19, 2020, alleges upon information and belief, as follows:

1.    a. Plaintiff's full name is Minhye Park

      b. Plaintiff's date of birth is ▮▮▮▮▮▮, 1988.

      c.  Plaintiff's residence on June 2020: 11 Changwon-daero 397 neon-gil, Uichang-gu, Hill State Artium City Apt 104-1605, Changwon-si, gyeongsangnam, South Korea.

      Plaintiff's residence on November 2017, temporary address in NY: 43-11 220th Street, Flushing, NY11361.

      d.  Plaintiff is only a citizen of South Korea.

      d.  Social Security Number: None

      e.  Not applicable.  Plaintiff has not been a party nor does not have any other litigations.

2.      The occurrence of the said incident was caused solely and wholly by Defendants, and/or each of them, their agents, servants, contractees, licensees, and/or employees, without any negligence on the part of Plaintiff contributing thereto. Defendants negligently, recklessly, carelessly, willfully and wantonly committed the following acts and omissions, amongst others:

Failed to properly diagnosis; failed to proceed with the fetal surgery; failure to provide a general and medically accepted standard of care upon the Plaintiff that resulted in a botched fetal surgery and the fetus was not fully and successfully removed from the Plaintiff's womb; failure to properly inform the patient of the risks and procedures; failure to properly inform the patients of condition; failure to obtain an informed consent; failure to inform the patient of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment.

3.      Objection. This interrogatory is vague, overly broad and unduly burdensome. Without waiving the objection, none known to Plaintiff at this time other than those individuals identified in the medical records.

4.      See Response #2, *supra.*

5.      Plaintiff has not designated any experts at this time. If and when any expert witness is retained, expert disclosure will be provided.

6.      To be answered after a reasonable amount of discovery is completed.

7.      All of Plaintiff's treating physicians, and his family have knowledge. Please see medical records for the names of his physicians.  In addition, Dr.Kim and Dr. Kim's receptionist, name unknown at this time.

8.      All of Plaintiff's treating physicians and his family have knowledge. Please see medical records for the names of his physicians.

9.      All of Plaintiff's treating physicians and his family have knowledge. Please see medical records for the names of his physicians.

10.     All communications were done in person.

11.     To be answered after a reasonable amount of discovery is completed.

12.     Plaintiff provided to Defendant on 11. 19, 2020.

13.     See Attached.

14.     Already provided all medica records from South Korea. However, defendant refused to provide plaintiff's medical records in 2018 and 2019 although Plaintiff requested several times.

15.     Plaintiff provided all information to Defendants.

16.     See Response #15, *supra*.

17.     Objection.  This interrogatory seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.  Without waiving said objection, Plaintiff underwent said procedure about 13 years ago when she was about 20 years old. Plaintiff does not recall information regarding that procedure.

18.     Insurance information was previously provided to Defendants on November 19, 2020.

19.     Not Applicable.

20.     To be answered after a reasonable amount of discovery is completed.

21.     To be answered after a reasonable amount of discovery is completed.


Plaintiff reserves the right to supplement and amend his Responses up to and through the time of trial.

Dated: Uniondale, New York
          January 18, 2021 (Re-sent)

Yours, etc.

Jae S. Lee, Esq.
JSL LAW OFFICE, P.C.
Attorneys for Plaintiff
626 RXR PLAZA
Uniondale, NY 11556
718) 461-8000

To:   Heidell, Pittoni, Murphy & Bach, LLP
      Attorneys for Defendant
      99 Park Avenue 7th Fl
      New York, New York 10016
      212-286-8585
      hnewman@hpmb.com

## AFFIRMATION OF SERVICE

Index No. 500626/2019

I, Jae S. Lee, Esq., an attorney duly licensed to practice law in the Courts of the State of

New York, alleges and affirms, under the penalty of perjury, the following

On January 17, 2021, I served a true copy of the annexed **PLAINTIFF'S RESPONSE**

**TO DEFENDANT'S FIRST SET OF INTERROGATORIES** by first class mail and email due

to ongoing COVID-19 Pandemic.

To:   Heidell, Pittoni, Murphy & Bach, LLP
      Attorneys for Defendant
      99 Park Avenue 7th Fl
      New York, New York 10016
      212-286-8585
      hnewman@hpmb.com


_____
Jae S. Lee, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINHYE PARK,

                    Case No. 1:20-cv-02636

          Plaintiff,

                    **INITIAL DISCLOSURES**
                    **PURSUANT TO RULE 26**
     -against-

DAVID DENNIS KIM, M.D.

          Defendants
------------------------------------------------------------X

        Plaintiff, MINHYE PARK, by his attorneys, **JSL LAW OFFICE, P.C.**, hereby submits

the following disclosures in accordance with Fed. R. Civ. P. 26 ("Rule 26")

        1.  Rule 26 (a) (1) (A)(i): The name and, if known, the address and telephone number of

each individual likely to have discoverable information, along with the subjects of that information

that the disclosing party may use to support her claims or defenses unless the use would be solely

for impeachment:

              MINHYE PARK: (To be contacted through Plaintiff's Counsel.)

        2.  Rule 26 (a) (1) (A) (ii): A copy or a description by category and location of all

documents, electrically stored information, and tangible things that the disclosing party has in her

possession, custody, or control and may use to support her claims or defenses, unless the use would

be solely for impeachment.

Plaintiff already provided medical records and receipts from South Korea. However, Plaintiff requested her medical records to Defendant Dr. Kim prior to commencing this action, defendant refused to provide plaintiff's medical records. Nonetheless, Plaintiff anticipates that medical records maintained by Defendant Dr. Kim's office and Queens Surgical Care Center will contain pertinent information.

Plaintiff reserves the right to supplement Plaintiff's disclosure after additional discovery and investigation in the future.

Plaintiff reserves the right to supplement and amend her Responses up to and through the time of trial.

Dated: Uniondale, New York
January 18, 2021

Yours, etc.

Jae S. Lee, Esq.
JSL LAW OFFICE, P.C.
Attorneys for Plaintiff
626 RXR PLAZA
Uniondale, NY 11556
718) 461-8000

To: Heidell, Pittoni, Murphy & Bach, LLP
Attorneys for Defendant
99 Park Avenue 7th Fl
New York, New York 10016
212-286-8585
hnewman@hpmb.com

[SA-126]

## Exhibit E to Newman Declaration -
## Letter, Dated February 8, 2021 [SA-127 - SA-130]



ATTORNEYS AT LAW

81 MAIN STREET  WHITE PLAINS, NY 10601-1711
TEL: 914-559-3100  FAX: 914-949-1160
WWW.HPMB.COM

**Bianca M. Van Deusen**
**Associate**
bvandeusen@hpmb.com

February 8, 2021

**VIA E-MAIL - jae@lawjsl.com**
Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:    Minhye Park v. David Dennis Kim, M.D.
       Index No.: 1:20-cv-02636-PKC-LB
       Our File No.: 778-1018

Dear Ms. Lee:

As you know, our firm represents Dr. David Dennis Kim in this action. We are in receipt of your response to Defendant's First Set of Interrogatories dated January 18, 2021 and your Rule 26 Disclosures dated January 18, 2021 and thank you for same. However, please allow this correspondence to serve as a formal rejection to these responses as well as a good faith effort to obtain outstanding discovery.

Specifically, responses to Defendant's First Demand for Production of Documents dated November 19, 2020 remains outstanding. Please provide responses to this demand within ten (10) days in order to avoid motion practice.

Your responses to Defendant's First Set of Interrogatories are deficient. Please see below for a detailed explanation regarding these deficiencies.

•      As to Interrogatory #3: This interrogatory pertains to plaintiff's lack of informed consent claims and demands plaintiff identify "all risks, benefits, and alternatives plaintiff claims should have been conveyed to her" as well as demands plaintiff identify the risks, benefits, and alternatives of the procedures that were actually conveyed to her. Your response, "none known to Plaintiff at this time other than those individuals identified in the medical records" is wholly unresponsive. Please provide a supplemental response that is responsive to the demand.

•      As to Interrogatory #5: This interrogatory demands the identification of <u>all</u> witnesses plaintiff will call at trial. Your response indicates that plaintiff "has not

## HEIDELL, PITTONI, MURPHY & BACH, LLP

NEW YORK    |    CONNECTICUT    |    WESTCHESTER    |    LONG ISLAND

2343191.

JSL Law Offices, P.C.
Re: Minhye Park v. David Dennis Kim, M.D.
February 8, 2021
Page -2-



designated any experts at this time." This response is incomplete. Please identify all witnesses whom Plaintiff will call at trial.

• As to Interrogatory #6: This interrogatory demands plaintiff identify any person who witnessed, was present at, or otherwise has knowledge or information concerning the treatment plaintiff received from Dr. Kim. Your response that this will be answered "after a reasonable amount of discovery is completed" is deficient. Specifically, in various other responses to these interrogatories, including the response to interrogatory #7, you indicate that plaintiff's family has knowledge of her treatment with Dr. Kim. As such, please identify these family numbers, including providing their name and address, in addition to providing a general statement of their knowledge.

• As to Interrogatory #7: This interrogatory demands the identification of all persons plaintiff communicated with on the dates she treated with Dr. Kim. In your response, you identified plaintiff's "family" as having information pertinent to this demand without providing any of the other demanded information. Please identify the family members by name and relationship to plaintiff and provide their address. Additionally, describe the sum and substance of the communications with these persons.

• As to Interrogatory #8: This interrogatory demands that plaintiff provide the identity, including name and address, of persons identified in response to this demand as well as a general statement of that person's knowledge as relevant to this litigation. Your response identifies plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify the family members with this knowledge by name and indicate their address and relationship to plaintiff. Please also give a general statement of each identified family members' relevant knowledge.

• As to Interrogatory #9: As with the above interrogatories, you identify plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify these family members by name and provide their address and relationship to the plaintiff. Also, please provide a general statement of these persons' knowledge as relevant to this litigation.

• As to Interrogatory #10: You indicated that all communications with witnesses identified in responses #4 and #5 - #9 took place in person. However, your response is deficient as it fails to provide the dates of the communications and the names and addresses of the persons present or party to each communication. Please provide this information as demanded in the original interrogatory.

• As to Interrogatory #11: This interrogatory demands communications in Plaintiff's possession. Thus, your response that this information will be provided "after a reasonable amount of discovery is completed" is inappropriate. Please provide the demanded materials, excluding communications plaintiff has had with her counsel.

2343419.1

JSL Law Offices, P.C.
Re: Minhye Park v. David Dennis Kim, M.D.
February 8, 2021
Page -2-



  &bull; As to Interrogatory #13: We are in receipt of four photos provided via email on January 19, 2021. However, in your response, you failed to describe and identify these photos. Please provide descriptions of each of the photos, including identifying where the photo was taken, what the photo is purported to show, and on what date the photo was taken. We also demand original metadata for these files.

  &bull; As to Interrogatory #14: In sum, this interrogatory demands that plaintiff identify her injuries that she claims she sustained due to Dr. Kim's alleged actions or inactions. Your response that medical records from South Korea were already provided and that "Defendant refused to provide plaintiff's medical records in 2018 and 2019…" is not responsive to this interrogatory. Please provide a supplemental response particularizing plaintiff's claimed injuries. Moreover, please note that Defendant was not permitted to release a copy of his medical records to plaintiff's counsel due to their failure to provide a validly executed HIPAA authorization.

  &bull; As to Interrogatory #17: This interrogatory seeks information concerning "each and every abortion" undergone by Plaintiff. Your response identifies one such abortion that occurred approximately 13 years ago. Dr. Kim's medical records also document that plaintiff advised him that she had two abortions prior to the treatment at issue. Plaintiff has also indicated that she underwent another abortion subsequent to her treatment with Dr. Kim and return to South Korea in 2017. Consequently, please amend this response as appropriate. If plaintiff had only one abortion prior to the treatment at issue, please clearly indicate such in writing. If plaintiff did not have an abortion subsequent to her treatment with Dr. Kim, please clearly indicate this in writing as well. For any abortions undergone by Plaintiff, provide the date, location, and address where such procedure occurred. Also provide the names of the physicians plaintiff treated with for these procedures.

  &bull; As to Interrogatory #19: This interrogatory seeks plaintiff's employment information based on her claims for lost earnings. Your response that this interrogatory is "not applicable" is inappropriate as you have indicated plaintiff is asserting claims for lost earnings. Please provide the information demanded in interrogatory #19 or advise that there are no claims for lost earnings.

  &bull; As to Interrogatory #20: This interrogatory demands a computation of plaintiff's damages as alleged in the Complaint. Please provide an appropriate response to this demand. As you are aware, this information was also to be produced pursuant to Rule 26(a) within 14 days of the Rule 26(f) conference. As such, this information is late and must be provided within ten (10) days in order to avoid motion practice.

  Your Disclosures pursuant to Rule 26 are also deficient. Disclosures pursuant to 26(a)(1)(A)(iii) and 26(a)(1)(A)(iv) were not included with your initial Rule 26 Disclosures. Please amend your disclosures to comport with the requirements of Rule 26(a).

2343419.1

Case 1:20-cv-02636-PKC-LB   Document 17-6   Filed 07/29/21   Page 5 of 5 PageID #: 93

JSL Law Offices, P.C.
Re: Minhye Park v. David Dennis Kim, M.D.
February 8, 2021
Page -2-



    Please respond to this correspondence and provide supplemental discovery responses within 10 days.

    Thank you in advance for your prompt attention to this matter. If you have any questions regarding these discovery demands, please feel free to contact me.

Very truly yours,

Bianca M. Van Deusen

2343419.1

# Exhibit F to Newman Declaration -
# Letter, Dated March 9, 2021



ATTORNEYS AT LAW

81 MAIN STREET   WHITE PLAINS, NY 10601-1711
TEL: (914) 559-3100   FAX: (914) 949-1160
WWW.HPMB.COM

Bianca M. Van Deusen
Associate
bvandeusen@hpmb.com

March 9, 2021

**VIA E-MAIL** - *jae@lawjsl.com*

Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:    Minhye Park v. David Dennis Kim, M.D.
       Index No.: 1:20-cv-02636-PKC-LB
       Our File No.: 778-1018

Dear Ms. Lee:

As you know, our firm represents Dr. David Dennis Kim in this action.  Please allow this correspondence to serve as a good faith effort to obtain outstanding discovery.  As noted in our previous good faith letter dated February 8, 2021, responses to Defendant's First Demand for Production of Documents dated November 19, 2020 remain outstanding.  Additionally, your responses to Defendant's First Set of Interrogatories dated January 18, 2021 and your Rule 26 Disclosures were deficient.  These deficiencies were extensively outlined in our February 8, 2021 letter.  A courtesy copy of this letter is enclosed.

Please respond to this correspondence and provide supplemental discovery responses within 10 days.  Thank you for your attention to this matter.  Please feel free to contact me with any questions.

Very truly yours,

Bianca M. Van Deusen

BVD/ja

2363500.1

HEIDELL, PITTONI, MURPHY & BACH, LLP
NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

## Exhibit G to Newman Declaration -
## Letter, Dated April 29, 2021 [SA-132 - SA-134]

Case 1:20-cv-02636-PKC-LB   Document 17-8   Filed 07/29/21   Page 2 of 4 PageID #: 97



81 MAIN STREET   WHITE PLAINS, NY 10601-1711
TEL: (914) 559-3100   FAX: (914) 949-1160
WWW.HPMB.COM

**Bianca M. Van Deusen**
Associate
bvandeusen@hpmb.com

April 29, 2021

**VIA E-MAIL - *jae@lawjsl.com***
Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:   Minhye Park v. David Dennis Kim, M.D.
      Index No.:  1:20-cv-02636-PKC-LB
      Our File No.:  778-1018

Dear Ms. Lee:

As you know, our firm represents Dr. David Dennis Kim in this action.  Please allow this correspondence to serve as a third good faith effort to obtain outstanding discovery.  As noted in our previous good faith letters dated February 8, 2021 and March 9, 2021, responses to Defendant's First Demand for Production of Documents dated November 19, 2020 remain outstanding.  Additionally, your initial Rule 26 Disclosures are deficient as disclosures pursuant to $26(a)(1)(A)(iii)$ and $26(a)(1)(A)(iv)$ were not provided.

In our February 8, 2021 good faith letter, we advised you that your responses to Defendant's First Set of Interrogatories dated January 18, 2021 were deficient.  Please see below for a detailed explanation regarding these deficiencies:

- As to Interrogatory #3:  This interrogatory pertains to plaintiff's lack of informed consent claims and demands plaintiff identify "all risks, benefits, and alternatives plaintiff claims should have been conveyed to her" as well as demands plaintiff identify the risks, benefits, and alternatives of the procedures that were actually conveyed to her.  Your response, "none known to Plaintiff at this time other than those individuals identified in the medical records" is wholly unresponsive.  Please provide a supplemental response that is responsive to the demand.

- As to Interrogatory #5:  This interrogatory demands the identification of all witnesses plaintiff will call at trial.  Your response indicates that plaintiff "has not designated any experts at this time."  This is not responsive to the demand.  Please identify by name all witnesses whom Plaintiff will call at trial.

2389580.1

## HEIDELL, PITTONI, MURPHY & BACH, LLP

NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
April 29, 2021
Page 2



  &bull; As to Interrogatory #6: This interrogatory demands plaintiff identify any person who witnessed, was present at, or otherwise has knowledge or information concerning the treatment plaintiff received from Dr. Kim. Your response that this will be answered "after a reasonable amount of discovery is completed" is deficient. Specifically, in various other responses to these interrogatories, including the response to interrogatory #7, you indicate that plaintiff's family has knowledge of her treatment with Dr. Kim. As such, please identify these family numbers, including providing their name and address, in addition to providing a general statement of their knowledge.

  &bull; As to Interrogatory #7: This interrogatory demands the identification of all persons plaintiff communicated with on the dates she treated with Dr. Kim. In your response, you identified plaintiff's "family" as having information pertinent to this demand without providing any of the other demanded information. Please identify the family members by name and relationship to plaintiff and provide their address. Additionally, describe the sum and substance of the communications with these persons.

  &bull; As to Interrogatory #8: This interrogatory demands that plaintiff provide the identity, including name and address, of persons identified in response to this demand as well as a general statement of that person's knowledge as relevant to this litigation. Your response identifies plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify the family members with this knowledge by name and indicate their address and relationship to plaintiff. Please also give a general statement of each identified family members' relevant knowledge.

  &bull; As to Interrogatory #9: As with the above interrogatories, you identify plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify these family members by name and provide their address and relationship to the plaintiff. Also, please provide a general statement of these persons' knowledge as relevant to this litigation.

  &bull; As to Interrogatory #10: You indicated that all communications with witnesses identified in responses #4 and #5 - #9 took place in person. However, your response is deficient as it fails to provide the dates of the communications and the names and addresses of the persons present or party to each communication. Please provide this information as demanded in the original interrogatory.

  &bull; As to Interrogatory #11: This interrogatory demands communications in Plaintiff's possession. Thus, your response that this information will be provided "after a reasonable amount of discovery is completed" is inappropriate. Please provide the demanded materials, excluding communications plaintiff has had with her counsel.

  &bull; As to Interrogatory #13: We are in receipt of four photos provided via email on January 19, 2021. However, in your response, you failed to describe and identify these photos. Please provide descriptions of each of the photos, including identifying where the photo was taken, what the photo is purported to show, and on what date the photo was taken. We also demand original metadata for these files.

2389580.1

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
April 29, 2021
Page 3



    • As to Interrogatory #14: In sum, this interrogatory demands that plaintiff identify her injuries that she claims she sustained due to Dr. Kim's alleged actions or inactions. Your response that medical records from South Korea were already provided and that "Defendant refused to provide plaintiff's medical records in 2018 and 2019…" is not responsive to this interrogatory. Please provide a supplemental response particularizing plaintiff's claimed injuries. Moreover, please recall that Defendant was not permitted to release a copy of his medical records to plaintiff's counsel due to their failure to provide a validly executed HIPAA authorization.

    • As to Interrogatory #17: This interrogatory seeks information concerning "each and every abortion" undergone by Plaintiff. Your response identifies one such abortion that occurred approximately 13 years ago. Dr. Kim's medical records also document that plaintiff advised him that she had two abortions prior to the treatment at issue. Plaintiff has also indicated that she underwent another abortion subsequent to her treatment with Dr. Kim and return to South Korea in 2017. Consequently, please amend this response as appropriate. If plaintiff had only one abortion prior to the treatment at issue, please clearly indicate such in writing. If plaintiff did not have an abortion subsequent to her treatment with Dr. Kim, please clearly indicate this in writing as well. For any abortions undergone by Plaintiff, provide the date, location, and address where such procedure occurred. Also provide the names of the physicians plaintiff treated with for these procedures.

    • As to Interrogatory #19: This interrogatory seeks plaintiff's employment information based on her claims for lost earnings. Your response that this interrogatory is "not applicable" is inappropriate as you have indicated plaintiff is asserting claims for lost earnings. Please provide the information demanded in interrogatory #19 or advise that there are no claims for lost earnings.

    • As to Interrogatory #20: This interrogatory demands a computation of plaintiff's damages as alleged in the Complaint. Please provide an appropriate response to this demand. As you are aware, this information was also to be produced pursuant to Rule 26(a) within 14 days of the Rule 26(f) conference. As such, this information is late and must be provided within ten (10) days in order to avoid motion practice.

As you are aware, all discovery was ordered to be complete by June 15, 2021. Please call our office to discuss these outstanding discovery issues. We have tried calling your office several times over the last two weeks, but you have not returned our calls.

Kindly provide the outstanding discovery within 10 days to avoid unnecessary motion practice. Thank you for your attention to this matter.

Very truly yours,

Bianca M. Van Deusen

BVD/rk

2389580.1

**Exhibit H to Newman Declaration -**
**Second Demand for Production of Documents [SA-135 - SA-136]**

Case 1:20-cv-02636-PKC-LB   Document 17-9   Filed 07/29/21   Page 2 of 3 PageID #: 101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,

                       Plaintiff,

     -against-

DAVID DENNIS KIM, M.D.,

                       Defendant.

-------------------------------------------------------------------X

Index No.: 1:20-cv-02636

**DEFENDANT'S
SECOND DEMAND
FOR PRODUCTION
OF DOCUMENTS**

        PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant DAVID DENNIS KIM, M.D. hereby demands that Plaintiff, MINHYE PARK, produce the following within twenty (20) days:

### DEMAND FOR PRODUCTION

        1.     Produce copies of MINYE PARK's records from the NATIONAL HEALTH INSURANCE SERVICE (NHIS) of South Korea;

        2.     Any and all other collateral source records for MINYE PARK's treating providers from 2010 to the present; and

        3.     All employment records from 2015 through 2018 that Plaintiff intends to rely upon to support claims for lost earnings.

        PLEASE TAKE FURTHER NOTICE, that all documents are to be produced in English and if the originals exist in Korean, a transcription of those documents along with copies of the original are to be produced.

2403278.1

Dated: New York, New York
       May 24, 2021

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:_____

HAYLEY B. NEWMAN (HN 5509)
99 Park Avenue, 7th Floor
New York, New York 10016
Tel.: (212) 286-8585
Fax: (212) 490-8966
*hnewman@hpmb.com*

Attorneys for Defendant
DAVID DENNIS KIM, M.D.

TO:    **VIA REGULAR MAIL and
       VIA E-MAIL** - *jae@lawjsl.com*
       Jae Lee, Esq.
       JSL LAW OFFICES, P.C.
       Attorneys for Plaintiff
       626 RXR Plaza
       Uniondale, NY 11556

2403278.1

**Exhibit I to Newman Declaration -
Letter, Dated June 21, 2021 [SA-137 - SA-140]**

Case 1:20-cv-02636-PKC-LB   Document 17-10   Filed 07/29/21   Page 2 of 5 PageID #: 104



81 MAIN STREET   WHITE PLAINS, NY 10601-1711
TEL: (914) 559-3100   FAX: (914) 949-1160
WWW.HPMB.COM

**Bianca M. Van Deusen**
Associate
bvandeusen@hpmb.com

June 21, 2021

**VIA E-MAIL** - *jae@lawjsl.com*
Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:   Minhye Park v. David Dennis Kim, M.D.
      Index No.: 1:20-cv-02636-PKC-LB
      Our File No.: 778-1018

Dear Ms. Lee:

Our firm represents Dr. David Dennis Kim in this action. Please allow this correspondence to serve as another good faith effort to obtain outstanding discovery. We have tried calling your office several times to address this outstanding discovery, but you have not returned our calls. We have also sent numerous emails that have gone unanswered. As you know, discovery, including the deposition of Ms. Park, is to be completed by September 30, 2021. In order to comply with the Court's deadline, please provide the outstanding discovery delineated below as soon as possible. This discovery is necessary to prepare for your client's deposition.

Please produce the materials described in Defendant's Second Demand for Production of Documents dated May 24, 2021. Pursuant to this demand, please provide your client's collateral source records from the National Health Insurance Service of Korea and any other collateral source/insurer from 2010 to present, and the employment records that allegedly support the lost earnings claim.

As noted in our previous good faith letters dated February 8, 2021, March 9, 2021, and April 29, 2021, responses to Defendant's First Demand for Production of Documents dated November 19, 2020 remain outstanding. Additionally, your initial Rule 26 Disclosures are deficient. You did not disclose a computation of damages pursuant to $26(a)(1)(A)(iii)$. Please also provide the names of the physicians who performed your client's two previous abortions as well as properly executed authorizations to obtain their records.

Your responses to Defendant's First Set of Interrogatories dated January 18, 2021 were also deficient. Many of your responses to these interrogatories were incomplete or were wholly

2416708.1

**HEIDELL, PITTONI, MURPHY & BACH, LLP**

NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

Jae Lee, Esq.
Re:  Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 2



non-responsive to the interrogatory.  Please see below for a detailed explanation regarding these deficiencies:

- As to Interrogatory #3:  This interrogatory pertains to plaintiff's lack of informed consent claims and demands plaintiff identify "all risks, benefits, and alternatives plaintiff claims should have been conveyed to her" as well as demands plaintiff identify the risks, benefits, and alternatives of the procedures that were actually conveyed to her.  Your response, "none known to Plaintiff at this time other than those individuals identified in the medical records" is wholly unresponsive.  Please provide a supplemental response that is responsive to the demand.

- As to Interrogatory #5:  This interrogatory demands the identification of all witnesses plaintiff will call at trial.  Your response indicates that plaintiff "has not designated any experts at this time."  This is not responsive to the demand.  Please identify by name all witnesses, fact and expert, whom Plaintiff will call at trial.

- As to Interrogatory #6:  This interrogatory demands plaintiff identify any person who witnessed, was present at, or otherwise has knowledge or information concerning the treatment plaintiff received from Dr. Kim.  Your response that this will be answered "after a reasonable amount of discovery is completed" is deficient.  Specifically, in various other responses to these interrogatories, including the response to interrogatory #7, you indicate that plaintiff's family has knowledge of her treatment with Dr. Kim.  As such, please identify these family numbers, including providing their name and address, in addition to providing a general statement of their knowledge.

- As to Interrogatory #7:  This interrogatory demands the identification of all persons plaintiff communicated with on the dates she treated with Dr. Kim.  In your response, you identified plaintiff's "family" as having information pertinent to this demand without providing any of the other demanded information.  Please identify the family members by name and relationship to plaintiff and provide their address.  Additionally, describe the sum and substance of the communications with these persons.

- As to Interrogatory #8:  This interrogatory demands that plaintiff provide the identity, including name and address, of persons identified in response to this demand as well as a general statement of that person's knowledge as relevant to this litigation.  Your response identifies plaintiff's "family" as having knowledge as demanded by this interrogatory.  Please identify the family members with this knowledge by name and indicate their address and relationship to plaintiff.  Please also give a general statement of each identified family members' relevant knowledge.

- As to Interrogatory #9:  As with the above interrogatories, you identify plaintiff's "family" as having knowledge as demanded by this interrogatory.  Please identify these family members by name and provide their address and relationship to the plaintiff.  Also,

2416708.1

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 3



please provide a general statement of these persons' knowledge as relevant to this litigation.

•        As to Interrogatory #10: You indicated that all communications with witnesses identified in responses #4 and #5 - #9 took place in person. However, your response is deficient as it fails to provide the dates of the communications and the names and addresses of the persons present or party to each communication.  Please provide this information as demanded in the original interrogatory.

•        As to Interrogatory #11: This interrogatory demands communications in Plaintiff's possession. Thus, your response that this information will be provided "after a reasonable amount of discovery is completed" is inappropriate.  Please provide the demanded materials, excluding communications plaintiff has had with her counsel.

•        As to Interrogatory #13: We are in receipt of four photos provided via email on January 19, 2021. However, in your response, you failed to describe and identify these photos. Please provide descriptions of each of the photos, including identifying where the photo was taken, what the photo is purported to show, and on what date the photo was taken. We also demand original metadata for these files if this exists.

•        As to Interrogatory #14:  In sum, this interrogatory demands that plaintiff identify her injuries that she claims she sustained due to Dr. Kim's alleged actions or inactions. Your response that medical records from South Korea were already provided and that "Defendant refused to provide plaintiff's medical records in 2018 and 2019…" is not responsive to this interrogatory.  Please provide a supplemental response particularizing plaintiff's claimed injuries. Moreover, please recall that Defendant was not permitted to release a copy of his medical records to plaintiff's counsel due to their failure to provide a validly executed HIPAA authorization.

•        As to Interrogatory #17: This interrogatory seeks information concerning "each and every abortion" undergone by Plaintiff.  Your response identifies one such abortion that occurred approximately 13 years ago.  Dr. Kim's medical records also document that plaintiff advised him that she had two abortions prior to the treatment at issue.  Plaintiff has also indicated that she underwent another abortion subsequent to her treatment with Dr. Kim and return to South Korea in 2017.  Consequently, please amend this response as appropriate. If plaintiff had only one abortion prior to the treatment at issue, please clearly indicate such in writing. If plaintiff did not have an abortion subsequent to her treatment with Dr. Kim, please clearly indicate this in writing as well.  For any abortions undergone by Plaintiff, provide the date, location, and address where such procedure occurred.  Also provide the names of the physicians' plaintiff treated with for these procedures.

•        As to Interrogatory #19: This interrogatory seeks plaintiff's employment information based on her claims for lost earnings.  Your response that this interrogatory is

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 4



"not applicable" is inappropriate as you have indicated plaintiff is asserting claims for lost earnings. Please provide the information demanded in interrogatory #19 or advise that there are no claims for lost earnings.

In addition to the above, you have also not served expert disclosure or an expert report. As you know, we are permitted to depose your expert as part of the discovery process. Please advise when you will be providing this disclosure.

Thank you for your attention to this matter. We look forward to receiving a prompt response so we can avoid the unnecessary need for court intervention.

Very truly yours,

Bianca M. Van Deusen

2416708.1

## Exhibit J to Newman Declaration -
## Medical Records for Treatment with Dr. Kim [SA-141 - SA-179]

Case 1:20-cv-02636-PKC-LB   Document 17-11   Filed 07/29/21   Page 2 of 40 PageID #: 109

QuestQuanum™

### CERTIFICATION OF RECORDS

I hereby certify that the attached medical records are a complete, true and authentic reproduction of records made in the regular course of business at the office of Dr. David Kim concerning the following patient:

Minhye Park
(Patient's Name)

████████ 1988
(Date of Birth)

These records were created at the time of the condition, act, transaction, occurrence or event or within a reasonable time thereafter.

Date: __Nov . 25 , 2020__

_____
(Signature)

Alice Park / Secretary
(Print name/title)

_Dr. David Dennis Kim_

143-16 Sanford Avenue,
Flushing, New York 11355
(Provider's Name & Address)

2312964.1
2049454.1

000001

QuestQuanum™

**David D. Kim, MD**
**Obstetrics and Gynecology**
143-16 Sanford Ave., 1st Floor
Flushing, NY 11355

Tel.  718-445-1700
Fax. 718-445-3097

### Patient Demographic Insurance Form

Name(이름) : Park Min hye _____ Date(날짜): 201ㄲ. 11. 16

Address(주소): 43-11 220St  Bayside NY 11361 _____

City: _____ State: _____ Zip Code: _____

Date of Birth (생년월일): __88__ [redacted]  Cell Phone(전화번호): [redacted]
Home Phone: _____
Work Phone: _____

Primary Insurance Carrier: _____

Insurance ID #: _____ Date Insurance Started: _____

Reason for Visit: _____

Referring Doctor / Friend: _____

Would you like to have a female present as a chaperone during your exam?   YES  (NO)
(검사도중 여성분이 같이 계시길 원하시나요?)
Would you like to have a Korean translator?(한국어 통역이 필요하신가요?)   (YES)  NO

May Dr. Kim's office call you and leave a message? (음성메세지를 남겨도 괜찮은가요?)   (YES)  NO

The provider (David D. Kim, MD) may release to governmental agencies, insurance carriers, or their designated agents or the legal or financial departments representing me or the provider, all information needed to substantiate payment for my medical care and permit representative thereof to examine and make copies of records in relation to such care and treatment.

I hereby assign, transfer and set over to David Kim, MD monies and/or benefits to which I may be entitled from governmental agencies, and insurance carriers or others who are financially liable for my hospitalization and/or medical care to cover the costs of treatment rendered to myself or dependent I will contact David Kim, MD in writing within 30 days of any changes to my insurance and; or of the above information and agree to pay him in full any deductible and co-payment my insurance requires me to pay.

Signature of Patient(서명): _____ Date(날짜): 201ㄲ. 11. 16

000002

QuestQuanum™

**David D. Kim, MD**
Obstetrics and Gynecology
143-16 Sanford Ave., 1st Floor
Flushing, NY 11355

Tel.  718-445-1700
Fax. 718-445-3097

## Patient Consent Form

Our Notice of Privacy Practices provides information about how we may use and disclosed pro-
tected health information about you. The Notice contains a Patient Rights section describing
your rights under the law. You have the right to review our Notice before signing this Consent.
The terms of our Notice may change. If we change our Notice you may obtain a revised copy by
contacting our office.

You have the right to request that we restrict how the protected health information about you is
used or disclosed for treatment, payment, or health care operation. We are not required to
agree to this restriction, but if we do, we shall honor that agreement.

By signing this form you consent to our use and disclosure of protected health information about
you for treatment, payment, and healthcare operations. You have the right to revoke this Con-
sent, in writing, signed by you. However, such a revocation shall not affect any disclosures we
have made in reliance on your prior Consent. The Practice provides this form to comply with the
Health Insurance Portability and Accountability Act of 1996 (HIPPA).

The Patient understands that :

1. Protected health information my be disclosed or used for treatment, payment, or
   healthcare operations.
2. The Practice has a Notice of Privacy Practices and that the patient has the opportunity to
   review this Notice
3. The practice reserves that right to change the Notice of Privacy Practices.
4. The patient has the right to restrict the uses of their information but the Practice does not
   have to agree to those restrictions.
5. The Patient may revoke this Consent in writing at any time and all future disclosures will
   then cease
6. The Practice may condition receipt of treatment upon the execution of this Consent.

This consent was signed by _____Park Min hye_____   11/16/17

(printed name of patient or representative)

_____

Signature (I have received a copy of the privacy notices)      Date

2017. 11. 16

Witness:

(Printed name of Practice representative )      Date

_____

Signature      Date

000003

QuestQuanum™

환자분께서는 의료보험이 현재 유효한지
환자분께서 직접 확인하시고 진찰에
임하셔야 됩니다.
만료된 의료보험으로 진찰을 받으실 경우,
환자분께서 **PAY** 하셔야 합니다.

IT IS YOUR RESPONSIBILITY TO
CHECK THE ELIGIBILITY OF YOUR
INSURANCE BEFORE THE VISIT. IF
YOUR INSURANCE IS NOT ACTIVE AT
THE TIME OF SERVICE, YOU HAVE
TO PAY FOR THE VISIT.

SIGNATURE OF PATIENT: _____

DATE: _____ 2017 . 11 . 16 _____

000004

QuestQuanum™

# 린치증후군 및 유전성 유방암 및 난소암 증후군에 대한위험 평가

환자 이름: Park Min hye          담당 의사:

생년월일: 66          작성 일자: 11/16/17

지침: 귀하와/또는 귀하 가족 (모계(어머니) 또는 부계(아버지)쪽 모두)에 해당하는 경우 Y에 동그라미 표시를 하십시오. 각
내용 다음에, 귀하와의 관계 및 진단 연령을 적으십시오. 귀하 및 다음과 같은 가족 구성원이 해당됩니다:

부모, 형제, 자매, 아들, 딸, 조부모, 손자녀, 숙모, 숙부, 조카, 질녀,
배다른 형제, 사촌, 증조부 및 증손자녀

각각의 항목은 개별적으로 답변하여야 합니다; 질문에 답할 때 동일한 암 진단을 한 번 이상 적을 수 있습니다. 본 설문지는
유전성 유방 및 난소암 증후군, 그리고 린치 증후군의 일반적인 양상에 대한 선별검사 도구입니다. 이 내용을 귀하의
의료진과 공유하여 귀하의 유전성 암 위험을 판정하는데 도움이 되도록 하십시오.

| 대장 및 자궁암 | 지신 | 가족 | 진단 시 연령 |
|---|---|---|---|
| 예 (아니오) 50세 이전에 자궁(자궁내막) 암 | | | |
| 예 (아니오) 50세 이전에 대장암 | | | |
| 예 (아니오) 동일인 또는 부계 또는 모계 쪽에서 2건 이상의 린치 증후군* | | | |

*다음을 포함한 린치 증후군 관련 암: 대장/직장, 자궁/자궁내막, 난소, 위, 신장/요도, 담관, 수장, 췌장, 뇌,
그리고 피지 선종/암종

| 유방 및 난소 암 | 지신 | 가족 | 진단 시 연령 |
|---|---|---|---|
| 예 아니오 50세 이전에 유방암 | | | |
| 예 아니오 난소암 | | | |
| 예 아니오 동일인 또는 부계 또는 모계 쪽에서 2건의 원발성(무관한) 유방암* | | | |
| 예 아니오 남성 유방암 | | | |
| 예 아니오 삼중 음성 유방암† (병리검사상 ER-, PR-, HER2-) | | | |
| 예 아니오 모든 연령대에서 3건 이상의 HBOC 관련 암‡ | | | |
| 예 아니오 모든 연령대에서 HBOC 관련 암의 아시케나지 유대인(Ashkenazi Jewish) 조상 및 개인 또는 가족력‡ | | | |

‡HBOC 관련 암은 유방(DCIS 포함), 난소, 췌장, 그리고 공격성 전립선 암을 포함합니다.
†가족은 부계 및 모계의 1, 2, 3차 직계 존/비속을 포함합니다.

| 예 아니오 | 귀하나 귀하의 가족 중에 유전성 암 위험에 대한 검사를 받은 사람이 있습니까? 있는 경우 기록해 주십시오: |
|---|---|

환자 서명          일자          11/16/17

**설문 검사자 용**
□ 추가적인 위험 평가 및/또는 유전자 검사 대상자: ○ 린치  ○ HBOC
□ 검토를 위해 환자에게 알린 정보
□ 추적관찰 내원 일정          날짜: _____

□ 환자에게 유전자 검사 제인 결과:
  ○ 수락  ○ 거절

의료진 서명           일자  11  16  17

† 삼중 음성 유방암에 대해 자세히 아시려면 귀하의 의료진에게 물어 보십시오.
또는 협회 가이드라인에 근거한 평가 기준. 개별 협회 가이드라인에 대해서는 웹사이트를 방문하십시오
Myriad 및 Myriad 로고는 미국 및 기타 법학 관할지에서 Myriad Genetics, Inc.의 상표 또는 등록 상표입니다.    ©0015          PCRA298-13  MYRIAD₀

000005

000005

David D. Kim, MD

Obstetrics and Gynecology

143-16 Sanford Ave., Flushing, NY 11355

Tel. 718.445.1700   Fax. 718.445.3097

Patient Name:   MIN HYE          PARK
QuestQuantum™

Date of Birth:          1988

D.O.S.

Page 1 of 4

000006

Age        Gravida:        Para:          LMP          QuestQuanum™

**Chief Complaint:**
- Annual GYN visit
- Vaginal discharge
- Vaginal itch
- Missed period
- Irregular menses
- Pregnancy
- Birth control
- Infertility
- Medicine refill
- Patient recalled

dos 11/16/2017 28 year old g3p0020 lmp 10/16/2017 Patient here to request to have an elective termination of pregnancy. Patient denies any nausea, vomitting, pelvic pain, or vaginal bleeding.

HPI:        ht 161cm wt 51kg

**Medical History:**
☑ Patient denies the medical conditions below except for those checked in the box.
- Hypertension
- Asthma
- Diabetes
- Thyroid disorder
- Anemia
- Blood dyscrasia

**Surgical History:**
☐ Patient denies any history of surgical procedures.
1st trimester etop x 2 in korea

**Family History:**
☑ Patient denies family history of any known gynecologic cancer or breast cancer.

**Obstetrical History:**
☑ Patient denies any obstetrical history.

**Gynecologic History:**
☑ **Patient denies any history of gynecologic**

**Social History:**
Marital status:
☑ Single   ☐ Married   ☐ Divorced   ☐ Widowed

Occupational status:
☑ Denies   ☐ Employed   ☐ Student

Toxic habits:
☐ Denies toxic habits
☑ Smokes cigarrettes          1/2 ppd
☐ Drinks alcohol
☐ Uses recreational drugs

Medications:        no

Allergies:
☑ NKDA

000007

**PHYSCIAL EXAM:**

QuestQuanum™

Chaparrone present

| | | | | | |
|---|---|---|---|---|---|
| Height: | inches | Weight | lbs. | PULSE: | beats per min |
| | | | | BP: | /   mmHg |
| | | | | RR: | breaths per min |

CELIA ASHLEY – Secretary
JASMIN KIM – Secretary
SHARON – Secretary

HEENT: | NCAT
PERRLA
Throat clear/supple. No palpable goiter.
General appearance: No apparent distress.

TEMP:      °F

EILEEN KIM – Manager
ALSO AS KOREAN TRANSLATOR

Cardiac:   ☑ S1S2
☑ Regular rate and rhythm.
☑ No murmurs appreciated
Vital signs: P 70 BP 110/70 RR 18

Lungs:    ☑ Clear to ausculatation bilaterally
Breast exam: no palpable masses, tenderness, nipple discharge or lymphadenopathy bilaterally.

Abdomen: ☑ Soft          | Tender | Generalized tenderness       Guarding     | NO   | YES
☑ +Bowel sounds                 Right lower quadrant          Rebound      | NO   | YES
☑ Non Tender                    Left lower quadrant           Rigidity     | NO   | YES
☑ No palpable masses            Right upper quadrant
                                Left upper quadrant

Extremities: ☑ No calf tenderness bilaterally
☑ No edema bilaterally

Skin:    ☑ No visible skin lesions
☑ Normal skin turgor

Pelvic:   External Female Genitalia:
☑ Normal external female genitalia
Vagina:
☑ Normal appearing rugae
☑ No visible discharge
Cervix:
☑ No cervical motion tenderness
☑ No obvious cervical lesions
Uterus:
☑ AV | Mid Position | Retroverted
☑ Non Tender
| Gravid
Adnexae:
| No adnexal tenderness bilaterally
| No palpable masses bilaterally
Rectovaginal:
| No palpable masses
| Normal sphincter tone

Page 3 of 4

**Assessment & Plan**

QuestQuanum™

Patient for elective termination of pregnancy.
UCG was positive in my office today.
By LMP of 10/16/2017 patient has a pregnancy with a gestational age of 4 weeks and 3 days.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000009

## Assessment & Plan

QuestQuanum™

Bedside sonogram reveals a gestational sac, but no fetal pole or yolk sac seen. Patient advised to wait and repeat sonogram next week until the pregnancy grows.
Blood was drawn to check hcg and progesterone levels.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

## Assessment & Plan:
QuestQuanum™

Blood was drawn to check hcg and progesterone levels.
Patient was informed of the risks and benefits of options (medical vs surgical) for elective
termination of pregnancy. Patient was informed that I do not perform medical termination of

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

Assessment & Plan
QuestQuanum™

termination of pregnancy.  Patient was informed that I do not perform medical termination of
pregnancy, but that I do perform surgical termination of pregnancy. And that I could refer her to
Planned Parenthood if she would like to have a medical termination of pregnancy. Patient was

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000012

## Assessment & Plan
QuestQuanum™

informed of the risks of medical termination of pregnancy (including but not limited to pain, bleeding, and/or incomplete explosion of products of conception). Patient was also informed of the risks of a surgical termination of pregnancy (including but not limited to pain, bleeding,

### Tests Performed/Ordered

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

## Assessment & Plan

QuestQuanum™

infection, perforation of the uterus, retained products of conception, and/or cervical laceration.).
Patient understands and all questions were answered.
Minji Jeong (secretary) was present as a korean translator and chaperone.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000014

QuestQuanum™

FINAL

## Shiel
Medical Laboratory

Brooklyn Navy Yard, Building 292
63 Flushing Avenue, Brooklyn, New York 11205
718-552-1000  Fax 718-552-1022

**Medical Director**
Patricia R Romano, M D

*Patricia R. Romano, M. S.*

| **Patient Information** | **Account Information** |
|---|---|
| PARK,MIN HYE<br>SSN:<br>DOB: ▮▮▮ 1988<br><br>Patient Id: 16735-1<br>Phone: ▮▮▮ | David Kim MD<br>143 16 Sanford Avenue<br>Flushing, NY 11355<br><br>Kim,David  M.D. |

| Specimen # | Lab # | Date Collected | Date Received | Date Reported | Sex | Age |
|---|---|---|---|---|---|---|
| LC512036108 | 212191 | 11/16/2017<br>04:14PM | 11/16/2017 | 11/17/2017 | F | 28 |

Lab Notes: Non Fasting

| TESTS | RESULTS | REFERENCE VALUES |
|---|---|---|

### Endocrinology

HCG, Quantitative                         H 256          <5                    mIU/mL
    up to  1 week  5 – 50                      1 – 2 weeks  50 –100
    2 – 3  weeks 100 – 5000             3 – 4 weeks  500–10000
    4 – 5  weeks 1000 – 50000        5 – 6 weeks 10000–100000
    6 – 8  weeks 15000 – 200000     2 – 3 months 10000–100000

Progesterone                    28.72                                              ng/mL
    Expected Results Males < 1.29 ng/mL Normal Females follicular phase <1.0 ng/mL
    luteal phase 2.65 – 21.1 ng/mL mid luteal phase 2.70 –21.25 ng/mL post menopausal
    <1.0 ng/mL Pregnant Females first trimester 4.08 – 33.9 ng/mL second trimester 24.0
    – 76.0 ng/mL third trimester 52.0 – 302.0 ng/mL

David D. Kim, MD

Obstetrics and Gynecology

143-16 Sanford Ave., Flushing, NY 11355

Tel. 718.445.1700   Fax. 718.445.3097

Patient Name: MIN HYE                    PARK
QuestQuantum™

Date of Birth:          1988

D.O.S.

Page 1 of 4

| Age | Gravida: | Para: | LMP | |
|-----|----------|-------|-----|---|

QuestQuanum™

Chief Complaint:

- [ ] Annual GYN visit
- [ ] Vaginal discharge
- [ ] Vaginal itch
- [ ] Missed period
- [ ] Irregular menses
- [ ] Pregnancy
- [ ] Birth control
- [ ] Infertility
- [ ] Medicine refill
- [ ] Patient recalled

dos 11/21/2017 29 year old female g3p0020 here for follow up visit to have elective termination of pregnancy. LMP 10/16/2017. Patient denies any complaints. No nausea, vomitting, pelvic pain or vaginal bleeding.

HPI:          see progress note from 11/16/2017

Medical History:
    [ ] Patient denies the medical conditions below except for those checked in the box.
        [ ] Hypertension
        [ ] Asthma
        [ ] Diabetes
        [ ] Thyroid disorder
        [ ] Anemia
        [ ] Blood dyscrasia

Surgical History:
    [ ] Patient denies any history of surgical procedures.

Family History:
    [ ] Patient denies family history of any known gynecologic cancer or breast cancer.

Obstetrical History:
    [ ] Patient denies any obstetrical history.

Gynecologic History:
    [ ] **Patient denies any history of gynecologic**

Social History:
Marital status:
    [ ] Single    [ ] Married    [ ] Divorced    [ ] Widowed

Occupational status:
    [ ] Denies    [ ] Employed    [ ] Student

Toxic habits:
    [ ] **Denies toxic habits**
        [ ] **Smokes cigarrettes**
        [ ] Drinks alcohol
        [ ] Uses recreational drugs

Medications:

Allergies:
    [ ] NKDA

000017

**PHYSCIAL EXAM:**

QuestQuanum™

Chaparrone present
_ CELIA ASHLEY – Secretary
_ JASMIN KIM – Secretary
_ SHARON – Secretary
_ EILEEN KIM – Manager
_ ALSO AS KOREAN TRANSLATOR

| | | | | | |
|---|---|---|---|---|---|
| Height: | inches | Weight | lbs. | PULSE: | beats per min |
| | | | | BP: | / mmHg |
| | | | | RR: | breaths per min |
| HEENT: | NCAT | | | TEMP: | °F |
| | PERRLA | | | | |

Throat clear/supple. No palpable goiter.
General appearance: No apparent distress.

Cardiac:  ☑ S1S2
☑ Regular rate and rhythm.
☑ No murmurs appreciated
Vitals P80  BP 118/71 RR18

Lungs:  ☑ Clear to auscultation bilaterally

| Abdomen: | | | | | | |
|---|---|---|---|---|---|---|
| ☑ Soft | ☐ Tender | ☐ Generalized tenderness | Guarding | ☐ NO | ☐ YES |
| ☑ +Bowel sounds | | ☐ Right lower quadrant | Rebound | ☐ NO | ☐ YES |
| ☑ Non Tender | | ☐ Left lower quadrant | Rigidity | ☐ NO | ☐ YES |
| ☑ No palpable masses | | ☐ Right upper quadrant | | | |
| | | ☐ Left upper quadrant | | | |

Extremities:  ☑ No calf tenderness bilaterally
☑ No edema bilaterally

Skin:  ☐ No visible skin lesions
☐ Normal skin turgor

Pelvic:  External Female Genitalia:
☑ Normal external female genitalia
Vagina:
☑ Normal appearing rugae
☑ No visible discharge
Cervix:
☑ No cervical motion tenderness
☑ No obvious cervical lesions
Uterus:
☑ AV  ☐ Mid Position ☐ Retroverted
☑ Non Tender
☐ Gravid
Adnexae:
☑ No adnexal tenderness bilaterally
☑ No palpable masses bilaterally
Rectovaginal:
☐ No palpable masses
☐ Normal sphincter tone

Page 3 of 4

Assessment & Plan
QuestQuanum™

Patient for elective termination of pregnancy.
Gestational age by LMP of 10/16/2017 is 5 weeks and 1 day today.
Labs (11/16/2017) hcg 256 and progesterone 28.72.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

**Assessment & Plan**
QuestQuanum™

Bedside sonogram reveals intrauterine pregnancy with a gestational sac and yolk sac present. No feral pole or fetal heart was visualized.
Risks and benefits of options (surgical vs medical) for termination of pregnancy was discussed

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

Case 1:20-cv-02636-PKC-LB Document 17-11 Filed 07/29/21 Page 22 of 40 PageID #: 129

## Assessment & Plan
QuestQuanum™

with patient. Patient declined surgical option and elects to have a medical termination of pregnancy. I informed the patient that I do not offer medical termination of pregnancy, but can refer her to a clinic to follow up that option. I told the patient that I can offer her surgical option

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

## Assessment & Plan
QuestQuanum™

for termination of pregnancy by suction dilatation and curettage. I informed the patient of the risks of this procedure that would include but not be limited to bleeding, pain, infection, retained products of conception, perforation of the uterus, and/or cervical laceration.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

## Assessment & Plan
QuestQuanum™

Patient requests to go to Planned Parenthood for medical termination of pregnancy.  Patient was advised that the option for medical termination of pregnancy should be done less than 70 days from the first day of her last menstrual period. Patient understands and all questions were

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000023

## Assessment & Plan
QuestQuanum™

from the first day of her last menstrual period. Patient understands and all questions were answered.
Minji (secretary) present as chaperone and korean translator.

### Tests Performed/Ordered

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000024







QuestQuanum™

| Patient #:16735-1 | | Date:11/21/2017 |
|---|---|---|

| Primary | Employer | Primary's Insurance |
|---|---|---|
| MIN HYE PARK<br>43-11 220TH STREET<br>BAYSIDE, NY 11361<br>(Home) | Follow up<br>— sono. | Signature is on file |
| Secondary | Employer | Secondary's Insurance |
| | | |

| Patient #16735-1 | Referrals | Statement Message |
|---|---|---|
| MIN HYE PARK<br>43-11 220TH STREET<br>BAYSIDE, NY 11361<br>(Home) | | |
| Patient Insurance 1 | | Patient Insurance 2 |
| | | |

| Misc Patient Information | Custom Reference Info. |
|---|---|
| Birth Date:      1988<br>Sex: Female<br>SSN:<br>Prov: DAVID KIM<br>Chart#: | |
| Relation to Primary | Relation to Secondary |
| Self | Spouse |

000026

David D. Kim, MD

Obstetrics and Gynecology

143-16 Sanford Ave., Flushing, NY 11355

Tel. 718.445.1700    Fax. 718.445.3097

Patient Name:   MIN HYE                    PARK
QuestQuantum™

Date of Birth:              1988

D.O.S.

Page 1 of 4

000027

'Age      Gravida:        Para:        LMP        QuestQuanum™

Chief Complaint:

☐ Annual GYN visit          DOS 12/13/2017 Patient was recalled by my office to review the results of the pathology report from her
☐ Vaginal discharge         procedure on 11/27/2017. Patient denies any complaints of fever, chills, abdominal/pelvic pain or
☐ Vaginal itch              vaginal bleeding.
☐ Missed period
☐ Irregular menses
☐ Pregnancy
☐ Birth control
☐ Infertility
☐ Medicine refill
☐ Patient recalled

HPI:        see progress notes from 11/16/2017 and 11/21/2017.


Medical History:
☐ Patient denies the medical conditions below except for those checked in the box.
   ☐ Hypertension
   ☐ Asthma
   ☐ Diabetes
   ☐ Thyroid disorder
   ☐ Anemia
   ☐ Blood dyscrasia

Surgical History:
☐ Patient denies any history of surgical procedures.


Family History:
☐ Patient denies family history of any known gynecologic cancer or breast cancer.


Obstetrical History:
☐ Patient denies any obstetrical history.


Gynecologic History:
☐ **Patient denies any history of gynecologic**


Social History:
Marital status:                                    Occupational status:
☐ Single    ☐ Married    ☐ Divorced    ☐ Widowed        ☐ Denies    ☐ Employed    ☐ Student

Toxic habits:
☐ **Denies toxic habits**
   ☐ **Smokes cigarrettes**
   ☐ **Drinks alcohol**
   ☐ **Uses recreational drugs**

Medications:


Allergies:
☐ NKDA

**PHYSCIAL EXAM:**

QuestQuanum™

Chaparrone present

CELIA ASHLEY – Secretary
JASMIN KIM – Secretary
SHARON – Secretary
EILEEN KIM – Manager
ALSO AS KOREAN TRANSLATOR

| | | | | | |
|---|---|---|---|---|---|
| Height: | inches | Wieght | lbs. | PULSE: | beats per min |
| | | | | BP: | / mmHg |
| | | | | RR: | breaths per min |

HEENT:
- NCAT
- PERRLA
- Throat clear/supple. No palpable goiter.

General appearance: No apparent distess.

TEMP: °F

Cardiac:
- ☑ S1S2
- ☑ Regular rate and rhythm.
- ☑ No murmurs appreciated

Vitals: p 76 bp 110/62 rr 18

Lungs:
- ☑ Clear to ausculatation bilaterally

Abdomen:
- ☑ Soft
- ☑ +Bowel sounds
- ☑ Non Tender
- ☑ No palpable masses

| | Tender | | Guarding | NO | YES |
|---|---|---|---|---|---|
| | | Generalized tenderness | Rebound | NO | YES |
| | | Right lower quadrant | Rigidity | NO | YES |
| | | Left lower quadrant | | | |
| | | Right upper quadrant | | | |
| | | Left upper quadrant | | | |

Extremities:
- ☑ No calf tenderness bilaterally
- ☑ No edema bilaterally

Skin:
- ☑ No visible skin lesions
- ☑ Normal skin turgor

Pelvic:

External Female Genitalia:
- ☑ Normal external female genitalia

Vagina:
- ☑ Normal appearing rugae
- ☑ No visible discharge

Cervix:
- ☑ No cervical motion tenderness
- ☑ No obvious cervical lesions

Uterus:
- ☑ AV ☐ Mid Position ☐ Retroverted
- ☑ Non Tender
- ☐ Gravid

Adnexae:
- ☑ No adnexal tenderness bilaterally
- ☑ No palpable masses bilaterally

Rectovaginal:
- ☐ No palpable masses
- ☐ Normal sphincter tone

Cervical OS: closed and no bleeding.

Page 3 of 4

## Assessment & Plan
QuestQuanum™

Patient was recalled to review the results of the termination of pregnancy  on 11/27/2017.
Patient reports to have occasional nausea, but denies any fever chills, pelvic pain or vaginal
bleeding. The result of the pathology report reported decidua with reactive changes. No villi

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

## Assessment & Plan
QuestQuanum™

seen. . Pelvic exam: non tender uterus and the cervical os was closed without any bleeding
visualized. Bedside sonogram: small fetus with movement visualized. Gestational age by LMP of
11/16/2017 is 8 weeks and 3 day. I explained to the patient that the pregnancy was still present

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

**Assessment & Plan**
QuestQuanum™

with the gestational sac intact with the fetus present inside of it. I offered to perform a suction
dilation and curettage for her without any fee. Patient declined to have this procedure with me
and elects to go to Korea the last week of December to have this procedure.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

[SA-173]

Assessment & Plan
QuestQuanum™

2. Patient has been smoking 1/2 ppd and taking birth control pills since the day of her procedure. Patient reports taking the birth control pills (from korea) for contraception. Patient was informed of the risk of smoking and taking birth control pills that would include

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

## Assessment & Plan

QuestQuanum™

thromboembolic events (including but not limited to deep vein thrombosis, pulmonary embolism and/or myocardial infarction), and the possibility of death from these events. Patient understands, but she declines to stop either smoking or taking birth control.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000034

Assessment & Plan
QuestQuanum™

Patient demanded a refund for her procedure, and I agreed to return the full amount back to the
patient. Patient to return to pick up her payment.
Minji Jeong (secretary) was present as a korean translator and chaperone throughout the entire

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

Page 4 of 4

000035

## Assessment & Plan
QuestQuanum™

patient. Patient to return to pick up her payment.
Minji Jeong (secretary) was present as a korean translator and chaperone throughout the entire
visit today.

**Tests Performed/Ordered**

☐ PAP Smear

☐ Genprobe

☐ Mammogram

☐ Dexa Scan

000036

QuestQuanum™

OSCA LLC
136-20 38ᵀᴴ Ave., Flushing, NY 11354
Tel. 718-939-9200

Date: November 27, 2017

OPERATIVE REPORT

Name of patient: MINHYE PARK

Patient date of birth: ████ 1988

Preoperative Diagnosis: ELECTIVE TERMINATION OF PREGNANCY

Procedure: SUCTION DILATATION AND CURETTAGE

Postoperative Diagnosis: ELECTIVE TERMINATION OF PREGNANCY

Surgeon: David Kim, MD                    Assistant: None

Anesthesiologist: Gou, MD              Anesthesia: MAC

Complications: None.

Estimated Blood Loss: 20 mL

Specimen(s): PRODUCTS OF CONCEPTION.

Description of Operative Procedure:

After risks and benefits of options were discussed with the patient, informed consent was signed and obtained. Patient understands and accepts possible risks of suction dilatation and curettage, including but not limited to bleeding, perforation of the uterus, infection, perforation of the uterus (with or without possible injury to organs surrounding the uterus (including but not limited to the urinary bladder and/or the bowel), cervical laceration, Asherman's syndrome, and/or pain. Informed consent was signed and obtained. Patient voided urine in the bathroom, and then was transferred to the operating room.

MAC anesthesia was given by Dr. Gou. Patient was then placed in the dorsal lithotomy position, then prepped and draped in sterile fashion. Sterile heavy weighted speculum was placed in the posterior portion of the vaginal vault. A Sims speculum was placed in the anterior portion of the vaginal vault. An Allis clamp was used to grasp the anterior lip of the cervix. The endocervical canal was gently and gradually dilated with Hanks dilators. A 6 mm suction curette was used to perform a suction curettage. A sharp curettage was then gently performed throughout the endometrial cavity until a gritty texture was appreciated. A suction curettage was repeated to remove the remaining products of conception. All instruments were then removed from the vagina. Excellent hemostasis was visualized. Instrument and sponge count were correct times two. Patient was transferred to the recovery room in stable condition.

Discharge Instructions:

1.     Pelvic rest: No sex, no tampons, no douche, and no tub baths for 3 weeks.
2.     Call Dr. Kim and go immediately to NY Hospital of Queens ER if fever, severe abdominal pain, or heavy vaginal bleeding.
3.     Advil 400mg po q 6 hours with food for 3 days prn pain.
4.     Follow up with Dr. Kim in the office in 3 weeks.

000037

QuestQuanum™

DR D KIM 11-27-17
PARK, MINHYE
F, DOB ████ 1988





000038

Case 1:20-cv-02636-PKC-LB   Document 17-11   Filed 07/30/21   Page 10 of 10 PageID #: 147

QuestQuanum™



**NewPath Diagnostics**
Setting The New Standard

## WOMEN'S HEALTH PATHOLOGY REPORT

42-11 Parsons Boulevard, 1ST FL., Flushing, NY 11355
Phone 718-321-1108; Fax 718-321-0158

| PATIENT | PHYSICIAN | SPECIMEN |
|---|---|---|
| PARK, MINHYE<br>Age: 28   DOB: ████ 1988<br>Sex: Female | DAVID KIM, M.D.<br>136-20 38th Avenue 5I<br>Flushing, NY 11354<br>Tel #: 718-939-9200   Fax#: 718-939-7474 | Accession #: S17-10254<br>Date Collected: 11/27/2017<br>Date Received: 11/27/2017<br>Date Reported: 12/04/2017<br># of Jars received: 1<br>Service type: GLOBAL |

## FINAL DIAGNOSIS:

PRODUCT OF CONCEPTION, CURETTAGE

- **Decidua with reactive changes. No villi seen.**
  *Note: Report faxed to Dr. Kim's office (12/03/2017).*

## GROSS DESCRIPTION:

Product of conception, curettage received in formalin, is multiple fragment[s] of tan, soft tissue measuring 20x20x20 mm with possible villi but no fetal parts. The specimen is entirely submitted in 2 cassettes.

**PATHOLOGIST:**

Jianyou Tan, M.D., Ph.D./ Electronically Signed

CPT: 88305
ICD10: Z33.2

Page 1 of 1

000039

Exhibit K to Newman Declaration -
First Request for Admission [SA-180 - SA-185]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MINHYE PARK,

                Plaintiff,

      -against-

DAVID DENNIS KIM, M.D.

              Defendants
-----------------------------------------------------------X

**PLAINTIFF'S FIRST
REQUEST FOR
ADMISSION**

Case No. 1:20-cv-02636

PLEAE TAKE NOTICE, that Plaintiff MINHYE PARK, by their attorneys, JSL LAW

OFFICES, P.C., hereby demands that you produce within twenty days as follows:

**INTERROGATORIES**

    1.  The Defendant has no evidence to support the affirmative defense that the Plaintiff

assumed the risk of her injuries.

    2.  The Defendant has no evidence to support the affirmative defense that the Plaintiff was

contributorily negligent, or that she failed to mitigate her damages.

    3.  The Defendant has no evidence to support the affirmative defense that the Plaintiff's

case fails to state a claim upon which relief can be granted.

    4.  The Defendant failed to remove the fetus from Plaintiff's womb on or about November

27, 2017 during the course of a medical procedure that Dr. Kim performed on the Plaintiff at

Queens Surgical Care Center in Flushing, New York (hereinafter referred to as "surgical

procedure").

5.  The Defendant knew and/or should have known that the fetus was not successfully removed and left alive after the surgical procedure.

6.  The Defendant failed to inform the Plaintiff about the botched fetal surgery and the fetus left alive after the surgery on November 27, 2017. The Defendant only informed untruthfully the Plaintiff that she required an immediate re-surgery to remove debris left in the Plaintiff's womb after the surgery.

7.  The Defendant failed to inform the Plaintiff that the fetus remained alive after the surgery on November 27, 2017 although the Plaintiff complained about severe pain and bleeding for about two (2) weeks after the surgery on November 27, 2017.

8.  The Defendant failed to inform the Plaintiff of the risks and procedures, including but not limited to, that the fetus was not removed and remained alive inside the Plaintiff's womb.

9.  The Defendant failed to obtain an informed consent of the risks and procedures.

10. That as a direct and proximate result of the Defendant's failure of the removal of the fetus, and failure to inform the fetus was left alive after the surgery on November 27, 2017 and the Plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course

of treatment, the Plaintiff required immediate diagnoses at MIRAE and ROSEMOM, and a

surgical care that was performed at ROSEMOM in South Korea.

11. That the follow-up medical care the Plaintiff received by ROSEMOM was medically

necessary and reasonable in light of the injuries the Plaintiff received during the operation

performed by Defendant on or November 27, 2017.

12. That as a direct and proximate result of the fetus left alive in the Plaintiff's womb by

the Defendant, the Plaintiff required medical care and treatment from ROSEMOM, which

included the removal of the alive fetus on or about December 27, 2017.

13. The medical bills that were generated by the additional care the Plaintiff received

following the failure to removal the fetus and left the fetus alive were fair and reasonable and

directly related to the failure to remove the fetus.

14. That the Defendant has no evidence that any of the Plaintiff's medical care and

treatment that she received from ROSEMOM relative to her injury at bar was unreasonable or

unnecessary.

15. That the Defendant has no evidence that any of the Plaintiff's medical diagnosis and

care on or about December 19, 2017 that she received from MIRAE for a second opinion relative

to her injury at bar was unreasonable or unnecessary.

16. That the Defendant has no evidence that any of the Plaintiff's travelling expenses of approximately $3,000.00 for an urgent flight ticket during the holidays peak time to South Korea as soon as the Defendant forced the Plaintiff to undergo an additional corrective surgery on or about December 17, 2017 were unfair, unreasonable, or inflated.

17. That the Plaintiff was disabled from gainful employment due to the injuries sustained on November 27, 2017. Plaintiff started to work a part time job, 3-5 hours a day from December 2020.

18. That the Plaintiff earned approximately $22,000 per year in the year 2017.

19. That the Plaintiff has a temporary and/or permanent injury as a direct result of the Defendant's failure to remove the fetus and left fetus alive in the Plaintiff's womb.

20. That the occurrence of the said incident was caused solely and wholly by Defendant, and/or each of them, their agents, servants, contractees, licensees, and/or employees, without any negligence on the part of Plaintiff contributing thereto. Defendants negligently, recklessly, carelessly, willfully and wantonly committed the following acts and omissions, amongst others:

21. The Defendant failed to properly diagnosis; failed to proceed with the fetal surgery; failure to provide a  general and medically accepted standard of care upon the Plaintiff that resulted in a botched fetal surgery and the fetus was not fully and successfully removed from the

[SA-184]

Plaintiff's womb; failure to properly inform the patient of the risks and procedures;  failure to

properly inform the patients of condition; failure to obtain an informed consent; failure to inform

the patient of any diagnose made, treatment prescribed, and risks and alternatives to said course

of treatment.

Dated: Uniondale, New York
      February 9, 2021

                            Yours, etc.

                            Jae S. Lee, Esq.
                            JSL LAW OFFICE, P.C.
                            Attorneys for Plaintiff
                            626 RXR PLAZA
                            Uniondale, NY 11556
                            718) 461-8000

To:  Heidell, Pittoni, Murphy & Bach, LLP
     Attorneys for Defendant
     99 Park Avenue 7th Fl
     New York, New York 10016
     212-286-8585
     hnewman@hpmb.com

### AFFIRMATION OF SERVICE

#### Case No. 1:20-cv-02636

I, Jae S. Lee, Esq., an attorney duly licensed to practice law in the Courts of the State of

New York, alleges and affirms, under the penalty of perjury, the following

On February 9, 2021, I served a true copy of the annexed **PLAINTIFF'S FIRST SET OF INTERROGATORIES** by first class mail and email due to ongoing COVID-19 Pandemic.

To:  Heidell, Pittoni, Murphy & Bach, LLP
     Attorneys for Defendant
     99 Park Avenue 7ᵗʰ Fl
     New York, New York 10016
     212-286-8585
     hnewman@hpmb.com

_____
Jae S. Lee, Esq.

## Exhibit L to Newman Declaration -
## Letter, Dated March 9, 2021



ATTORNEYS AT LAW

81 MAIN STREET   WHITE PLAINS, NY 10601-1711
TEL: (914) 559-3100   FAX: (914) 949-1160
WWW.HPMB.COM

Bianca M. Van Deusen
Associate
bvandeusen@hpmb.com

March 9, 2021

**VIA E-MAIL** - *jae@lawjsl.com*

Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:   Minhye Park v. David Dennis Kim, M.D.
      Index No.: 1:20-cv-02636-PKC-LB
      Our File No.: 778-1018

Dear Ms. Lee:

As you know, our firm represents Dr. David Dennis Kim in this action. We are in receipt of Plaintiff's First Request for Admission dated February 9, 2021. Unfortunately, we are unable to respond to this document in its current form as it is ambiguous and confusingly drafted. Please note that the caption indicates that it is "Plaintiff's First Request for Admission." However, the only instructions within the document is that our office "produce within twenty days as follows…" This statement is then immediately followed with the title "Interrogatories." The document cannot be responded to because it is contradictory and unclear as to what is sought. Upon information and belief, these are not appropriate inquiries for a Request for Admission and cannot be deemed interrogatories as plaintiff served a separate interrogatory demand and the number of total interrogatories exceeds the limit allowed by the FRCP.

Thank you for your attention to this matter. If you have any questions, please feel free to contact me.

Very truly yours,

Bianca M. Van Deusen

BVD/ja

2363499.1

HEIDELL, PITTONI, MURPHY&BACH, LLP

NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

[SA-187]

## Exhibit M to Newman Declaration -
## Sharefile Receipt Confirmation [SA-187 - SA-188]

2/10/2021 Case 1:20-cv-02636-PKC-LB   Document ... Heidell, Pittoni, Murphy & Bach, LLP   Page 2 of 3 PageID #: 158

View Message



HEIDELL, PITTONI, MURPHY & BACH, LLP

| Toni D. Quinones has sent you files. | Expires 8/12/21 |
|---|---|

A note from Toni D. :

Good afternoon Ms. Lee,

I hope all is well. Attached herewith is a letter response along with a bate stamped, certified copy of Dr. Kim's chart.

Should you have any questions, please do not hesitate to contact me. Thank you for your attention herein.

Best regards,

Toni D. Quinones
Paralegal
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
Tel: (914) 559 - 3100 - Direct Dial (914)559-3136
Fax: (914) 949 - 1160
www.hpmb.com

Download

Trouble with the above link? You can copy and paste the following URL into your web browser:
https://hpmb.sharefile.com/d-cef69ad6733f46ae

ShareFile is a tool for sending, receiving, and organizing your business files online. It can be used as a password-protected area for sharing information with clients and partners, and it's an easy way to send files that are too large to e-mail.

Powered By Citrix ShareFile 2021

Ok

## Sent Message Details



This report was generated at 2/10/21 3:26 PM.

### Recipients

| User | Downloaded | Message Options |
|------|-----------|-----------------|
| jae@lawjsl.com | No | Resend   |   View |
| Hhnewman@hpmb.com | No | Resend   |   View |

### Contents

| Item Name | Size |
|-----------|------|
| PARK LTR TO PC ATTACHING CLIENT RECS.pdf<br>File Box/PARK LTR TO PC ATTACHING CLIENT RECS.pdf | 54 KB |
| PARK - RECORD - (BATE STAMPED-CERTIFIED) DR DAVID KIM (CLIENT).PDF<br>File Box/PARK - RECORD - (BATE STAMPED-CERTIFIED) DR DAVID KIM (CLIENT).PDF | 7 MB |

### History (Last 90 days)

| Item Name | Recipients | Activity Type | Date |
|-----------|-----------|---------------|------|