# 22-2057

## United States Court of Appeals
## for the Second Circuit

MINHYE PARK,

*Plaintiff-Appellant,*

v.

DAVID DENNIS KIM,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

HEIDELL, PITTONI, MURPHY & BACH, LLP
*Attorneys for Defendant-Appellee*
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100
agil@hpmb.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

PRELIMINARY STATEMENT ...............................................................1

QUESTIONS PRESENTED......................................................................2

STATEMENT OF THE CASE..................................................................2

THIS LITIGATION AND PROCEEDINGS BELOW ................................2

ARGUMENT ..........................................................................................11

STANDARD OF REVIEW .....................................................................11

SUMMARY OF ARGUMENT ................................................................11

POINT I..................................................................................................13

   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT
   DISMISSED PLAINTIFF'S COMPLAINT UNDER RULES 37 AND 41(b) ...13

     A.  Rule 37.......................................................................................13

     B.  Rule 41(b)...................................................................................15

     C.  Plaintiff Does Not Challenge Magistrate Bloom's Findings ......16

POINT II .................................................................................................19

   PLAINTIFF HAS NOT ARTICULATED ANY ERRONEOUS OR..................19

POINT III................................................................................................21

   PLAINTIFF ABANDONED ANY ARGUMENT WITH RESPECT TO THE
   AWARD OF ATTORNEY'S FEES..................................................................21

POINT IV................................................................................................22

   PLAINTIFF'S REMAINING ARGUMENTS ARE MERITLESS ....................22

CONCLUSION.......................................................................................23

CERTIFICATE OF COMPLIANCE........................................................24

# TABLE OF AUTHORITIES

## Cases

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) .........................11

*Baptiste v. Sommers,* 768 F.3d 212 (2d Cir. 2014)........................................... 11, 12

*Bhagwanani v. Brown*, 665 Fed. Appx. 41, 2016 U.S. App. LEXIS 19892 (2d Cir. 2016) ...................................................................................................................19

*Blair v. Moore Med., LLC*, 2022 U.S. App. LEXIS 12819 *; 2022 WL 1493743 (2d Cir. 2022)..................................................................................................18

*Burgin v. Seals-Nevergold*, 2022 U.S. App. LEXIS 29351, 2022 WL 12111217 (2d Cir. 2022).............................................................................................. 16, 19

*Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124, 2020 WL 5988525 (2d Cir. 2020)................................................18

*Houghtaling v. Eaton*, 2023 U.S. App. LEXIS 178 (2d Cir. 2023)............ 11, 13, 21

*Lee v. Defendants*, 669 Fed. Appx. 57, 2016 U.S. App. LEXIS 18290, 2016 WL 5864027 (2d Cir. 2016)...................................................................................19

*McDaniel v. County of Schenectady,* 595 F.3d 411 (2d Cir. 2010).......................11

*Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547 (S.D.N.Y. June 4, 2003) ....................................................................23

## Rules

Rule 26 (a)(1)(A)(iii) ..............................................................................................7

Rule 26(a)(2)(B).............................................................................. 1, 7, 17, 21

Rule 37(b)(2)(A)(v)...............................................................................................1

Rules 37 and 41(b) ........................................................................... passim

# PRELIMINARY STATEMENT

Defendant David Dennis Kim, M.D. respectfully submits this brief in opposition to Plaintiff's appeal from a judgment entered in the United States District Court for the Eastern District (Pamela K. Chen, D.J.) dismissing her case and awarding attorney's fees. This is a medical malpractice action in which Plaintiff claims Dr. Kim negligently performed an abortion in November of 2017. Plaintiff further alleges that the procedure was performed without her informed consent. She claims that after the procedure she suffered physical injuries, emotional distress, and was unable to work.

During discovery, Plaintiff failed to produce basic documents related to prior abortions she underwent in South Korea. She also failed to provide complete interrogatory responses despite court orders compelling such production. Plaintiff also failed to produce an expert report that complied with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Defendant moved to dismiss the complaint pursuant to Rule 37(b)(2)(A)(v) and Rule 41(b) of the Federal Rules of Civil Procedure after Plaintiff violated several orders issued by Magistrate Judge Lois Bloom and extensions of deadlines to provide the outstanding discovery. Magistrate Judge Bloom recommended dismissal of Plaintiff's complaint and Judge Chen adopted the Report and Recommendation in full, dismissing the action in its entirety.

The District Court did not abuse its discretion in dismissing the action. Plaintiff's noncompliance was willful and prejudicial to defendant. Accordingly, this Court should affirm Judge Chen's Order.

## QUESTIONS PRESENTED

1.      Did the District Court abuse its discretion when it dismissed Plaintiff's complaint for failing to comply with discovery orders?

2.      Did Plaintiff abandon any argument with respect to the award of attorney's fees?

## STATEMENT OF THE CASE

## THIS LITIGATION AND PROCEEDINGS BELOW

Plaintiff, who was visiting the United States from South Korea, sought treatment from Dr. Kim for abortion services. (A-13.)  Specifically, at 5-weeks of pregnancy, she consulted with him twice before deciding to undergo a surgical abortion on November 27, 2017. (A-13, A-15.)  The abortion was performed at a nonparty medical facility located in Queens, New York.  Plaintiff had one post-procedure appointment with Dr. Kim, then, upon information and belief, Plaintiff returned to South Korea. (A-13, A-16.)  She then instituted this action on June 13, 2020.  (A-13.)

In the Complaint, Plaintiff claims that Dr. Kim was negligent in performing the abortion because he failed to completely remove all products of conception. (A-15 – A-16.) She further alleges that Dr. Kim failed to inform her that the abortion was unsuccessful, despite clear and contemporaneous documentation by Dr. Kim to the contrary. (A-16, A-31 – A-34.) Plaintiff is seeking damages for loss of earnings, past and future pain and suffering, and the need to undergo a second procedure to remove the retained products of conception. (A-13.)

Dr. Kim Answered the Complaint on October 22, 2020. (SA-98.) An Initial Scheduling Conference was held in this case on November 12, 2020. (A-3, A-4.) Due to Plaintiff's failure to follow prior Court orders regarding service of the Summons and Complaint, the Court declined to set complete discovery deadlines at that time, and Plaintiff's counsel was instructed to re-serve the Defendant. *Id.* At the next conference on December 22, 2020, all discovery was ordered to be complete by June 15, 2021. (A-4.)

On November 19, 2020, Defendant's First Set of Interrogatories and First Demand for Production of Documents were served on Plaintiff. (SA-105.) Plaintiff did not serve a response to Defendant's First Set of Interrogatories or her Initial Rule 26 Disclosures until January 18, 2021. (SA-119.) The Rule 26

Disclosures and response to Dr. Kim's Interrogatories were deficient. Plaintiff never provided a response to Defendant's First Demand for Production of Documents.

On February 8, 2021, Defendant sent a detailed letter to Plaintiff's counsel identifying the deficient responses. (SA-127.) Specifically, some of Plaintiff's interrogatory responses were non-responsive to the numbered interrogatory or failed to provide complete information. For example, when asked to identify witnesses to the events described in the Complaint, Plaintiff responded that her "family members" were witnesses but then failed to identify these family members by name or provide addresses for them. (SA-119.)

Plaintiff also disclosed four photos by email, but she failed to provide any metadata for the photos or a description of when or where each photo was taken, nor did Plaintiff describe what each photo purported to show. This information was specifically demanded in Defendant's Interrogatory #13 and requested again by letter dated February 8, 2021. (SA-127.)

Over the ensuing months, Defendant made additional good faith demands for the outstanding discovery. Plaintiff's counsel was served with another letter requesting responses to outstanding discovery on March 9, 2021. (SA-131.) Plaintiff did not respond. Defendant served another letter on Plaintiff's counsel requesting the outstanding discovery on April 29, 2021. (SA-132.) Again, Plaintiff

did not respond. Defendant served a Second Demand for Production of Documents on May 24, 2021. (SA-135.) Plaintiff did not respond.

Despite the above-described diligent efforts, Defendant was unable to obtain all necessary discovery by June 15, 2021. The parties jointly requested an extension of time to complete fact discovery at that time. Defendant agreed to this extension in the belief that Plaintiff would, in the end, cooperate with discovery in good faith and simply needed more time to produce all the discovery owed to Defendant. (A-4.) On June 2, 2021, Magistrate Judge Lois Bloom extended the time to complete discovery to September 30, 2021. (A-4.)

Defense counsel called Plaintiff's counsel five times in June 2021 to discuss the outstanding discovery. Plaintiff's counsel did not return Defense counsel's calls but, on occasion, sent email responses without any further discovery attached. Another good faith letter was sent on June 21, 2021. (SA-137.) Finally, Defense counsel was able to arrange a telephone call with Plaintiff's counsel on July 7, 2021. During the phone conference, Plaintiff's counsel took the position for the first time [if accurate] that Plaintiff had already satisfied her discovery obligations and would not produce any additional documents or supplemental responses to Defendant's demands and interrogatories.

During this call, Plaintiff's counsel suggested that Defendant Dr. Kim owed discovery in response to a document titled "Plaintiff's First Request for Admission." This document was served on February 9, 2021. (SA-180.) In a letter dated March 9, 2021, Defendant's counsel advised Plaintiff's counsel that this request could not be responded to in its current form because the document was confusingly drafted and unclear as to what it sought. (SA-186.) As noted, the document was titled "Plaintiff's First Request for Admission," but the document instructions actually demanded production of discovery "within twenty days as follows…" (SA-180.) This instruction was then immediately followed by the title "Interrogatories." Defendant did not receive a response to the March 9 letter, and Plaintiff did not serve any supplemental discovery demands.

In any event, many of the items of discovery described in the demand are identical to a prior demand served by Plaintiff earlier in this action and responded to by Defendant. When Plaintiff's counsel raised this issue for a second time, Defense counsel responded again by email dated June 21, 2021, and advised Plaintiff that the document could not be responded to in its current form as previously stated in the letter dated March 9, 2021.

Plaintiff's counsel responded that she had not been provided a copy of Dr. Kim's medical chart or the Queens Surgical Care Center Records. In fact,

Plaintiff's counsel was provided a copy of Dr. Kim's records on February 10, 2021. (SA-187.) Further, Defendant has no control over Queens Surgical Center, which is not a party to this case and a wholly separate entity from Dr. Kim. Defendant nevertheless provided a courtesy copy of the record obtained from this nonparty entity to Plaintiff's counsel. At the time of the dismissal, Defendant Dr. Kim did not owe any discovery in this case.

In May 2021, Defendant supplemented his Initial Rule 26 Disclosures to include expert witness disclosure. Plaintiff still has not provided any supplemental response to her Initial Rule 26 Disclosures which were deficient due to her failure to include any computation of damages as required by section (a)(1)(A)(iii) of Rule 26. Nor has she provided complete expert witness information.

On July 29, 2021, Defendant moved to compel the outstanding discovery outlined above. (A-4 – A5.) By Order dated August 11, 2021, the motion was granted and Plaintiff was directed to provide discovery by September 10, 2021. (A-5.)

On September 14, 2021, Plaintiff served an expert disclosure for Dr. John M. Garofalo. (A-91 – A-94.) The report did not comply with the requirements of Rule 26(a)(2)(B). On September 17, 2021, Defendant wrote to Plaintiff and requested supplementation of the report. Defense Counsel also reminded Plaintiff's

counsel that several items of discovery remained outstanding. (SA-21.) In violation of the August 11, 2021 Order, Plaintiff failed to fully respond to Defendant's demands.

On September 16, 2021, Defendant filed a letter requesting leave to file a motion to dismiss based on Plaintiff's failure to provide outstanding discovery. (A28-A30.) On September 18, 2021, Plaintiff moved for a protective order and on September 22, 2021, she moved for sanctions. (A-6.) On September 27, 2021, the court scheduled a telephone conference to be held on October 6, 2021. On September 28, 2021, Plaintiff filed a Notice of Appeal, which stayed discovery. (A-7.)

On November 24, 2021, by Mandate of this Court, Plaintiff's appeal was dismissed effective October 29, 2021. (A-7.) By Order dated November 29, 2021, the stay was lifted and Plaintiff was directed to comply with Defendant's discovery demands by January 14, 2022. Magistrate Judge Lois Bloom specifically stated that this was Plaintiff's "last chance" to comply with the prior Orders to produce discovery. (A-7 – A-8.) In a subsequent Order dated January 13, 2022, the deadline for discovery was extended to January 28, 2022, and a briefing schedule was issued for a motion to dismiss in the event Plaintiff failed to comply with prior court orders. (A-8.)

Plaintiff's deposition was completed over two sessions on January 5-6, 2022, and Dr. Kim's deposition was completed on January 28, 2022. Defendant agreed to proceed with Plaintiff's deposition despite the fact that discovery still remained outstanding. Defendant reserved his right to a further deposition of Plaintiff upon receipt of complete discovery demands.

On January 25, 2022, Defendant served responses to Plaintiff's First Request for Production and First and Second Sets of Interrogatories. (SA-26.) On January 28, Plaintiff served a letter of deficiencies and provided the same previously disclosed expert report, without correcting the deficiencies, a copy of an airline ticket for travel on November 14, and an authorization for National Health Insurance. (SA-45.) The authorization for National Health Insurance appeared to be identical to the one that was previously provided and could not be processed by Defendant. On February 1, 2022, Defendant responded to Plaintiff's deficiency letter and provided an expert disclosure. (SA-55.) As of February 4, 2022, Plaintiff still owed various items of discovery.

On February 4, 2022, Defendant moved to dismiss Plaintiff's complaint under Rules 37 and 41(b) based on Plaintiff's failure to comply with Court orders and requested attorney's fees. (SA-9.) On April 25, 2022, Magistrate Bloom issued a Report and Recommendation, recommending that the District Court grant

Defendant's motion.  (A-276.)  In her Report, Magistrate Bloom noted Plaintiff's multiple failures to abide by the Court's orders and found that her actions were willful, particularly given the court's warnings that the case could be dismissed if Plaintiff did not comply with discovery demands and Court orders.  (A-285 – A-290.)  Magistrate Bloom also recommended an award for reasonable attorney's fees.  (A-296.)

On May 24, 2022, Plaintiff filed objections to Magistrate Blooms Report and Recommendation.  Plaintiff claimed there were erroneous or omitted findings of facts.  (A-298.)

On August 24, 2022, District Judge Chen issued a Memorandum and Order adopting Magistrate Bloom's Report in full.  (A-341.)  Judge Chen determined that the "vast majority of Plaintiff's objections raise issues, arguments, and alleged facts that are not relevant to Defendant's motion or Magistrate Bloom's R & R."  (A-344.)  Judge Chen concluded that "given the lack of valid objections to the R & R, and the nature and duration of Plaintiff's noncompliance, dismissal is appropriate."  (A-345.)

Plaintiff filed a Notice of Appeal on September 18, 2022.  (A-351.)

## ARGUMENT

## STANDARD OF REVIEW

The Second Circuit reviews dismissals under Rules 37 and 41(b), and awards for attorney's fees, for abuse of discretion, "remaining mindful that dismissal is a 'harsh remedy to be used only in extreme situations.'" *Houghtaling v. Eaton*, 2023 U.S. App. LEXIS 178 (2d Cir. 2023) *quoting Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also Baptiste v. Sommers,* 768 F.3d 212, 216-17 (2d Cir. 2014); *McDaniel v. County of Schenectady,* 595 F.3d 411, 416 (2d Cir. 2010).

## SUMMARY OF ARGUMENT

The District Court did not abuse its discretion when it dismissed Plaintiff's complaint and awarded attorney's fees.

First, when considering whether dismissal is warranted under Rule 37, the court should consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Similarly, when reviewing a dismissal under Rule 41(b) for failure to comply with court orders, the district court "must

weigh five factors: (1) the duration of the Plaintiff's failure to comply with the court order, (2) whether Plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014). In the Report and Recommendation, Magistrate Bloom addressed each of these factors and concluded that dismissal was warranted. Magistrate Bloom did not misstate facts, as is claimed by Plaintiff. (*See e.g.* Appellant's Br. at p. 5-6.) Rather, it is Plaintiff who makes misrepresentations in her brief with citations to the record that are misleading and do not support her arguments.

Second, Plaintiff's brief does not challenge the award of attorney's fees. The Court appropriately awarded reasonable attorney's fees because Plaintiff's failure to comply with discovery orders was not justified.

Third, Plaintiff's remaining arguments regarding Defendant's alleged failure to comply with discovery demands should be disregarded. These baseless arguments were rejected by Magistrate Bloom and District Judge Chen and have no bearing on Plaintiff's own noncompliance.

## POINT I

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DISMISSED PLAINTIFF'S COMPLAINT UNDER RULES 37 AND 41(b)

As a preliminary matter, Plaintiff does not specifically challenge the lower court's finding that above-described elements of Rules 37 and 41(b) were satisfied. Plaintiff's brief does not even discuss these factors, stating only that "Plaintiff had not violated any discovery order, and there was no willful, bad faith, or fault on Plaintiff's part." (Appellant's Br. at 7.) By failing to address the district court's evaluation of the factors under Rules 37 and 41(b), Plaintiff has forfeited the issues on appeal. *See Houghtaling*, 2023 U.S. App. LEXIS 178, *3-4.

As she has throughout this litigation, rather than presenting a cogent legal argument against dismissal, Plaintiff's counsel continues to insist, inaccurately, that she complied with the District Court's orders. Plaintiff plainly did not.

A.    Rule 37

First, Magistrate Bloom found that the Court's orders were clear, and that Plaintiff had failed to provide required materials since the start of discovery. Magistrate Bloom concluded that Plaintiff's practice of ignoring the Court's directives established that the non-compliance was wilful.

Second, Magistrate Bloom noted that counsel was warned multiple times that her failure to comply with the Court's directives could result in dismissal, but Plaintiff's counsel continued to defy the Court orders. Of note, Plaintiff's counsel acknowledges in her brief that she was warned during the August 2021 conference of the risk of sanctions, including dismissal. (Appellant's Br. at 3.) Relying on Plaintiff's counsel's representations during the August 2021 conference, and her statements in the underlying motion papers, Magistrate Bloom reasonably concluded that a lesser sanction would not be effective and dismissal was warranted.

Third, Magistrate Bloom calculated the period of noncompliance as starting in August 2021 and continuing through the filing of the motion to dismiss in February 2022, and held that it was significant enough to prejudice Defendant by prolonging the period of discovery. Furthermore, the Court had extended the deadline for discovery, and Plaintiff still did not comply. As such, dismissal was warranted.

Fourth, even if it could be said that Plaintiff's counsel was not warned (she plainly was during the August 2021 conference) that noncompliance could result in dismissal, the briefing schedule for the motion to dismiss certainly put Plaintiff on notice that failure to comply could result in dismissal. Plaintiff cannot in good faith argue that she was not on notice.

B.    Rule 41(b)

In addition to the four factors outlined above for dismissal under Rule 37, dismissal under Rule 41(b) considers: 1) prejudice to the defendant, and 2) balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard.

Magistrate Bloom concluded that the length of noncompliance dating back to 2017 was prejudicial to Defendant.  Specifically, Magistrate Bloom noted that in actions involving insurance and medical records, the passage of time can result in destruction of vital records.  Also, each period of noncompliance increases the amount of legal expenses for the defendant.  Magistrate Bloom concluded that the prejudice to the Defendant was evident and warranted dismissal.

Turning to the next factor, balancing the Court's interest in managing its docket with Plaintiff's interest in having her case heard, Magistrate Bloom found that Plaintiff's failure to comply with discovery orders undermined her interest in being heard.  Despite the Court's generosity in hearing the parties on their discovery disputes, and extending the deadlines to exchange discovery, Plaintiff continued to willfully disobey Court orders.  Magistrate Bloom concluded that Plaintiff's interest in having her case heard did not outweigh her obligation to comply with Court

orders. As such, dismissal was warranted. *See Burgin v. Seals-Nevergold*, 2022 U.S. App. LEXIS 29351, 2022 WL 12111217 (2d Cir. 2022).

C.     Plaintiff Does Not Challenge Magistrate Bloom's Findings

As detailed above, Magistrate Bloom addressed each of the factors to be considered for dismissal under Rules 37 and 41(b). By contrast, Plaintiff only superficially addresses the willfulness factor in her brief.

Plaintiff argues she provided an authorization for her collateral source records, and that nothing more is required of her. (Appellant's Br. at 8.) This item of discovery was addressed in various court orders. Defendant demanded an authorization AND the actual collateral source records, and Plaintiff was directed to provide both by order dated August 11, 2021. This was noted in the Report and Recommendation. Plaintiff does not dispute her noncompliance with this order in her brief. In her objection to the Report and Recommendation, Plaintiff argued that she is not obliged to produce documents where "Plaintiff has no custody of the medical records or reasonable access to the records." (SPA-7 – SPA-8). But Plaintiff has consistently failed to show she made even a minimal effort to obtain Plaintiff's collateral source records. Rather, Plaintiff has repeatedly stated that she does not

work for Defendant and that she need only provide an authorization. Willfulness has clearly been established.

Plaintiff also states she provided an expert report, but she does not explain why the deficiencies of her report, as stated in defendant's correspondence to Plaintiff, and noted in the Report and Recommendation, should be disregarded. Plaintiff has not offered any legal argument as to why her expert report should be considered proper under FRCP Rule 26(a)(2)(B). (Appellant's Br. at p. 8-9.) This is further evidence of Plaintiff's willful disregard of court orders and the Federal Rules of Civil Procedure.

Finally, as to her documentation of lost earnings, Plaintiff continues to insist that documentation is not required and that her lost earnings can be calculated based on her testimony and pursuant to the New York Worker's Compensation Act. (Appellant's Br. at 9.) Plaintiff again disregards the court orders directing her to provide documentation of her lost earnings, and she offers no legal support for her reliance on the New York Worker's Compensation Act. Plaintiff's failure to offer any explanation or excuse beyond what she has already articulated in prior motion practice is further proof of her willful noncompliance.

Plaintiff does not address the period of noncompliance, efficacy of lesser sanction, notice of possible dismissal, prejudice to defendant, or balancing of

the Court's interest in managing its docket with Plaintiff's interest in being heard. Consequently, this Court should find that dismissal was warranted, and affirm the District Court's Order. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124, 2020 WL 5988525 (2d Cir. 2020 (affirming dismissal of *pro se* plaintiff's complaint pursuant to Rules 37 and 41(b) based on plaintiff's willful noncompliance with discovery orders over a period of eleven months. The court also found that the delay was prejudicial to defendants and that the court's interest in managing its docket outweighed plaintiff's interest in having his case heard.)

The Second Circuit has affirmed dismissals under Rules 37 and 41(b) in cases with facts similar to those presented here. In *Blair v. Moore Med., LLC*, 2022 U.S. App. LEXIS 12819 *; 2022 WL 1493743 (2d Cir. 2022), this Court held that all factors for dismissal under Rule 41(b) had been satisfied. *Id.* The period of noncompliance in *Blair* was approximately seven months and plaintiff had received fair warning that her failure to comply could result in dismissal. Similar to plaintiff in the instant matter, Blair did not support her conclusory assertions that she had resolved the numerous discovery deficiencies, even after defendant clearly outlined the deficiencies. *Id.* at *5.

In *Burgin v. Seals-Nevergold*, 2022 U.S. App. LEXIS 29351 *; 2022 WL 12111217 (2d Cir. 2022), this Court affirmed dismissal finding that all factors under Rule 37 had been satisfied. "The court placed particular emphasis on (1) Burgin's 18 months of general noncompliance; (2) his six months of refusal to obey court orders; (3) the court's repeated warnings that noncompliance could lead to dismissal; and (4) the inefficacy of lesser sanctions." *Id.* at *3. *See also Bhagwanani v. Brown*, 665 Fed. Appx. 41, 2016 U.S. App. LEXIS 19892 (2d Cir. 2016) (affirming Rule 37 dismissal because the district court's decision did not rest on an error of law or fact.) ; *Lee v. Defendants*, 669 Fed. Appx. 57, 2016 U.S. App. LEXIS 18290, 2016 WL 5864027 (2d Cir. 2016)(affirming dismissal under Rules 37 and 41(b) noting that plaintiff's "noncompliance was willful, as she responded directly to discovery obligations by explaining why she was not complying and the reasons she gave were "unsupported.")

## POINT II

## PLAINTIFF HAS NOT ARTICULATED ANY ERRONEOUS OR OMITTED FACT FINDINGS

According to Plaintiff, the district court erred in: 1) misstating the facts regarding Plaintiff's objections to defendant's compliance with discovery obligations, and wrongly stated that Plaintiff had not raised arguments about

defendant's non-compliance before Magistrate Bloom; 2) characterizing Plaintiff's compliance with discovery orders and Defendant's outstanding discovery responses; and, 3) making general statements about the Plaintiff's repeated failures to comply, without specific instances or dates of such failures. Plaintiff also seemingly claims that the court misinterpreted Plaintiff's counsel's statements regarding Plaintiff's need for an expert. (Appellant's Br. at 5-6.)

These arguments are baseless. As was addressed in the Report and Recommendation, and Judge Chen's Order, Defendant's alleged noncompliance with discovery demands is irrelevant to the motion to dismiss Plaintiff's complaint. Plaintiff's insistence that her grievances should have been addressed, without a motion by Plaintiff, is misplaced and not supported by any pertinent caselaw.

Next, Plaintiff's claim that Magistrate Bloom mischaracterized Plaintiff's compliance with discovery Orders, without specific instances or dates, defies logic. The Report and Recommendation details the noncompliance by Plaintiff, with clear citations to the record, and Plaintiff has not articulated in what respects these findings were erroneous. To the contrary, Plaintiff's brief simply reiterates her previously rejected arguments that the discovery she provided was sufficient.

Finally, Plaintiff's claim related to her expert report is incomprehensible, but to the extent she again argues that the expert report was sufficient, this was addressed in the Report and Recommendation and Plaintiff offers no caselaw to support her position that her expert report was in compliance with FRCP Rule 26(a)(2)(B).

## POINT III

### PLAINTIFF ABANDONED ANY ARGUMENT WITH RESPECT TO THE AWARD OF ATTORNEY'S FEES

Plaintiff does not challenge the award of attorney's fees in her brief. Although the award of attorney's fees is mentioned in the "Statement of the Issues Presented" (Appellant's Br. at 1), it is not specifically addressed in any legal argument in the brief. Plaintiff has waived this objection. *See Houghtaling*, 2023 U.S. App. LEXIS 178, *3-4. Notwithstanding Plaintiff's waiver, attorney's fees were warranted. *See Houghtaling*, 2023 U.S. App. LEXIS 178, *3 (holding that when a case is dismissed under Rule 37, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.")

## POINT IV

## PLAINTIFF'S REMAINING ARGUMENTS ARE MERITLESS

The subject Memorandum and Order from which Plaintiff appeals addressed only defendant's motion to dismiss. Although Plaintiff was given a deadline of February 4, 2022, to file a motion for sanctions, she failed to timely file such motion. Instead, Plaintiff filed her "motion for sanctions" on March 15, 2022, after the Court had already issued an Order stating that a motion would not be accepted. In the R & R, Magistrate Bloom recommended that the motion for sanctions not be considered, or in the alternative, that it be denied. Judge Chen noted in her Memorandum and Order that Plaintiff offered no specific objection to that portion of the R & R and concluded that there was no clear error in this recommendation.

In her brief, Plaintiff claims that Judge Chen "wrongly stated that Plaintiff had not raised arguments about Defendant's non-compliance before Judge Bloom." (Appellant's Br. at 4-5.) Plaintiff, however, does not address her failure to timely file a motion for sanctions for what she perceived to be Defendant's noncompliance with discovery demands. Instead, she cites to her objections to the R & R and her opposition to the motion to dismiss in which she raised this same flawed argument. (A-298, A-269, A-277-A-278.) This argument was squarely

rejected by Judge Chen when she held that "Defendant's alleged outstanding discovery is irrelevant to the present motion, which is focused on Plaintiff's noncompliance." (SPA-18.) Judge Chen's holding was not erroneous and was supported by relevant caselaw. *See Osrecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02-CV-8993 (LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003).

## CONCLUSION

For the reasons outlined above, Defendant respectfully requests that this Court affirm the District Court's Order. The District Court did not abuse its discretion in dismissing Plaintiff's complaint and Plaintiff has failed to articulate any error in the District Court's findings and conclusions. Accordingly, this Court should affirm Judge Chen's Order.

Dated: White Plains, New York
      May 5, 2023

                                  */s/ Alejandra R. Gil, Esq.*
                                  Alejandra R. Gil (AG7582)

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, Alejandra R. Gil, an attorney duly admitted to practice law before the courts of the United States Court of Appeals for the Second Circuit, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 4,567 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7).


*/s/ Alejandra R. Gil, Esq.*
Alejandra R. Gil (AG7582)