# 22-2057

IN THE

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

MINHYE PARK,

              *Plaintiff-Appellant,*

—against—

DAVID DENNIS KIM,

              *Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

JAE S. LEE
JSL LAW OFFICES P.C.
626 RXR PLAZA
Uniondale, New York 11556
(718) 461-8000

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

                                                                                                                                                                                                            PAGE

Table of Authorities .................................................................................................. ii

Preliminary Statement ............................................................................................... 1

Further Statement of the Case ................................................................................... 1

Argument ................................................................................................................... 5

   I. Standard of Review .......................................................................................... 5

   II. Erroneous Fact Findings and Legal Findings by the District Court ............... 6

Conclusions ............................................................................................................... 7

...

# TABLE OF AUTHORITIES

**Cases:**                                                              **Page(s)**

*Baptiste v. Sommers*, 768 F.3d 212 216 (2d Cir. 2014)..........................passim

*Matter of Bourguignon v. Coordinated Behavioral Health Servs., Inc.*, 114 A.D.3d 947 (3d Dep't 2014)..................................................................................6

**Rules and Statutes**

New York Insurance law Section 2601................................................................3

New York Professional Conduct Rule 2.1.............................................................3

Fed. R. Civ. P. 34 ................................................................................................4

Fed. R. Civ. P. 41(b) .........................................................................................5,6

## PRELIMINARY STATEMENT

Plaintiff- Appellant respectfully submits this Reply Brief in response to the Defendant-Appellee's Brief, articulating counter-arguments and providing additional context.

## FURTHER STATEMETN OF THE CASE

The present case centers on gross misconduct by Defense Counsel Hayley Newman, including false reporting to the court, violation of federal law, and the New York Professional Conduct Code, and erroneous impartial findings of facts and law by the District Court, which repeatedly threatened sanctions against Plaintiff without proper justification.

On June 12, 2020, Plaintiff initiated a medical malpractice case against the Defendant for a failed abortion procedure, necessitating a subsequent procedure in South Korea. [A-11, A-38] The Defendant KIM conceded to the failure of the initial procedure and acknowledged a deviation from standard care in his notes and deposition. [A-273]

As per the joint discovery Plan agreed upon on November 11, 2020, under Rule 26, [A-20], the Plaintiff was exempt from hiring an expert due to the apparent negligence of the Defendant.[1] Despite this agreement, the Defendant failed to hire

---

[1] RULE 26(f) MEETING REPORT

1

an expert and neglected to submit an expert report, while unjustifiably arguing that the Plaintiff had not provided an expert's name, specialties, and experience.

In reality, Plaintiff had submitted an expert report on September 12, 2021, and had resubmitted the same on January 28, 2022, [A-91-96] which confirmed the Defendant's deviation from standard practice. The expert also refuted the idea that history of previous abortion would be a risk factor for a failed termination of pregnancy.[2] [A-91-94]

---

CASE NAME: Minhye Park v. David Dennis Kim,M.D.
DOCKET NO.: 1:20-cv-02636
Have the parties met and conferred? Yes Date? November 5, 2020
Date the Rule 26(a)(1) initial disclosures were exchanged? Not yet. We agreed to serve this disclosure as well as initial demands by November 19, 2020.
PROPOSED DISCOVERY PLAN
1. Deadline for parties to provide properly executed authorizations/releases: Authorizations by December 15, 2020 and parties to respond to all other initial demands by January 15, 2021.
2. Deadline to join new parties or amend the pleadings: December 15, 2020.
3. Should any changes be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule?1 Yes    No :
4. Deadline to file any protective order: Not applicable
5. The parties shall complete all fact discovery by: June 15, 2021.
Deposition of plaintiff to be conducted via video-conference with an interpreter by March 30, 2021.
Deposition of Dr. Kim to be conducted on or by April 19, 2021.
6. The parties shall complete expert discovery, if necessary, by: Plaintiff may not do expert discovery because Kim's negligence is obvious. Defendant intends to retain an expert.
7. The parties shall file any pre-motion conference request by:2 To be determined as needed.
8. Should the Court hold an early settlement conference in this action?3 Yes    No
Plaintiff's counsel requests a settlement conference on or around February 26, 2021.
Defense counsel does not object to participation in a settlement conference after initial discovery has been exchanged but maintains that a settlement demand should be conveyed before participating in a conference.
9. Have the parties agreed to a plan regarding electronic discovery?4 Yes __ No x __
This is premature and does not seem to be applicable to the issues in this case, at this juncture.
10. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636?5
(Answer no if any party declines to consent without indicating which party has declined) Yes    No

[2] **Expert Opinion**

Defense counsel Hayley Newman, acting in bad faith, refused to settle the case in accordance with New York Insurance law Section 2601 (unfair claims settlement practice) and New York Professional Conduct Rule 2.1 , which stipulates that attorneys should advise clients on potential liability and the advisability of settlement. A-20, A-24 Defense counsel deliberately rejected the Plaintiff's settlement demand on February 20, 2021.

The defense counsel engaged in multiple instances of egregious misconduct, notable by falsely reporting to the court that Defendant's export advised them about the need for abortion records from 10 years ago as a risk factor in the unsuccessful termination of the Plaintiff's pregnancy. A-70, lines 21-23. Notably, the Defendant had never hired such an expert or submitted a corresponding report. Defense counsel fabricated this narrative, contracting the report from the Plaintiff's expert.

Furthermore, the Plaintiff complied with court orders by providing authorizations on time repeatedly. [A-303-310] Despite this, the Defense counsel

---

It is my opinion that the defendant deviated from the standard of care as follows:

1. The defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If she had been aware of the increased risk of failure, she would likely have deferred the procedure for 1-2 weeks.
2. The defendant failed to examine the aspirated tissue prior to the plaintiff's departure from the facility. If the tissue had been examined, the patient could have been offered an repeat suction curettage at that time or additional testing to rule out persistent pregnancy.
3. The defendant failed to inform the plaintiff of the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have had the option to undergo a more prompt suction curettage.

The history of prior abortion was not a risk factor for failed termination of pregnancy.

3

continually pressed the court to force the Plaintiff to provide a copy of the decade-old abortion record, unrelated to this malpractice case. This action by the Defense counsel infringes on the Federal Rules of Civil Procedure, Rule 34, as the Plaintiff isn't obliged to provide records over which she has no control.

Defense counsel consistently harassed the Plaintiff, baselessly alleging two previous abortions. Newman made attempts to imply informed consent, which the Plaintiff never gave. Newman further insisted on the plaintiff's overnight deposition, intending to cause physical and psychological distress, an absurd demand. [A-96]

Moreover, the District Court committed several errors based on Newman's misconducts, and abused its discretion by disregarding the discovery plan agreed by the parties, [A-20] unfairly denying the Plaintiff's motions, [A-22-23; A-95; A100-102] and granting Defendant's unjustified motion to dismiss and attorney fees.[3]

---

[3] The Court Order dated January 13, 2022, required the completion of all discovery by January 28, 2022, as a condition to file a motion to dismiss. Plaintiff had previously served two sets of interrogatories, dated February 9, 2021, and December 13, 2021, respectfully. Plaintiff also addressed defendant's discovery deficiencies in a good faith letter to Defendant on January 28, 2022. The missing items of discovery from defendant include the following:

. Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Defendant should produce any other relevant materials in his possession or state that there are none. See King v. Ortiz, 17 CV 7507 (EDNY May 2, 2019)

: Information on other malpractice claims besides the Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., Ferdman v. CBS Interactive Inc., 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office).

: Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.

# ARGUMENT

## I. STANDARD OF REVIEW APPLIED WHEN THE TRIAL COURT ABUSES ITS DISCRETION

This Court's review focuses on whether the district court has abused its discretion in imposing sanctions under Rule 41(b) of the Federal Rules of Civil Procedure. This rule authorizes the district court to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order. In contemplating such a dismissal, the district court is obliged to consider five factors:(1) the duration of the plaintiff's failure to comply, (2) whether plaintiff was warned about the possible dismissal, the potential prejudice to the Defendant due to delay, (4) the court's interest in managing its docket versus the plaintiff's right to a fair hearing, and (5) whether the court has thoughtfully considered a less severe sanction. *Baptiste v. Sommers,* 768 F.3d 212 216 (2d Cir. 2014)

## II. ERRONEOUS FACT FINDINGS AND LEGAL FINDINGS BY THE DISCTRICT COURT

Initially, the District Court's orders failed to address the factors crucial for Rule 41 (b) dismissal. Plaintiff obeyed the specific discovery order and provided relevant collateral source insurance records and expert reports, which is verifiable in

---

, Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

5

Exhibits B through F. [A- 68, 77-78, 347; A-91-96] The district court, however, misinterpreted the law relating to the loss of earnings, ignoring Section 14 of the New York workers' Compensation Law, which permits compensation as a minimum wage worker when an injured worker lacks wage records for the prior year. *Matter of Bourguignon v. Coordinated Behavioral Health Servs., Inc.,* 114 A.D.3d 947 (3d Dep't 2014).

Specifically, the District Court overlooked key factors before its dismissal: (1) There was no sustained non-compliance with the order by the Plaintiff. [A- 68, 77-78, 347]; [A-91-96] (2) The notice issued to the Plaintiff warning of dismissal could be seen as an abuse of discretion as it seems to have been intended to intimidate the Plaintiff without just cause. [A-5, 8] (3) The defendant should not be prejudiced by further delay in the proceedings since Plaintiff complied with the order in a timely manner. Any delay in the proceedings has been instigated by the Defense counsel's frivolous discovery motions and refusals to cooperate. (4) The court did not balance its interest in managing its docket against the Plaintiff's right to a fair hearing. *Baptiste,* at 218-219 (5) The District Court failed to consider less drastic sanctions, opting instead to impose severe ones without fair reasoning or legal precedent. *Baptiste,* at 219

Significantly, the District court failed to uphold the requirement for all parties to complete discovery by January 28, 2022, prior to filing a motion to dismiss. [A-

6

8] *Baptiste,* at 217 The Defendant failed to provide an expert report and failed to respond discovery deficiencies. For a more detailed account, please refer to the Appellant's Brief, specifically pages 9-10.

Thus, the District Court's failure to consider the prescribed factors constitutes erroneous factual and legal findings. *Baptiste, at* 217-219

## CONCLUSION

Given the above points, the judgment of the District Court warrants reversal, vacation, and remand.

Dated: Uniondale, New York
July 24, 2023

Respectfully submitted,

JSL LAW OFFICES, P.C.
By: */s/ Jae S. Lee*
Jae S. Lee
*Attorneys for Plaintiff*
626 RXR Plaza
Uniondale, New York 11556
Tel: 718-461-8000
Fax: 866-449-8003

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 1,888 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This reply brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dates: Uniondale, New York
       July 24, 2023

                                          Respectfully submitted,

                                          JSL LAW OFFICES, P.C.
By: _/s/ Jae S. Lee_
                                              Jae S. Lee