UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
_____X

MINHYE PARK,

                                 Docket No.22-2057

        Plaintiff-Appellant,

        -against-                    RESPONSE TO THE COURT ORDER
                                          DATED NOVEMBER 20, 2023

DAVID DENNIS KIM,

        Defendant-Appellee
_____X

        JAE LEE, an attorney in the firm of JSL Law Offices, P.C., counsel for the

Plaintiff in the above- referenced appeal, hereby responds to the Court Order dated November

20, 2023 as follows under penalties of perjury:

1. Regrettably, I am unable to furnish a copy of the decision in *Matter of Bourguignon v. Coordinated Behavioral Health Servs., Inc,* 114 A.D. 3d 947 ( 3d Dep't 2014).

2. Despite suffering from multiple serious wrist fractures since May 29, 2023, and underwent surgery on June 11, 2023, coupled with enduring three months of debilitating pain due to the delayed diagnosis of Shingles in March, April and May 2023, I have dedicated several days to meticulously prepare and conduct legal research for this brief.

3. In reference to the case at hand, while I have cited numerous cases and provided legal sources pertaining to workers' compensation law, I encountered difficulties in locating a relevant case to establish a minimum wage for an injured worker lacking prior year income records for compensation determination. The lower court , in its ruling, denied the Plaintiff's claim for loss of income, citing her lack of income records from the previous year, despite repeated arguments presented under New York workers' compensation law.

The lower court's denial of wage loss lacked cited authority or reasonable justification. Believing that applying the minimum wage to in injured worker in such circumstances under workers' compensation law was uncontroversial, I invested considerable time searching for a case to support this position but was unsuccessful.

4. Consequently, I utilized the ChatGPT service, to which I am a subscribed and paying member, for assistance in case identification. ChatGPT was previously provided reliable information, such as locating sources for finding an antic furniture key. The case mentioned above was suggested by ChatGPT, I wish to clarify that I did not cite any specific reasoning or decision from this case.

5. Furthermore, the respondents have not contested the aforementioned case. However, if this court intends to issue an Order to Show Cause, concerning this non-existent case, potentially leading to sanctions, I assert that there was no bad faith, willfulness, or prejudice towards the opposing party or the judicial system. In the interest of fairness and justice, should an opposing counsel for the misrepresentations, as demonstrated in the appended motion for sanctions supported by factual evidence.

6. Additionally, it is important to recognize that ChatGPT represents a significant technological advancement, akin to the emergency of COVID-19. It would be prudent for the court to advise legal professionals to exercise caution when utilizing this new technology, rather than imposing sanctions solely based on the citation of a non-existent case. Should ne considered for attorneys who utilize ChatGPT-sourced cases, it would be equitable to apply similar standards to attorneys who incorrectly analyze or cite erroneous cases in their pleadings.

7. Most importantly, it should be noted that the facts presented by the appellant have been accurately briefed. Therefore, the appeal should be granted and revered without imposing sanctions if any.

8. Dated: Uniondale, New York

   November 29, 2023

Respectfully submitted,

*/s/ Jae S. Lee*
Jae  S. Lee
JSL LAW OFFICES, P.C.
626 RXR PLAZA
Uniondale, NY 11556
(718) 461-8000