# 𝔘nited 𝔖tates 𝔆ourt of 𝔄ppeals
# 𝔉or the 𝔖econd 𝔆ircuit

August Term 2023

Submitted:  December 15, 2023
Decided:  January 30, 2024

No. 22-2057

MINHYE PARK,

*Plaintiff-Appellant,*

*v.*

DAVID DENNIS KIM,

*Defendant-Appellee,*

Appeal from the United States District Court
for the Eastern District of New York
No. 20CV02636, Pamela K. Chen, *Judge.*

Before:     PARKER, NATHAN, and MERRIAM, *Circuit Judges.*

Plaintiff-Appellant Minhye Park appeals from an August 25, 2022, judgment of the United States District Court for the Eastern District of New York (Chen, J.) dismissing her action against Defendant-Appellee David Dennis Kim, pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure, for her persistent and knowing violation of court orders. The record demonstrates Park's sustained and willful intransigence in spite of repeated warnings that failure to comply would result in the dismissal of the action. Accordingly, we AFFIRM the judgment of dismissal.

We separately address the fact that Park's counsel, Attorney Jae S. Lee, has admitted to citing a non-existent state court decision in her reply brief to this Court. Counsel reports that she relied on a generative artificial intelligence tool, ChatGPT, to identify precedent that might support her arguments, and did not read or otherwise confirm the validity of the (non-existent) decision she cited. Because this conduct falls well below the basic obligations of counsel, we refer Attorney Lee to the Court's Grievance Panel, and further ORDER Attorney Lee to furnish a copy of this decision to her client.

> JAE S. LEE, JSL Law Offices P.C., Uniondale, NY, *for Plaintiff-Appellant.*
>
> ALEJANDRA R. GIL, Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY, *for Defendant-Appellee.*

PER CURIAM:

Plaintiff-Appellant Minhye Park appeals from the August 25, 2022, judgment of the United States District Court for the Eastern District of New York (Chen, J.) dismissing her action against Defendant-Appellee David Dennis Kim, pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

We separately address the conduct of Park's counsel, Attorney Jae S. Lee. Lee's reply brief in this case includes a citation to a non-existent case, which she

admits she generated using the artificial intelligence tool ChatGPT. Because

citation in a brief to a non-existent case suggests conduct that falls below the

basic obligations of counsel, we refer Attorney Lee to the Court's Grievance

Panel, and further direct Attorney Lee to furnish a copy of this decision to her

client, Plaintiff-Appellant Park.

## STANDARD OF REVIEW

"We review a district court's imposition of sanctions for abuse of

discretion." Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 113 (2d

Cir. 2009); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir.

2009) (dismissal pursuant to Rule 37); Baptiste v. Sommers, 768 F.3d 212, 216 (2d

Cir. 2014) (dismissal pursuant to Rule 41(b)).

## RULE 37 AND RULE 41(b)

Rule 37 provides: "If a party . . . fails to obey an order to provide or permit

discovery . . . the court where the action is pending may issue further just orders .

. . [including] dismissing the action or proceeding in whole or in part." Fed. R.

Civ. P. 37(b)(2)(A)(v). Dismissal under Rule 37 is appropriate "only when a court

finds willfulness, bad faith, or any fault" by the non-compliant litigant. Bobal v.

Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (citation and

quotation marks omitted). "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error." Agiwal, 555 F.3d at 302.

> Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37. These include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.

Id. (citation and quotation marks omitted).

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). We consider five factors in reviewing a Rule 41(b) dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

## DISCUSSION

Over the course of the litigation before the District Court, Park continually and willfully failed to respond to and comply with the District Court's discovery

4

orders. Magistrate Judge Bloom issued numerous discovery orders and provided

ample warning to Park and her counsel that timely compliance was expected. For

example, at a telephonic conference on August 11, 2021, Judge Bloom granted

Kim's motion to compel, warning Attorney Lee: "[Y]our client can be subject to

sanctions, which could be as severe as dismissal of the case, if she fails to

comply." J. App'x at 81-82.[1] On November 29, 2021, Judge Bloom again warned

of the consequences of non-compliance, in no uncertain terms: "Plaintiff shall

have one final opportunity to comply with the Court's discovery Order . . . . **This**

**is a Court Order and plaintiff must comply.** This is plaintiff's last chance." J.

App'x at 7 (emphasis in original). In that same order, Judge Bloom set a briefing

schedule for filing a motion to dismiss for non-compliance, should such a motion

be necessary. Finally, having still not received the ordered discovery more than

seven months after Judge Bloom's August 2021 order, Kim moved to dismiss

based on Park's failure to comply with court orders and discovery obligations.

See J. App'x at 292-93.

---

[1] The written order issued after that conference was also very clear: "**This is a Court Order and plaintiff must comply.** Plaintiff is warned that if she fails to comply with the Court's Order to produce discovery, she may be subject to sanctions, which could include dismissal of this action." J. App'x at 5 (emphasis in original).

In her report and recommendation, Judge Bloom carefully considered all of the requirements of Rule 37 and Rule 41(b), including the availability of lesser sanctions, and concluded that dismissal was appropriate. Judge Chen, the presiding District Judge, reviewed Park's objections to the report and recommendation in detail, overruled them, adopted the report and recommendation, and issued an order of dismissal on August 24, 2022.

On appeal, Park reiterates her complaints about Kim's alleged discovery abuses, as well as her conclusory assertion that she in fact complied with the relevant discovery orders. As Judge Bloom and Judge Chen found, these arguments are meritless, lack foundation in the record, and completely ignore the actual orders issued by Judge Bloom. Accordingly, we conclude that Park's noncompliance amounted to "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action." Valentine v. Museum of Mod. Art, 29 F.3d 47, 50 (2d Cir. 1994). As such, we affirm the judgment of the District Court.

## PLAINTIFF'S IMPROPER BRIEFING BEFORE THIS COURT

We must also address a separate matter concerning the conduct of Park's

6

counsel, Attorney Lee. Park's reply brief in this appeal was initially due May 26, 2023. After seeking and receiving two extensions of time, Attorney Lee filed a defective reply brief on July 25, 2023, more than a week after the extended due date. On August 1, 2023, this Court notified Attorney Lee that the late-filed brief was defective, and set a deadline of August 9, 2023, by which to cure the defect and resubmit the brief. Attorney Lee did not file a compliant brief, and on August 14, 2023, this Court ordered the defective reply brief stricken from the docket. Attorney Lee finally filed the reply brief on September 9, 2023.[2]

The reply brief cited only two court decisions. We were unable to locate the one cited as "Matter of Bourguignon v. Coordinated Behavioral Health Servs., Inc., 114 A.D.3d 947 (3d Dep't 2014)." Appellant's Reply Br. at 6. Accordingly, on November 20, 2023, we ordered Park to submit a copy of that decision to the Court by November 27, 2023. On November 29, 2023, Attorney Lee filed a Response with the Court explaining that she was "unable to furnish a copy of the decision." Response to November 20, 2023, Order of the Court, at 1,

---

[2] Attorney Lee filed the reply brief together with a motion to reconsider the Court's prior order striking the non-compliant brief. The Court later granted that motion to reconsider and accepted the September 9, 2023, version of the reply brief.

7

<u>Park v. Kim</u>, No. 22-2057-cv (2d Cir. Nov. 29, 2023), ECF No. 172 (hereinafter,

"Response"). Although Attorney Lee did not expressly indicate as much in her

Response, the reason she could not provide a copy of the case is that it does not

exist – and indeed, Attorney Lee refers to the case at one point as "this non-

existent case." <u>Id.</u> at 2.

> Attorney Lee's Response states:
>
> I encountered difficulties in locating a relevant case to establish a minimum wage for an injured worker lacking prior year income records for compensation determination . . . . Believing that applying the minimum wage to in injured worker in such circumstances under workers' compensation law was uncontroversial, I invested considerable time searching for a case to support this position but was unsuccessful.
> . . .
> Consequently, I utilized the ChatGPT service, to which I am a subscribed and paying member, for assistance in case identification. ChatGPT was previously provided reliable information, such as locating sources for finding an antic furniture key. The case mentioned above was suggested by ChatGPT, I wish to clarify that I did not cite any specific reasoning or decision from this case.

<u>Id.</u> at 1-2 (sic).

All counsel that appear before this Court are bound to exercise

professional judgment and responsibility, and to comply with the Federal Rules

of Civil Procedure. Among other obligations, Rule 11 provides that by presenting

a submission to the court, an attorney "certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); see also N.Y. R. Pro. Conduct 3.3(a) (McKinney 2023) ("A lawyer shall not knowingly: (1) make a false statement of . . . law to a tribunal."). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, [and] legally tenable." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108 (2d Cir. 2013) (per curiam).

At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, we can think of no other way to ensure that the arguments made based on those authorities are "warranted by existing law," Fed. R. Civ. P. 11(b)(2), or otherwise "legally tenable." Cooter & Gell, 496 U.S. at

393. As a District Judge of this Circuit recently held when presented with non-existent precedent generated by ChatGPT: "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." Mata v. Avianca, Inc., No. 22CV01461(PKC), 2023 WL 4114965, at *12 (S.D.N.Y. June 22, 2023).

Attorney Lee states that "it is important to recognize that ChatGPT represents a significant technological advancement," and argues that "[i]t would be prudent for the court to advise legal professionals to exercise caution when utilizing this new technology." Response at 2. Indeed, several courts have recently proposed or enacted local rules or orders specifically addressing the use of artificial intelligence tools before the court.[3] But such a rule is not necessary to

---

[3] See, e.g., Notice of Proposed Amendment to 5th Cir. R. 32.3, U.S. Ct. of Appeals for the Fifth Cir., https://www.ca5.uscourts.gov/docs/default-source/default-document-library/public-comment-local-rule-32-3-and-form-6 [https://perma.cc/TD4F-WLV2] (Proposed addition to local rule: "[C]ounsel and unrepresented filers must further certify that no generative artificial intelligence program was used in drafting the document presented for filing, or to the extent such a program was used, all generated text, including all citations and legal analysis, has been reviewed for accuracy and approved by a human."); E.D. Tex. Loc. R. AT-3(m) ("If the lawyer, in the exercise of his or her professional legal

inform a licensed attorney, who is a member of the bar of this Court, that she must ensure that her submissions to the Court are accurate.

Attorney Lee's submission of a brief relying on non-existent authority reveals that she failed to determine that the argument she made was "legally tenable." <u>Cooter & Gell</u>, 496 U.S. at 393. The brief presents a false statement of law to this Court, and it appears that Attorney Lee made <u>no</u> inquiry, much less the reasonable inquiry required by Rule 11 and long-standing precedent, into the validity of the arguments she presented. We therefore **REFER** Attorney Lee to the Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral to the Committee on Admissions and

---

judgment, believes that the client is best served by the use of technology (e.g., ChatGPT, Google Bard, Bing AI Chat, or generative artificial intelligence services), then the lawyer is cautioned that certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's most important asset – the exercise of independent legal judgment. If a lawyer chooses to employ technology in representing a client, the lawyer continues to be bound by the requirements of Federal Rule of Civil Procedure 11, Local Rule AT-3, and all other applicable standards of practice and must review and verify any computer-generated content to ensure that it complies with all such standards."); <u>Self-Represented Litigants (SRL)</u>, U.S. Dist. Ct. for the E. Dist. of Mo., https://www.moed.uscourts.gov/self-represented-litigants-srl [https://perma.cc/Y7QG-VVEF] ("No portion of any pleading, written motion, or other paper may be drafted by any form of generative artificial intelligence. By presenting to the Court . . . a pleading, written motion, or other paper, self-represented parties and attorneys acknowledge they will be held responsible for its contents. <u>See</u> Fed. R. Civ. P. 11(b).").

Grievances. <u>See</u> 2d Cir. R. 46.2.

We further **ORDER** Attorney Lee to provide a copy of this ruling to Plaintiff-Appellant Park – translated into Korean if necessary to permit Park to understand it – within twenty-one days, and to file a certification on the docket in this case attesting that she has done so.